# UNANIMOUS WRITTEN CONSENT
# OF
# MEMBERS OF THE BOARD OF DIRECTORS
# OF
# THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.
## February 8, 2024

The undersigned, being all of the Members of the Board of Directors of The Center for Special Needs Trust Administration, Inc., a Florida 501(c)(3) non-profit corporation (the "**Company**"), acting by written consent without a meeting, do hereby consent to the adoption of the following resolutions as of the date hereof with the same force and effect as if such resolutions were approved and adopted at a duly constituted meeting of the Members of the Board of Directors.

**WHEREAS**, the Company's Bylaws, as amended and restated, provide that the Board of Directors may delegate the powers or duties of the officer to any other officer or to any director for such period determined by the Board of Directors, or may appoint another person or entity as agent of the Corporation to perform such duties of the officer as specified by the Board of Directors for such period determined by the Board of Directors.

**WHEREAS**, the Company has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized and empowered to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "**Bankruptcy Court**").

**RESOLVED FURTHER** that the Company hereby is, authorized and directed to employ the firm of Nperspective Advisory Services, LLC to provide the Company with a Chief Restructuring Officer, who shall be William A. Long, Jr. (the "**CRO**"), along with additional personnel, as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and in connection therewith, the President, Michelle Diebert, or Vice President, Laura Davis, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Nperspective Advisory Services, LLC; and, moreover, any pre-existing retention agreement with Nperspective Advisory Services, LLC and/or the CRO are hereby ratified and approved.

**RESOLVED FURTHER**, that the CRO be and is authorized, in the name and on behalf of the Company, appointed as the Company's authorized representative, and in such capacity,

with power of delegation, be, and hereby is, authorized and empowered to execute and file on behalf of the Company, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

**RESOLVED FURTHER**, that the Company be, and hereby is, authorized and directed to employ the law firm of Stichter Riedel Blain & Postler, P.A. as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stichter Riedel Blain & Postler, P.A; and, moreover, any pre-existing retention agreement with Stichter Riedel Blain & Postler, P.A. are hereby ratified and approved.

**RESOLVED FURTHER**, that the Company be, and hereby is, authorized and directed to employ the law firm of Hill, Ward & Henderson, P.A. as bankruptcy special litigation counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Hill, Ward & Henderson, P.A.; and, moreover, any pre-existing retention agreement with Hill, Ward & Henderson, P.A. are hereby ratified and approved.

**RESOLVED FURTHER** that the Company be, and hereby is, authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Corporate Restructuring, LLC; and, moreover, any pre-existing retention agreement with Epiq Corporate Restructuring, LLC are hereby ratified and approved.

**RESOLVED FURTHER** that the Company be, and hereby is, authorized and directed to employ the firm of The Leytham Group as public relations firm to serve as a communications consultant, focusing on strategic communications, issues management, and public relations; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of The Leytham Group; and, moreover, any pre-existing retention agreement with The Leytham Group are hereby ratified and approved.

**RESOLVED FURTHER** that the Company be, and hereby is, authorized and directed to employ, subject to application to and approval by the Bankruptcy Court and, in the case of a

professional services agreement for which the retention terms contemplate a minimum term in excess of one year subject to the consent of the Board of Directors, any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER** that the CRO be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, plans, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the CRO deem necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

**RESOLVED FURTHER**, that in addition to the specific authorizations and delegations heretofore conferred upon the CRO, the CRO (and his designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED FURTHER, that notwithstanding the delegation of authority to the CRO in the preceding paragraphs, the CRO shall continue to inform the Board of Directors of all material matters relating to the Chapter 11 case including the retention, employment and engagement of all professionals by the Company, including but limited to providing executed copies of any employment agreements, financial matters, and other material matters relating to the operation of the Company outside the ordinary course of business.

**RESOLVED FURTHER**, that all members of the Members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution by the Members of the Board of Directors.

4875-6290-8312, v. 12

**RESOLVED FURTHER**, that these resolutions may be executed and delivered in multiple counterparts and via facsimile or other electronic means, including Docusign, all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned Members of the Board of Directors have duly executed this Unanimous Written Consent as of the date first written above.

_____
Michelle Diebert, Director

_____
Laura Davis, Director

_____
Carl Schroeder, Director

4875-6290-8312, v. 12