UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                          Case No. 8:24-bk-676-RCT

    Debtor.
_____/

**EMERGENCY MOTION FOR
AUTHORIZATION TO PAY PREPETITION WAGES AND SALARIES**

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., as Debtor and Debtor in Possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the payment of prepetition wages, salaries, and other employee benefits to employees and, in support thereof, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

**Background**

2. On February 9, 2024 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor is a 501(c)(3) non-profit corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's *Case Management Summary* (Doc. No. 7).

## Relief Requested

5. On the Petition Date, the Debtor had twenty-two employees (the "**Employees**"), which includes the Debtor's three officers.

6. The Debtor seeks authorization to pay all prepetition Employee related obligations including, but not limited to, wages, salaries, compensation, employee benefits, and reimbursable business expenses.

7. As of the Petition Date, the Employees were owed, or had accrued in their favor, various sums for wages, salaries, compensation, employee benefits, and reimbursable business expenses (collectively, the "**Prepetition Obligations**") for certain prepetition periods.

8. The Employees are paid are paid every two weeks. The last payroll was paid on February 2, 2024, for the payroll period that ended on January 27, 2024. The Debtor's next payroll will be paid on February 16, 2024. This payroll will include approximately $55,810.00 in prepetition wages for services rendered from January 28, 2024, through the Petition Date.

9. All the Employees which the Debtor is seeking to pay remain employed by the Debtor.

## Grounds for Relief

10. It is well-settled that a bankruptcy court may authorize the payment of prepetition obligations where necessary to facilitate a reorganization. Payment of prepetition obligations is rooted in the common law "necessity of payment" doctrine, which courts have consistently applied where failure to pay prepetition obligations posed a real and significant threat to a debtor's

2

reorganization. *See Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . .[crucial] business relations"); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (payment of claims of creditors authorized under the "necessity of payment" doctrine); *In the Matter of Penn Central Transport*, 467 F.2d 100, 102, n. 1 (3d Cir. 1972) (bankruptcy court has authority to sanction payment of claims under the "necessity of payment" doctrine for service essential to the debtor's business); *In re Ionosphere Clubs, Inc.,* 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (approving payment of certain prepetition wage, salary, medical benefits, and business expense claims justified under the necessity of payment of doctrine).

11. The statutory basis for the "necessity of payment" doctrine appears in § 105(a) of the Bankruptcy Code, which provides, in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

12. The Bankruptcy Code prohibits paying prepetition claims without specific court authorization. However, every employee is entitled to a priority claim of up to $15,150.00 for compensation earned in the one hundred eighty (180) day period preceding the Petition Date. The Prepetition Obligations are under the priority cap set forth above.

13. Retaining the Employees is critical to the successful operation and reorganization of the Debtor's business as the Debtor would not be able to replace these Employees without a significant disruption in its business and substantial delay in its reorganization effort. In order to achieve its goal of reorganizing and emerging as a healthier company, it is imperative that the Debtor maintain the loyalty and support of its Employees, many of whom have worked for the Debtor a long period of time. In short, these Employees are vital to the Debtor's continued success.

4877-7591-1830, v. 2

14. Each of the Employees performed necessary and valuable services for the Debtor prior to the Petition Date and performed those services with the expectation that wage and wage-related commitments would be honored. The failure to honor its obligations to Employees is likely to lower morale and cause concern among the Employees regarding the Debtor's intentions to honor its ongoing obligations. The Debtor cannot afford to lose the support of its Employees at a time when the Debtor must operate more efficiently and meet more administrative burdens than before.

15. In addition, the Employees depend upon their salaries to meet their basic living expenses. Their families would suffer serious financial difficulties if the relief requested is not granted.

16. Because payment of the Prepetition Obligations is absolutely crucial to the preservation and protection of the Debtor's business and, ultimately, to its successful reorganization under Chapter 11, this Court may order such payment under the "necessity of payment" doctrine and Section 105(a) of the Bankruptcy Code. Indeed, there is ample precedent for authorizing such payments. *See, e.g.*, *Ionosphere Clubs, Inc.,* 98 B.R. at 174.

17. Pursuant to § 346(f) of the Bankruptcy Code, the Debtor proposes to withhold or cause to be withheld from any payment to Employees those amounts required to be withheld under applicable federal, state or local tax law, and will pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. Further, the Debtor requests that it be permitted to pay all costs and make all deductions incident to the Prepetition Obligations.

18. Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim that arose before the Petition Date within twenty-one (21) days after the filing of the petition if the relief is necessary to avoid immediate and irreparable harm.

4877-7591-1830, v. 2

19. The Employees are integral to the Debtor's business operations. Failure to satisfy obligations with respect to the Employees in the ordinary course of business during the first twenty-one (21) days of this case will jeopardize loyalty and trust. The Employees will leave, thereby causing serious disruption to the Debtor's business operations during this critical period when the Debtor needs the continued support of its Employees to allow for a successful reorganization.

20. Moreover, the vast majority of the Employees rely exclusively on their compensation, benefits, and reimbursement of their expenses to continue to pay their daily living expenses. These Employees will be exposed to significant financial difficulties if the Debtor is not permitted to pay the Employees in the ordinary course of business. Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Prepetition Obligations.

21. The Debtor further seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

WHEREFORE, the Debtor respectfully requests that this Court enter an order: (i) granting this motion; (ii) authorizing the Debtor to pay the Prepetition Obligations set forth above; (iii) authorizing the Debtor to withhold from the Prepetition Obligations those amounts required to be withheld under applicable federal, state or local tax law, and pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law; (iv) authorizing the Debtor to pay all costs and make all deductions incident to the Prepetition

Obligations, including but not limited to payroll processing costs; and providing such other and further relief as is just and proper.

DATED: February 9, 2024

>  */s/ Matthew B. Hale*
> Scott A. Stichter (FBN 0710679)
> Matthew B. Hale (FBN 0110600)
> **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
> 110 East Madison Street, Suite 200
> Tampa, FL  33602
> Telephone: (813) 229-0144
> Email: sstichter@srbp.com; mhale@srbp.com
> Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Motion for Authorization to Pay Prepetition Wages and Salaries* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including to the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

>  */s/ Matthew B. Hale*
> Matthew B. Hale