UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                      Case No. 8:24-bk-676-RCT

      Debtor.
_____/

**DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY
STICHTER, RIEDEL, BLAIN & POSTLER, P.A. AS COUNSEL FOR
DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in these bankruptcy cases, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC. (the "**Debtor**"), as Debtor and Debtor in Possession, respectfully requests the entry of an order authorizing the employment of Stichter, Riedel, Blain & Postler, P.A. ("**Stichter Riedel**") as counsel for the Debtors in the above-captioned case effective as of the Petition Date (as defined below). In support of the application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On February 9, 2024 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. The Debtor is a 501(c)(3) non-profit corporation that administers pooled trusts and special needs trusts. For additional information about the Debtor's background, please see *Debtor's Case Management Summary* (Doc. No. 7).

5. The Debtor continues to operate its business and manage its property as a Debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Relief Requested and Grounds for Relief**

6. The Debtor desires to employ Stichter Riedel to represent it in this case.

7. All of the attorneys at Stichter Riedel are qualified to practice in this Court and are qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties in these cases. Stichter Riedel has substantial experience in representing debtors in Chapter 11 bankruptcy cases.

8. The services to be rendered by Stichter Riedel include, but are not limited to, the following:

    a. rendering legal advice with respect to the Debtor's powers and duties as debtors in possession;

      b.      preparing on behalf of the Debtor necessary motions, applications, orders, reports, pleadings, and other legal papers;

      c.      appearing before this Court and the United States Trustee to represent and protect the interests of the Debtor;

      d.      assisting with and participating in negotiations with creditors and other parties in interest in formulating a chapter 11 plan, drafting such a plan, and taking necessary legal steps to confirm such a plan;

      e.      representing the Debtor in all adversary proceedings, contested matters, and matters involving administration of this case; and

      f.      performing all other legal services that may be necessary for the proper preservation and administration of this Chapter 11 case.

9. It is necessary for the Debtor to employ counsel to perform the above-mentioned services.

10. To the best of the Debtor's knowledge, neither Stichter Riedel nor its attorneys has any connection with non-insider creditors of the Debtor, other parties in interest, or their respective attorneys. Neither Stichter Riedel nor its attorneys represent any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be employed by the Debtor.

11. The Debtor has agreed to compensate Stichter Riedel on an hourly basis in this case in accordance with Stichter Riedel's ordinary and customary rates which are in effect on the date the services are rendered, subject only to approval of this Court. Shareholders Scott A. Stichter, Daniel R. Fogarty, and Matthew B. Hale will be the primary Stichter Riedel attorneys representing the Debtor in this case. Mr. Stichter's hourly rate is $460, Mr. Fogarty's hourly rate is $425, and Mr. Hale's hourly rate is $385. Hourly rates for other Stichter Riedel attorneys range from $350 to $600. Hourly rates for paralegal services range from $200 to $250. The

Debtor understands that Stichter Riedel's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

12. The Debtor has also agreed to reimburse Stichter Riedel for the actual and necessary expenses Stichter Riedel incurs in connection with this representation.

13. Attached to this Application as **Exhibit A** and incorporated herein by reference is the Affidavit of Scott A. Stichter demonstrating that Stichter Riedel and its attorneys are disinterested as required by Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE the Debtor respectfully requests that this Court enter an order: (i) approving this Application effective as of the Petition Date; (ii) authorizing the Debtor to employ Stichter Riedel and its attorneys as counsel for the purposes set forth in this Application effective as of the Petition Date; (iii) authorizing the Debtor to compensate Stichter Riedel for services rendered and reimbursement of costs upon application to and approval by this Court; and (iv) providing such other and further relief as is just.

DATED: February 9, 2024

           THE CENTER FOR SPECIAL NEEDS
           TRUST ADMINISTRATION, INC.,

By: _____
    William A. Long, Jr.
Its:  Chief Restructuring Officer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Application for Authorization to Employ Stichter, Riedel, Blain & Postler, P.A. as Counsel for Debtor in Possession Effective as of the Petition Date* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including to the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

*/s/ Scott A. Stichter*
Scott A. Stichter (FBN 0710679)
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL 33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com; mhale@srbp.com
Attorneys for Debtor

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:	Chapter 11

THE CENTER FOR SPECIAL NEEDS	Case No. 8:24-bk-676-RCT
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

### DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY STICHTER, RIEDEL, BLAIN & POSTLER, P.A. AS COUNSEL FOR DEBTOR IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE

I, Scott A. Stichter, an attorney with the firm of Stichter Riedel Blain & Postler, P.A., who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§ 327, 328 and 329 and Bankruptcy Rules 2014 and 2016, declares as follows:

1. I am Scott A. Stichter. I am an attorney employed by the law firm of Stichter, Riedel, Blain & Postler, P.A. ("**Stichter Riedel**"), which is located at 110 East Madison Street, Suite 200, Tampa, Florida 33602. I am duly authorized to practice law in the State of Florida and am admitted to the bar of the United States District Court for the Middle District of Florida, as are all other attorneys with Stichter Riedel. Stichter Riedel and I represent the Debtor in this Chapter 11 case. It is anticipated that Stichter Riedel will staff the cases with senior and junior attorneys, as well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the client's desires.

2. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

3. This Declaration is submitted in order to comply with 11 U.S.C. §§327, 328 and 329, and Bankruptcy Rules 2014 and 2016.

4. In preparing this Declaration, I reviewed a list of creditors of the Debtor.

5. Stichter Riedel was contacted to advise The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") with respect to various legal and financial issues. Prior to the Petition Date, Stichter Riedel received payments totaling $80,412.34 for prepetition services. Stichter Riedel received an additional retainer of $100,000 (the "**Retainer**"). The Retainer will be applied first to prepetition services (including costs) and the balance will reduce Stichter Riedel's application for postpetition fees and costs. Stichter Riedel performed legal services for the Debtor beginning in September 2023. All such services were performed in connection with or were related to the filing of the Chapter 11 case of the Debtor.

6. To the best of my knowledge, formed after reasonable inquiry, no attorney employed by Stichter Riedel holds any interest adverse to the Debtor, the estate, or any other parties in interest.

7. No attorney in Stichter Riedel is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

8. To the best of my knowledge, no attorney in Stichter Riedel presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse to the Debtor or the estate, on any matter related to the Debtor or the estate. Stichter Riedel does not believe that any actual conflict of interest exists with respect to its representation of the Debtor.

9. Based on the foregoing, Stichter Riedel is disinterested as defined in 11 U.S.C. §101(14).

4884-3737-6151, v. 1

10. There is no agreement of any nature as to the sharing of any compensation to be paid to Stichter Riedel. The compensation of attorneys at Stichter Riedel is fixed from time to time by its board of directors.

11. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtor and Stichter Riedel.

12. This concludes my Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief after diligent inquiry.

Executed on February 9, 2024.

_____
Scott A. Stichter