UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                              Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                      Case No. 8:24-bk-676-RCT

     Debtor.
_____/

**DEBTOR'S APPLICATION TO EMPLOY HILL, WARD & HENDERSON, P.A.
AS SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF THE PETITION DATE**

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> **You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

        THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC. (the "**Debtor**"), as Debtor and Debtor in possession, respectfully requests the entry of an order authorizing the employment of Hill, Ward & Henderson, P.A. ("**Hill Ward**") as special litigation counsel for the Debtor in the above-captioned case effective as of the Petition Date (defined below). In support of the application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The predicates for the relief sought herein are 11 U.S.C. §§327(e) and 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On February 9, 2024 (the "**Petition Date**"), the Debtor filed with this Court a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code.

4. The Debtor is a 501(c)(3) non-profit corporation that administers pooled trusts and special needs trusts. For additional information about the Debtor's background, please see *Debtor's Case Management Summary* (Doc. No. 7).

5. The Debtor continues to operate its business and manage its property as a Debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Relief Requested and Grounds for Relief**

6. The Debtor seeks authority to employ Hill Ward as special litigation counsel. The Debtor anticipates that Hill Ward will initially commence litigation against Boston Financial Group, LLC, Leo Govoni, and/or their affiliates. Hill Ward will be actively involved in assisting the Debtor to obtain documents necessary to administer the trusts, identifying additional litigation claims and litigation targets, and representing the Debtor in such litigation.

7. Hill Ward rendered services to the Debtor prior to the Petition Date. Hill Ward defended the Debtor in a lawsuit. Hill Ward was instrumental in conducting an internal investigation, which assisted the Debtor in discovering the scope of improper acts orchestrated by

prior management of the Debtor. Hill Ward has significant knowledge about the Debtor and potential claims, which could be litigated by the Debtor.

8. The Debtor has selected Hill Ward because of their expertise in litigation as well as their knowledge of issues that will arise in the bankruptcy case. Accordingly, the Debtor believes that Hill Ward is well-qualified to represent it in this case.

9. The Debtor submits that Hill Ward's proposed retention meets the four prerequisites for retention of special counsel under §327(e) of the Bankruptcy Code:

    a. The retention is for a specific purpose;

    b. The proposed retention does not involve the conduct of the case;

    c. The proposed retention is in the best interest of the estate; and

    d. Hill Ward does not have a material interest adverse to the Debtor regarding the specific matters for which retention is proposed herein.

10. The Debtor has agreed to compensate Hill Ward on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject only to approval of this Court. Hill Ward has advised the Debtor that the primary attorneys providing services to the Debtor will be Mark M. Wall, whose hourly rate is $645.00, and Patrick M. Mosely, whose hourly rate is $490.00. Hourly rates for additional partners of Hill Ward who will work on this matter are $610.00 to $415.00, hourly rates for associates range from $350.00 to $310.00, and hourly rates for paralegals range from $275.00 to $150.00. The Debtor understands that Hill Ward's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

11. Except as set forth in the Affidavit of Mark M. Wall attached hereto as **Exhibit A**, Hill Ward does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein. Except as set forth in **Exhibit A**, Hill Ward has no connections with the Debtor, any creditors of

3

the Debtor, any other party in interest, its respective attorneys and accountants, the Office of the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) approving this application; (ii) authorizing the Debtor to employ Hill Ward as special litigation counsel for the purposes set forth in this application; (iii) authorizing the Debtor to compensate Hill Ward for services rendered, only upon application to and approval by this Court; and (iv) providing such other and further relief as is just.

