UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                 Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                    Case No. 8:24-bk-676-RCT

    Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION TO AUTHORIZE THE
IMPLEMENTATION OF PROCEDURES TO MAINTAIN AND
PROTECT CONFIDENTIAL AND PERSONALLY IDENTIFIABLE INFORMATION**

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order: (a) authorizing the Debtor to maintain as confidential and redact from any court filings the names and personally identifiable information of those of its creditors who are individual beneficiaries of the special needs or similar trusts administered by the Debtor as trustee, and (b) authorizing the Debtor's claims and noticing agent to withhold publication of claims filed by individual beneficiaries and to maintain any proofs of claims or attachments confidential and under seal.  In support of this motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief requested herein are Sections 105(a), 107(c), and 342(a) Title 11 of the United States Code (the "**Bankruptcy Code**").

**Background**

**A. General Background**

4. On February 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor is operating its businesses and managing its affairs as debtor-in-possession. 11 U.S.C. §§ 1107(a) and 1108.

6. The Debtor is a 501(c)(3) non-profit Florida corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's *Case Management Summary* (Doc. No. 7).

7. The Debtor is the trustee or co-trustee of numerous special needs trusts, including both stand-alone trusts and pooled trusts (the "**Trusts**") for approximately 2,000 beneficiaries who suffer from various levels of disability (the "**Beneficiaries**"). Certain Trusts were funded by settlements which are confidential. Other Trusts and settlements involve minors. The Debtor's primary service as trustee of the Trusts is to manage the Trusts, maintain records for assets managed by third-party investment managers, respond to request for distributions from Beneficiaries, and make distributions in a manner that still ensures that the applicable beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits, such as Medicaid, Social Security, or Supplemental Security Income. The Debtor's services help to ensure that Beneficiaries maintain their qualification for these critical public assistance benefits.

8. Each Beneficiary has its own trust account or sub-trust account (a "**Trust Account**") that reflects the specific assets in the respective Beneficiary's Trust, or in the case of a pooled Trust, the specific assets allocated to the Beneficiary's sub-trust account. The Trust investments are managed by different financial advisory companies, not the Debtor itself.

9. As the Debtor outlined in its Case Management Summary, the Debtor's leadership discovered that approximately $100,000,000 of funds from beneficiaries and the Center itself was paid to Boston Financial Group ("**BFG**"), a group controlled by The Center's founder Leo Govoni. The transfers of these funds have left over a thousand trust accounts either partially or fully compromised by the transfers of trust funds. The Debtor filed this case for the purpose of, *inter alia*, pursuing claims against responsible parties with the goal of recovering the transferred funds and other assets, as much as possible, and distributing the transferred funds into the Beneficiaries' Trust Accounts.

10. The Debtor has determined that approximately 1,570 of the Trust Accounts are compromised to some extent (the "**Compromised Trust Accounts**"), and therefore the applicable Beneficiaries are or may be creditors of the Debtor. The remaining 470 Trust Accounts have no exposure to the transfers and are completely invested in legitimate financial products (the "**Clean Trust Accounts**"), with their investment accounts being managed by institutional financial advisory firms.

**B. Case Noticing of the Beneficiaries.**

11. The Debtor is required to file a list of creditors with its petition unless the Debtor's schedules of assets and liabilities are filed simultaneously with the chapter 11 petition. The Debtor is in the process of finalizing the schedules (a process impaired by the various acts which have restricted the Debtor's access to its records) but does have an initial list of creditors. Nearly all of the Debtor's potential creditors in this case will be comprised of certain of the Beneficiaries with Compromised Trust Accounts.

12. As a general statement, a trustee of a trust owes to the beneficiary a duty of loyalty. *See*, *e.g.*, § 736.0802(1), Fla. Stat. ("As between a trustee and the beneficiaries, a trustee shall

3

administer the trust solely in the interests of the beneficiaries."). According to the Restatement (Third) of Trusts, the duty of loyalty includes a duty of confidentiality. Part of the duty of loyalty is "the trustee's duty to preserve the confidentiality and privacy of trust information from disclosure to third persons, except as required by law (e.g., rules of regulatory, supervisory, or taxing authorities) or as necessary or appropriate to proper administration of the trust." Restatement (Third) of Trusts § 78, comment (i) (2007). Other Florida statutes recognize a duty of confidentiality with respect to fiduciaries. See § 740.05, Fla. Stat. (governing fiduciary duties and authority with respect to management of digital assets and providing: "The legal duties imposed on a fiduciary charged with managing tangible property apply to the management of digital assets, including … (c) The duty of confidentiality").

