UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                     Case No. 8:24-bk-676-RCT

         Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL
ORDERS GRANTING (A) AUTHORITY TO (I) MAINTAIN TRUST
BANK ACCOUNTS AND TO CONTINUE TO USE EXISTING BUSINESS
FORMS AND CHECKS FOR TRUST BANK ACCOUNTS, AND (II)
CONTINUE TO USE EXISTING TRUST CASH MANAGEMENT SYSTEM,
AND (B) WAIVER OF CERTAIN INVESTMENT AND DEPOSIT GUIDELINES**

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., as debtor

and debtor in possession (the "**Debtor**"), seeks entry of an interim order substantially in the form

attached hereto as **Exhibit A** and a final order (a) authorizing (i) the continued use of the Debtor's

existing Trust Bank Accounts (defined herein) and continued use of existing Business Forms

(defined herein) and checks related to the Trust Bank Accounts, and (ii) the continued use of the

existing cash management system related to the Trust Bank Accounts; (b) finding that the

investment and deposit guidelines of section 345 of the Bankruptcy Code and the *Operating

Guidelines and Reporting Requirements for Debtors in Possession and Chapter 11 Trustees

(revised 11/9/2021)* (the "**Guidelines**") promulgated by the Office of the United States Trustee are

not applicable to Trust Bank Accounts;[1] and (c) providing any additional relief required in order

to effectuate the foregoing.  In support of this Motion, the Debtor respectfully states as follows:

---

[1] The Guidelines were issued in order to assist the U.S. Trustee in supervising the administration of chapter 11 cases. Such Guidelines require chapter 11 debtors to, among other things:

      a.       immediately close all existing bank accounts;

## PRELIMINARY STATEMENT

In addition to its two operating bank accounts, the Debtor maintains nine segregated bank accounts, the sole purpose of which is to receive funds from investment accounts for the various trust the Debtor manages. From these nine trust bank accounts, after receiving money from the applicable investment account, the Debtor then makes distributions for the benefit of trust beneficiaries from the trust bank accounts. The funds that flow into and out of the trust bank accounts are not Debtor property, are not property of the bankruptcy estate, and typically only remain in the account for a few days. The Debtor requests authorization to keep the trust bank accounts in place to avoid disruption in its core service of making trust distributions for the benefit the beneficiaries. The Debtor will be opening debtor-in-possession accounts to serve as the Debtor's operating accounts, but it is critical that the Debtor's existing trust cash management system remain in place.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Sections 105(a), 345(b) and 363(c) of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules

---

b.      immediately open and maintain new debtor-in-possession operating, payroll, and tax accounts which must be held at a U.S. Trustee authorized depository;

c.      the requirement to deposit all business revenue into the new debtor-in-possession operating account, with deposits, other than transfers from operating account, should not be made directly to the new debtor-in-possession payroll or tax accounts; and

d.      obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" and contain certain other information related to the chapter 11 case.

6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2081-1(g)(4).

BACKGROUND

**A. General Background**

4.      On February 1, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      The Debtor is operating its businesses and managing its affairs as debtor-in-possession.  11 U.S.C. §§ 1107(a) and 1108.

6.      The Debtor is a 501(c)(3) non-profit corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's *Case Management Summary* (Doc. No. 7).

7.      The Debtor is the trustee or co-trustee of numerous special needs trusts, including both stand-alone trusts and pooled trusts (the "**Trusts**") for over 2,000 beneficiaries who suffer from various levels of disability (the "**Trust Beneficiaries**"). The trust assets are managed by different financial advisory partners, which maintain investment accounts for the various trusts over which the Debtor serves as trustee (the "**Trust Investment Accounts**"). The Debtor's primary service as trustee of the Trusts is to manage and respond to request for distributions from Trust Beneficiaries and to make distributions in a manner that still ensures that the beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits, such as Medicaid, SSI, or Supplemental Security Income. The Debtor's services help to ensure that Trust Beneficiaries maintain their qualification for these critical public assistance benefits.

**B.  The Debtor's Existing Trust Bank Accounts and Trust Cash Management System**

8.        Prior to the Petition Date, there were (9) depository accounts dedicated to receiving funds from the Trust Investment Accounts and making distributions for the benefit of Trust Beneficiaries (each a "**Trust Bank Account**" and collectively, the "**Trust Bank Accounts**"). While the Trust Bank Accounts are titled in the Debtor's name, each of the Trust Bank Accounts hold funds which are trust assets and not property of the estate pursuant to Section 541 of the Bankruptcy Code. Eight (8) of the Trust Bank Accounts are located at American Momentum Bank and one (1) Trust Bank Account is located at KeyBank (together with American Momentum Bank, the "**Trust Cash Management Banks**").

