UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Case No. 8:24-bk-676-RCT |
| Debtor._____/ | |

**DEBTOR'S MOTION TO REJECT**
**SUPPORT COUNSEL AGREEMENT WITH RICHARD F. MEYER**

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC. (the "**Debtor**"), respectfully requests the authority to reject the Support Counsel Agreement (defined below) with Richard F. Meyer ("**Meyer**") for legal services provided in the state of Ohio. In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief sought in this Motion is 11 U.S.C. § 365(a).

**Background**

2. On February 9, 2024 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtor continues to operate as a debtor-in-possession.

**Relief Requested and Grounds for Relief**

4.     The Debtor and Meyer entered into a Support Counsel Agreement dated March 31, 2010 (the "**Support Counsel Agreement**").  Attached hereto as **Exhibit A** is a copy of the Support Counsel Agreement.

5.     The Debtor believes that rates under the Support Counsel Agreement are well above market.

6.     The Debtor seeks to reject the Support Counsel Agreement.  Additionally, the Debtor seeks rejection to be specifically subject to a full reservation of rights, claims, and defenses of the Debtor under or to the Support Counsel Agreement as well as a full reservation of rights and claims against Meyer.

7.     The Debtor now desires to reject the Support Counsel Agreement pursuant to Section 365(a) of the Bankruptcy Code.  The Debtor, through the exercise of its business judgment, has determined that rejection of the Support Counsel Agreement is in the best interest of the Debtor's estate.

8.     Pursuant to Section 365(a) of the Bankruptcy Code, the Debtor, as debtor in possession, may reject the Support Counsel Agreement, subject to this Court's approval of the rejection. The Court should approve the rejection by the Debtor of the Support Counsel Agreement if the rejection is made in the exercise of the Debtor's sound business judgment, and if such rejection benefits the Debtor's estate. *See e.g., Sharon Steel Corp. v. National Fuel Gas Distr. Corp.,* 872 F.2d 36, 39 (3d Cir. 1989); *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984); *In re Patterson*, 119 B.R. 59 (Bankr. E.D. Pa. 1990).  It is enough if the Debtor determines in its business judgment that a benefit will be realized. *Sharon Steel Corp.,* 872 F.2d at 39 (*citing In re Wheeling-Pittsburgh Steel Corp.,* 72 B.R. 845, 846 (Bankr. W.D. Pa.

1987)). The business judgment standard requires that the Court approve the Debtor's business decision unless that judgment is the product of bad faith, whim or caprice. *Lubrizol Enterprises v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

9. The Debtor's rejection of the Support Counsel Agreement complies with the provisions of Section 365(a) of the Bankruptcy Code and satisfies the business judgment standard for the reasons set forth above.

10. The Debtor respectfully requests that Meyer be required to assert any claim of any nature whatsoever arising under or in connection with the Support Counsel Agreement and the Debtor's rejection of same on or before thirty (30) days following the entry of an order of this Court granting this Motion or be forever barred from enforcing any claim arising under or related to the Support Counsel Agreement or the Debtor's rejection of same against the Debtor or the Debtor's estate.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion, authorizing the Debtor to reject the Support Counsel Agreement, and for such other and further relief as may be just and proper.

                                         */s/ Scott A. Stichter*
                                         Scott A. Stichter (FBN 0710679)
                                         **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
                                         110 East Madison Street, Suite 200
                                         Tampa, FL 33602
                                         Telephone: (813) 229-0144
                                         Email: sstichter@srbp.com
                                         Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Motion to Reject Support Counsel Agreement with Richard F. Meyer* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving CM/ECF electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including to the Local Rule 1007-2 Parties in Interest List, and by U.S. mail to Meyer as set forth below, and will file a certificate or affidavit of service:

Richard F. Meyer, Esquire
F.R. Meyer, LLC
450 W. Wilson Bridge Road, Suite 380
Columbus, OH  43085
*Via Certified Mail*

                                                                          */s/ Scott A. Stichter*
                                                                          Scott A. Stichter

# EXHIBIT A

## SUPPORT COUNSEL AGREEMENT

**This Agreement** is entered into this 31ˢᵗ day of March, 2010 by and between The Center for Special Needs Trust Administration, Inc., a Florida not for profit corporation (the "Center"), and Richard F. Meyer, Esq. of Browning and Meyer Co., L.P.A., an Ohio professional association (the "attorney"). The Center and the Attorney are also collectively referred to in this agreement as the "Parties".

**Whereas,** The Center provides trustee investment, advice and disbursement governance along with other services for special needs trusts that are administered by charitable organizations, trust companies, or individuals for the benefit of disabled and elderly people who are or desire to become eligible for government benefit assistance.

**Whereas,** the Attorney is comprised of attorneys that have substantial experience with legal and government benefit issues relating to individual and pooled special needs trusts.

**Now, Therefore,** in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration receipt is hereby acknowledged, the Parties agree as follows:

(1) The above recitals are hereby incorporated by reference in this agreement.

(2) The Attorney agrees to provide legal counsel services to the Center for all Ohio matters including but not limited to individual and pooled special needs trusts and estate recovery actions. The Center reserves the right to engage other Ohio counsel after first contacting the attorney. Each party agrees to use best efforts with one another to engage each other to provide their respective services before seeking outside vendors.

(3) The Center agrees to engage the attorney exclusively for its operations regarding the Endowed Pooled Trust for Non-Profit Social Service Organizations.

