UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                              Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                         Case No. 8:24-bk-00676-RCT

        Debtor.
_____/

**<u>MOTION TO COMPEL TURNOVER OF RECORDS FROM AUSTIN COLBY CO.</u>**

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order compelling Austin Colby Co. ("**Austin Colby**") to turnover electronic documents and other records of the Debtor, and in support thereof, the Debtor respectfully represents as follows:

<u>**Background**</u>

1.      On February 9, 2024 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtor is a 501(c)(3) Florida non-profit corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's *Case Management Summary* (Doc. No. 7).

4.      The Debtor was initially established by an individual named Leo Govoni, who sat on the Debtor's board of directors for years until he resigned in 2008. However, even after Mr. Govoni's resignation, he left in place a structure of outside service providers under his control in

order to continue profiting from the Debtor and to retain a level of control over the Debtor and its information.

5.      One such service provider was Austin Colby, a Florida for profit corporation IT services provider that, until mid-2022, managed all aspects of the Debtor's IT infrastructure, IT management, and electronic information storage, including records necessary to perform services as trustee for the administration of the trusts for which the Debtor serves as trustee and necessary for the administration of this case. Mr. Govoni is listed as a director of Austin Colby on its most recent annual report. See, **Exhibit A** attached hereto.

6.      As the Debtor's current board of directors began to uncover Mr. Govoni's misdeeds, it realized that it needed to regain control over its electronically stored information ("**ESI**"), including but not limited to its electronically stored trust data and information, and switch to an independent, third-party IT services provider. The Debtor's efforts, however, were met with great resistance.

7.      On June 22, 2022, the Debtor filed a lawsuit against Austin Colby in Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (the "**State Court Action**") seeking, *inter alia*, an injunction requiring Austin Colby to turn over the Debtor's ESI.  The ESI includes, among other things, critical accounting information relating to the Debtor's prepetition financial affairs and its trust administration duties and obligations. In addition, the Debtor believes the ESI includes information needed to complete a full investigation of potential claims and causes of action the Debtor may have against third parties, including Mr. Govoni and his affiliate entities.

8.      In the State Court Action, the Debtor ultimately did obtain certain ESI, but did not obtain all. Specifically, Austin Colby represented that certain electronic folders and their file contents      (specifically,      two      folders      entitled      **//sql/NavInboundDocuments**      and

2

**//sql/NavDocumentRepository**) containing incoming bills and the bills that were paid (the "**Billing Folders**") were contained on an electronic server (the "**Server**") which Austin Colby had maintained on the Debtor's premises. Additionally, the Debtors records held by Austin Colby included the following (collectively with the Billing Folders and other ESI, the "**Records**"):

      a.  //file03/centers/CSNT;

      b.  //file03/Centers/Center-Reception;

      c.  //file04/scans/distributions;

      d.  //file02/acctg/fts/center;

      e.  //file01/shared/Crystal Reports;

      f.  //sql/trust inquiry;

      g.  A corporate share file; and

      h.  Email files.

      9.     The Debtor and Austin Colby ultimately reached a mediated settlement agreement, and on October 25, 2022, the Parties agreed to settle the State Court Action and executed a Mediated Settlement Agreement and Mutual Release (the "**Settlement Agreement**"). A copy of the Settlement Agreement is attached hereto as **<u>Exhibit B</u>**. However, the Debtor contends that with respect to a critical aspect of the Records, Austin Colby never fully complied with the Settlement Agreement. Specifically, paragraph 3(i) of the Settlement Agreement provided:

> "Third-Party Vendor Review of Server: The Center may secure the services of E-Hounds, Inc. or another similar third-party vendor, other than Thrive, subject to the approval of Austin Colby which will not unreasonably withheld, to review the server removed from The Center's premises by Austin Colby on April 29, 2022 to ensure that Austin Colby has taken no intentionally malicious action to damage the hardware/software maintained on the server on or after April 28, 2022. The Center must advise Austin Colby within thirty (30) days of receipt of the server from Austin Colby of any allegation that evidence has been found of Austin Colby having intentionally taken malicious action to damage the hardware/software

and/or destroy or delete The Center's files maintained on the server. The Center will retain possession of the Server."

10.     The Debtor did retain E-Hounds, who determined that the Server did not contain a data storage medium but merely "virtual machine ware" indicating that the Server had been connected to one or more "external arrays" including one or more hard drives, such that the Server was connected to one or more storage devices containing the Records.  In the State Court Action, the Debtor filed a motion to enforce the Settlement Agreement to obtain compliance related to the Billing Folders. Austin Colby's response was, essentially, that it was only required under the Settlement Agreement to turn over the Server, which it did. Austin Colby argued that the obligation to produce the actual files and data was not specifically required under the Settlement Agreement, but importantly, does not appear to deny that the files and date exist on other storage media other than in the Server within Austin Colby's possession, custody, or control.

