ORDERED.

**Dated: February 16, 2024**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                   Case No. 8:24-bk-00676-RCT

       Debtor.
_____/

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO AUTHORIZE
THE IMPLEMENTATION OF PROCEDURES TO MAINTAIN AND
PROTECT CONFIDENTIAL AND PERSONALLY IDENTIFIABLE INFORMATION**

THIS CASE came before the Court on February 13, 2024, at 3:30 p.m., upon the *Debtor's Emergency Motion To Authorize The Implementation Of Procedures To Maintain And Protect Confidential And Personally Identifiable Information* (Doc. No. 14) (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**"). The Motion seeks entry of an order (i) granting the Motion; (ii) authorizing the Debtor to maintain as confidential and redact from any court filings the names and personally identifiable information of those of its creditors who are individual Beneficiaries, (iii) authorizing the Debtor's Claims and Noticing Agent to

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

withhold publication of claims filed by individual Beneficiaries both of proofs of claims forms and attachments, and (iv) granting such other relief as is just and proper.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and for the reasons stated on the record and in open court, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1.      The Motion is **GRANTED**.

2.      The Debtor is authorized to take any and steps as necessary to redact personally identifiable information—including, without limitation, the names and addresses—of any individual Beneficiary listed on, or appearing in, any document filed by the Debtor and (a) made publicly available on the Debtor's case website, (b) filed with the Court, or (c) otherwise submitted to the Claims and Noticing Agent, including the list of creditors, the claims register, and the schedules. Specifically, the Debtor is authorized to

      a.   redact the names of individual Beneficiaries from any paper filed with the Court and/or otherwise made publicly available by the Debtor or its Claims and Noticing Agent and instead to identify any individual Beneficiaries through the

use of unique identifying account numbers for the applicable Trusts and Beneficiaries and to notate "Name on File"; and

b. redact the addresses and email addresses of individual Beneficiaries from any paper filed with the Court and/or otherwise made publicly available by the Debtor or its Claims and Noticing Agent and instead to notate "Address on File".

3.      In addition, the Debtor shall (i) provide unredacted filings to the Court, to be filed under seal, the Office of the United States Trustee, counsel to any official committee appointed in the Chapter 11 Case, and any other party designated by further order of the Court, with such unredacted filings maintained as confidential and not to be filed or otherwise disseminated; (ii) provide any other party in interest unredacted filings upon request made to the Debtor that the Debtor determines in good faith is reasonably related to the Chapter 11 Cases and subject to appropriate protections; and (iii) provide five (5) days' advance notice to the UST and counsel to any official committee appointed in the Chapter 11 Case, prior to determining whether to deny or grant any request for such unredacted filing.

4.      The Claims and Noticing Agent is authorized and directed to serve the Beneficiaries at their personal addresses on file with the Debtor such that each individual Beneficiary receives the same notices in the Chapter 11 Case as all other similarly situated creditors.

5.      With respect to the claims register and proofs of claim, pending entry of an order granting further or other relief, the Claims and Noticing Agent is authorized to (i) exclude from the publicly filed and available claims register any proofs of claim filed by individual Beneficiaries to prevent public disclosure of any personal identifying information being uploaded to the public

claims register, and (ii) to exclude from the publicly filed and available claims register any attachments to any proofs of claim filed by individual Beneficiaries.

6.     In addition, the Debtor or the Claims and Noticing Agent shall (i) provide unredacted versions of the proofs of claim form and any attachments filed by individual Beneficiaries to the Court, to be filed under seal, the Office of the United States Trustee, counsel to any official committee appointed in the Chapter 11 Case, and any other party designated by further order of the Court, with such unredacted filings maintained as confidential and not to be filed or otherwise disseminated; (ii) provide any other party in interest unredacted filings upon request made to the Debtor that the Debtor determines in good faith is reasonably related to the Chapter 11 Case and subject to appropriate protections; and (iii) provide five (5) days' advance notice to the UST and counsel to any official committee appointed in the Chapter 11 Case, prior to determining whether to deny or grant any request for such unredacted filing.

7.     Any attorney appearing on behalf of a Beneficiary is authorized to identify such Beneficiary in its notice of appearance and any documents filed with the Court on behalf of such Beneficiary by such Beneficiary's unique account number with the Debtor. Any Beneficiary filing a document with the Court on their own behalf is also authorized to identify themselves by such Beneficiary's unique account number with the Debtor. In the event a Beneficiary or an attorney appearing for a Beneficiary files a document with the Court containing the personally identifiable information of such Beneficiary, such attorney or Beneficiary is cautioned that the information filed will be included in the public record in this case.

8.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Scott Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*