ORDERED.

**Dated:  February 16, 2024**

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Case No. 8:24-bk-00676-RCT |
| Debtor. / | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR
AUTHORIZATION TO PAY PREPETITION WAGES SALARIES**

THIS CASE came before the Court for hearing on February 13, 2024 at 3:30 p.m., upon the *Debtor's Emergency Motion for Authorization to Pay Prepetition Wages and Salaries* (Doc. No. 8) (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**"). The Motion seeks entry of an order authorizing the Debtor to pay the Prepetition Employee Obligations.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED**, as set forth herein.

2. The Debtor is authorized to pay various sums for wages, salaries, compensation, employee benefits, and reimbursable business expense (collectively, the "**Prepetition Employee Obligations**") for the Debtor's next payroll to be paid on February 16, 2024, which includes approximately $55,810.00 in prepetition wages for services rendered from January 28, 2024, through the Petition Date.

3. No individual employee shall receive an amount in excess of the priority cap set forth in 11 U.S.C. § 507(a)(4).

4. The Debtor is further authorized to pay all related payroll taxes for the pre-petition period of December 18, 2023, through January 11, 2024.

5. No officers or directors of the Debtor or any insiders or affiliates of the foregoing shall be paid except as authorized by the Court pursuant to separate order.

6. No employee who was a prepetition employee but is not an employee with a Debtor postpetition is authorized to receive the Prepetition Employee Obligations.

7. Pursuant to this Order, all applicable banks and other financial institutions are authorized and directed to receive, process, honor and pay any and all checks with respect to the

Debtor's employees issued by the Debtor or any payroll processing company, whether presented prior to or after the Petition Date.

8. Pursuant to Section 346(f) of the Bankruptcy Code, the Debtor shall withhold or cause to be withheld from any payment to employees those amounts required to be withheld under applicable federal, state or local tax law, and shall pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. The Debtor may pay all costs and make all deductions incident to the Prepetition Employee Obligations, including but not limited to payroll processing costs and employer payroll taxes.

9. This Order is without prejudice to the Debtor's right to file a motion seeking additional authority to deal with any prepetition employee obligations or benefits not covered by the terms of this Order.

*Attorney Scott Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

4873-8195-6004, v. 1