ORDERED.

Dated: February 16, 2024

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                  Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                        Case No. 8:24-bk-00676-RCT

    Debtor.
_____/

### INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES

THIS CASE came before the Court for hearing on February 13, 2024 at 3:30 p.m., upon the *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**"). The Motion seeks entry of interim and final orders (i) granting the Motion; (ii) authorizing the Debtor to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted; (iii) continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets to fund requests for distributions; (iii) continue making distributions

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts, and (iv) granting such other and further relief the Court deems just and proper.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED**, as set forth herein, on an interim basis.

2. The Debtor is authorized to continue to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted.

3. The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions.

4. The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts.

5. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

6.      The Court shall conduct a continued interim hearing (the "**Continued Hearing**") on the Motion on February 27, 2024 at 1:30 p.m., at **Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602**.

7.      Within forty-eight (48) hours of the entry of this Interim Order, the Debtor shall serve, by United States mail, first-class postage prepaid, copies of this Interim Order and the Motion on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) all creditors and parties holding the thirty (30) largest claims, and (d) counsel for the any official committee (if appointed).  Any party in interest objecting to the entry of a second interim order with the same terms as this Order shall file written objections with the Clerk of the Court no later than **February 23, 2024, at 4:30 p.m. (prevailing Eastern Time)**, which objections shall be served so as to be received on or before such date by: (i) the Debtor, Attn.: William A. Long, Jr., Chief Restructuring Officer, 12425 28th St. N., St. Petersburg, FL 33716; (ii) proposed counsel to the Debtor: Stichter, Riedel, Blain & Postler, P.A., 110 E. Madison Street, Suite 200, Tampa, FL 33602-4718, Attn.:  Scott Stichter, Esq. and Matthew Hale, Esq. (sstichter@srbp.com; mhale@srbp.com); and (iii) the Office of the United States Trustee, 501 East Polk Street, Room 1200, Tampa, FL 33602.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Scott Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

4873-8195-6004, v. 3