UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                 Case No. 8:24-bk-00676-RCT

    Debtor.
_____/

## DEBTOR'S AMENDMENT TO EMERGENCY MOTION
## FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., as debtor and debtor in possession (the "**Debtor**"), seeks to amend the relief requested in its *Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "**Trust Distribution Motion**") to allow the Debtor to advance its own funds to pay critical expenses of beneficiaries of Compromised Trust Accounts where their Trust Account[1] has no remaining Liquid Assets. The Debtor request such approval retroactive to the Petition Date. Additionally, the Debtor asks that the amended order also contain language permitting third-party investment managers for Trust Accounts to continue to receive new funds for investment, invest Trust Account assets, and authorizing the investment managers to satisfy the Debtor's requests for payments from the invested assets and directing that such payments be made to the Debtor or others as directed by the Debtor in the ordinary course. In support of this amendment, the Debtor respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motin

**PRELIMINARY STATEMENT**

The Debtor believes, for the time being, it can afford to advance funds to pay for critical expenses of Beneficiaries once their Liquid Assets are depleted. The Debtor estimates these advances would total $15,000 to $20,000 per month in the aggregate. The Debtor proposes that such advances would be repaid to the Debtor from any future income or plan distributions the Beneficiary receives into its Trust Account. This modified relief requested will ensure that Beneficiaries critical needs are met, such as shelter and essential home healthcare and caregivers. Additionally, the relief requested as to the third-party investment managers will ensure that the Debtor is able to continue servicing Beneficiaries' requests for distribution without interruption.

**BACKGROUND**

1. The Debtor hereby incorporates the Background and factual statements set forth in the Trust Distribution Motion.

2. As set forth in the Trust Distribution Motion, 1,570 Trust Accounts are compromised by the transfers of funds to BFG. Of those Compromised Trust Accounts, over 896 had less than $500 in Liquid Assets on the Petition Date.

3. On February 16, 2024, the Court entered an *Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 46) (the "**Interim Order**"), which authorized certain procedures, on an interim basis, for the Debtor to make distributions from Trust Accounts with Liquid Assets sufficient to fund ongoing distributions.

4. The Debtor seeks to modify the Interim Order to allow the Debtor to advance its own funds to pay critical expenses of Beneficiaries. A large portion of the distributions the Debtor makes as trustee of the Trusts include payments to third parties, such as vendors and landlords, to

pay for Beneficiaries' critical expenses. The Debtor has identified the following categories of critical expenses ("**Critical Expenses**"):

    a. Rent

    b. Essential Medical Supplies

    c. Essential Caregivers or Home Health Care

    d. Shelter utilities (electric, water, gas)

    e. Cable

    f. Internet

    g. Phone (landline or cell)

    h. Property Tax

    i. Home insurance

    j. Auto Insurance

    k. Taxes on Vehicles

    l. Vehicle Registrations

5. The Debtor currently has approximately $4 million in its own cash funds, which is property of the bankruptcy estate. The Debtor believes, at present, it can afford to fund advances to Beneficiaries to pay for Critical Expenses if the Beneficiary's Trust Account does not have sufficient Liquid Assets to fund such payments.

6. An additional facet of this amendment relates to providing comfort to third-party investment management firms that they can continue to receive and invest Trust Account assets, and as to payment of amounts requested by the Debtor, to authorize and direct that such payments be made to the Debtor or others as directed by the Debtor, all in the ordinary course of business.

7. As described in the Trust Distribution Motion, the Liquid Assets of Trust Accounts are invested with third-party investment management firms, such as Keybank, Wells Fargo, and Bank of America. The Debtor requests that the amended interim order provide authorization language to provide these firms comfort that they are not violating any duties by continuing to make payments to the Debtor from invested assets—which payments are then used by the Debtor to make distributions for the benefit of Beneficiaries.

## RELIEF REQUESTED

11. By this Motion, the Debtor seeks entry of an amended interim, substantially in the form of the *Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 46), but amended to provide, *inter alia*, that:

   a. The Debtor is authorized to make distributions on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts' legitimate investments can be liquidated to fund requests for distributions;

   b. In the event a Compromised Trust Account's Liquid Assets become depleted, the Debtor is authorized to advance (i.e., loan) its own funds to the Trust Account to fund distributions for Critical Expenses, which authorization shall be retroactive to the Petition Date;

   c. Advances for Critical Expenses to Compromised Trust Accounts shall not exceed $20,000 per month, in the aggregate, without additional Court approval;

   d. Advances to a Compromised Trust Account for Critical Expenses shall be tracked and allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account; provided, however,

      the Debtor shall file a separate motion (which may be an omnibus motion) to seek approval of the amounts of the set off;

e. The Debtor is authorized to continue making distributions, in the ordinary course of business, on account of Beneficiaries of Clean Trust Accounts; and

f. Third-party investment managers managing the investments for Trust Accounts are authorized (a) to continue to invest such assets, and (b) as to payment of amounts requested by the Debtor, to authorized and directed that such payments be made to the Debtor or others as directed by the Debtor.

