ORDERED.

Dated: March 07, 2024

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                     Case No. 8:24-bk-676-RCT

    Debtor.
_____/

### ORDER APPROVING DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY AND COMPENSATE WILLIAM A. LONG, JR. AND NPERSPECTIVE ADVISORY SERVICES, LLC AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF THE PETITION DATE

THIS CASE came before the Court without a hearing for consideration of the *Debtor's Application for Authorization to Employ and Compensate William A. Long, Jr. and Nperspective Advisory Services, LLC as Chief Restructuring Officer Effective as of the Petition Date* (Doc. No. 16) (the "**Application**")[1]. No objections were filed to the Application. The Court, having considered the Application, together with the Declaration of William A. Long, Jr. in support of the Application, and the record, finds that the Application should be approved. Accordingly, it is

**ORDERED**:

1.    The Application is approved.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Application.

2.  The Debtor is authorized, under Section 327(a) of the Bankruptcy Code, to employ William A. Long, Jr. and Nperspective Advisory Services, LLC (collectively, "**NP**") as set forth in the Application to provide restructuring advisory services and for the appointment of William A. Long, Jr. as its Chief Restructuring Officer, effective as of the Petition Date. The Engagement Agreement is approved.

3.  The Debtor is authorized, pursuant to Sections 328(a) and 331 of the Bankruptcy Code, to compensate NP on an interim basis on the terms set forth below:

   a. Nperspective shall serve a monthly statement for services on (i) the Debtor by email to Michelle Diebert, President; (ii) counsel for the Debtor by email to Scott Stichter at sstichter@srbp.com; (iii) the Office of the United States Trustee by email to the Trial Attorney assigned to this case, and (iii) counsel for any official committee appointed in this case (collectively, the "**Statement Notice Parties**"). The statement shall not be filed with or delivered to the Court.

   b. The Statement Notice Parties shall have 14 days from the email service of each monthly statement to raise any objection to the fees requested by email to Nperspective at blong@jonahconsulting.biz, with a copy provided to counsel for the Debtor by email to Scott A. Stichter at sstichter@srbp.com. The parties shall work in good faith to resolve any objections to a monthly statement, but in the event the parties are unable to resolve the objection, the objecting party shall file an objection with the Court and set the objection for hearing.

   c. The Debtor is authorized to pay on a monthly basis the portion of the fees and expenses identified in each statement identified in each statement that are not subject to a pending objection by a Statement Notice Party.

   d. Nperspective shall file an interim and/or final fee application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court. For the sake of clarity, lack of objection by a Statement Notice Party under these Interim Billing Procedures shall not constitute a waiver of any right to object to any filed fee application.

      e. All payments to Nperspective shall be included on the monthly operating reports.

4. All interim compensation awarded to NP is subject to final approval by the Bankruptcy Court.

*Attorney Scott A. Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*