## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

      Debtor.

_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S**
**EXPEDITED APPLICATION TO EMPLOY AND RETAIN MEGAN W. MURRAY**
**AND UNDERWOOD MURRAY, P.A. AS COUNSEL EFFECTIVE MARCH 4, 2024**
*(Consideration Requested on or before March 21, 2024)*

The Official Committee of Unsecured Creditors (the "**Committee**"), by and through its

Chair, Matthew D. Rowe, and pursuant to 11 U.S.C. §§ 328 and 1103 of the Bankruptcy Code and

Bankruptcy Rule 2014, hereby files this Expedited Application to Employ and Retain Megan W.

Murray and Underwood Murray, P.A. ("**Underwood Murray**") as its counsel effective March 4,

2024 (the "**Application**"). In support of this Application, the Committee states as follows:

### Request for Expedited Consideration

1.    The Committee was formed, in large part, because of the unique circumstances of

this case. The Center for Special Needs Trust Administration, Inc. (the "**Debtor**"), is a 501(c)(3)

non-profit Florida corporation which provides comprehensive trust services for beneficiaries and

their representatives related to the formation and administration of Special Needs Trusts ("**SNT**").

The Debtor's leadership discovered that, prepetition, approximately $100 million in funds may

have been misappropriated. Doc. No. 7. The Debtor filed bankruptcy as a means to provide notice

to its beneficiaries, and to pursue potential recovery of those misappropriated funds.

2.    Shortly after appointment of the Committee, the Debtor's officers and directors

resigned, and the United States Trustee for Region 21 (the "**UST**") moved to appoint a chapter 11

trustee, which was granted.  The Committee anticipates working in conjunction with, but not duplicating, the work of the chapter 11 trustee, to provide legal advice and advance the interests of the Committee's constituencies.

3.    The Committee is filing this Application requesting relief on an expedited basis because the Committee cannot act without counsel and there is an urgent need to begin work, including investigating the specific beneficiary accounts and related information affecting the unsecured creditors' immediate needs which could affect their health and welfare.

4.    There also is a hearing on March 28, 2024 with several matters that will directly impact the Committee, including but not limited to, the *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (and the proposed amendment at Doc. No. 63); and, the *Debtor's Emergency Motion for Interim and Final Orders Granting (A) Authority to (I) Maintain Trust Bank Accounts and to Continue to Use Existing Business Forms and Checks for Trust Bank Accounts, and (II) Continue to Use Existing Trust Cash Management System, and (B) Waiver of Certain Investment and Deposit Guidelines* (Doc. No. 18).  It is critical that the Committee have counsel <u>prior</u> to the March 28 hearing so that it can sufficiently prepare for and appear at that proceeding.

5.    Additionally, the Court has directed the UST appoint a chapter 11 trustee in this case "forthwith."  Doc. No. 93 ¶ 2.  Therefore, it will be necessary for the Committee, and its counsel, to begin liaising with the chapter 11 trustee immediately upon appointment and prior to the March 28 hearing. For all of these reasons, the Committee is requesting this Application be considered on an expedited basis on or before March 21, 2024.

## Jurisdiction

6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## Background

7.      On February 9, 2024, the Debtor filed a voluntary chapter 11 petition (Doc. No. 1).

8.      On March 4, 2024 ("**Appointment Date**"), the UST filed its *Notice of Appointment of Official Unsecured Creditors Committee* (Doc. No. 75) thereby giving notice of the appointment of the Committee.[1]

9.      On March 12, 2024, this Court entered an *Order Directing the United States Trustee to Appoint a Chapter 11 Trustee* (Doc. No. 93) directing the UST to appoint a chapter 11 trustee (the "**Trustee**").

10.     On March 12, 2024, at a meeting amongst the Committee's members, the Committee selected Megan W. Murray and Underwood Murray as its counsel in this bankruptcy case.

11.     Further information regarding the Debtor's history, business operations, and the events leading up to this case can be found in the Case Management Summary (Doc. No. 7).

## Relief Sought

**A.      Standard**

12.     "[A] committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional under section 327 or 1103 of this title, on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a). In turn, § 1103

---

[1] The Committee and the notice were subsequently amended at Doc. Nos. 76 and 87.

provides that at a scheduled meeting of a committee, the majority of members may select and authorize the employment of its attorneys.  *Id.* at § 1103(a).

**B.      Services**

13.      The Committee desires to employ Underwood Murray as its counsel in this case.

14.      The Committee has selected Underwood Murray because of the legal services required in this case, Underwood Murray's familiarity with this Court, and the Committee's belief that the attorneys employed by Underwood Murray are well qualified and best suited to act on its behalf.

