**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS' OBEJCTION TO APPLICATION TO EMPLOY**
**HILL WARD HENDERSON AS SPECIAL LITIGATION COUNSEL**
(Doc. Nos. 13, 102)

The Official Committee of Unsecured Creditors (the "**Committee**"), by and through its undersigned counsel, hereby objects to the Application to Employ Hill, Ward & Henderson, P.A. ("**HWH**") as Special Litigation Counsel ("**Objection**"). In support of this Objection, the Committee states as follows:

**Preliminary Statement**

In a case where the creditors of this case are functionally victims of a violation of trust, and of a Trust, the Committee must object on behalf of all creditors to the employment of HWH when the most crucial disclosures were missing from HWH's initial employment application. Once again, the Debtor, who proposes to employ HWH has violated the trust of the creditors. As such, the continued employment of the professional selected by the Debtor, who failed to include any mention that HWH previously represented the parties HWH is currently investigating, should not be permitted. While it is possible that this Objection is moot upon the appointment of a Chapter 11 Trustee, it is crucial that these victim creditors' stunned reaction to HWH's supplemental

disclosures (Doc. No. 102) of connections to Leo Govoni, Boston Financial Group ("**BFG**"), and American Momentum Bank ("**AMB**") be heard.[1]

Regardless of any assessment of whether the prior representation by HWH of Govani or BFG, or current representation of AMB, are actual conflicts, in a case where the central fraud/theft regarded a breach of trust, HWH's can no longer remain as the party tasked with investigating and prosecuting claims against those same parties. Due to the prior breaches of trust, the creditors in this case are entitled to pristine representation without a modicum doubt of conflict.

## Background

1. The Center for Special Needs Trust Administration, Inc. (the "**Debtor**"), is a 501(c)(3) non-profit Florida corporation which provided comprehensive trust services for beneficiaries and their representatives related to the formation and administration of Special Needs Trusts ("**SNT**"). The Debtor's leadership apparently discovered that, prepetition, approximately $100 million in funds were misappropriated. The Debtor filed bankruptcy to provide notice to its beneficiaries and to pursue recovery of those misappropriated funds.

2. The Debtor's officers and directors resigned shortly after the bankruptcy filing, and the Court has directed the UST appoint a chapter 11 trustee (Doc. No. 93 ¶ 2), which appointment is forthcoming.

3. HWH represented the Debtor prepetition in investigating the theft of the Debtor's and SNT assets. On February 9, 2024 (the Petition Date), the Debtor filed an application to Employ HWH as Special Litigation Counsel (the "**Application**") to allow the firm to continue its

---

[1] While it is entirely possible HWH would do a fantastic job prosecuting the causes of action proposed in the Application, the firm was retained by the Debtor, an entity that perpetrated the fraud, through which Boston Financial Group and Leo Govoni used to perpetrate the fraud. The best thing the Debtor, HWH, and the forthcoming chapter 11 trustee can do for these victim creditors is to permit a firm (or firms) with no taint represent their interest without any speculation of further breaches of these victims' trusts.

2

representation, in part because of HWH's "knowledge of issues that will arise in the bankruptcy case" as a result of its prepetition services provided to the Debtor. Doc. No. 13.

4. HWH however, did not immediately or fully disclose its connections to the parties involved in this case, and instead its counsel declared:

> *Except as set forth herein, and to the best of my knowledge, no attorney employed by Hill Ward presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, <u>or person otherwise adverse or potentially adverse to the Debtor or the estate, on any matter whether such representation is related or unrelated to the Debtor or the estate.</u>*

Doc. No. 13, at p. 9 (emphasis added).

On March 20, 2024, HWH supplemented its declaration in the Application, disclosing the following problematic relationships, which contradict its prior attestations:

1) HWH represents (currently) American Momentum Bank (a target in the class action case filed in the United States District Court, Case No. 8:24-cv-00438).

2) HWH represented Boston Finance Group, LLC ("**BFG**"), a litigation target of the Debtor purporting to have received $100 million in loans from the beneficiaries' trust assets. HWH represented BFG in "general corporate matters and certain transactions" in 2010 and 2011 (key periods when trust assets were potentially (and fraudulently) transferred).

3) HWH represented Jane and Leo Govoni in 2011 in a dispute with a neighbor.

