**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS    Case No. 8:24-bk-00676-RCT
TRUST ADMINISTRATION, INC.,
　　　　　　　　　　　　　　　　　　　Chapter 11

　　　Debtor.
_____/

**MOTION TO SHORTEN TIME TO RESPOND TO**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF**
**RULE 2004 DUCES TECUM REQUESTS OF DEBTOR ON AN EXPEDTED BASIS**
(Doc. No. 106)

　　　The Official Committee of Unsecured Creditors for The Center for Special Needs Trust Administration, Inc., ("**Committee**") by and through counsel, hereby files a Motion to Shorten Time to Respond to the Committee's Rule 2004 Duces Tecum of requests of Debtor on an Expedited Basis ("**Motion**"), in connection with the Committee's recent limited document request (Doc. No. 106) (the "**2004 Request**"). In support thereof the Committee states as follows:

　　　1.　　On March 21, 2024, the Committee filed a limited document request under Rule 2004 of the Federal Rules of Bankruptcy Procedure, attached as **Exhibit A.** See Doc. No. 106

　　　2.　　The 2004 Request asks for a limited subset of records and documents related to the Committee's constituents' trust accounts and investments. The Committee has communicated with the Debtor to facilitate expedited production of these documents, however the Debtor has not definitively responded to the request, but it has involved the newly-appointed chapter 11 trustee whose interests are aligned with the Committee.[1]

　　　The Committee and its creditors are in urgent need of the documents requested in the 2004 Request. Notwithstanding Local Rule 2004-1(c), the Committee is requesting these materials on an expedited basis. First, the Committee was appointed to serve the interests of the Debtor's

---

[1] The Committee will share any responsive documents with the chapter 11 trustee.

unsecured creditors, which are, or almost are exclusively, comprised of beneficiaries under various special needs trusts. This constituency needs the information requested to ascertain their own individual account statuses, to determine whether to move their accounts, and to assess their basic daily living needs in connection with what remains in their accounts. Further, while the Debtor sent summary account statements to each beneficiary post-petition, the beneficiaries understandably have concerns about the accuracy of these statements. Accurate information is necessary to prepare proofs of claim (the deadline is currently April 19, 2024).

The Committee also requires the information to help develop a protocol that would permit beneficiaries to move their accounts to another trustee. The Committee has already received many requests to expedite this process.

Further, the Debtor has two pending motions set to be heard March 28, 2024 (*see* Doc. Nos. 10 as amended by 63, and 18). The information in these limited requests is necessary for the Committee to fully participate at that hearing (to address cash management and trust distribution procedures at issue).

Finally, the Committee is only seeking three targeted document requests (none of which would be subject to privilege) which are or should be readily available to the Debtor. Therefore, notwithstanding the expedited timeframe, the burden on the Debtor should be mitigated.

WHEREFORE, the Committee respectfully requests the Court grant the Motion, shorten the time for the Debtor to respond to the Committee's 2004 Request in substantially the same form of order attached hereto as **Exhibit B** requiring production of the documents requested no later than March 26, 2024, subject to objections related to same.

Dated: March 21, 2024

                                                  /s/ Megan W. Murray
                                                  Megan W. Murray

        Florida Bar Number 0093922
        Scott A. Underwood
        Florida Bar Number 730041
        Daniel E. Etlinger
        Florida Bar Number 0077420
        Underwood Murray, P.A.
        100 N. Tampa St., Suite 2325
        Tampa, FL 33602
        Tel: (813) 540-8401 / Fax: (813) 553-5345
        Email:  mmurray@underwoodmurray.com
                  sunderwood@underwoodmurray.com
                  detlinger@underwoodmurray.com

*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was served via electronic mail to all parties registered to receive electronic notice in this case on March 21, 2024.

