# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8-24-bk-00676-RCT

Chapter 11

## TRUSTEE'S APPLICATION TO EMPLOY STEVEN WIRTH
## AND THE LAW FIRM OF AKERMAN LLP AS COUNSEL FOR
## THE CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO MARCH 21, 2024

Michel Goldberg, Chapter 11 Trustee (the "Trustee"), requests an order of the court authorizing the employment of Steven Wirth, Esq., and the law firm of Akerman LLP ("Akerman"), *nunc pro tunc* to March 21, 2024, to represent the Trustee in this case and states:

1. On February 9, 2024, The Center for Special Needs Trust Administration, Inc. (the "Debtor") filed a voluntary petition until Chapter 11 of Title 11 of the United States Code initiating this case. On March 4, 2024, the United States Trustee (the "U.S. Trustee") gave notice of the appointment of the Committee of Unsecured Creditors (Doc. 76).

2. On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

3. On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

4. To the best of the Trustee's knowledge, information, and belief, and based on the annexed Declaration of Steven R. Wirth, a partner in Akerman's Bankruptcy and Reorganization

75573751;2

Practice Group (the "Wirth Declaration"), Akerman does not represent any person or entity in connection with this case having an adverse interest to the Trustee or to the Debtor's estate, and is disinterested as required by 11 U.S.C. § 327(a). To the extent that it is discovered that Akerman has an actual or potential conflict in representing the Trustee in a particular matter in this case and is unable to facilitate a suitable waiver, then the Trustee intends to seek to employ separate counsel for any such matter.

5. It is necessary that the Trustee employ counsel to represent the Trustee in this case to perform ordinary and necessary legal services required in the administration of the estate.

6. The Trustee believes Akerman does not hold or represent any interest that is not disclosed in the Wirth Declaration, or that is adverse to the estate, and the Trustee believes that the employment of Akerman would be in the best interest of the estate.

7. Akerman intends to apply to the Court from time to time for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 330, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, and the Local Rules and Orders of this Court, and pursuant to any additional procedures which may be or have already been established by the Court.

8. The Trustee has agreed to pay Akerman reduced hourly rates, and other charges such as expense reimbursements, photocopy services and the like, all being subject to approval by the Bankruptcy Court, on notice as provided in the Bankruptcy Code. The principal attorneys presently designated to represent the Trustee in these cases and their standard and reduced hourly rates are set forth below:

| | | |
|---|---|---|
| Steven R. Wirth | $700 | (reduced from standard hourly rate of $785) |
| Raye Elliott | $700 | (reduced from standard hourly rate of $750) |

     Catherine R. Choe  $350 (reduced from standard hourly rate of $385)

  9. Other attorneys and paralegals of Akerman from time to time may perform services for the Trustee in connection with the matters described herein. The Trustee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, including increased experience of professionals rendering services.

  10. Further, the Trustee understands that it is Akerman's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's cases. The expenses charged to clients include, among other things, long distance telephone charges, telecopier charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, and transcription costs. The Trustee understands that Akerman will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Akerman's other clients.

  11. The Trustee has been advised that each of the attorneys listed above who will appear before this Court are admitted to practice before the courts of the State of Florida and the United States District and Bankruptcy Courts for the Middle District of Florida. The attorneys have knowledge and experience of bankruptcy practice and are well qualified to represent the Trustee.

  12. In the performance of the Trustee's duties in this case and any related proceedings in this Court and other courts, it will be necessary for various legal services to be rendered by Akerman to the Trustee, among those services being:

  (a) assisting the Trustee in consultations, negotiations and other dealings with creditors, trust beneficiaries and other parties in interest concerning the administration of this case;

75573751;2

(b) preparing pleadings, conducting investigations and making court appearances incidental to the administration of the Debtor's estate;

(c) advising the Trustee of his rights, duties and obligations under the Bankruptcy Code, Bankruptcy Rules, Local Rules and Orders of this Court;

(d) assisting the Trustee in the development and formulation of a strategy to maximize value to the estate, including the preparation of a plan, disclosure statement and any related documents for submission to this Court and to the Debtor's creditors, trust beneficiaries, and other parties in interest;

(e) advising and assisting the Trustee with respect to litigation, including, but not limited to, avoidance proceedings;

(f) rendering corporate and other legal advice and performing all those legal services necessary and proper to the functioning of the Debtor during the pendency of this case; and

(g) taking any and all necessary actions in the interest of the Trustee incident to the proper representation of the Trustee in the administration of this case.

WHEREFORE, Michael Goldberg, Chapter 11 Trustee, respectfully requests the entry of an Order authorizing the employment of Steven Wirth and Akerman LLP, *nunc pro tunc* to March 21, 2024, to represent the Trustee pursuant to 11 U.S.C. §§ 327 and 330.

Respectfully submitted,

*/s/ Michael Goldberg*
Michael Goldberg, Chapter 11 Trustee
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a copy by sent by U.S. Mail to:

The Center for Special Needs
Trust Administration, Inc.
Attn: William Long
12424 28th Street North
St. Petersburg, FL 33716

                                           */s/ Michael Goldberg*_____
                                           Michael Goldberg