**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.

_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION**
**TO THE DEBTOR'S TRUST MOTIONS AND RESERVATION OF RIGHTS**
**(Doc. Nos. 10, 18 and 63)**

The Official Committee of Unsecured Creditors (the "**Committee**"), by counsel, hereby files its Limited Objection and Reservation of Rights to the (i) *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) and *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 63) (collectively, the "**Trust Procedures Motion**") and (ii) *Debtor's Emergency Motion for Interim and Final Orders Granting (A) Authority to (I) Maintain Trust Bank Accounts and to Continue to Use Existing Business Forms and Checks for Trust Cash Management System, and (B) Waiver of Certain Investment and Deposit Guidelines* (Doc. No. 18) (the "**Trust Accounting Motion**").

**Preliminary Statement**

The Committee is appreciative of The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") filing of the Trust Procedures Motion and Trust Accounting Motion (collectively, the "**Motions**") to establish authorized procedures to continue administration of the special needs trusts. The Committee files this Limited Objection and Reservation of Rights in an abundance of caution, to the extent such Motions and related orders are not mooted by the appointment of the chapter 11 trustee or otherwise, and, to preserve its rights as it continues discussion with the Debtor and Trustee (defined below) to develop and include an organized process for those beneficiaries who desire to transfer administration of their trust.

**Background**

1.  On February 9, 2024, the Debtor filed a voluntary chapter 11 petition (Doc. No. 1).

2.  On February 9, 2024, the Debtor filed the original Trust Procedures Motion (Doc. No. 10, 63 as amended), seeking an order providing guidelines to make distributions, in certain circumstances to cease making distributions, and to pay certain critical expenses.

3.  On February 9, 2024, the Debtor filed the Trust Accounting Motion to continue utilizing its trust bank accounts, business forms, cash management system and related relief in administration of the special needs trust accounts.

4.  On February 16, 2024, this Court entered an interim order granting the Trust Procedures Motion (Doc. No. 46) and set the matter for further consideration on February 27, 2024.[1] On March 5, 2024, this Court entered second interim orders granting the Motions (Doc. Nos. 79 and 83, respectively) and set the matters for further consideration on March 28, 2024.

5.  On March 4, 2024, the United States Trustee for Region 21 filed its *Notice of Appointment of Official Unsecured Creditors Committee* (Doc. No. 75) thereby giving notice of the appointment of the Committee.[2]

6.  On March 21, 2024, Michael Goldberg was appointed as the chapter 11 trustee (the "**Trustee**") (*see* Doc. Nos. 109 and 110).

**Limited Objection and Reservation of Rights**

---

[1] The Trust Accounting Motion likewise appears to have been granted on a first interim basis at the February 13, 2024 hearing and set for further consideration on February 27, 2024. However, there does not appear to be a first interim order on the Trust Accounting Motion.

[2] The Committee and the notice were subsequently amended at Doc. Nos. 76 and 87. On March 18, 2024, this Court authorized the Committee to employ the undersigned as its counsel at Doc. No. 99.

7.  The recently appointed Committee is still in the early stages of discussions with the Debtor and (the even more recently appointed) Trustee regarding those creditors who desire to move the administration of their trust(s) elsewhere.  Such a transfer has several logistical queries which require an orderly process, such as parameters to ensure the trust beneficiary has a newly designated trustee to preserve disability status, and for the orderly handoff of trust records.

8.  While the Committee is encouraged by the discussions to date, it nevertheless files this Limited Objection and Reservation of Rights in an abundance of caution to expressly reserve all rights with respect to stay relief or other similar relief to effectuate a process to assist those creditors who are desirous of transferring the administration of their trust.

**WHEREFORE**, the Committee requests this Court enter orders (i) granting the Motions on a further interim basis incorporating the relief and reservation of rights herein, (ii) preserving the Committee's rights as it continues discussion with the Debtor and Trustee to develop and include an organized process for those beneficiaries who desire to transfer administration of their trust(s), and (iii) providing for such other and further relief as to the Court deems just.

Dated:  March 25, 2024.

Respectfully submitted,

/s/ Daniel E. Etlinger
Daniel E. Etlinger
Florida Bar Number 0077420
Scott A. Underwood
Florida Bar Number 730041
Megan W. Murray
Florida Bar Number 0093922
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: detlinger@underwoodmurray.com
sunderwood@underwoodmurray.com
mmurray@underwoodmurray.com
*Counsel to the Committee*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including Debtor's Counsel and United States Trustee, and, by Overnight Mail to the Debtor and Chapter 11 Trustee, on the 25th day of March 2024:

The Center for Special Needs Trust Administration, Inc.
12425 28th Street N.
Suite 301
Saint Petersburg, Florida 33716

Michael Goldberg
201 E. Las Olas Boulevard
Suite 1800
Fort Lauderdale, Florida 33301

                                                /s/ Daniel E. Etlinger
                                                Daniel E. Etlinger