UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                              Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                   Chapter 11

    Debtor.
_____/

**CHAPTER 11 TRUSTEE'S LIMITED OBJECTION TO THE
DEBTOR'S TRUST MOTIONS AND RESERVATION OF RIGHTS
(Docs. 10, 18 and 63)**

    Michael Goldberg, the Chapter 11 Trustee ("Trustee"), by counsel, hereby files his Limited Objection and Reservation of Rights to the (i) *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) and *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 63) (collectively, the "Trust Procedures Motion") and (ii) *Debtor's Emergency Motion for Interim and Final Orders Granting (A) Authority to (I) Maintain Trust Bank Accounts and to Continue to Use Existing Business Forms and Checks for Trust Cash Management System, and (B) Waiver of Certain Investment and Deposit Guidelines* (Doc. No. 18) (the "Trust Accounting Motion").

**Preliminary Statement**

    The Trustee is appreciative of The Center for Special Needs Trust Administration, Inc. (the "Debtor") filing of the Trust Procedures Motion and Trust Accounting Motion (collectively, the "Motions") to establish authorized procedures to continue administration of the special needs trusts for the beneficiaries. The Trustee files this Limited Objection and Reservation of Rights in an abundance of caution, to the extent such Motions and related orders are not mooted by the

appointment of the Trustee or otherwise, and, to preserve his rights as he continues discussion with the Debtor and the official committee of unsecured creditors (the "Committee") to develop and include an organized process to transfer administration of the special needs trusts to a new trustee.

**Background**

1. On February 9, 2024, the Debtor filed a voluntary chapter 11 petition (Doc. 1).

2. On February 9, 2024, the Debtor filed the original Trust Procedures Motion (Docs. 10, 63 as amended), seeking an order providing guidelines to make distributions, in certain circumstances to cease making distributions, and to pay certain critical expenses.

3. On February 9, 2024, the Debtor filed the Trust Accounting Motion to continue utilizing its trust bank accounts, business forms, cash management system and related relief in administration of the special needs trust accounts.[1]

4. On February 16, 2024, this Court entered an interim order granting the Trust Procedures Motion (Doc. - 46) and set the matter for further consideration on February 27, 2024. On March 5, 2024, this Court entered second interim orders granting the Motions (Docs. 79 and 83, respectively) and set the matters for further consideration on March 28, 2024.

5. On March 4, 2024, the United States Trustee for Region 21 appointed the Committee.

6. On March 21, 2024, Michael Goldberg was appointed as Trustee (Docs. 109 and 110).

---

[1] While the Trustee understands that these trust bank accounts have been transferred to another financial institution, he files this limited objection and reservation of rights in the abundance of caution.

7.     On March 22, 2024, the Trustee filed his Application to Employ Steven R. Wirth and the law firm of Akerman LLP as attorney for Chapter 11 Trustee *Nunc Pro Tunc* to March 21, 2024 (Doc. 113). That Application is *sub judice* with the Court.

### Limited Objection and Reservation of Rights

8.     The recently appointed Trustee is still in the early stages of discussions with the Debtor and Committee regarding development of an organized process to transfer administration of the special needs trusts to a new trustee. Such a transfer has several logistical challenges s which require an orderly process, such as parameters to ensure the trust beneficiary has a newly designated trustee to preserve government benefit eligibility to the injured and at-risk, and for the orderly transfer of trust records.

9.     While the Trustee is encouraged by the discussions to date, he nevertheless files this Limited Objection and Reservation of Rights in an abundance of caution to expressly reserve all rights with respect developing and effectuating an orderly process to transfer administration of the special needs trusts to a new trustee or to take any or further actions that are in the best interest of creditors, beneficiaries and the bankruptcy estate.

WHEREFORE, the Trustee requests this Court enter orders (i) granting the Motions on a further interim basis incorporating the relief and reservation of rights herein, (ii) preserving the Trustee's rights as he continues discussion with the Debtor and the Committee to develop and include an organized process to transfer administration of the trust), and (iii) providing for such other and further relief as to the Court deems just.

Dated: March 25, 2024.

Respectfully submitted,

By: */s/ Steven R. Wirth*
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C Elliott
    Florida Bar No.: 18732
    Email: raye.elliott@akermanl.com
    Akerman LLP
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837
    *Proposed Counsel for Chapter 11 Trustee, Michael Goldberg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 25, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a copy by sent by U.S. Mail to:

> The Center for Special Needs
> Trust Administration, Inc.
> Attn: William Long
> 12424 28th Street North
> St. Petersburg, FL 33716

*/s/Steven R. Wirth*
Steven R. Wirth
