## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                                                           Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                      Chapter 11

      Debtor.
_____/

### CHAPTER 11 TRUSTEE'S APPLICATION FOR EMPLOYMENT OF SONEET R. KAPILA AND KAPILAMUKAMAL AS FORENSIC ACCOUNTANT FOR CHAPTER 11 TRUSTEE *NUNC PRO TUNC* TO MARCH 21, 2024

Michael Goldberg, the Chapter 11 Trustee ("Trustee"), by and through proposed counsel, hereby submits this Application (the "Application") for the entry of an order, pursuant to Sections 327 and 330 of the Bankruptcy Code, approving the employment of Soneet R. Kapila and the independent accounting firm of KapilaMukamal (collectively "KM"), *nunc pro tunc* to March 21, 2024, to represent the Trustee in this case and respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Florida (West Palm Beach Division) (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 327 and 330 of the Bankruptcy Code (the "Bankruptcy Code"), as complemented by Rules 2014 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

75634965;2

## BACKGROUND

4. On February 9, 2024, the Center for Special Needs Trust Administration, Inc. (the "Debtor") filed a voluntary petition until Chapter 11 of Title 11 of the United States Code initiating this case. On March 4, 2024, the United States Trustee (the "U.S. Trustee") gave notice of the appointment of the Committee of Unsecured Creditors (Doc. 76).

5. On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

6. On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

7. On March 22, 2024, the Trustee filed his Application to Employ Steven R. Wirth and the law firm of Akerman LLP as attorney for Chapter 11 Trustee *Nunc Pro Tunc* to March 21, 2024 (the "Akerman Application") (Doc. 113). The Akerman Application is scheduled for preliminary hearing on March 28, 2024 at 3:00 p.m. (Doc. 123).

## RELIEF REQUESTED

8. The Trustee seeks entry of an order, pursuant to Sections 327 and 330 of the Bankruptcy Code, approving the employment of KM *nunc pro tunc* to March 21, 2024 as forensic accountant to the Trustee.

## BASIS FOR THE RELIEF REQUESTED

9. Section 327 of the Bankruptcy Code provides, in relevant part, the following:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are

        disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. 327(a).

10.    In addition, pursuant to section 330, the Court may authorize "reasonable compensation for actual, necessary services" by the professional, as well as "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

11.    In support of this Application, the Trustee submits the Affidavit of Soneet R. Kapila, a partner in the independent accounting firm of KM and a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Kapila Affidavit</u>"), copies of which are attached hereto this Application and incorporated herein as <u>Exhibit A</u>.

12.    To the best of the Trustee's knowledge, information, and belief, and based on the Affidavit of Soneet R. Kapila, subject to the disclosures set forth in the Kapila Affidavit, KM does not represent any person or entity in connection with this case having an adverse interest to the Trustee or to the Debtor's estate, and is disinterested as required by 11 U.S.C. § 327(a). To the extent that it is discovered that KM has an actual or potential conflict in representing the Trustee in a particular matter in this case and is unable to facilitate a suitable waiver, then the Trustee intends to seek to employ separate accounting services for any such matter.

13.    The Trustee submits it necessary to employ KM as his forensic accountant in this case in order to assist the Trustee in performing his duties in the most cost-effective, efficient, and timely manner. The Trustee has selected KM because the partners and associates of KM have considerable expertise in the fields of bankruptcy, insolvency, reorganizations, liquidations, debt restructuring and corporate reorganizations, particularly in the context of potentially fraudulent schemes as alleged by certain parties in this bankruptcy case. Accordingly, the

Trustee believes that KM is well-qualified to provide forensic accounting services on Trustee's behalf in this case.

14. To the best of the Trustee's knowledge, information, KM does not hold or represent any interest that is not disclosed in the Kapila Affidavit, or that is adverse to the estate, and the Trustee believes that the employment of KM would be in the best interest of the estate.

15. KM intends to apply to the Court from time to time for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 330, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, and the Local Rules and Orders of this Court, and pursuant to any additional procedures which may be or have already been established by the Court.

16. The Trustee has agreed to pay KM reduced hourly rates, and other charges such as expense reimbursements, photocopy services and the like, all being subject to approval by the Bankruptcy Court, on notice as provided in the Bankruptcy Code. The principal professionals presently designated to represent the Trustee in this cases and their standard and reduced hourly rates are set forth below:

| | |
|---|---|
| Soneet R. Kapila | $650 (reduced from standard hourly rate of $820) |
| Lesley Johnson | $530 (reduced from standard hourly rate of $620) |
| Sharmila Khanorkar | $520 (reduced from standard hourly rate of $610) |
| Kevin McCoy | $520 (reduced from standard hourly rate of $610) |
| Suruchi Banez | $392 (reduced from standard hourly rate of $460) |
| Rachel Weiss | $386 (reduced from standard hourly rate of $454) |
| Frank Diaz-Drago | $332 (reduced from standard hourly rate of $390) |
| Joel Pathiyil | $264 (reduced from standard hourly rate of $310) |

17. Other accountants and consultants of KM from time to time may perform services for the Trustee in connection with the matters described herein. The Trustee understands that the

hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, including increased experience of professionals rendering services.

18. Further, the Trustee understands that it is KM's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's cases. The expenses charged to clients include, among other things, long distance telephone charges, telecopier charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, and transcription costs. The Trustee understands that KM will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to KM's other clients.

19. The accountants have knowledge and experience from many bankruptcy matters and are well qualified to represent the Trustee as his forensic accountant.

20. During the performance of the Trustee's duties in this case and any related proceedings in this Court and other courts, it will be necessary for various accounting services to be rendered by KM to the Trustee, among those services being:

(a) assisting the Trustee in consultations, negotiations and other dealings with creditors, trust beneficiaries and other parties in interest concerning the administration of this case;

(b) reviewing and analyzing, conducting investigations incidental to the administration of the Debtor's estate;

(c) assisting the Trustee in the development and formulation of a strategy to maximize value to the estate, including the preparation of financial statements, operating report, tax returns, and any related documents for submission to this Court and to the Debtor's creditors, trust beneficiaries, and other parties in interest;

(d) reviewing and analyzing Debtor Estate's financial information to assist in advising the Trustee with respect to litigation, including, but not limited to, avoidance proceedings; or any other matters that the Trustee may request;

(e) preparing any on-going accounting documents, including tax returns and post-appointment financial statements; and

(f) rendering such other assistance in the nature of accounting services, financial consulting, valuation issues, or other financial projects as the Trustee may deem necessary.

WHEREFORE, the Trustee respectfully requests this Court enter an Order substantially in the form attached hereto as <u>Exhibit B</u>, authorizing the retention of Applicant as forensic accountant to the Trustee pursuant to 11 U.S.C. §§ 327 and 330, under the terms and conditions set forth herein, and for such other and further relief as the Court deems necessary and just.

Dated: March 27, 2024.

Respectfully submitted,

By: */s/ Steven R. Wirth*
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C Elliott
    Florida Bar No.: 18732
    Email: raye.elliott@akermanl.com
    Akerman LLP
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837
    *Proposed Counsel for Chapter 11 Trustee,*
    *Michael Goldberg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 27, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a copy by sent by U.S. Mail to:

The Center for Special Needs
Trust Administration, Inc.
Attn: William Long
12424 28th Street North
St. Petersburg, FL 33716

                                                */s/Steven R. Wirth*
                                                Steven R. Wirth