ORDERED.

**Dated: April 02, 2024**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                 Case No. 8:24-bk-00676-RCT

            Debtor.
_____/

**THIRD INTERIM ORDER GRANTING DEBTOR'S EMERGENCY
MOTION FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES**

THIS CASE came before the Court for hearing on February 27, 2024 at 1:30 p.m. and

March 28, 2024 at 3:00 p.m., upon the *Debtor's Emergency Motion for Approval of Trust*

*Distribution Procedures* (Doc. No. 10) (the "**Motion**")[1] and the *Debtor's Amendment to*

*Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No 63) (the

"**Amendment**") filed by the above-captioned debtor (the "**Debtor**"). [2]   The Motion, as amended

by the Amendment, seeks entry of interim and final orders authorizing proposed procedures

---

[1]  Capitalized terms used but not defined herein have the meanings given to them in the Motion and the Amendment.

[2]  As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11
      trustee of the Debtor (the "**Trustee**").

governing the manner in which the Debtor makes distributions for the benefit of its Beneficiaries of Clean Trust Accounts and Compromised Trust Accounts.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1.      The Motion is **GRANTED**, as set forth herein, on an interim basis.

2.      The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts.

3.      The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions.

4.      The Debtor is authorized, retroactive as of the Petition Date, to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets to fund such Critical Expenses, which shall not exceed $20,000 per month, in the aggregate, without additional Court approval.

5.      The Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account. The Trustee may file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs.

6.      Except as otherwise provided in this Order, the Debtor is authorized to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted.

7.      Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor.

8.      The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

9.      The Court shall conduct a continued interim hearing (the "**Continued Hearing**") on the Motion on **April 15, 2024 at 2:00 p.m.**, at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602.

10.     Within forty-eight (48) hours of the entry of this Interim Order, the Trustee shall serve, by United States mail, first-class postage prepaid, copies of this Interim Order on: (a) any party which has filed prior to such date a request for notices with this Court; (b) all creditors and

parties holding the thirty (30) largest claims, (c) the Local Rule 1007-2 parties in interest list, and (d) counsel for the Official Committee of Unsecured Creditors.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*