**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS          Case No. 8:24-bk-00676-RCT
TRUST ADMINISTRATION, INC.,

                                          Chapter 11

    Debtor.
_____/

**TRUSTEE'S MOTION TO (I) EXTEND TIME FOR FILING
PROOFS OF CLAIM BY NON-GOVERNMENTAL CREDITORS TO
JULY 18, 2024 AND (II) APPROVE CLAIM SUBMISSION PROCEDURES**

Michael Goldberg, Chapter 11 Trustee (the "Trustee"), by and through undersigned counsel, respectfully requests the entry of an order: (a) extending the deadline for non-governmental creditors to file proofs of claim for an additional 90 days, through July 18, 2024 and (b) approving procedures for notice of the extended bar date and for submission of claims to the Debtor's claims agent. In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a), 501, and 502, of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003(c)(3), and 007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

75742075;4

**Background**

A.    **Procedural Background**

4.    On February 9, 2024 (the "Petition Date"), The Center for Special Needs Trust Administration, Inc. (the "Debtor" or "Center") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.    On February 14, 2024, the Court entered its Notice of Chapter 11 Bankruptcy Case (Doc. 35), which set a deadline for creditors to file proofs of claim by April 19, 2024 (the "Bar Date").

6.    The Debtor filed its Schedules and Statement of Financial Affairs (Doc. 66) (the "Schedules") on February 27, 2024. In its Schedules, the Debtor listed claims of Beneficiaries of Compromised Trust Accounts (as defined below) totaling $104,889,321.69 (the "Beneficiary Claims").

7.    On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

8.    On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

9.    On March 22, 2024, the Trustee filed his Application to Employ Steven R. Wirth and the law firm of Akerman LLP as attorney for Chapter 11 Trustee *Nunc Pro Tunc* to March 21, 2024 (Doc. 113) which was granted at a hearing on March 28, 2024, although an order has not yet been entered.

10.    On March 27, 2024, the Trustee filed an Application for Employment of Soneet R. Kapila and KapilaMukamal as Forensic Accountant (the "Trustee's Forensic Accountant") for

75742075;4

Chapter 11 Trustee *Nunc Pro Tunc* to March 21, 2024 (Doc. 124), which was granted by the Court by Order dated April 2, 2024 (Doc. 138).

### B. Debtor's Background

11. The Debtor is a 501(c)(3) non-profit Florida corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's Case Management Summary (Doc. 7).

12. The Debtor is the trustee or co-trustee of numerous special needs trusts, including both stand-alone trusts and pooled trusts (the "Trusts") for approximately 2,000 beneficiaries who suffer from various levels of disability (the "Beneficiaries"). Certain Trusts were funded by settlements which are confidential. Other Trusts and settlements involve minors. The Debtor's primary service as trustee of the Trusts is to manage the Trusts, maintain records for assets managed by third-party investment managers, respond to request for distributions from Beneficiaries, and make distributions in a manner that still ensures that the applicable beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits, such as Medicaid, Social Security, or Supplemental Security Income. The Debtor's services help to ensure that Beneficiaries maintain their qualification for these critical public assistance benefits.

13. Each Beneficiary has its own trust account or sub-trust account (a "Trust Account") that reflects the specific assets in the respective Beneficiary's Trust, or in the case of a pooled Trust, the specific assets allocated to the Beneficiary's sub-trust account. Other than the Loan (as defined below), the Trust investments are managed by different financial advisory companies, not the Debtor itself.

14. As the Debtor outlined in its Case Management Summary, the Debtor's leadership discovered that approximately $100,000,000 of funds from beneficiaries and the Center itself was

allegedly loaned to Boston Financial Group ("BFG"), a group controlled by the Center's founder Leo Govoni ("Govoni"), which loan remains outstanding in an amount of not less than $106,709.004.00 (the "Loan") (*see* Doc. 66). The improper transfers of these trust funds have left over 1500 trust accounts either partially or fully compromised. The Debtor filed this case for the purpose of, *inter alia*, pursuing claims against responsible parties with the goal of recovering the transferred funds and other assets, and distributing the transferred funds to the Beneficiaries or into the Beneficiaries' Trust Accounts.

15. Based on filings to date in this case, it appears the Debtor has determined that approximately 1,570 of the Trust Accounts are compromised to some extent (the "Compromised Trust Accounts"), and therefore the applicable Beneficiaries are or may be creditors of the Debtor. It also appears that the remaining 470 Trust Accounts have no exposure to the transfers and are completely invested in legitimate financial products (the "Clean Trust Accounts"), with their investment accounts being managed by institutional financial advisory firms.

16. In the early stages of this case, the Debtor fielded numerous calls and inquiries from Beneficiaries who are unsure of whether they need to file a proof of claim and uncertain of the procedure for filing such a claim. As of the date of this Motion, the Trustee is still receiving numerous calls and inquiries from Beneficiaries. Given the makeup of the Debtor's creditor body, and the fact that the Beneficiaries are all disabled, injured or at-risk, the Trustee (after consulting with the United States Trustee and counsel for the Official Committee of Unsecured Creditors) believes it is prudent to extend the Bar Date for Beneficiaries to file a proof of claim.

