**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                          Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                      Chapter 11

        Debtor.
_____/

### CHAPTER 11 TRUSTEE'S EXPEDITED MOTION
### TO APPROVE FORM OF ANNUAL ACCOUNT STATEMENTS
### (Request for Expedited Consideration Requested)

Michael Goldberg, the Chapter 11 Trustee ("Trustee"), by and through undersigned counsel, pursuant to 11 U.S.C. § 105, respectfully requests that the Court approve the form of annual account statements and accompanying disclaimer language as follows:

### Background

1.      On February 9, 2024, The Center for Special Needs Trust Administration, Inc. (the "Debtor") filed a voluntary chapter 11 petition (Doc. 1).

2.      On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

3.      On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

4.      The Debtor is a 501(c)(3) non-profit Florida corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's Case Management Summary (Doc. 7).

5.      The Debtor is the trustee or co-trustee of numerous special needs trusts, including both stand-alone trusts and pooled trusts (the "Trusts") for approximately 2,000 beneficiaries who suffer from various levels of disability (the "Beneficiaries"). Certain Trusts were funded by settlements which are confidential. Other Trusts and settlements involve minors. The Debtor's primary service as trustee of the Trusts is to manage the Trusts, maintain records for assets managed by third-party investment managers, respond to request for distributions from Beneficiaries, and make distributions in a manner that still ensures that the applicable beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits, such as Medicaid, Social Security, or Supplemental Security Income. The Debtor's services help to ensure that Beneficiaries maintain their qualification for these critical public assistance benefits.

6.      Each Beneficiary has its own trust account or sub-trust account (a "Trust Account") that reflects the specific assets in the respective Beneficiary's Trust, or in the case of a pooled Trust, the specific assets allocated to the Beneficiary's sub-trust account. Other than the purported Loan (as defined below), the Trust investments are managed by different financial advisory companies, not the Debtor itself.

7.      As the Debtor outlined in its Case Management Summary, the Debtor's leadership discovered that approximately $100,000,000 of funds from Beneficiaries and the Center itself was allegedly loaned to Boston Financial Group ("BFG"), a group controlled by the Center's founder Leo Govoni. ("Govoni"), which loan remains outstanding in an amount of not less than $106,709.004.00 (the "Loan") (see Doc. 66).  The improper transfers of these trust funds have left over a thousand trust accounts either partially or fully compromised. The Debtor filed this case for the purpose of, *inter alia*, pursuing claims against responsible parties with the goal of recovering

the transferred funds and other assets, and distributing the transferred funds to the Beneficiaries or into the Beneficiaries' Trust Accounts.

8.      Based on filings to date in this case, it appears the Debtor has determined that approximately 1,570 of the Trust Accounts are compromised to some extent (the "Compromised Trust Accounts"). It also appears that the remaining 470 Trust Accounts have no exposure to the transfers and are completely invested in legitimate financial products (the "Clean Trust Accounts"), with their investment accounts being managed by institutional financial advisory firms.

9.      On March 27, 2024, the Trustee filed an Application for Employment of Soneet R. Kapila and KapilaMukamal as Forensic Accountant for Chapter 11 Trustee *Nunc Pro Tunc* to March 21, 2024 (Doc. 124) which was granted by the Court at a hearing held on March 28, 2024, although an order has not yet been entered.

10.     Since the Trustee has only been appointed for less than two weeks and the Trustee's Forensic Accountant was only retained shortly thereafter, the Trustee and the Forensic Accountant have not yet had time to fully investigate the Debtor's books and records and reconcile each Trust Account.

11.     However, the Debtor is required by state and federal law to send out annual trust accounting statements (the "Statements") to each Beneficiary as well as to regulatory agencies in each state in which a Trust is located, and to other federal regulatory agencies such as the Center for Medicare and Medicaid. While the Debtor has been preparing the Statements, the Debtor and the Trustee's forensic accountant, Soneet Kapila and KapilaMukamal (the "Trustee's Forensic Accountant") are not comfortable and cannot assure that such accountings are 100% accurate because of, among other things, the funds missing due to the alleged Loan to BFG.

12.     While the Trustee intends to comply with state and federal law to prepare and send out the Statements, the Trustee seeks approval from this Court of the form of the proposed Statements and certain disclaimer language that will accompany each Statement. The proposed disclaimer language (the "Disclaimer") is attached hereto as Exhibit A. A proposed form Statement is attached hereto as Exhibit B.

## Relief Requested

13.     By this Motion, the Trustee seeks entry of an order substantially in the form attached as Exhibit C providing, *inter alia*, that the proposed form of Statement attached as Exhibit B and the Disclaimer attached as Exhibit A are sufficient to comply with all applicable laws and regulations regarding the provision of annual statements of Beneficiaries.

## Basis for Relief Requested

14.     Section 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Section 105(a) is intended "to assure the bankruptcy courts['] power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (16th ed.). Further, 28 U.S.C. § 1334 gives the bankruptcy court "exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of [its] case, and of property of the estate." "The broad jurisdictional grant in section 1334(e) is implemented in part by section 105, which gives the court the power to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [title 11].'" 2 Collier on Bankruptcy ¶ 105.02[2] (16th ed.).

15.     Particularly in Chapter 11 cases, "Section 105 is often used to meet the particular needs of individualized debtors so that the general provisions of chapter 11 can provide relief in

4

75736390;1

appropriate cases." 2 Collier on Bankruptcy ¶ 105.02[4] (16th ed.). Here, the unique circumstances of this Chapter 11 case and the facts surrounding the funds missing from the Debtor's estate and Beneficiaries' Trust Accounts warrant the Court's exercise of its equitable powers under § 105 to approve the form of the proposed Statements as well as the Disclaimer.

WHEREFORE, the Trustee requests this Court enter an order substantially in the form attached hereto as Exhibit C approving the form of the proposed Statements and Disclaimer and providing for such other and further relief as to the Court deems just.

Dated: April 5, 2024.

Respectfully submitted,

By: */s/ Steven R. Wirth*
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C Elliott
    Florida Bar No.:  18732
    Email:  raye.elliott@akermanl.com
    Akerman LLP
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

    *Counsel for Chapter 11 Trustee, Michael Goldberg*

75736390;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and the following parties:

    a. the U.S. Trustee;

    b. counsel to the Official Committee of Unsecured Creditors;

    c. each Beneficiary Creditor listed on the Schedules at the address maintained by the Claims Agent;

    d. any other known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time) and their counsel if known;

    e. all parties known to the Trustee and his counsel, if known, as having potential claims against the Debtor's estate;

    f. all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    g. all parties to litigation with the Debtor (as of the date of the entry of the order granting this Motion);

    h. all parties who have requested notice pursuant to Bankruptcy Rule 2002;

    i. the Internal Revenue Service;

    j. all regulatory agencies that have jurisdiction over the Debtor;

    k. all attorneys' general of states where Beneficiaries are located; and

    l. the Debtor's most recent officers and directors and their counsel.

*/s/Steven R. Wirth* _____
Steven R. Wirth

6