**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                 Chapter 11

    Debtor.
_____/

**CHAPTER 11 TRUSTEE'S MOTION FOR RELIEF FROM STAY,**
**TO THE EXTENT APPLICABLE, TO ALLOW TRUST**
**BENEFICIARIES TO ASSERT CLAIMS AGAINST SURETY BONDS**

---

**NOTICE OF OPPORTUNITY TO OBJECT**
**AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Michael Goldberg, the Chapter 11 Trustee ("Trustee"), by and through undersigned counsel, pursuant to 11 U.S.C. § 362, respectfully requests that the Court enter an order granting relief from the automatic stay, to the extent applicable, to allow trust beneficiaries to assert claims upon certain surety bonds and, in support, would show the Court as follows:

**Background**

1.      On February 9, 2024, The Center for Special Needs Trust Administration, Inc. (the "Debtor") filed a voluntary chapter 11 petition (Doc. 1).

2.      On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

3.      On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

4.      The Debtor is a 501(c)(3) non-profit Florida corporation that administers pooled trusts and special needs trusts. For more information about the Debtor's background, please see the Debtor's Case Management Summary (Doc. 7).

5.      The Debtor is the trustee or co-trustee of numerous special needs trusts, including both stand-alone trusts and pooled trusts (the "Trusts") for approximately 2,000 beneficiaries who suffer from various levels of disability (the "Beneficiaries"). Certain Trusts were funded by settlements which are confidential. Other Trusts and settlements involve minors. The Debtor's primary service as trustee of the Trusts is to manage the Trusts, maintain records for assets managed by third-party investment managers, respond to request for distributions from Beneficiaries, and make distributions in a manner that still ensures that the applicable beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits, such as Medicaid, Social Security, or Supplemental Security Income. The Debtor's services help to ensure that Beneficiaries maintain their qualification for these critical public assistance benefits.

6.      Each Beneficiary has its own trust account or sub-trust account (a "Trust Account") that reflects the specific assets in the respective Beneficiary's Trust, or in the case of a pooled Trust,

2

the specific assets allocated to the Beneficiary's sub-trust account. Other than the purported Loan (as defined below), the Trust investments are managed by different financial advisory companies, not the Debtor itself.

7.      As the Debtor outlined in its Case Management Summary, the Debtor's leadership discovered that approximately $100,000,000 of funds from Beneficiaries and the Center itself was allegedly loaned to Boston Financial Group ("BFG"), a group controlled by the Center's founder Leo Govoni ("Govoni"), which loan remains outstanding in an amount of not less than $106,709.004.00 (the "Loan") (*see* Doc. 66).  The improper transfers of these trust funds have left over a thousand trust accounts either partially or fully compromised. The Debtor filed this case for the purpose of, *inter alia*, pursuing claims against responsible parties with the goal of recovering the transferred funds and other assets, and distributing the transferred funds to the Beneficiaries or into the Beneficiaries' Trust Accounts.

8.      Approximately 12 trust Beneficiaries purchased surety bonds (the "Bonds") to protect the Beneficiaries' Trust Accounts from any breach of duty as trustee by the Debtor. A list of the Bonds and companies that issued the Bonds is attached as **Exhibit A**. The Bonds are issued for the benefit of the Beneficiaries and not the Debtor.

9.      Given the acts of the BFG and Govoni, the Trustee believes that these Beneficiaries should be able to assert a claim against their respective Bond for any losses suffered by the Beneficiaries as a result of the Debtor's actions.

## Relief Requested

10.      By this Motion, the Trustee seeks entry of an order substantially in the form attached as **Exhibit B** providing, *inter alia*, that the automatic stay is lifted, to the extent applicable, to allow the Beneficiaries to assert claims against the Bonds.