DATED: February 9, 2024

*/s/ Daniel R. Fogarty*
Scott A. Stichter (FBN 0710679)
Daniel R. Fogarty (FBN 0017532)
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL  33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com; mhale@srbp.com; dfogarty@srbp.com
Attorneys for Debtor

4862-1354-6390, v. 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Application to Employ Hill, Ward & Henderson, P.A. as Special Litigation Counsel Effective as of the Petition Date* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including to the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

/s/ Daniel R. Fogarty
Daniel R. Fogarty

4862-1354-6390, v. 2

# EXHIBIT A

19239418v1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                      Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                Case No. 8:24-bk-676-RCT

　　　　Debtor.
_____/

**DECLARATION OF MARK M. WALL IN SUPPORT
OF DEBTOR'S APPLICATION FOR AUTHORIZATION
TO EMPLOY HILL WARD HENDERSON AS SPECIAL LITIGATION
COUNSEL FOR DEBTOR EFFECTIVE AS OF THE PETITION DATE**

I, Mark M. Wall, an attorney with the firm of Hill, Ward & Henderson, P.A., who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§ 327, 328 and 329 and Bankruptcy Rules 2014 and 2016, declares as follows:

1. I am an attorney and shareholder employed by the law firm of Hill, Ward & Henderson, P.A..("**Hill Ward**"), which is located at 101 E Kennedy Blvd #3700, Tampa, Florida 33602. I am duly authorized to practice law in the State of Florida and am admitted to the bar of the United States District Court for the Middle District of Florida.

2. Prior to the filing of the bankruptcy case, Hill Ward represented the Debtor in connection with a lawsuit, an internal investigation, review and preliminary enforcement of loan documentation and advised on related operational and fiduciary issues. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

3. This Declaration is submitted in order to comply with 11 U.S.C. §§ 327, 328 and 329; and Bankruptcy Rules 2014 and 2016. In preparing this Declaration, I reviewed a list of creditors of the Debtor.

4. Hill Ward has been requested to continue to represent The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") to prosecute and/or handle certain litigation matters and assist the Debtor in obtaining information necessary to administer the trust. It is anticipated that Hill Ward will staff the case with senior and junior attorneys, as well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the client's desires.

5. Hill Ward received the aggregate sum of $314,073.52 in pre-petition attorneys' fees and $8,532.57 in pre-petition costs for its representation of the Debtor. Additionally, Hill Ward has received a retainer in the amount of $100,000 for its work-in-process and for anticipated post-petition services (the "**Retainer**"). The Retainer and the other fees and costs referenced have been paid to Hill Ward by the Debtor. The Retainer is to be applied first to pre-petition services (including costs) and the balance is intended to reduce Hill Ward's application for post-petition fees and costs.

6. To the best of my knowledge, formed after reasonable inquiry, no attorney employed by Hill Ward holds any interest adverse to the Debtor, its estate, or any other parties in interest.

7. No attorney employed by Hill Ward holds a direct or indirect equity interest in the Debtor, or any of its affiliates, and no such attorney has any right to acquire such an interest.

8. No attorney employed by Hill Ward now holds, or has ever held, a direct or indirect equity interest (including stock, stock warrants or a partnership interest) in the Debtor, and no such attorney now has, nor has ever had, any right to acquire such an interest.

9. No attorney employed by Hill Ward is now, or has ever served in the past, as an officer, director or employee of the Debtor.

10. No attorney employed by Hill Ward is, or has ever been, in control of the Debtor

4862-2015-2470, v. 1

or is a relative of a director, officer or person in control of the Debtor.

11. No attorney employed by Hill Ward is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

12. No attorney employed by Hill Ward is, or has ever served as, an officer, director or employee of a financial advisor, which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

13. No attorney employed by Hill Ward has ever represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

14. Except as set forth herein, and to the best of my knowledge, no attorney employed by Hill Ward presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse or potentially adverse to the Debtor or the estate, on any matter whether such representation is related or unrelated to the Debtor or the estate.

15. To the best of my knowledge, no employee of Hill Ward previously represented a creditor, equity security holder, general partner, lessor, lessee, party to an executory contract or person who is otherwise or potentially adverse to the Debtor or the estate, on any matter substantially related to the case.

16. Based on the foregoing, Hill Ward does not represent the Debtor on any matters adverse to the estate.

17. There is no agreement of any nature as to the sharing of any compensation to be paid to Hill Ward. The compensation of attorneys at Hill Ward is fixed from time to time by its board of directors.

18. Nothing herein is intended to waive, and does not waive, any attorney-client privilege with respect to confidential communications between the Debtor and Hill Ward.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief after diligent inquiry.

Executed on February 9th, 2024.

_____
Mark M. Wall