13. Based in part on the duty of confidentiality incident to its role as trustee of the various Trusts and in part on the sensitive nature of the Beneficiaries' circumstances, the Debtor believes that disclosure of the identity of the individual Beneficiaries and their personally identifiable information, such as address or other identifying information into the public record—which advertises the fact that the beneficiary is a beneficiary of a special needs or similar trust—could potentially have an adverse impact on the beneficiary's right to privacy. Additionally, the information could jeopardize potentially confidential information as part of an underlying lawsuit and confidential settlement.

14. The Debtor believe that duties of confidentiality owed to the Beneficiaries conflict with the general duty to disclose certain information in this bankruptcy case. As a result, the Debtor request procedures specific to noticing Beneficiaries as set forth herein. The Debtor is filing a separate application to employ Epiq Corporate Restructuring, LLC as claims, noticing and

solicitation agent (the "**Claims and Noticing Agent**"), and requests that the notice procedures be implemented through the Claims and Noticing Agent.

15. As stated above, certain of the Trusts involve minors or confidential settlements. These circumstances further support the filing under seal of the names and information of the Beneficiaries.

## Relief Requested and Memorandum of Law

16. In order to protect the confidentiality of the Beneficiaries and to avoid unnecessary disclosure of personally identifiable information, the Debtor seeks (a) authorization to maintain as confidential and redact from any court filings the names and personally identifiable information of those of its creditors who are individual Beneficiaries, including but not limited to those Beneficiaries who are minors as of the Petition Date, and (b) authorization for the Debtor's Claims and Noticing Agent to withhold publication of proofs of claims and attachments to claims filed by individual Beneficiaries.

17. Pursuant to section 107(c)(1)[1] of the Bankruptcy Code, cause exists to authorize the Debtor to redact or withhold form publication the personally identifiable information—including, without limitation, the names, home addresses, and email addresses—of any individual Beneficiary listed on, or appearing in, any document (a) made publicly available on the Debtor's case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and Noticing Agent, including the creditors lists, the claims register maintained by the Claims and Noticing Agent, and the schedules to be filed by the Debtor.

18. Section 107(c)(1)(A) of the Bankruptcy Code provides that, with respect to "[a]ny

---

[1] Section 107(b) requires the Court to protect that is confidential and commercial in nature, including but not limited to customer lists. The list of Beneficiaries is akin to a customer list, which would provide further support for the relief requested herein.

means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code, the court, "for cause, may protect an individual, with respect to [such] information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." *See* 11 U.S.C. § 107(c)(1)(A).

19. Though transparency is important to the judicial process, Congress recognized a counterbalancing interest when it enacted § 107(c)(1) of the Bankruptcy Code: the need to protect individuals' identities and privacy. The statutory language demonstrates Congress's desire for courts to have the flexibility necessary to protect individuals' identities and identifying information. Section 107(c)(1)(B) enables the Court to protect "[o]ther information" beyond "means of identification." 11 U.S.C. § 107(c)(1)(B) (citing 18 U.S.C. § 1028(d)). The definition of "means of identification" provides a non-exhaustive list of personally identifiable information. *See* 18 U.S.C. § 1028(d)(7)(A)-(D). Accordingly, while an individual's home address is not an explicitly enumerated "means of identification," it is nevertheless within the broad scope of § 107(c)(1)(B).

20. Additionally, Bankruptcy Rule 1007(j) authorizes the "Impounding of Lists" filed as part of a debtor's schedules. The rule provides:

> On motion of a party in interest and for cause shown the court may direct the impounding of the lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of the lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j).

21. Bankruptcy Rule 1007(j) implements Section 107 of the Bankruptcy Code. *See In re EPIC Assocs. V*, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985). For cause, the Court is authorized to impound lists otherwise required to be filed pursuant to Bankruptcy Rule 1007. *See id.* An adverse

6

effect on third parties can provided sufficient justification to enter an order protecting the party's identity from disclosure. *See In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (ordering creditor list could be filed under seal to prevent adverse effect on creditor); *cf. In re Frontier Grp., LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (granting debtor's motion to seal list of certain creditors).