9.        The Debtor also maintains two operating accounts (the "**Operating Accounts**"). The funds in the Operating Accounts are the Debtor's property and do constitute property of the estate. The two Operating Accounts are also located at American Momentum Bank.

10.        When the Debtor makes a payment for the benefit of a Trust Beneficiary, cash is distributed from the applicable Trust Investment Account, deposited into the designated Trust Bank Account, and then ultimately paid out from the Trust Bank Account for the benefit of the Trust Beneficiary.  In addition, there are several checks that the Debtor receives from structured settlements which are deposited directly into the designated Trust Bank Account using a remote deposit system installed by American Momentum Bank (collectively, the "**Trust Cash Management System**").  The funds received into the Trust Bank Accounts from the Trust Investment Account remain trust funds and, like the corpus of the Trusts, are not property of the Debtor. Any applicable management fees the Debtor is entitled to receive are transferred from the applicable Trust Bank Account into the Debtor's Operating Accounts.

4894-1388-7128, v. 6

11.     Attached to this Motion as **Exhibit B** is an exhibit listing the Trust Bank Accounts the Debtor seeks to maintain post-petition and the amount on deposit in each of the Trust Bank Accounts as of the date preceding the Petition Date.  The Debtor respectfully requests authority to maintain their existing Trust Bank Accounts and Trust Cash Management System in accordance with their usual and customary practices, subject to certain modifications as set forth herein, to ensure a smooth transition into Chapter 11 with minimal disruption to services provided to Trust Beneficiaries.

12.     The Debtor is not seeking to maintain its existing Operating Accounts, but rather intends to open debtor-in-possession accounts ("**DIP Accounts**") to hold and manage the Debtor's own cash and pay day-to-day expenses of operations.

**RELIEF REQUESTED**

13.     By this Motion, the Debtor seeks entry of an interim order substantially in the form attached hereto as **Exhibit A** and a final order: (a) authorizing (i) the continued use of the Debtor's existing Trust Bank Accounts and continued use of existing Business Forms and checks for the Trust Bank Accounts, and (ii) the continued use of the Trust Cash Management System; and (b) additional relief required in order to effectuate the foregoing.  The relief requested herein will help ensure the Debtor's smooth transition into Chapter 11 and avoid disruption in service to Trust Beneficiaries, in addition to possible disruptions and distractions that could otherwise divert the Debtor's attention from more pressing matters during the initial days of this Chapter 11 case.

14.     The Debtor's existing Trust Bank Accounts function smoothly and permit the efficient receipt and disbursements of cash for the benefit of the Trust Beneficiaries.  The Debtor's transition into Chapter 11 and the services provided to the Trust Beneficiaries will be significantly less disruptive if the Trust Bank Accounts are maintained following the commencement of this

with the same account numbers.  The Debtor further requests authority to deposit funds in and withdraw funds from all such accounts post-petition, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, check, wire, transfers, ACH, electronic funds transfers and other debits and to treat the Trust Bank Accounts for all purposes as debtor in possession accounts.

15.     The Debtor's operations require the Trust Cash Management System to continue during the pendency of the Chapter 11 case.  If the Debtor was required to create and implement a new Trust Cash Management System, their operations would be severely disrupted, which would have an adverse impact on the Trust Beneficiaries and the Debtor's ability to reorganize.  The relief requested is appropriate as the funds in the Trust Bank Accounts are not property of the estate. Further, the establishment of new trust bank accounts and a new collection and disbursement system for trust funds would result in substantial additional burden and cost to the Debtor's bankruptcy estate and delay the Debtor's ability to make distributions to the Trust Beneficiaries.  Accordingly, the Debtor submits that the maintenance of the existing Trust Cash Management System is essential and in the best interests of the Trust Beneficiaries and other parties in interest.