(4) The Attorney's legal counsel services will include the pooled trust program known as the Endowed Pooled Trust for Non-Profit Social Service Organizations, along with other operations of the Center in the State of Ohio. The parties recognize that the Center is conducting and the Attorney is conducting various business operations in the State of Ohio. Each party agrees to use best efforts with one another to engage each other to provide their respective services before seeking outside vendors.

(5) The term of this Agreement shall be five (5) years from the date of execution. The date of execution shall be the date set forth in this Agreement's preamble. The Agreement shall be automatically renewable for additional periods of five years unless terminated by written notice. Written notice must provided at least ninety (90) days prior to the end of the term of this Agreement or on the written mutual consent of both of the Parties at any time.

(6) The Center agrees to compensate the Attorney for the legal counsel services for the Endowed Pooled Trust for Non-Profit Social Service Organizations in an amount equal to 100 basis points of the annual average of the Endowed Pooled Trust for Non-Profit Social Service Organizations.

Payments shall be made and recalculated on an annual basis on February 1 of each year. The attorney shall receive $375 per enrollee from the enrollment fee charged by the trustee as an enrollment fee. All other services shall be charged as further agreed by the parties in a separate letter of engagement. If the Attorney is terminated, then the attorney shall receive 50 basis points per annum as long as the endowment fund exists.

(7) The Attorney agrees to devote such time, energy, and skill on a regular and consistent basis as is necessary to provide oral and written advice and information as may be reasonably necessary for The Center to provide its distribution governance services during the term of this Agreement.

(8) This Agreement shall not create a partnership, joint venture, agency, employer/employee, or similar relationship, between the Center and the Attorney. Instead, the Attorney shall be an independent contractor. The Center shall not be required to withhold any amounts for state or federal income tax, for FICA taxes or other amounts, as may otherwise be required by law, from sums due the Attorney under this Agreement. This Agreement is not an exclusive agreement and the Attorney shall be free to utilize its time, energy, and skill in such manner as it deems advisable to the extent that it is not otherwise obligated under this Agreement.

(9) The Center shall bear any and all costs or expenses incurred by the Richard F. Meyer, Esq. or any agreed upon designee but not generally any member of the Attorney, its employees and agents, in the performance of the obligation set forth in this Agreement, including, but not limited to, vehicle insurance and repair, travel expenses, lodging and food expenses, and telephone expenses as agreed in writing by the Center. The Center and Richard F. Meyer, Esq., understand that the expenses to be reimbursed are for travel outside of Columbus, Ohio to any agreed upon location to promote the program. Otherwise, the Center agrees to reimburse the attorney for travel costs incurred in quarterly meetings held in St. Petersburg at a rate not to exceed $750.00 per quarter.

(10) The rights, duties and obligations of the Attorney under this Agreement are personal and may not be assigned or delegated without prior written consent of The Center.

(11) Any notice provided pursuant to this Agreement shall be in writing and served by certified mail, with return receipt requested, or by personal delivery, receipt for which is acknowledged thereon.

(12) Any and all disagreements or controversies arising with respect to this Agreement, or its application to circumstances not set forth in this Agreement, or otherwise with respect to the subject matter hereof, which are not to be determined or determinable under this Agreement by the parties, shall be settled by binding arbitration to be held, and the award made, in Franklin County, Ohio, pursuant to the Ohio Arbitration Law (Chapter 2711, Ohio Revised Code, or any law of similar tenor or effect hereafter enacted) and, to the extent not inconsistent therewith or with this Agreement, the then-existing procedural rules of the American Arbitration Association. The arbitrator or arbitrators shall be:
   (a) Any person selected by the Parties if they are able to so agree within 10 days after one of them requests the other to so agree, or, if not,
   (b) A three-member board of arbitrators consisting of one person selected by the Center, one person selected by the Attorney, and a third person selected by the two arbitrators so selected, who shall act as chairman of the arbitrators.

A decision in any such arbitration shall apply both to the particular question submitted and to all similar questions arising thereafter and shall be binding and conclusive upon all Parties. All fees of the arbitrators shall be borne equally by each of the Parties to the dispute, except that the fees of each of the two members of the three-member board of arbitrators who are selected individually by the Parties to the dispute shall be borne separately by them, respectively.

(13) The Parties acknowledge that the Attorney represents the Ohio State Knights of Columbus Charity Foundation, Inc. The Center waives any conflict of interest in the representation of the Ohio State Knights of Columbus Charity Foundation, Inc. and the McGivney Pooled Disability Trust including the Center. All matters under consideration between the Parties will be fully disclosed. If either the Ohio State Knights of Columbus Charity Foundation, Inc. or the Center feels it is necessary for the Center to seek separate counsel regarding the Ohio McGivney Pooled Trust, it will do so at their own cost.

(14) This Agreement contains the entire agreement between the Parties and any representation, promise, or condition not incorporated herein shall not be binding upon the Parties. This Agreement can only be amended by a writing signed by the Parties.

IN WITNESS WHEREOF, the Parties have hereunto executed this Agreement on the __31st__ day of __March__, 2010.

Witness:

Sign: _Tracey Gregory_
Print: _Tracey Gregory_

Sign: _Patricia Julian_
Print: _Patricia Julian_

Witness:

Sign: _____
Print: _____

Sign: _____
Print: _____

The Center for Special Needs
Trust Administration, Inc.

Sign: _____
By: _TED DUNBAR_
Title: _PRESIDENT_

Richard F. Meyer, Esq.

Sign: _____
By: _Richard F. Meyer, Esq._