11.     Through this motion, the Debtor seeks turnover of all Records and any other recorded information of the Debtor and relating to the Debtor's property or financial affairs in Austin Colby's possession, custody, or control, including but not limited to the Billing Folders and the other Records. Regardless of the terms of the Settlement Agreement, the Records are subject to turnover.

## Relief Requested and Basis for Relief

12.     The Debtor seeks turnover of the Records and any other recorded information, books, documents, records, and papers relating to the Debtor's property or financial affairs, including but not limited to the Billing Folders, in the possession, custody, or control of Austin Colby, pursuant to § 542(e) of the Bankruptcy Code.

13.     Section 542(e) provides, in pertinent part:

4

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

14.     A chapter 11 bankruptcy estate is comprised of "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).  Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of "any act to. . . exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Further, actions taken in violation of the automatic stay are void. *See United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'").

15.     The importance of turnover as a remedy in this Chapter 11 case cannot be overstated.  Congress included "orders to turn over property of the estate" among the "core" proceedings that bankruptcy judges "may hear and decide."  28 U.S.C. § 157(b)(2)(E).  Indeed, this Court's "exercise of exclusive jurisdiction over all the debtor's property" is one of the "[c]ritical features of every bankruptcy proceeding." *In re Garcia,* 471 B.R. 324, 329 (Bankr. D.P.R. 2012) (quoting *Central Va. Comm. College v. Katz,* 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006)); *accord In re SE Materials, Inc.,* 467 B.R. 337 (Bankr. M.D.N.C. 2012). A party who knowingly refuses to turnover property of an estate following request violates the automatic stay. *In re Underground, LLC*, 2010 WL 4642054, at *1 (Bankr. D. Wyo. 2010) ("[A] refusal to turn over property is a violation of the automatic stay."); *In re Williams*, 316 B.R. 534, 543 (Bankr. E.D. Ark. 2004) (finding that GMAC's failure to turn over the debtor's property, once it became aware of the bankruptcy filing, constituted a willful violation of the automatic stay); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 490 (Bankr. S.D. N.Y. 2003) ("This Court

agrees with those decisions holding that refusal to turn over property of a debtor's estate to the debtor upon demand constitutes an "exercise of control" over the debtor's property within the scope of § 362(a)(3)")

16.    The Records, including but not limited to the Billing Folders and other ESI, constitute the Debtor's records and recorded information such as books, documents, records, and papers.  The Records constitute property of the estate and are of significant importance to the Debtor and the estate, as well as the administration of the trusts and the Debtor's fulfilling its duties under the various agreements post-petition. And, the Records are of no value or use to Austin Colby in the operation of its business or in any other legitimate way.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) granting this Motion; (ii) compelling Austin Colby to turn over all recorded information, including the Records and other books, documents, records, and papers relating to the Debtor's property or financial affairs, and specifically including the Billing Folders; and (iii) providing such other and further relief as is just and proper.

    */s/ Scott A. Stichter*
    Scott A. Stichter (FBN 0710679)
    Matthew B. Hale (FBN 0110600)
    **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
    110 East Madison Street, Suite 200
    Tampa, FL  33602
    Telephone: (813) 229-0144
    Email: sstichter@srbp.com; mhale@srbp.com
    Proposed Counsel for Debtor

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion to Compel Turnover from Austin Colby Co.* has been furnished on this 9th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing.  Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and to Austin Colby Co. as follows, and will file a certificate or affidavit of service.

Austin Colby Co.
12707 49th Street N.
Suite 100
Clearwater, FL 33762

Austin Colby Co.
Attn: Jonathan Golden, Registered Agent
12707 49th Street N.
Suite 900
Clearwater, FL  33762

Austin Colby Co.
Attn: Leo J. Govini, Director
12707 49th Street N.
Suite 200
Clearwater, FL  33762

Austin Colby Co.
Attn: Brett Walrath, President
4912 Creekside Drive
Clearwater, FL  33760