### BASIS FOR RELIEF REQUESTED

12.     The Debtor seeks authority to make advances and loan estate funds to Compromised Trust Accounts to the extent necessary to ensure that Beneficiaries' Critical Expenses continue to be paid. To the extent such relief is outside of the ordinary course of business of the Debtor, the Debtor seeks approval of this framework pursuant to Section 363(b)(1) of the Bankruptcy Code. As to the component of this amendment relating to the third-party investment managers, the Debtor submits that the relief requested is within the Debtor's ordinary course of business, but believes that such an order will provide comfort to those firms and curtail potential disruption in the Debtor's ability to make distributions on account of Beneficiaries.

13.     Section 363(b)(1) states that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Courts review a debtor's use of estate property outside of the ordinary course of business pursuant to a debtor's demonstration of sound business judgment." *In re Friedman's, Inc.*, 336 B.R. 891, 895 (Bankr. S.D. Ga. 2005); *see also Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr.

S.D.N.Y. 2003). "Courts should approve an exercise of a debtor's business judgment unless it is 'so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Friedman's*, 336 B.R. at 895.

14. The Debtor's proposed use of estate funds to make advances to fund Critical Expenses is a sound exercise of the Debtor's business judgment. Continuing to ensure that its Beneficiaries' critical expense be paid will aid the Debtor in regaining the confidence of its Beneficiaries while it pursues recoveries with the goal of replenishing Beneficiaries' Trust Accounts as much as possible. The Debtor believes it will suffer further and greater reputational damage if it is unable to meet the basic needs of its Beneficiaries. When comparing the estimated cost, at $20,000 per month, to the harm that could result to Beneficiaries of Compromised Trust Accounts if their Critical Expenses are not paid—including potential eviction or loss of critical caregivers—the Debtor believes the structure proposed is well within its business judgment.

15. The relief requested also includes a mechanism to allow the Debtor to be reimbursed for advances made to a Compromised Trust Account when such Trust Account receives funds, either through a post-petition structured settlement payment or a chapter 11 plan distribution. This repayment mechanism will help ensure that equality of distribution is maintained because the funds received through repayment of advances will be received back by the Debtor as estate property. The Debtor anticipates that funds repaid will then be used to fund ratable distributions under a plan or to fund the Debtor's ongoing operations as a going concern, allowing for the Debtor's viability to make payments under a plan.

16. The Debtor requests that the amended order be entered on a continued interim basis, subject to entry of a final order following a continued hearing.

WHEREFORE, the Debtor respectfully requests the entry of an amended interim order, substantially in the form of the Court's *Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 46):

    i. Granting the Trust Distribution Motion, as amended by this Amendment;

    ii. Authorizing the Debtor to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts;

    iii. Authorizing the Debtor to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions;

    iv. Authorizing, retroactive as of the Petition Date, the Debtor to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets for fund such Critical Expenses, which shall not exceed $20,000 per month, in the aggregate, without additional Court approval;

    v. Providing that the Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account;

    vi. Providing that the Debtor shall file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs;

    vii. Providing that third-party investment managers managing the investments for Trust Accounts are authorized to (a) receive new funds for investment; (b) continue to

    invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, to authorized and directed that such payments be made to the Debtor or others as directed by the Debtor; and

 viii. Granting such other and further relief the Court deems just and proper.

DATED: February 27, 2024

              */s/ Matthew B. Hale*
              Scott A. Stichter (FBN 0710679)
              Matthew B. Hale (FBN 0110600)
              **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
              110 East Madison Street, Suite 200
              Tampa, FL  33602
              Telephone: (813) 229-0144
              Email: sstichter@srbp.com; mhale@srbp.com
              Proposed Counsel for Debtor

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* has been furnished on this 27th day of February, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including to the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

                                            /s/ *Matthew B. Hale*
                                            Scott A. Stichter