15.      Underwood Murray and its attorneys have represented official committees of unsecured creditors as lead counsel in various chapter 11 cases including, without limitation, *Senior Care Group, Inc. et al*, 8:17-bk-06562 (Bankr. M.D. Fla.); *ATIF, Inc.*, 2:17-bk-01712-FMD (Bankr. M.D. Fla.); *BMR Holdings, LLC*, 8:16-bk-02944-KRM (Bankr. M.D. Fla.) and *All American Semiconductor, Inc.*, 1:07-bk-12963 (Bankr. S.D. Fla.) (special counsel).

16.      As counsel for the Committee, Underwood Murray is well prepared to assist with the powers and duties detailed in Section 1103 as well as render the following non-exhaustive professional services:

a)      Assisting and advising the Committee in its consultations with the Debtor and the forthcoming chapter 11 trustee relative to the general administration of the bankruptcy case and the particular needs of the unsecured creditors (trust beneficiaries) of the Debtor;

b)      Assisting the Committee in analyzing the claims of the Debtor's creditors;

c)      Assisting the Committee as to the formulation and/or analysis of a plan of reorganization or liquidation, and, as to potential alternatives to a plan;

d)      Appearing at trials, hearings and other matters in this case;

e)      Assisting and coordinating with the forthcoming chapter 11 trustee with respect to all matters to advance recoveries to unsecured creditors and protect their assets held in trust by the Debtor or its fiduciaries;

f)      Reviewing and analyzing applications, orders, pleadings, financial information, and communications and advising the Committee as to their propriety and effect on the unsecured creditors;

g)      assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the chapter 11 case, including without limitation, the preparation of retention papers and fee applications for Committee professionals as necessary, including Underwood Murray, P.A.

h)      assisting the Committee in providing advice concerning any litigation strategies or sale of assets proposed by the Debtor or chapter 11 trustee, or any issues concerning or affecting assets held in trust for the unsecured creditors; and

i)      performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties.

17.    Megan W. Murray will assume primary responsibility for this engagement.  Megan Murray is a founder and partner at Underwood Murray.  Ms. Murray, as well as her colleagues, maintains a robust practice in bankruptcy serving both creditors and debtors, in which she has extensive experience.  Ms. Murray and her firm are recognized in areas of Bankruptcy and Bankruptcy Restructuring by Chambers USA, Florida Super Lawyers, Top 50 Layers in Tampa,

The Best Lawyers, and Florida Trend Magazine Legal Elite, and they have achieved Martindale Hubbell AV® Preeminent distinction.

18.     Scott Underwood, also a founding shareholder, is widely recognized by peers and rating agencies as one of the strongest bankruptcy legal advocates in Florida. He is regularly selected as counsel in some of the Middle District of Florida's largest bankruptcy cases.

19.     It is both necessary and essential that the Committee employ attorneys to render the foregoing professional services, and Underwood Murray is willing and extremely capable of acting as its counsel and performing such professional services according to the terms set forth herein.

20.     To date, the Committee has not sought to employ any other professionals, but should it do so, Underwood Murray will work with those additional professionals and the forthcoming chapter 11 trustee to avoid any duplication of efforts.

### C.     Compensation

21.     Underwood Murray intends to apply compensation for professional services rendered in connection with the above referenced cases, subject to this Court's approval pursuant to §§ 330 and 331 of the Bankruptcy Code, and in compliance with the applicable Bankruptcy Rules, Local Rules and the fee guidelines established by the Executive Office of the UST (the "**UST Fee Guidelines**").

22.     Underwood Murray proposes to charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date the services are rendered.  The present standard hourly rates of the partners range from $425 to $700, associates $315 to $350 and paralegals at $200.  These rates are subject to periodic adjustment to reflect economic and other considerations. Underwood Murray will advise the UST before any periodic adjustments are made.

23.     Further, it is Underwood Murray's policy, in all areas of practice, to charge for all additional expenses incurred in connection with a client's case.

24.     The Committee has been advised that Underwood Murray will charge for such expenses in a manner and at rates consistent with charges made generally to Underwood Murray's other clients.

25.     The Committee believes that these rates, and the terms and conditions of Underwood Murray's employment, are reasonable.

**D.      Disinterestedness**

26.     Other than as represented in the *Declaration of Megan W. Murray in Support of the Official Unsecured Creditors Committee's Expedited Application to Employ and Retain Megan W. Murray and Underwood Murray, P.A. as Counsel Effective March 4, 2024* attached hereto as **Exhibit A** (the "**Declaration**"), to the best of the Committee's knowledge, Underwood Murray has no connection with the Debtor, creditors, or other parties in interest or their respective attorneys, and is not disinterested.

27.     To the best of the Committee's knowledge, Underwood Murray does not represent any other entity having an adverse interest in connection with the case.