While the Committee disagrees with HWH that it does not represent interests adverse to the estate or that the representation of these parties is not a compromising conflict, in this case that question is nearly irrelevant. The failure to disclose these pivotal connections at the outset in a case of such serious breaches of trust, through lies and hidden deceit by Govani and BFG, allowing HWH to not disclose connections to those parties yet lead the investigation is an afront to the primary concerns of this cases' creditors, who are victims of that deceit and theft. Whether a conflict was "known and affirmed" by a declarant (see Doc. No. 102) does not rectify a lack of disclosure or provide this information to the Court or parties in interest.

The Committee has concerns about HWH's representation of the Debtor in this matter and its ability pursue all means necessary to recover assets for the beneficiaries, including the current representation of AMB. As the Court is likely aware, there are non-debtor, third party cause of action which seek to recover assets rightfully belonging to all beneficiaries. *See e.g. Chamberlin et al v. Boston Finance Group, LLC et al* (M.D. Fla. 8:24-cv-438 (2024). Certain of those targets, while perhaps not yet targets in the bankruptcy, are targets in other cases seeking to recover from a defined recovery pool. The Debtor, chapter 11 trustee, beneficiaries, and other creditors in the case will be seeking recovery from all targets to minimize the devastating damage caused by, among others, BFG and Govoni.

Further, HWH formerly represented Govoni and, critically, BFG on "corporate matters and transactions" during the same time frame that over $100 million was stolen from the beneficiaries' SNT estates. A substantial portion, if not all, of BFG's business revolves around the theft of SNT assets to fund investments benefitting Govoni, BFG, and others, and it is incredulous that HWH's representation in 2010 and 2011 did not in some way relate to the theft of the SNTs, even if tangentially or unknowingly by HWH at the time.

Finally, HWH's disclosures are still incomplete. The Debtor's records show HWH received hundreds of thousands from the Debtor within ninety (90) days of the Petition Date, which receipts and circumstances surrounding the payments *still* have yet to be disclosed or explained. Specifically, HWH has not disclosed any prepetition retainers, timing of invoices, and timing of payments to assess the potential preference exposure in connection with their prepetition role investigating the same parties.

On top of these concerns, HWH was retained by the same management of the Debtor that failed to find the fraud on their own, and may have their own exposure for such failures to investigate and disclose the fraud.

HWH's ability to investigate every possible party implicated in this massive fraud is substantially in doubt, and it should not be employed to do so in light of these issues.

While a special counsel does not require the same level of disinterestedness as a debtor's general counsel, full and complete disclosure is a basic requirement of all representation. Section 327(e) provides that, when it is in the best interest of the estate, the trustee may employ, for a "specified purpose," other than to represent the trustee in "conducting the case," an attorney who has represented the debtor. 11 U.S.C. § 327(e). Such attorney need not be "disinterested," in the sense otherwise required by § 327(a), "provided that the attorney represents or holds no interest adverse to the debtor or the estate in respect of the matter upon which the attorney is to be engaged." *In re Camann*, 2000 WL 33679428, at *3 (Bankr. D.N.H. May 2, 2000) *(*citing *Collier on Bankruptcy* at ¶ 327.04[9]).

As set forth above, HWH's disclosures, and lack of disclosures, indicate it holds interests adverse to the Debtor and its estate such that it should not be employed in as special counsel in this case to prosecute recoveries from breaches of trust. For the reason set forth herein, the Committee objects to the Application and requests that the Court deny the Application.

WHEREFORE, the Committee requests that the Court deny the Application.

Dated: March 21, 2024.

                                         Respectfully submitted,

                                         /s/ Megan W. Murray
                                         Megan W. Murray
                                         Florida Bar Number 0093922
                                         Scott A. Underwood
                                         Florida Bar Number 730041

        Daniel E. Etlinger
        Florida Bar Number 0077420
        Underwood Murray, P.A.
        100 N. Tampa St., Suite 2325
        Tampa, FL 33602
        Tel: (813) 540-8401 / Fax: (813) 553-5345
        Email:  mmurray@underwoodmurray.com
                sunderwood@underwoodmurray.com
                detlinger@underwoodmurray.com
        *Proposed Counsel to the Committee*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee and Debtor's Counsel, on March 21, 2024.

        /s/ Megan W. Murray
        Megan W. Murray