        /s/ Megan W. Murray
        Megan W. Murray, FBN 0093922
        Attorney

*EXHIBIT A*

*EXHIBIT A*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

THE CENTER FOR SPECIAL NEEDS    Case No. 8:24-bk-00676-RCT
TRUST ADMINISTRATION, INC.,
                                 Chapter 11
         Debtor.
                                        /

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF
RULE 2004 *DUCES TECUM* REQUESTS OF DEBTOR ON AN EXPEDITED BASIS
(PRODUCTION REQUEST ONLY ON AN EXPEDITED BASIS)**

The Official Committee of Unsecured Creditors for The Center for Special Needs Trust Administration, Inc., by counsel and pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, hereby requests the Debtor[1] produce the documents listed on the attached **Exhibit A** on or before **March 26, 2024** at the law offices of Underwood Murray, P.A., 100 N. Tampa Street, Suite 2325, Tampa, Florida 33602. Alternatively, the Debtor may produce the documents and responses to the Committee electronically through a secure SharePoint link which will be provided upon request. Debtor and the Committee are working on a consensual process for production and will coordinate with the chapter 11 trustee as appropriate.

Pursuant to Rule 2004, no order or subpoena is necessary. The scope of the examination shall be as described in Rule 2004 and includes, but is not limited to, an investigation of the assets, financials and operations of the Debtor.

The requests are being made for the purposes of discovery, for use at trial and for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure or other applicable law.

---

[1] All capitalized terms shall have the same meaning as ascribed to on Exhibit A.

The Committee does not waive serving further 2004 *duces tecum* requests and/or taking the oral examination of the Debtor in the future by giving separate notice and expressly reserves the right to do so.

Notwithstanding Local Rule 2004-1(c), the Committee is requesting these materials on an expedited basis. The basis and cause for expedited responses are threefold. First, the Committee was appointed to serve the interests of the Debtor's unsecured creditors, which are or almost are exclusively comprised of beneficiaries under various special needs trusts. That constituency is in urgent need of information to ascertain their own individual account statuses, to determine whether to move their accounts, and to assess their basic daily living needs in connection with what remains in their accounts. The Committee will continue to work with the Debtor, and the chapter 11 trustee once appointed, to further investigate matters in this case. Further, while the Debtor sent summary account statements to each beneficiary post-petition, the beneficiaries understandably are concerned about the accuracy of these statements coming from the Debtor. The Committee's need for this information to assist its constituency in understanding the true nature of their accounts, and developing a protocol that would permit beneficiaries' extraction from the Debtor, alone justifies the urgent request.

Second, the Debtor has two pending motions set to be heard March 28, 2024 (*see* Doc. Nos. 10 as amended by 63, and 18). The information in these expedited requests is necessary for the Committee to fully participate at that hearing (to address cash management and trust distribution procedures at issue).

Third, and finally, the Committee is only asking three targeted document requests which are or should be readily available to the Debtor. Therefore, notwithstanding the expedited timeframe, the burden on the Debtor should be mitigated.

Dated: March 21, 2024.

Respectfully submitted,

/s/ Daniel E. Etlinger
Daniel E. Etlinger
Florida Bar Number 0077420
Scott A. Underwood
Florida Bar Number 730041
Megan W. Murray
Florida Bar Number 0093922
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: detlinger@underwoodmurray.com
sunderwood@underwoodmurray.com
mmurray@underwoodmurray.com
*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including Debtor's Counsel and United States Trustee, and, by Overnight Mail to the Debtor and Proposed Chapter 11 Trustee, on the 21st day of March 2024:

The Center for Special Needs Trust Administration, Inc.
12425 28th Street N.
Suite 301
Saint Petersburg, Florida 33716

Michael Goldberg
201 E. Las Olas Boulevard
Suite 1800
Fort Lauderdale, Florida 33301

/s/ Daniel E. Etlinger
Daniel E. Etlinger

3

**EXHIBIT A**

## DEFINITIONS – GENERAL

As used herein, the following terms shall have the following meanings whether or not capitalized:

**1.** The term "**concerning**" means relating to, referring to, reflecting, describing, evidencing, or constituting.

**2.** The term "**document**" and "**documents**" is used in the broadest sense permitted under Rule 34 Federal Rules of Civil Procedure and Rule 7034 Federal Rule of Bankruptcy Procedure and shall mean the original and native form, regardless of its origin and location, of writings including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agreements or proposed agreements, analyses, appraisals, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, books of account, budgets, canceled checks, charts, checks, codes, computer data or printouts, contracts, data sheets, diaries, disks or data compilations, drafts, files, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments, indexes, internal accounting records, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, newspaper or magazine articles, nonconforming copies which contain deletions and/or notations, notes, notices of wire transfer of funds, outlines, photocopies, photographs, receipts, records, schedules, statements of account, summaries, transcripts, video tapes, digital or analog electronic files whether on- or off-site, including "deleted" files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including the hard drives used by the Defendants and their backup media (e.g., other hard drives, backup tapes, CD-ROMS's) or otherwise, whether such files have been reduced to paper printouts or not. This includes, but is not limited to e-mails, word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all presentation data or slide shows produced by presentation software; all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files and all backup storage media, and any and all other papers similar to any of the foregoing. Any Document containing thereon or attached thereto any alterations, comments, notes, or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate Document within said definition. Any Document shall include all exhibits, schedules or other writings affected by or referenced in any such Document or other writings necessary to complete the information contained therein or make it not misleading.

**3.** The term "**person**" or "**persons**" means any person and includes natural persons, corporation, partnerships, associations, joint ventures, firms and other enterprises and legal institutions, and includes both the singular and the plural. All references to any "Individual" shall include his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and any other Individual or entity or representative acting or purporting to act on behalf or under his/her control.

5

**4.** The term "**related to**" or "**relating to**" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, intending to establish, intending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, consulting or including.

**5.** The term "**You**", "**Your**" or "**Yourself**" shall mean the Debtor, and, any agents, consultants, attorneys, successors, assigns or representatives acting in any capacity or purporting to act in any capacity on your behalf.

## DEFINITIONS – SPECIFIC

As used herein, the following terms shall have the following meanings whether or not capitalized:

**1.** "**Bankruptcy Case**" means Case No. 8:24-bk-00676-RCT pending before the Bankruptcy Court.

**2.** "**Bankruptcy Court**" means the United States Bankruptcy Court, Middle District of Florida, Tampa Division.

**3.** "**Committee**" shall mean the Official Committee of Unsecured Creditors for The Center for Special Needs Trust Administration, Inc.

**4.** "**Debtor**" shall mean The Center for Special Needs Trust Administration, Inc., and, and any of its current or former principals, officers, directors, affiliates, representatives, employees, agents or anyone else acting or purportedly acting on their behalf.

**5.** "**Petition Date**" shall mean February 9, 2024.

**6.** "**Response Date**" shall mean the date the Debtor responds to these requests.

**7.** "**Rule 2004**" shall collectively mean Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1.

## INSTRUCTIONS

**1. Continuing Obligation.** To the maximum extent permitted pursuant to Rule 2004, these requests shall be deemed continuing in nature. If at any later date you identify, locate, or obtain any additional documents different or in addition from those you produced in response to these requests, promptly notify the undersigned counsel of the existence of such documents and permit their inspection and copying within a reasonable time frame.

2. **Entire Document.** If any portion of a document is responsive to a request, then the entire document must be produced. If any document contains privileged material, produce the entire document with the privilege material redacted. If any document cannot be produced in full for any reason, including a claim of privilege, produce the document to the extent possible, specify why you cannot produce the remainder of the document, and provide any information, knowledge, or belief you have concerning the unproduced portion.

3. **Missing Documents.** If a Document or tangible thing requested to be identified was destroyed or otherwise disposed of since its preparation or receipt, Identify the time, the place, the manner of destruction or disposition and the Individuals involved in the destruction or disposition and the general description of the Document or tangible thing. Provide a description of the Document or tangible, including subject matter, author, number of pages, attachments or appendices, and why the Document is currently incapable of production.

4. **Objections.** If you contend that any of these requests are objectionable, please answer to the extent that you believe should be properly narrowed or otherwise unobjectionable. Furthermore, please contact undersigned counsel who will work to resolve this issue in good faith, and, please contact undersigned counsel if you have any questions regarding the scope, meaning, or intent of a request. All objections to the production should be made in writing on or before the date the documents are directed to be produced.