**Relief Requested**

17. The Trustee requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Extended Bar Date Order"):

a. establishing **July 18, 2024, at 5:00 p.m. (prevailing Eastern Time)** as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtor that arose prior to the Petition Date (the "Extended Bar Date").

b. Approving the proposed bar date notice procedures (the "Bar Date Notice Procedures") as set forth below; and

c. Approving further extensions of the Extended Bar Date with respect to claims filed in response to amendments of the Schedules or for claims by persons or entities provided with a Bar Date Package (defined below) subsequent to the Bar Date Notice Mailing Date (defined below).

**A.  Extended Bar Date**

18. In compliance with Bankruptcy Rule 2002(a)(7), the proposed Extended Bar Date provides claimants with more than twenty-one (21) days' notice of the Extended Bar Date to review the Schedules and their own records and, if necessary, prepare and file a Proof of Claim.

19. If the Trustee files an amendment to or supplements the Debtor's Schedules subsequent to the mailing of the Extended Bar Date Notice (defined below) to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, the Trustee will provide notice of any such amendment or supplement to the holders of the claims affected thereby within five (5) business days of such filing. Consequently, the Trustee proposes that holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on the later of (i) the Extended Bar Date, or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21)

days after the date on which such notice of amendment or supplement is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Trustee files an amendment or supplement to the Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation. The extension shall be without prejudice to seek additional extensions as necessary.

20. The deadline for filing any administrative claim will be set by the Court consistent with its standard procedures in connection with any order approving a disclosure statement filed in this case. The deadline for filing any claim resulting from the rejection of an executory contract or unexpired lease will be established in the order approving such rejection.

**B. Extended Bar Date Notice Form**

21. The Trustee proposes to mail the Bar Date Notice Parties (defined below), a standardized notice of the bar date, in a form substantially similar to **Exhibit 1** (the "Extended Bar Date Notice") attached to the proposed Extended Bar Date Order (**Exhibit A**). The Extended Bar Date Notice will provide notice of the Extended Bar Date, the procedure for filing a Proof of Claim, the consequences for failure to timely file a Proof of Claim, a copy of the Proof of Claim Form (defined below), and instructions for completing a Proof of Claim.

**C. Proof of Claim Form and Claim Submission Procedures**

22. The Trustee also seeks approval of a proof of claim form and of the below procedures for filing a proof of claim. Attached as **Exhibit 2** to the proposed order attached hereto as **Exhibit A** is a customized proof of claim form (the "Proof of Claim Form") for this case. The Proof of Claim Form is nearly identical to the standard Official Form 410, but it is pre-populated with the Debtor's case name, case number, and contains additional instructions on how to submit

75742075;4

the proof of claim directly to the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC (the "Claims Agent"). A copy of the Proof of Claim Form will be mailed to each creditor, and will be made available on the Claims Agent's website at:

https://dm.epiq11.com/case/centerforspecialneedstrustadministration/info.

23. Each Proof of Claim must:

    a. be written in the English language;

    b. denominate the claim in lawful currency of the United States as of the Petition Date;

    c. conform substantially with the Claim Form;

    d. be signed by the claimant or by an authorized agent of the claimant;

    e. include available supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and

    f. set forth the legal and factual basis for the alleged claim.

24. Each original Proof of Claim, including any available supporting documentation, must be (i) filed electronically through the Claims Agent's website at https://dm.epiq11.com/centerforspecialneedstrustadministration or (ii) sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received by the Claims Agent on or before the applicable Bar Date in accordance with the Extended Bar Date Order, at the following address:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| The Center for Special Needs Trust Administration, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4419 Beaverton, OR 97076-4419 | The Center for Special Needs Trust Administration, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

75742075;4

Any party who wishes to receive from the Claims Agent a proof of receipt of its Proof of Claim must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

**D. Extended Bar Date Notice Procedures**

25. Bankruptcy Rule 2002(a)(7) requires that the Clerk of the Court or a party ordered by the Court give "at least 21 days' notice by mail of . . . the time fixed for filing proofs of claims pursuant to Rule 3003(c)." Fed. R. Bankr. P. 2002(a)(7). Consistent with Bankruptcy Rule 2002(a)(7), the Trustee proposes to mail, by first class mail, a Bar Date Package (as defined below) on a date that is not more than three (3) business days after the entry of the Extended Bar Date Order (such mailing date, the "Bar Date Notice Mailing Date"), that will allow all claim holders whose claims are subject to the Bar Date more than twenty-one (21) days to prepare and file their Proofs of Claim. The Bar Date Package (as defined below) will be delivered to the following parties (the "Bar Date Notice Parties"):

    a. the U.S. Trustee;

    b. counsel to the Official Committee of Unsecured Creditors;

    c. each creditor listed on the Schedules at the address maintained by the Claims Agent;

    d. any other known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time) and their counsel if known;

    e. all parties known to the Trustee and his counsel, if known, as having potential claims against the Debtor's estate;

    f. all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    g. all parties to litigation with the Debtor (as of the date of the entry of the order granting this Motion);

    h. all parties who have requested notice pursuant to Bankruptcy Rule 2002;

    i. the Internal Revenue Service;

      j. all regulatory agencies that have jurisdiction over the Debtor;

      k. all applicable state and local tax authorities; and

      l. the Debtor's most recent officers and directors and their counsel.