3

## **Basis for Relief Requested**

11.     The stay imposed by 11 U.S.C. § 362 prohibits claims and actions against the Debtor and property of the Debtor. In this case, the Bonds are not property of the Debtor because they were purchased by the Beneficiaries and are entirely for the benefit of the Beneficiaries. "

> The bond is essentially a third-party beneficiary contract to protect certain specified classes of people who are harmed in a specified way in dealing with the dealer [debtor]. A surety bond is not property of the estate. . . . The Debtor has no property rights in the bond; therefore, the bond was not property of the Debtor's as of the commencement of the bankruptcy case pursuant to 11 U.S.C. § 541(a)(1). The bond is not property of the estate.

*In re Hallmark Builders, Inc.*, 205 B.R. 974, 976 (Bankr. M.D. Fla. 1996) (granting relief from stay to allow beneficiary of debtor's licensing surety bond to make claim against the bond). *See also In re Purifiner Distribution Corp.*, 188 B.R. 1007 (Bankr. M.D. Fla. 1995) (action to enforce liability of surety on supersedeas bond posted by Chapter 11 debtor in state court action was action to obtain property of surety from surety, not property of estate from estate and was not subject to automatic stay); *Matter of Lockard*, 884 F.2d 1171, 1177 (9th Cir. 1989) (overwhelming weight of authority holds that a contractor has no property interest in a surety bond issued by a third-party to guarantee the contractor's performance and holding that automatic stay did not apply to actions against surety bond); *In re Fintel*, 10 B.R. 50, 51 (Bankr. D. Or. 1981) (a surety bond provided by a debtor in order to obtain a contractor's license from the state is not property of the bankruptcy estate).

12.     The law is clear that the Bonds are not property of the estate under 11. U.S.C. § 541 and that the automatic stay does not apply to claims by the Beneficiaries against the Bonds. Indeed, any recovery on the Bonds will solely benefit the Beneficiaries who purchased such Bonds and no funds will inure to the benefit of the bankruptcy estate.  Nonetheless, the Trustee seeks relief from this Court in the abundance of caution and to provide notice to interested parties.

4

**<u>Request for Waiver of Stay Under Bankruptcy Rule 4001(a)(3)</u>**

13.    Irreparable harm may occur to the bonded Beneficiaries if the relief requested herein is stayed, and therefore the Trustee requests a waiver of Bankruptcy Rule 4001(a)(3).

**<u>Conclusion</u>**

WHEREFORE, the Trustee requests this Court enter an order substantially in the form attached hereto as **<u>Exhibit B</u>** granting relief from the automatic stay, to the extent applicable, to allow the Beneficiaries to assert claims against the Bonds and providing for such other and further relief as to the Court deems just.

Respectfully submitted,

AKERMAN LLP

By: */s/ Steven R. Wirth*
     Steven R. Wirth
     Florida Bar No.: 170380
     Email: steven.wirth@akerman.com
     Raye C Elliott
     Florida Bar No.:  18732
     Email:  raye.elliott@akermanl.com
     401 East Jackson Street, Suite 1700
     Tampa, Florida 33602
     Telephone: (813) 223-7333
     Facsimile: (813) 223-2837

     *Counsel for Chapter 11 Trustee, Michael Goldberg*

75937768;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including (i) the Beneficiaries who purchased the Bonds, (ii) the Local Rule 1007-2 Parties in Interest List, and (iii) the companies who issued the Bonds as follows:

Jurisco, Inc.
c/o its Registered Agent, Nicholas A. Hanley
1641 Metropolitan Circle, Suite A
Tallahassee, FL 32308

NGM Insurance Company
c/o its Registered Agent, Kimberly K. Law
4601 Touchton Rd. E., Ste. 3400
Jacksonville, FL 32246

Merchants Bonding Company
c/o its Registered Agent,
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

North American Specialty Insurance Company
n/k/a Swiss Re Corporate Solutions America
Insurance Corporation
1200 Main Street, Suite 800
Kansas City, MO 64105

Old Dominion Insurance Company
c/o its Registered Agent, Kimberly K. Law
4601 Touchton Rd. E., Ste. 3400
Jacksonville, FL 32246

Platte River Insurance Company
P.O. Box 5900
Madison, WI 53705-0900

_/s/Steven R. Wirth_____
Steven R. Wirth