22. Multiple factors demonstrate the need to protect the identities and privacy of the Beneficiaries, including but not limited to those who are minors. First, by the nature of the Debtor's role as trustee of special needs or similar trusts, the beneficiaries of those trusts are or are likely to be in need of protection from the public disclosure of their personal information, and the release of such information publicly could potentially jeopardize their safety or violate privacy protections. Second, the Debtor's role as trustee, and the attendant duty of confidentiality, militates against disclosure of personally identifiable information of the individual Beneficiaries as potentially being a breach of the duty of loyalty. Third, some of the underlying settlements require the Debtor to keep information confidential. Fourth, the information is likely to reflect medical or other information, either directly or by reference to other sources of information. Finally, some of the Beneficiaries are minors.

23. Although the Debtor is sensitive to the concerns that might arise from imposing potential impediments on certain creditors' ability to communicate and the public nature of bankruptcy court proceedings, measures can be implemented to facilitate any necessary communications or to address other concerns while maintaining a baseline of confidentiality and protection given the unique and sensitive nature of the Debtor's business.

24. Courts in recent cases have granted relief similar to that requested herein. *E.g.*, *In Re Endo International PLC, et al.*, Case No. 22-22549 (JLG), 2022 WL 16640880 (Bankr.

S.D.N.Y. Nov. 2, 2022) (allowing debtors in opioid and other mass-tort related case to redact and file under seal names and addresses of individual creditors and claimants); *In re Genesis Glob. Holdco, LLC*, 652 B.R. 618 (Bankr. S.D.N.Y. 2023) (granting relief as to individual customers, but not to institutional customers).

25. For these reasons, the Debtor respectfully submits that it is appropriate to redact personally identifiable information—including, without limitation, the names and addresses—of any individual Beneficiary listed on, or appearing in, any document (a) made publicly available on the Debtor's case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and Noticing Agent, including the list of creditors, the claims register, and the schedules. The Debtor maintains its files in part by the use of unique identifying account numbers for the Trusts and Beneficiaries. Use of those account numbers, as opposed to the names and addresses of the Beneficiaries, will allow for the tracking of information in the schedules, creditors lists, and other filings, without risking harm to the Beneficiaries.

26. Absent such relief, such information can be used to perpetrate identity theft and phishing scams, to disclose the identities of individuals who have special needs, or to locate survivors of domestic violence, harassment, or stalking. And such disclosure may cause the Debtor to be in violation of its duty of confidentiality towards the Beneficiaries, as well as any applicable data privacy laws.

27. The Debtor seeks authority to have the Claims and Noticing Agent undertake the mailing of the Notice of Commencement and the meeting of creditors to creditors, including the Beneficiaries, using the unredacted version of the list of creditors available to the Claims and Noticing Agent.

28. The Debtor further proposes to provide an unredacted, under seal, version of the

list of creditors, the claims register, and the schedules, and any other applicable filings redacted pursuant to the proposed Order to the Court, the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Case, and any other party designated by further order of the Court, as appropriate. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the Trusts or any other privacy or data protection law or regulation applicable.

29. Further, the Debtor will instruct the Claims and Noticing Agent to serve the Beneficiaries at their personal addresses on file with the Debtor and will ensure each individual receives the same notices in the Chapter 11 Case as all other creditors, without unnecessarily publicly disclosing the individuals' names and home addresses. Thus, in view of the foregoing and given there is minimal, if any, benefit to the public of publishing the names and home addresses of the individual Beneficiaries in the Chapter 11 Case, the Debtor submits that the relief requested is appropriate.

30. With respect to the claims register and proofs of claim, the Debtor intends to file a motion requesting approval of procedures for the submission of claims and the use of a claim form. Pending entry of an order on such a motion, the Debtor requests that the Claims and Noticing Agent be authorized to (i) exclude from the publicly filed and available claims register any proofs of claim filed by individual Beneficiaries to prevent public disclosure of any personal identifying information being uploaded to the public claims register, and (ii) to exclude from the publicly filed and available claims register any attachments to any proofs of claim filed by individual Beneficiaries. Redaction of proof of claims forms to redact personal identifying information could potentially cost tens of thousands of dollars in costs, not including the fees to verify that redactions were made appropriately.

31. The Debtor proposes that the unredacted claim forms and the excluded attachments would be filed, under seal, and available to the Court, and accessible to the U.S. Trustee, counsel to any official committee appointed in the Chapter 11 Case, and any other party designated by further order of the Court, as appropriate.

WHEREFORE, the Debtor respectfully requests the Court enter an order (i) granting this Motion, (ii) authorizing the Debtor to maintain as confidential and redact from any court filings the names and personally identifiable information of those of its creditors who are individual Beneficiaries, (iii) authorizing the Debtor's Claims and Noticing Agent to withhold publication of claims filed by individual Beneficiaries both of proofs of claims forms and attachments, and (iv) granting such other relief as is just and proper.