16.     In the ordinary course of business, the Debtor incurs periodic service charges and other fees in connection with maintaining the Trust Cash Management System (collectively, the "**Bank Fees**"). The Debtor receives one bill  each month for all fees on all bank accounts, including the Bank Fees on the Trust Account. The total monthly fees range from $0 to $1000.00.  By this Motion, the Debtor also seeks authority to continue to pay the Bank Fees, including the prepetition Bank Fees, in the ordinary course of business on a post-petition basis.

17.     By this Motion, the Debtor seeks a determination that the operating Guidelines established by the Office of the United States Trustee for debtors in possession for the purpose of supervising the administration of Chapter 11 cases do not apply to the Trust Bank Accounts. If the Guidelines were applied to the Trust Bank Accounts, the Debtor would be required to, among other things, close the accounts and re-establish them as debtor in possession accounts located at designated depository institutions. The Debtor also would be forced to obtain checks for all such accounts that bear the designation, "debtor in possession," the bankruptcy case number, and the type of account.

18.     The determination that the deposit guidelines set forth in section 345(b) of the Bankruptcy Code do not apply to the Trust Bank Accounts is appropriate because the Trust Bank Accounts do not hold property of the Debtor's bankruptcy estate. As discussed above, the Trust Bank Accounts solely exist to receive trust funds from the Trust Investment Accounts and to make distributions to the Trust Beneficiaries.

19.     Section 345 of the Bankruptcy Code provides, in pertinent part:

> (a) A trustee in a case under this title may make such deposit or investment *of the money of the estate* for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment.

> (b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which *such money* is deposited or invested . . . [describing bonding and collateral requirements].

11 U.S.C. § 345 (emphasis added).

20.     By the plain language of the statute, the bonding and security requirements listed in Section 345(b)(1) and (2) only apply to depository institutions with which "money of the estate" is deposited. Because the funds received into the Trust Bank Accounts are not "money of the

estate," but rather trust funds in which the Trust Beneficiaries hold all equitable interest, Section 345(b) does not apply to the Trust Bank Accounts. *See* 11 U.S.C. § 541(d) (providing that property in which a debtor holds only legal title and not an equitable interest becomes property of the estate only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property).

21.    The Debtor also seeks authority to continue to use their prepetition business forms, including, but not limited to, correspondence, checks, letterhead, purchase orders, invoices, etc. relating to the Trust Bank Accounts (collectively, the "**Trust Bank Account Business Forms**"), without reference to their status as debtors in possession. Changing correspondence and business forms would be unnecessary and burdensome, expensive, and disruptive.  Given the nature and scope of the Debtor's business, and the numerous distributions made by the Debtor from the Trust Bank Accounts, it is imperative that the Debtor be permitted to continue to use its existing Trust Bank Account Business Forms without change. Additionally, because the funds being distributed from the Trust Bank Accounts are trust funds rather than the Debtor's own operating cash, it would be potentially misleading and confusion to indicate the Debtor's debtor-in-possession status when making distributions for the benefit of a Trust Beneficiary.

22.    Authorization to use the Trust Bank Account Business Forms will facilitate a smooth and orderly Chapter 11 case, minimize the disruption of the Debtor's business affairs (without violating the requirements of, or the policies underlying, the Bankruptcy Code), and enable the Debtor to more effectively and expeditiously restructure.  The Debtor accordingly request that they be authorized to use their existing Trust Bank Account Business Forms without being required to label each with the "debtor in possession" identifier.

## BASIS FOR RELIEF REQUESTED

23.    The Debtor should be authorized to continue to use its existing Trust Bank Accounts and Trust Cash Management System.  The Debtor will continue to maintain records of all transfers within the Trust Cash Management System so that all transfers and transactions will be documented in its books and records to the same extent such information was maintained by the Debtor prior to the Petition Date.

24.    Permitting the Debtor to use its existing Trust Bank Accounts and Trust Cash Management System is in the best interests of the Debtor's estates and their creditors and other interested parties.  To require the Debtor to use new accounts would be disruptive to the Trust Beneficiaries' needs and would impair the Debtor's efforts to reorganize.  Moreover, having to open new accounts as of the Petition Date would unnecessarily distract the Debtor's key accounting and financial personnel, whose efforts are more appropriately focused on assisting with the restructuring process.  Furthermore, any delays or disruption in the payment of distributions for Trust Beneficiaries would erode confidence at this critical time.