/s/ Scott A. Stichter
Scott A. Stichter

4880-0471-5928, v. 4

# **Exhibit A**

**2023 FLORIDA PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# P95000033228

**Entity Name:** AUSTIN COLBY CO.

**FILED**

**Mar 02, 2023**
**Secretary of State**
**2055006667CC**

**Current Principal Place of Business:**

12707 49TH STREET N.
 SUITE 100
CLEARWATER, FL 33762

**Current Mailing Address:**

12707 49TH STREET N.
 SUITE 100
CLEARWATER, FL 33762 US

**FEI Number: 59-3323939**                                    **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

GOLDEN, JONATHAN
12707 49TH STREET N.
 SUITE 900
CLEARWATER, FL 33762 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: **JONATHAN GOLDEN**                                                  03/02/2023
                    Electronic Signature of Registered Agent                                     Date

**Officer/Director Detail :**

| Title | D | | Title | P |
|---|---|---|---|---|
| Name | GOVONI, LEO J | | Name | WALRATH, BRETT |
| Address | 12707 49TH STREET N. SUITE 200 | | Address | 4912 CREEKSIDE DRIVE |
| City-State-Zip: | CLEAWATER FL 33762 | | City-State-Zip: | CLEARWATER FL 33760 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: LEO J GOVONI                                    D                                    03/02/2023

                    Electronic Signature of Signing Officer/Director Detail                                     Date

# Exhibit B

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

The Center for Special Needs Trust Administration, Inc.
a Florida not for profit corporation,

        Plaintiff/Counterclaim Defendant,

                                          CASE NO.: 22-002986-CI

v.

Austin Colby Co., a Florida corporation,

        Defendant/Counterclaim Plaintiff.

_____/

## <u>MEDIATED SETTLEMENT AGREEMENT and MUTUAL RELEASE</u>

A Mediation conference in the above-styled Litigation (the "Litigation") was held on

**October 25, 2022.**

The following parties (collectively, the "Parties") participated:

- The Center for Special Needs Trust Administration, Inc. ("The Center"); and
- Austin Colby Co. ("Austin Colby").

The Litigation involved disputed claims (collectively, "Subject Claims") of The Center

relating to the alleged conversion of certain of its electronically stored files, emails, facsimile

number and 1-800 numbers, Microsoft Navision Database and Personnel Files along with a claim

that Austin Colby has violated Florida's Deceptive and Unfair Trade Practices Act as well as Austin

Colby's counterclaims relating to alleged breach of an agreement between the parties for The Center

to remit payments of invoices to Austin Colby for services provided, unjust enrichment relating to

the same and an alleged violation of Florida's Computer Abuse and Data Recovery Act.

At the conclusion of the Mediation conference, the Parties agreed to a full and final settlement of all claims arising out of or related in any manner to the Litigation and Subject Claims, under the terms and conditions set forth below.

NOW THEREFORE, for and in consideration of the mutual promises set forth below, the legal sufficiency of which is acknowledged, the Parties agree as follows:

1.     In full and final settlement of the Litigation and Subject Claims, The Center will pay Austin Colby the total sum of **$12,500.00 ("Settlement Payment"), to be paid as set forth in paragraph 2 below**.

2.     The settlement payment will be made on the following schedule:

- **$12,500.00 will be placed into the Client Trust Account of Calciano Pierro PLLC on or before October 28, 2022; and**

- **The Settlement Payment will be released from the Client Trust Account of Calciano Pierro PLLC upon completion of the terms outlined in section 3 of this Agreement**.

3.     In exchange for the payment of the Settlement Payment and proof that the payment has been placed in the Client Trust Account of Calciano Pierro PLLC, The Center and Austin Colby agree the following will be undertaken and completed on or before thirty (30) days following proof of receipt of the Settlement Payment held in the Client Trust Account of Calciano Pierro:

(a) The Center data remaining on Austin Colby Servers: Austin Colby will download to hard drives the following files: (1) //file03/centers/CSNT; (2) //03/centers/center-reception; (3) //file04/scans/distributions; (4) file02/acctg/fts/center; and (5) https://austincolbyco-my.sharepoint.com/personal/centers-corporate_admincenter_org/Documents/Centers-Corporate File Share.  Upon request of

*Mediated Settlement Agreement and Mutual Release*
*Page 2 of 10*

The Center, Austin Colby shall delete any retained electronic and hard copies of the files described herein.

(b) The Center Historical Emails: The Center will provide a third-party secured by and paid by The Center, other than Thrive Networks, subject to the approval of Austin Colby which will not be unreasonably withheld, such access as necessary for that third-party vendor to create and transfer PST files of The Center's Historical Emails for all employees of The Center for whom Austin Colby provided email services. Austin Colby shall not retain any copies, electronic or hard copy of the Center Historical Emails.