**WHEREFORE**, the Committee respectfully requests the entry of an order substantially in the form attached hereto as **Exhibit B** (the "**Proposed Order**") (i) approving this Application, (ii) authorizing the employment and retention of Megan W. Murray and Underwood Murray as the Committee's counsel effective retroactively March 4, 2024 pursuant to the terms outlined herein and (iii) providing for such other and further relief as to the Court may seem just.

Dated this March 14, 2024.


_Matthew D. Rowe_

Matthew D. Rowe, for Creditor 18-10862
Solely in the capacity as Chair and member of the
Committee, and not individually

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with
the Clerk of Court, has been furnished electronically to those parties registered to receive service
via CM/ECF, including the United States Trustee and Debtor's Counsel, on March 14, 2024.

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
Scott A. Underwood
Florida Bar Number 730041
Daniel E. Etlinger
Florida Bar Number 0077420
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email:  mmurray@underwoodmurray.com
        sunderwood@underwoodmurray.com
        detlinger@underwoodmurray.com
*Proposed Counsel to the Committee*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

Chapter 11

     Debtor.

_____/

**DECLARATION OF MEGAN W. MURRAY IN**
**SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S**
**EXPEDITED APPLICATION TO EMPLOY AND RETAIN MEGAN W. MURRAY**
**AND UNDERWOOD MURRAY, P.A. AS COUNSEL EFFECTIVE TO MARCH 4, 2024**

**Under 28 U.S.C. § 1746, I declare the following:**

1.      My name is Megan W. Murray, shareholder of the law firm of Underwood Murray,

P.A. ("**Underwood Murray**").  I am an attorney admitted to practice in the State of Florida and

the United States District Court for the Middle District of Florida, and I am qualified to practice

in the U.S. Bankruptcy Court for the Middle District of Florida.

2.      I am familiar with the matters set forth herein and I make this Declaration

("**Declaration**") in support of the *Official Committee of Unsecured Creditor's Expedited*

*Application to Employ and Retain Megan W. Murray and Underwood Murray, P.A. as Counsel*

*Effective to March 4, 2024* (the "**Application**").[1]

3.      Unless otherwise stated, this Declaration is based upon facts of which I have

personal knowledge.

4.      In preparing this Declaration, I have reviewed the list of creditors of the

Debtor,[2] parties related to the Debtor, potential litigation targets as outlined in the Debtor's Case

---

[1] All capitalized terms not defined herein shall have the same meaning as ascribed to in the Application.
[2] The Debtor is a non-profit Florida corporation and therefore does not have equity.

Management Summary (Doc. No. 7), and the list of Committee members, as filed on the record in this bankruptcy case. Underwood Murray conducted a conflict check from the information obtained thereby. Underwood Murray's conflict check system is comprised of regularly maintained records in the course of business at Underwood Murray, includes parties to Underwood Murray's cases, and it is the regular practice of Underwood Murray to make and maintain such records.

5.    The facts stated in this Declaration as to the relationship between Underwood Murray and the Debtor, the Committee, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in § 101(14) of the Bankruptcy Code, are based on the results of Underwood Murray's conflict check. Based upon Underwood Murray's conflict check, Underwood Murray does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of Underwood Murray in respect of its representation of the Debtor herein.

6.    To the best of my knowledge, information, and belief, neither I nor Underwood Murray has had or presently have any connection with creditors of the Debtor's estate, their respective attorneys and accountants, the United States Trustee, any person employed by the United States Trustee, or any other interested party in these bankruptcy cases, except as set forth below:

      a.    Ms. Murray, a shareholder with Underwood Murray, was formerly employed by the United States Bankruptcy Court for the Middle District of Florida as a Judicial Law Clerk to the Honorable Karen S. Jennemann, United States Bankruptcy Judge, from September 2011 through September 2013.

b.     Ms. Murray was an employee of Trenam Law from September 2023 through October 2018, but she did not work on many matters related to or connected with any interested parties in this case.

c.      The firm was approached by several individual creditors and interested parties in this case to discuss potential representations.  In the course of those discussions no attorney-client or otherwise confidential materials were conveyed, and Underwood Murray declined to accept such representations.

7.      Except for the proposed representation of the Committee, neither I nor Underwood Murray has or will represent any other entity in connection with this chapter 11 case. Additionally, members of the Committee have been informed that Underwood Murray's duties and obligations are solely to the Committee.

8.      Prior to the Petition Date, Underwood Murray was not a creditor of the Debtor.

9.      Underwood Murray represents no adverse interest to the Debtor, and both Underwood Murray and I are "disinterested persons" as that term is defined under 11 U.S.C. §101(14) and as required for retention as counsel by 11 U.S.C. § 327 and Bankruptcy Rule 2014.