5. **Privilege.** Should you withhold any facts or information on the claim of privilege, you shall provide a statement setting forth the source of information, the name of each Person with knowledge of such information or facts, a brief description of the nature and subject matter of the information, the statute or rule or decision which is claimed to give rise to the privilege, and any non-privileged information which can be shared to counsel for the Plaintiff.

6. **Rules of Construction.** The following rules of construction apply to each request herein. (i) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope. (ii) The term "includes" or "including" shall mean "includes, but not limited to," and "including without limitation," respectively. (iii) The terms "all," "any," and "each" shall be construed as "any and all." (iv) The use of the singular form of any word shall include the plural and vice versa.

7. **Scope.** In answering these requests, you are required to furnish all Documents that are available to You, in Your possession, custody, or control, or subject to Your reasonable inquiry, including Documents in possession of Your attorneys, accountants, advisors, or other Individuals directly or indirectly employed by or connected with You or Your attorneys, whether or not such Documents were prepared by or for such responding party. Unless otherwise stated, the following requests shall be from December 8, 2000 to the present date.

# REQUESTS

1. **Trust Accounts**. A complete trust accounting for each beneficiary trust account the Debtor administers – whether an individual/stand-alone account or pooled account – which includes, at a minimum, (i) summary accounting as of the Response Date, (ii) receipts from inception of the account to the Response Date, (iii) disbursements from inception of the account to the Response Date, (iv) distributions from inception of the account to the Response Date, (v) capital transactions and adjustments from inception of the account to the Response Date, (vi) assets on hand as of the Response Date and (vii) any other information which would customarily be reported on a beneficiary's trust account.

2. **Various Special Needs Trusts.** All information regarding, respecting, relating to, evidencing, or demonstrating the composition (changing over time) of the "Various Special Needs Trusts" in the amount of $94,319,652 on the Petition Date, as forth in the Debtor's Statement of Financial Affairs (Doc. No. 66), page 6, including all monthly, quarterly, and annual account statements, ledgers, reports, and other evidence demonstrating the location and composition of these assets held on behalf of others.

3. **Software.** A backup copy or electronic access to all of the Debtor's accounting and/or financial records relating to the special needs trusts (including those relating to tracking and management of beneficiaries' accounts and accounts for the Debtor) as of the Response Date, from any stand-alone or cloud-based service(s) utilized by the Debtor, including but not limited to NAV, QuickBooks, Quicken, Net Suite, Sage, Fresh Books, Xero, or other accounting software.

[For the avoidance of doubt, these requests do not include requests for the Debtor's operational financial records and specifically only relate to the financial records for assets held on behalf of the special needs trust beneficiaries]

8

*EXHIBIT B*

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**ORDER GRANTING MOTION TO SHORTEN TIME TO RESPOND TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF
<u>RULE 2004 DUCES TECUM REQUESTS OF DEBTOR ON AN EXPEDTED BASIS</u>**
(Doc. No. _)

THIS MATTER came before the Court for consideration without a hearing on the *Official Committee of Unsecured Creditors'* (the "**Committee**") *Motion to Shorten Time to Respond to Official Committee of Unsecured Creditors' Notice of Rule 2004 Duces Tecum Requests of Debtor on an Expedited Basis* (Doc. No. _) (the "**Motion**"). The Committee seeks the entry of an order shortening time to respond to the limited 2004 Requests (as defined in the Motion). The Court, in

5

review of the Motion, and being otherwise apprised of the facts, finds the Motion well taken and justified under the circumstances. Accordingly, it is

**ORDERED AS FOLLOWS:**

1. The Motion is **GRANTED** as set forth below.

2. The Debtor shall produce documents responsive to the 2004 Requests on or before March 26, 2024, unless otherwise agreed between the Debtor and Committee. The Committee shall share all responsive documents with the chapter 11 trustee.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Megan W. Murray is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.