26. The Trustee proposes to mail the following documents to the Bar Date Notice Parties (the "Bar Date Package"):

      a. The Extended Bar Date Notice; and

      b. A Claim Form.

27. After the initial mailing of the Bar Date Package, the Trustee may, in his discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses;[1] (ii) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Trustee for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process. In this regard, the Trustee requests that the Court permit him to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time. These proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date. If the Trustee determines after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be the later of (i) the Extended Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, or (ii) twenty-one (21) days from the mailing of the Bar Date Package to such additional parties (the "Supplemental Bar Date").

---

[1] If notices are returned as "return to sender" without a forwarding address, the Trustee will use his best efforts to locate an address or other contact information in the Debtor's books and records or through public searches. However, if the Trustee is unable to locate an additional address or contact information, the Trustee respectfully requests that he not be required to mail or otherwise transmit additional notices to such creditors.

75742075;4

## Basis for Relief and Memorandum of Law

**A. The Court is authorized to extend the Bar Date.**

28.     Bankruptcy Rule 3003(c)(1) authorizes the Court, for cause shown, to extend the time within which proofs of claim may be filed. Likewise, Rule 9006(b) states that the Court, for cause shown, may order a period enlarged if the request to do so is made before the expiration of the period originally prescribed. Additionally, 11 U.S.C. § 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

29.     The Extended Bar Date provides more than adequate time for creditors to file a claim, considering that Bankruptcy Rule 2002(a)(7) requires that twenty-one (21) days' notice of the deadlines for filing proofs of claim against the debtor be provided to creditors. Here, the Trustee proposes to establish (i) an Extended Bar Date that gives potential claimants more than twenty-one (21) days' notice following the Bar Date Notice Mailing Date, (ii) a Supplemental Schedules Bar Date limited solely to amendments and modifications to the Schedules allowing twenty-one (21) days to file a Proof of Claim in response to any such change, and a (iii) a Supplemental Bar Date providing certain persons or entities that are provided with a Bar Date Package subsequent to the Bar Date Notice Mailing Date with at least twenty-one (21) days to file a Proof of Claim. Under the circumstances of the Chapter 11 Case, the Extended Bar Date provides creditors ample time to prepare and file their Proofs of Claim and are reasonable and necessary for the efficient administration of the Chapter 11 Case. The Trustee respectfully submits that extending the Bar Date will allow the Trustee to reconcile claims more efficiently and will provide the Trustee with greater certainty regarding the extent of claims.

**B. The Extended Bar Date Notice and related procedures are adequate and appropriate.**

30. The Trustee must ensure that holders of Beneficiary Claims, creditors, and other interested parties receive adequate and appropriate notice of the Extended Bar Date. The Debtor has represented to the Trustee that it examined its books and records to identify known creditors and listed all such creditors in its Schedules. The Trustee submits that the Extended Bar Date Notice, and the related noticing procedures described above, provide adequate and sufficient notice to creditors of the Extended Bar Date.

31. The proposed form of Extended Bar Date Notice is reasonable and appropriate in the context of this Chapter 11 case. The proposed Extended Bar Date Notice is easy to comprehend, provides clear notice of the Extended Bar Date, and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of failure to timely file a Proof of Claim, and instructions for completing a Proof of Claim.

32. The Extended Bar Date and the procedures proposed herein will assist in the efficient administration of the Debtor's estate, ensuring holders of Beneficiary Claims and any other creditors that desire to file a Proof of Claim can file any such claim efficiently.

WHEREFORE, Michael Goldberg, Chapter 11 Trustee, respectfully requests the Court enter an order (i) granting this Motion, (ii) establishing the Extended Bar Date of June 18, 2024, at 5:00 p.m. (prevailing Eastern Time) as the deadline by which non-governmental creditors must file a Proof of Claim, (iii) approving the Bar Date Notice Procedures, (iv) approving further extensions of the Extended Bar Date with respect to claims filed in response to amendments of the Schedules or for claims by persons or entities provided with a Bar Date Package subsequent to the Bar Date Notice Mailing Date; and (v) granting such other relief as is just and proper.

DATED: April 4, 2024.

**AKERMAN LLP**

By: */s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C Elliott
Florida Bar No.: 18732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee,*
*Michael Goldberg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 4th day of April, 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

*/s/ Steven R. Wirth*
Attorney