DATED: February 9, 2024.

/s/ Scott A. Stichter
Scott A. Stichter (FBN 0710679)
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL 33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com; mhale@srbp.com
Proposed Counsel for Debtor

4876-9096-4386, v. 3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion To Authorize The Implementation Of Procedures To Maintain And Protect Confidential And Personally Identifiable Information* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

      /s/ Scott A. Stichter
      Scott A. Stichter

# **EXHIBIT "A"**

**(Proposed Interim Order)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Chapter 11

Case No. 8:24-bk-00676-RCT

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO AUTHORIZE
THE IMPLEMENTATION OF PROCEDURES TO MAINTAIN AND
<u>PROTECT CONFIDENTIAL AND PERSONALLY IDENTIFIABLE INFORMATION</u>**

      **THIS CASE** came before the Court on _____, 2024 at _____ a.m./p.m., upon the *Debtor's Emergency Motion To Authorize The Implementation Of Procedures To Maintain And Protect Confidential And Personally Identifiable Information* (Doc. No. ___) (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**"). The Motion seeks entry of an order (i) granting the Motion; (ii) authorizing the Debtor to maintain as confidential and redact from any court filings the names and personally identifiable information of those of its creditors who are individual Beneficiaries, (iii) authorizing the Debtor's Claims

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

and Noticing Agent to withhold publication of claims filed by individual Beneficiaries both of proofs of claims forms and attachments, and (iv) granting such other relief as is just and proper.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and for the reasons stated on the record and in open court, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED**.

2. The Debtor is authorized to take any and steps as necessary to redact personally identifiable information—including, without limitation, the names and addresses—of any individual Beneficiary listed on, or appearing in, any document filed by the Debtor and (a) made publicly available on the Debtor's case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and Noticing Agent, including the list of creditors, the claims register, and the schedules. Specifically, the Debtor is authorized to

   a. redact the names of individual Beneficiaries from any paper filed with the Court and/or otherwise made publicly available by the Debtor or its Claims and Noticing Agent and instead to identify any individual Beneficiaries

        through the use of unique identifying account numbers for the applicable Trusts and Beneficiaries and to notate "Name on File"; and

    b.    redact the addresses and email addresses of individual Beneficiaries from any paper filed with the Court and/or otherwise made publicly available by the Debtor or its Claims and Noticing Agent and instead to notate "Address on File".

3.    In addition, the Debtor shall (i) provide unredacted filings to the Court, to be filed under seal, the Office of the United States Trustee, counsel to any official committee appointed in the Chapter 11 Case, and any other party designated by further order of the Court, with such unredacted filings maintained as confidential and not to be filed or otherwise disseminated; (ii) provide any other party in interest unredacted filings upon request made to the Debtor that the Debtor determines in good faith is reasonably related to the Chapter 11 Cases and subject to appropriate protections; and (iii) provide five (5) days' advance notice to the UST and counsel to any official committee appointed in the Chapter 11 Case, prior to determining whether to deny or grant any request for such unredacted filing.

4.    The Claims and Noticing Agent is authorized and directed to serve the Beneficiaries at their personal addresses on file with the Debtor such that each individual Beneficiary receives the same notices in the Chapter 11 Case as all other similarly situated creditors.

5.    With respect to the claims register and proofs of claim, pending entry of an order granting further or other relief, the Claims and Noticing Agent is authorized to (i) exclude from the publicly filed and available claims register any proofs of claim filed by individual Beneficiaries to prevent public disclosure of any personal identifying information being

uploaded to the public claims register, and (ii) to exclude from the publicly filed and available claims register any attachments to any proofs of claim filed by individual Beneficiaries.

6. In addition, the Debtor or the Claims and Noticing Agent shall (i) provide unredacted versions of the proofs of claim form and any attachments filed by individual Beneficiaries to the Court, to be filed under seal, the Office of the United States Trustee, counsel to any official committee appointed in the Chapter 11 Case, and any other party designated by further order of the Court, with such unredacted filings maintained as confidential and not to be filed or otherwise disseminated; (ii) provide any other party in interest unredacted filings upon request made to the Debtor that the Debtor determines in good faith is reasonably related to the Chapter 11 Case and subject to appropriate protections; and (iii) provide five (5) days' advance notice to the UST and counsel to any official committee appointed in the Chapter 11 Case, prior to determining whether to deny or grant any request for such unredacted filing.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Scott Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

4858-2115-2676, v. 1