25.    The Debtor also requests authority to preserve various reporting and accounting mechanisms, such as signatory authorizations and accounting systems central to the maintenance of the Trust Bank Accounts. The interruption or termination of such reporting and accounting mechanisms would undermine the utility of the Trust Bank Accounts.  In accordance with existing practices, the Debtor will maintain strict records of all receipts and disbursements from the Trust Bank Accounts during the pendency of this case.

26.    Bankruptcy Code section 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105(a) is intended "to assure the bankruptcy courts['] power to take

4894-1388-7128, v. 6

whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 2-105 COLLIER ON BANKRUPTCY ¶ 105.01 (15th ed. 2015). The relief requested in this Motion is necessary to preserve business continuity and to lessen the likelihood of disruption to the Debtor's operations and is in the best interests of the Trust Beneficiaries and the Debtor's creditors. The Debtor respectfully submits that relief under section 105(a) is warranted under these circumstances.

27.    Courts have long recognized that strict enforcement of bank account closing requirements does not serve the purposes of Chapter 11. *See In re Columbia Gas Systems, Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1993), *aff'd in part* & *rev'd in part*, 997 F.2d 1039 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1050 (1994) (noting that an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash"); *see also In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (cash management system allows debtor "to administer more efficiently and effectively its financial operations and assets").

28.    Considering the fact that the funds received into the Trust Bank Accounts are not estate property, the Debtor also requests clarification that the Guidelines do not apply to the extend they require the Debtor to make all disbursements by check. In particular, the Guidelines require that all receipts and all disbursements of estate funds be by check with a notation representing the reason for the disbursement. Considering the nature of the Debtor's services provided to the Trust Beneficiaries, the Debtor must conduct transactions from the Trust Bank Accounts by debit, wire, or ACH payments and other similar methods.

29.    Pursuant to Local Rule 2081-1(g)(4)(E), the Debtor, through undersigned counsel, represents that it has conferred with the Office of the United States Trustee (the "**UST**") regarding

continued maintenance of the prepetition Trust Bank Accounts and the UST has not yet stated its final position on the Motion.

**EXPEDITED CONSIDERATION AND WAIVER OF ANY APPLICABLE STAY**

30.    The Debtor respectfully requests expedited consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a Chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtor believes an immediate and orderly transition into Chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of this Chapter 11 case would severely disrupt the Debtor's operations at this critical juncture.  Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an expedited basis.

31.    To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

32.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of interim order, substantially in the form attached hereto as **Exhibit A**, and a final order (i) granting the Motion; (ii) authorizing the Debtor's continued use of the Trust Cash Management System; (iii) authorizing the Debtor's continued maintenance and use of the existing Trust Bank Accounts listed in attached **Exhibit B**;

4894-1388-7128, v. 6

(iv) authorizing the continued use of the Debtor's business forms and checks for the Trust Bank Accounts; and (v) granting such other and further relief as is just and proper.

_____/s/ Scott A. Stichter_____
Scott A. Stichter (FBN 0710679)
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL  33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com; mhale@srbp.com
Proposed Counsel for Debtor

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Interim and Final Orders Granting (A) Authority to (I) Maintain Trust Bank Accounts and to Continue to Use Existing Business Forms and Checks for Trust Bank Accounts, and (II) Continue to Use Existing Trust Cash Management System, and (B) Waiver of Certain Investment and Deposit Guidelines* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including to the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

/s/ Scott A. Stichter_____
Scott A. Stichter

## EXHIBIT "A"

**(Proposed Interim Order)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                      Case No. 8:24-bk-676-RCT

      Debtor.
_____/


**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY
MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS GRANTING
(A) AUTHORITY TO (I) MAINTAIN BANK ACCOUNTS AND TO CONTINUE
TO USE EXISTING BUSINESS FORMS AND CHECKS FOR TRUST BANK
ACCOUNTS, AND (II) CONTINUE TO USE EXISTING TRUST CASH
MANAGEMENT SYSTEM, AND (B) WAIVER OF CERTAIN INVESTMENT
AND DEPOSIT GUIDELINES, AND SCHEDULING FINAL HEARING**

      **THIS MATTER** came before the Court on _____, 2024 at _____ a.m./p.m.,

upon the *Debtor's Emergency Motion for Entry of Interim and Final Orders Granting*

*(A) Authority to (I) Maintain Bank Accounts and to Continue to Use Existing Business Forms and*

*Checks for Trust Bank Accounts, and (II) Continue to Use Existing Trust Cash Management*