(c) The Center Forwarding Emails: Austin Colby will continue to forward The Center emails from the following addresses with the forwarding email addresses indicated through December 31, 2022: distributions@centersmail.com to distributions@centertrust.org, tpit@centersmail.com to tpit@centertrust.org, orders@centersmail.com to orders@centertrust.org, todd.belisle@centersmail.com to michelle@centertrust.org, and caitlin.janicki@centersmail.com to michelle@centertrust,org. The Center shall reimburse Austin Colby on a monthly basis the fees incurred for these forwarding services up to $10.00 per recipient per month. The parties agree that any individual not specified will have their email forwarding function terminated.

(d) Laura Davis Email Forwarding: The parties will reasonably cooperate to forward emails directed to Laura Davis' prior email [laura.davis@centersmail.com]    to her current email [laura.davis@centertrust.org].

(e) The Center 2021 Electronic Payroll Information: Austin Colby will arrange to provide CSNT Payroll History Total for 2021 for all current and former employees of The Center.

(f) The Center Existing Personnel Files: Austin Colby will arrange to deliver to The Center's premises at an agreed upon date and time all personnel files of The Center's current and former employees in the possession of Austin Colby.

(g) The Center Telephone/Facsimile Lines: The Center will submit to Austin Colby the information necessary to port the following remaining telephone/facsimile lines and Austin Colby shall execute and return within one (1) business day such paperwork to the third-party necessary to port the numbers: (1) 727-497-3576        ; (2) 727-894-4036 ; (3) 844-739-6841 ; (4) 855-318-9181      (5) 877-689-1996; and (6) 877-689-2004.  The parties agree that any telephone/facsimile line not specified may be terminated by Austin Colby.

(h) Security Deposit: The Center will take all reasonable steps necessary to ensure that the Security Deposit currently held by the Landlord relating to the premises located at 4912 Creekside Drive, Clearwater, Florida will be paid to Boston Asset Management, Inc. including standard repairs and upkeep steps of commercial tenants.  The Center will provide Austin Colby with the opportunity to inspect the premises to ensure that the standard repairs and upkeep steps upon vacating the premises have been taken.  The Center agrees to cooperate with Boston Asset Management as necessary to contest any charges assessed by the Landlord upon vacating the premises to assist in ensuring that the full Security Deposit held by the Landlord is remitted to Boston Asset Management, Inc.

(i) Third-Party Vendor Review of Server: The Center may secure the services of E-Hounds, Inc. or another similar third-party vendor, other than Thrive, subject to the approval of Austin Colby which will not unreasonably withheld, to review the server removed from The Center's premises by Austin Colby on April 29, 2022 to ensure that Austin Colby has taken no intentionally malicious action to damage the hardware/software maintained on the server on or after April 28, 2022. The Center must advise Austin Colby within thirty (30) days of receipt of the server from Austin Colby of any allegation that evidence has been found of Austin Colby having intentionally taken malicious action to damage the hardware/software and/or destroy or delete The Center's files maintained on the server. The Center will retain possession of the Server

(j) Transfer of Ownership of Websites: Austin Colby agrees to take such actions necessary with Network Solutions to transfer the ownership of the following websites to The Center:

| |
|---|
| alabamapooledtrust.com |
| alaskapooledtrust.com |
| arizonapooledtrust.com |
| arkansaspooledtrust.com |
| californiapooledtrust.com |
| californiapooledtrust.org |
| centersweb.com |
| centersweb.net |
| coloradopooledtrust.com |
| connecticutpooledtrust.com |

| |
|---|
| delawarepooledtrust.com |
| floridapooledtrust.com |
| georgiapooledtrust.com |
| hawaiipooledtrust.com |
| idahopooledtrust.com |
| illinoispooledtrust.com |
| indianapooledtrust.com |
| iowapooledtrust.com |
| kansaspooledtrust.com |
| kentuckypooledtrust.com |
| louisianapooledtrust.com |
| mainepooledtrust.com |
| marylandpooledtrust.com |
| massachusettspooledtrust.com |
| michiganpooledtrust.com |
| mississippipooledtrust.com |
| missouripooledtrust.com |
| montanapooledtrust.com |
| nebraskapooledtrust.com |
| nevadapooledtrust.com |
| newhampshirepooledtrust.com |
| newjerseypooledtrust.com |
| newmexicopooledtrust.com |

| |
|---|
| newyorkpooledtrust.com |
| northcarolinapooledtrust.com |
| northdakotapooledtrust.com |
| ohiopooledtrust.com |
| oklahomapooledtrust.com |
| oregonpooledtrust.com |
| pennsylvaniapooledtrust.com |
| rhodeislandpooledtrust.com |
| sntcenter.org |
| southcarolinapooledtrust.com |
| southdakotapooledtrust.com |
| tennesseepooledtrust.com |
| texaspooledtrust.com |
| utahpooledtrust.com |
| vermontpooledtrust.com |
| virginiapooledtrust.com |
| washingtonpooledtrust.com |
| westvirginiapooledtrust.com |
| wisconsinpooledtrust.com |
| wyomingpooledtrust.com |

(k) SNT Capital Funding LLC: The Center is authorized to take any actions seen fit with respect to the entity and Austin Colby disclaims any interest in the entity.