10.     The factual statements set forth herein are made based on personal review by me of the list of creditors of the Debtor, and a search of Underwood Murray's client list, neither of which revealed any conflicts.

11.      My hourly rate is $495/hour. The hourly rates for other attorneys and paraprofessionals at Underwood Murray range from $200 to $700 /hour. Further, it is Underwood Murray's policy, in all areas of practice, to charge its clients for all additional expenses incurred in connection with a client's case.

12.     Underwood Murray will charge for such expenses in a manner and at rates consistent with charges made generally to Underwood Murray's other clients.

13.     There is no agreement of any nature to share compensation to be paid to Underwood Murray, except between the attorneys of Underwood Murray. No promises have been received by Underwood Murray, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

14.     No attorney at Underwood Murray holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

15.     No attorney at Underwood Murray is or has served as an officer, director or employee of the Debtor.

16.     No attorney at Underwood Murray is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

17.     No attorney at Underwood Murray is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

18.     No attorney at Underwood Murray is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two (2) years before the Petition Date.

19.     No attorney at Underwood Murray has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three (3) years before the Petition Date.

20.     No attorney at Underwood Murray has any other interest, direct or indirect, that may be affected by the proposed representation.

21.     Except as set forth herein, no attorney at Underwood Murray has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which Underwood Murray is to be engaged, except that I, Underwood Murray and our attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to these cases.  Given the nature of the Debtor's schedules and the confidentiality of the creditors listed on schedule E/F, neither I nor Underwood Murray can be sure of a complete lack of connection to one of the beneficiaries who are listed as just a number.

22.     While employed by the Committee, the firm has agreed not to represent any other entity having an adverse interest in connection with this case.

23.     If I discover any information that is contrary or pertinent to statements made herein, I will promptly disclose such information to this Court by filing and serving a supplemental affidavit on all parties who have filed a notice of appearance in this case.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on March 14, 2023.**

Respectfully submitted,

/s/ Megan W. Murray
Megan W. Murray

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

Chapter 11

  Debtor.

_____/

**ORDER APPROVING**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**EXPEDITED APPLICATION TO EMPLOY AND RETAIN MEGAN W. MURRAY**
**AND UNDERWOOD MURRAY, P.A. AS COUNSEL EFFECTIVE MARCH 4, 2024**
(Doc. No. _)

  THIS MATTER came before the Court for consideration on _____

(the "**Hearing**") upon the *Official Committee of Unsecured Creditors' Expedited Application to*

*Employ and Retain Megan W. Murray and Underwood Murray, P.A. as Counsel Effective March*

*4, 2024* (Doc. No. _) (the "**Application**") filed by the Official Unsecured Creditors Committee

(the "**Committee**"). Through the Application, the Committee seeks the entry of an order

authorizing the Committee to employ and retain Megan W. Murray and Underwood Murray, P.A.

("**Underwood Murray**") as its counsel effective as of the appointment date March 4, 2024 (the

"**Appointment Date**") pursuant to Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy

Rule 2014.

Appearances were made at the Hearing as reflected on the record. The Court, having

considered the Application, the *Declaration of Megan W. Murray in Support of Official Unsecured*

*Creditors Committee's Expedited Application to Employ and Retain Megan W. Murray and*

*Underwood Murray, P.A. as Counsel Effective March 4, 2024* (the "**Declaration**") attached to the

Application as Exhibit A and the disclosures therein, together with the record as a whole, finds that

(i) good cause has been shown that it is necessary, essential and proper for the Committee to

employ counsel, (ii) Underwood Murray does not hold or represent an interest adverse to the

debtor The Center for Special Needs Trust Administration, Inc.'s (the "**Debtor**") estate,

(iii) Underwood Murray is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code

and as required by § 328 and 1103 of the Bankruptcy Code, (iv) Underwood Murray is well

qualified for the representation and (iv) due and proper notice of the Application has been

provided. Accordingly, it is

**ORDERED AS FOLLOWS:**

1.      The Application is **APPROVED** effective as of the Appointment Date.

2.      The Committee is hereby authorized to employ and retain Megan W. Murray and

Underwood Murray as counsel in accordance with the terms and conditions set forth in the

Application.

3.      Underwood Murray is authorized to render professional services to the Committee

as described in the Application.

4.      Underwood Murray shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, guidelines established by the Office of the United States Trustee for the Middle District of Florida and any other applicable procedures and orders of the Court unless otherwise ordered.

5.      The Committee and Underwood Murray are authorized to take all additional actions necessary to effectuate the relief approved pursuant to this Order in accordance with the Application and the record.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Megan W. Murray is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.