*System, and (B) Waiver of Certain Investment and Deposit Guidelines* (Doc. No. ___) (the

"**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**").  The

Motion seeks entry of interim and final orders (a) authorizing (i) the continued use of the Debtor's

existing Trust Bank Accounts and continued use of existing Business Forms and checks related to

the Trust Bank Accounts, and (ii) the continued use of the existing cash management system

related to the Trust Bank Accounts; (b) finding that the investment and deposit guidelines of

section 345 of the Bankruptcy Code and the *Operating Guidelines and Reporting Requirements*

*for Debtors in Possession and Chapter 11 Trustees (revised 11/9/2021)* (the "**Guidelines**")

promulgated by the Office of the United States Trustee are not applicable to Trust Bank Accounts;

and (c) providing any additional relief required in order to effectuate the foregoing.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28

U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this

Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper

before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in

the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of

the Motion and the hearing were appropriate under the circumstances and no other notice need be

provided; and (vi) upon review of the record before the Court, including the legal and factual bases

set forth in the Motion and the statements made by counsel at the hearing, good and sufficient

cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1.       The Motion is **GRANTED**, as set forth herein, on an interim basis.

2.       The Debtor is authorized to continue to (a) maintain its Trust Cash Management

System substantially as described in paragraph 10 of the Motion, in each case consistent with

---

[1]  Capitalized terms used but not defined herein have the meanings given to them in the Motion.

4855-2229-3912, v. 2

prepetition practice, (b) honor certain prepetition and postpetition obligations related thereto, and (c) use existing Business Forms and checks related to the Trust Bank Accounts.

3.       The Debtor is authorized to (a) continue to use, with the same account numbers, the Trust Bank Accounts in existence as of the Petition Date, as identified on **Exhibit 1** attached hereto, (b) use, in their present form, all correspondence and Business Forms (including letterhead) related to the Trust Bank Accounts without reference to the Debtor's status as debtor in possession, (c) treat the Trust Bank Accounts for all purposes as accounts of the Debtor as debtor in possession, (d) deposit funds in and withdraw funds from the Trust Bank Accounts by all usual means, including checks, wire transfers, and other debits, and (e) pay the Bank Fees, including any prepetition amounts, and any ordinary course Bank Fees incurred in connection with the Trust Bank Accounts, and to otherwise perform their obligations under the documents governing the Trust Bank Accounts (collectively, the "**Trust Bank Account Agreements**"), including, without limitation, to reimburse the Trust Cash Management Banks for any checks deposited with such banks that have been dishonored or returned for insufficient funds, and any reimbursement or other obligations, such as overdrafts arising under the Trust Bank Account Agreements (collectively, the "**Bank Account Claims**"). Except to the extent otherwise directed by the terms of this Order, all of the provisions of the Trust Bank Account Agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.  The Trust Cash Management Banks are hereby authorized, without further order of this Court, to charge to the Debtor and deduct from the appropriate Trust Bank Accounts the Bank Account Claims that are incurred in connection therewith in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date.

4855-2229-3912, v. 2

4.       The Trust Cash Management Banks are authorized to (a) continue to maintain, service, and administer the Trust Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and credit card payments issued and drawn on the Trust Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be and (b) without further order of this Court, charge and deduct all applicable fees (including, without limitation, the Bank Fees) from the applicable Trust Bank Accounts consistent with historical practice, whether such fees were incurred prior to, on, or subsequent to the Petition Date.

5.       Subject to applicable bankruptcy or other law, those certain existing deposit agreements or other treasury management agreements between the Debtor and the Trust Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Trust Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect.

6.       The Debtor and the Trust Cash Management Banks may, without further order of this Court, agree to and implement changes to the Trust Cash Management System and procedures related thereto in the ordinary course of business, including, without limitation, the closing of Trust Bank Accounts or the opening of new accounts; *provided that* the Debtor will give timely notice to the U.S. Trustee and counsel to any statutory committee appointed in this chapter 11 case of the closing of Trust Bank Accounts, the opening of new accounts, or any other material changes to the Trust Cash Management System.