*Mediated Settlement Agreement and Mutual Release*
*Page 7 of 10*

(l) GLC Designated Representative: Austin Colby shall return to The Center the laptop currently in use by the GLC Designated Representative which was provided by The Center at the following location: Calciano Pierro, PLLC, 146 Second Street North, Suite 304, St. Petersburg, Florida 33701. The Center will regularly email directly the GLC Designated Representative the information necessary to administer the accounts via Excel spreadsheets or such similar means.

(m) Austin Colby Personal Property: The Center will provide representatives of Austin Colby access to the premises located at 4912 Creekside Drive, Clearwater, Florida at an agreed upon time and date to enable Austin Colby to remove the safe belonging to Mr. Govoni along with providing Mr. Govoni and/or representatives of Austin Colby with the opportunity to inspect the premises and remove any personal property of Mr. Govoni.

4.      Effective upon payment and receipt of the Settlement Payment and no claim is made by The Center relating to vendor review of the server, Austin Colby, on behalf of itself and its predecessors, successors, assigns, and anyone claiming by or through Austin Colby, does hereby completely and fully release and discharge The Center, and each of its officers, directors, members, managers, general or limited partners, parent, subsidiary or affiliated entities, insurers, attorneys, employees, servants, agents, heirs, successors and assigns, of and from any claims, demands, damages, obligation, liability or responsibility of any kind whatsoever arising out of or related to the Litigation and Subject Claims. **This release includes, but is not limited to, a release of all claims or counterclaims that were raised in the Litigation as well as settlement of all outstanding invoices from Austin Colby to The Center and any services rendered to The Center by Austin Colby through October 2022.**

*Mediated Settlement Agreement and Mutual Release*
*Page 8 of 10*

5.      Effective upon completion of the services outlined in section 3 above and no claim is made

by The Center relating to vendor review of the server, The Center, on behalf of itself and its

predecessors, successors, assigns, and anyone claiming by or through The Center, does hereby

completely and fully release and discharge Austin Colby, and each of its shareholders, officers,

directors, members, managers, general or limited partners, parent, subsidiary or affiliated entities,

insurers, attorneys, employees, servants, agents, heirs, successors and assigns, of and from any

claims, demands, damages, obligation, liability or responsibility of any kind whatsoever arising out

of or related to the **Litigation and Subject Claims. This release includes, but is not limited to, a**

**release of all claims or counterclaims that were raised in the Litigation.**

6.      **No later than ten (10) calendar days after payment and receipt of the Settlement**

**Payment and the conclusion of the activities required in section 3 above**, counsel for the parties

to the Litigation shall prepare and file with the Court the necessary notice, joint motion or

stipulation to obtain an Order dismissing the Litigation with prejudice, with such Order expressly

providing that each party shall bear its own attorney's fees and costs.

7.      It is understood and agreed that this settlement is in full compromise of _disputed_ claims,

and that neither this agreement nor the payment of any sums pursuant to this settlement shall be

construed as an admission of liability.

8.      The undersigned parties acknowledge and agree that each has read this agreement and

approve same after advice and consultation with counsel, with reliance on no other person or

entity, and with the intent to fully and finally settle the Litigation on the terms set forth herein.

9.      The Parties and their counsel shall keep the terms of this Mediated Settlement Agreement

and Release strictly confidential and shall not disclose them to any non-party except for: a)

disclosures required by law; b) as may be necessary to enable the undersigned parties to facilitate

appropriate tax, insurance, and/or financial reporting; and c) as may be necessary to enforce this settlement.  Subject to the exceptions, **if inquiry is made by any person about this Mediated Settlement Agreement and Mutual Release or the Litigation, the Parties agree that they will state only that the matter has been settled on confidential terms.**

Entered into, agreed and signed by the parties effective as of **October 25, 2022**.

THE CENTER

By:

Its:

AUSTIN COLBY

By: JONATHAN GOLDER

Its: VICE PRESIDENT

Counsel for The Center

Counsel for Austin Colby