7.       The relief granted in this Order is extended to any new account designated for use in the Debtor's Trust Cash Management System opened by the Debtor in the ordinary course of business after the date hereof (a "**New Trust Bank Account**"), which account shall be deemed a Trust Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Trust Cash Management Bank.  The Debtor is authorized to open New Trust Bank Accounts so long as any such new account is with the Debtor's existing Trust Cash Management Bank or with a bank that is (a) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (b) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Guidelines, and (c) with a bank that agrees to be bound by the terms of this Order.  As required herein, to the extent the Debtor opens a New Trust Bank Account, it shall provide timely notice to the U.S. Trustee and counsel to any statutory committee appointed in this chapter 11 cases.

8.       The Trust Cash Management Banks maintaining the Trust Bank Accounts that are provided with notice of this Order shall not honor or pay any bank payments drawn on the listed Trust Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with the documents governing such Trust Bank Accounts.

9.       Subject to the terms set forth herein, any bank, including the Trust Cash Management Banks, may accept, honor and rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, or wires and other withdrawals are dated prior to, on, or subsequent to the Petition Date, and shall have no duty to independently inquire as to whether such payments are authorized by an order of this Court; and no bank that honors a prepetition

5

check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored or (c) as a result of a good faith error made despite implementation of reasonable item-handling procedures shall be deemed to be nor shall be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Order.

10.    Any banks, including the Trust Cash Management Banks, are: (a) further authorized to (i) honor the Debtor's directions with respect to the opening and closing of any Trust Bank Account and (ii) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; and (b) have no duty to independently inquire as to whether such payments are authorized by an order of this Court; *provided* that the Trust Cash Management Banks shall not have any liability to any party for relying on the Debtor's directions or instructions regarding any of the foregoing.

11.    The Debtor is authorized to deposit funds in the Trust Bank Accounts in accordance with their established deposit practices in effect as of the Petition Date and, to the extent that such deposit practice is inconsistent with the requirements of section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, such requirements are waived, on an interim basis, without prejudice to the Debtor's right to seek a further waiver.

12.    Nothing contained in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate that existed as of the Petition Date.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of the Debtor or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate or (ii) a waiver or limitation on any party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to prepetition Intercompany Transactions or any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

14.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of this chapter 11 case, with respect to prepetition amounts owed where such payments are authorized by an order of this Court.

15.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on

7

the Debtor's designation of any particular check or electronic payment request as approved by this Order.

16.    The relief requested in the Motion satisfies the requirements of Bankruptcy Rule 6003(b) or are otherwise deemed waived.

17.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

18.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.  As soon as practicable after the entry of this Order, the Debtor shall serve this Order on the Trust Cash Management Bank.

19.    The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

20.    The Court shall conduct a final hearing (the "**Final Hearing**") on the Motion on _____, 2024 at _____ __.m., **Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom ____, Tampa, FL 33602**.

21.    Within forty-eight (48) hours of the entry of this Interim Order, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "**Final Hearing Notice**"), together with copies of this Interim Order, the proposed Final Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; and (c) counsel for the any official committee (if appointed).  Any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than _____ **at 4:30 p.m. (prevailing Eastern Time)**, which objections shall be

served so as to be received on or before such date by: (i) the Debtor, Attn.: _____; (ii) proposed counsel to the Debtor: Stichter, Riedel, Blain & Postler, P.A., 110 E. Madison Street, Suite 200, Tampa, FL 33602-4718, Attn.:  Scott Stichter, Esq. and Matthew Hale, Esq. (sstichter@srbp.com; mhale@srbp.com); and (iii) the Office of the United States Trustee, 501 East Polk Street, Room 1200, Tampa, FL 33602.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Scott Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

## Exhibit 1

### (List of Bank Accounts)

| Bank | Acct. No. (last four digits) |
|---|---|
| Key Bank | ****2683 |
| American Momentum Bank | ****0035 |
| American Momentum Bank | ****4196 |
| American Momentum Bank | ****1722 |
| American Momentum Bank | ****1714 |
| American Momentum Bank | ****1338 |
| American Momentum Bank | ****1013 |
| American Momentum Bank | ****5990 |
| American Momentum Bank | ****6075 |

## EXHIBIT "B"
**(List of Bank Accounts)**

| Bank | Acct. No. (last four digits) |
|---|---|
| Key Bank | ****2683 |
| American Momentum Bank | ****0035 |
| American Momentum Bank | ****4196 |
| American Momentum Bank | ****1722 |
| American Momentum Bank | ****1714 |
| American Momentum Bank | ****1338 |
| American Momentum Bank | ****1013 |
| American Momentum Bank | ****5990 |
| American Momentum Bank | ****6075 |