ORDERED.

Dated: April 18, 2024

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.

Case No. 8:24-bk-00676-RCT

Chapter 11

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO (I) EXTEND TIME FOR FILING PROOFS OF CLAIM BY NON-GOVERNMENTAL CREDITORS TO JULY 18, 2024 AND (II) APPROVE CLAIM SUBMISSION PROCEDURES**

THIS CASE came before the Court for hearing on April 15, 2024 at 2:00 p.m. (E.T.) upon the Trustee's Motion to (I) Extend Time for Filing Proofs of Claim by Non-Governmental Creditors to July 18, 2024 and (II) Approve Claim Submission Procedures (Doc. No. 147) (the "Motion")[1]. The Motion seeks entry of an order (a) extending the deadline for non-governmental creditors to file proofs of claim for an additional 90 days, through July 18, 2024 and (b) approving procedures for notice of the extended bar date and for submission of claims to the Debtor's claims agent.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

75982819;1

this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

  **ORDERED**:

  1. The Motion is **GRANTED**, as set forth herein.

  2. Except as otherwise set forth herein, **July 18, 2024 at 5:00 p.m. (prevailing Eastern Time)** is hereby established as the Extended Bar Date, the deadline by which non-governmental creditors must file a Proof of Claim, without prejudice to the right to seek further extensions as may be necessary.

  3. If the Trustee files an amendment to or supplements the Debtor's Schedules subsequent to the mailing of the Extended Bar Date Notice to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, the Trustee will provide notice of any such amendment or supplement to the holders of the claims affected thereby within five (5) business days of such filing. Holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on the later of (i) the Extended Bar Date, or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the date on which such notice of amendment or supplement is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Trustee

files an amendment or supplement to the Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation.

4. The Debtor's Claims Agent shall mail, by first class mail, the Bar Date Package on a date that is not more than three (3) business days after entry of this Order. Each Bar Date Notice Party will receive (i) the Extended Bar Date Notice and (ii) a Proof of Claim Form substantially in the form attached hereto as **Exhibit 2**.

5. After the initial mailing of the Bar Date Package, the Trustee may, in his discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses;[2] (ii) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Trustee for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process. In this regard, the Trustee requests that the Court permit him to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time. These proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date. If the Trustee determines after the Bar Date Notice Mailing Date that additional parties should receive the Bar Date Package, then the date by which a Proof of Claim must be filed by any such parties shall be the later of (i) the Extended Bar Date, the Government Bar Date, or the Administrative Claims Bar Date, as applicable, or (ii) twenty-one (21) days from the mailing of the Bar Date Package to such additional parties (the "Supplemental

---

[2] If notices are returned as "return to sender" without a forwarding address, the Trustee will use his best efforts to locate an address or other contact information in the Debtor's books and records or through public searches. However, if the Trustee is unable to locate an additional address or contact information, the Trustee shall not be required to mail or otherwise transmit additional notices to such creditors.

75982819;1

Bar Date").

6. The Claims Agent shall prominently display the Extended Bar Date and post the Proof of Claim Form and Extended Bar Date Notice on its website at:

https://dm.epiq11.com/case/centerforspecialneedstrustadministration/info.

7. In accordance with Bankruptcy Rule 2002(p)(2), the Trustee shall serve the Bar Date Package on the Debtor's known creditors with foreign addresses so as to provide such creditors with not less than thirty (30) days' notice of the Bar Date.

9. Each original Proof of Claim, including supporting documentation, must be (i) filed electronically through the Claims Agent's website at https://dm.epiq11.com/centerforspecialneedstrustadministration or (ii) sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received by the Claims Agent on or before the applicable Bar Date in accordance with the Extended Bar Date Order, at the following address

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| The Center for Special Needs Trust Administration, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4419 Beaverton, OR 97076-4419 | The Center for Special Needs Trust Administration, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

10. Proofs of Claim will be deemed timely filed only if actually received by the Claims Agent on or before the Extended Bar Date.

11. Each Proof of Claim must:

   a. be written in the English language;

   b. denominate the claim in lawful currency of the United States as of the Petition Date;

   c. conform substantially with the Claim Form;

    d. be signed by the claimant or by an authorized agent of the claimant;

    e. include any available supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and

    f. set forth the legal and factual basis for the alleged claim.

12. Any party who wishes to receive from the Claims Agent a proof of receipt of its Proof of Claim must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

13. Unless otherwise ordered by the Court, any holder of a non-governmental claim against the Debtor who is required, but fails, to file a Proof of Claim in accordance with the Extended Bar Date Order on or before the Extended Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in the Chapter 11 Case.

14. Notice of the Bar Date Package shall be deemed good, adequate, and sufficient notice if it is served as provided for herein, upon the following Bar Date Notice Parties:

    a. the U.S. Trustee;

    b. counsel to the Official Committee of Unsecured Creditors;

    c. each creditor listed on the Schedules at the address maintained by the Claims Agent;

    d. any other known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time) and their counsel if known;

    e. all parties known to the Trustee and his counsel, if known, as having potential claims against the Debtor's estate;

    f. all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    g. all parties to litigation with the Debtor (as of the date of the entry of the order granting this Motion);

    h. all parties who have requested notice pursuant to Bankruptcy Rule 2002;

   i. the Internal Revenue Service;

   j. all regulatory agencies that have jurisdiction over the Debtor;

   k. all applicable state and local tax authorities; and

   l. the Debtor's most recent officers and directors and their counsel.

15. The Extended Bar Date Notice and the Proof of Claim Form, each substantially in the forms annexed hereto as **Exhibit 1** and **Exhibit 2**, respectively, are approved in all respects.

16. Prior to mailing the Bar Date Package, the Trustee may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other nonmaterial changes to the Extended Bar Date Notice and the Proof of Claim Form as the Trustee deems necessary or appropriate.

17. Nothing in this Order shall prejudice the right of the Trustee or any other party in interest to (i) dispute and/or object to any prepetition claim reflected in the Schedules (or any amendments thereto) or any Proof of Claim filed in the Chapter 11 Case on any grounds; (ii) to assert offsets, recoupment rights or defenses with respect to any claim, including but not limited to amount, liability, classification, or otherwise; (iii) to assert any defenses related to substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers; or (iv) to assert defenses to any claim based on, and/or subsequently designated any claim as, disputed, contingent, unliquidated, or undetermined.

18. Notification of the relief granted in this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors in connection with claims they may have against the Debtor in this Chapter 11 Case.

19. Entry of this Order is without prejudice to the rights of the Trustee to seek a further order of this Court fixing the date by which holders of claims not subject to the Extended

Bar Date established herein must file such claims against the Debtor.

20. The Trustee and the Claims Agent are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

21. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

*Attorney Steven Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

**Exhibit 1**
**(Extended Bar Date Notice)**

75982819;1

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS　　　　　Case No. 8:24-bk-00676-RCT
TRUST ADMINISTRATION, INC.,

　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　Debtor.
_____/

### NOTICE OF EXTENDED BAR DATE FOR NON-GOVERNMENTAL CLAIMANTS

　　　　The United States Bankruptcy Court for the Middle District of Florida (the "Court"), having jurisdiction over the chapter 11 case of The Center for Special Needs Trust Administration, Inc. (the "Debtor"), has entered an order (Doc. No. __) (the "Extended Bar Date Order") establishing **July 18, 2024 at 5:00 p.m. (prevailing Eastern Time)** (the "Extended Bar Date") as the extended deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on any asserted claims against the Debtor that arose prior to the Petition Date (as defined below). The Extended Bar Date Order and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtor that arose prior to February 9, 2024 (the "Petition Date"), the date the Debtor commenced this chapter 11 case under the Bankruptcy Code (the "Chapter 11 Case").

　　　　This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor, but may not have a claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim against the Debtor or that the Debtor or the Court believe that you have such a claim.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

　　　　If the Trustee files an amendment to or supplements the Debtor's Schedules subsequent to the mailing of this Extended Bar Date Notice to reduce the undisputed, noncontingent, and liquidated amount of a claim, to change the nature, priority, or classification of a claim, or to add a new claim, he will provide notice of any such amendment or supplement to the holders of the claims affected thereby within five (5) business days of such filing. Holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on the later of (i) the Extended Bar Date, or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the date on which such notice of amendment or supplement is served (the "Supplemental Schedules Bar Date"); *provided, however*, that any affected party who filed a Proof of Claim prior to the date when the Trustee files an amendment or supplement to the

75982819;1

Debtor's Schedules shall not be required to file another Proof of Claim if the claim set forth in such Proof of Claim is not affected by the amendment or supplementation.

All original Proofs of Claim, including available supporting documentation, must be (i) filed electronically through the Claims Agent's website at https://dm.epiq11.com/case/centerforspecialneedstrustadministration/ or (ii) sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received by the Claims Agent on or before the applicable Bar Date in accordance with the Extended Bar Date Order, at the following address

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| The Center for Special Needs Trust Administration, Inc. | The Center for Special Needs Trust Administration, Inc. |
| Claims Processing Center | Claims Processing Center |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

**NON-GOVERNMENTAL PROOFS OF CLAIM WILL BE DEEMED TIMELY FILED ONLY IF ACTUALLY RECEIVED BY THE CLAIMS AGENT ON OR BEFORE JULY 18, 2024, AT 5:00 P.M. (PREVAILING EASTERN TIME). PROOFS OF CLAIM MAY NOT BE DELIVERED BY FACSIMILE, TELECOPY, OR EMAIL.**

The Trustee is enclosing a proof of claim form (the "Proof of Claim Form") for use in the Chapter 11 Case. You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtor. You should utilize the Proof of Claim Form enclosed to file your claim.

**IF YOU FILE A PROOF OF CLAIM, YOUR FILED PROOF OF CLAIM MUST (I) BE WRITTEN IN THE ENGLISH LANGUAGE; (II) DENOMINATE THE CLAIM IN LAWFUL CURRENCY OF THE UNITED STATES AS OF THE PETITION DATE; (III) CONFORM SUBSTANTIALLY WITH THE PROOF OF CLAIM FORM; (IV) BE SIGNED BY THE CLAIMANT OR BY AN AUTHORIZED AGENT OF THE CLAIMANT; (V) SET FORTH THE LEGAL AND FACTUAL BASIS FOR THE ALLEGED CLAIM; AND (VI) INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS, INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE.**

Holders of all claims must use the Proof of Claim Form to file a Proof of Claim. Proof of Claim Forms may also be obtained from the Claims Agent website: https://dm.epiq11.com/case/centerforspecialneedstrustadministration/

**EXCEPT WITH RESPECT TO CLAIMS FOR WHICH A PROOF OF CLAIM DOES NOT NEED TO BE FILED UNDER THE BANKRUPTCY CODE (INCLUDING CLAIMS SCHEDULED BY THE DEBTOR AND NOT LISTED AS DISPUTED,**

75982819;1

**UNLIQUIDATED, OR CONTINGENT), OR UNLESS OTHERWISE ORDERED BY THE COURT, ANY HOLDER OF A CLAIM AGAINST THE DEBTOR WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF SUCH CLAIM IN ACCORDANCE WITH THE EXTENDED BAR DATE ORDER ON OR BEFORE THE EXTENDED BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTIONS IN THE CHAPTER 11 CASE.**

If you require additional information regarding the contents of this Notice, you may contact the Claims Agent's restructuring center at (877) 516-1667 (for calls originating in the United States) and +1 (503) 755-1126 (for calls originating outside of the United States) for questions regarding the filing of a proof of claim or by email at centertrustinfo@epiqglobal.com.

DATED: _____, 2024

**AKERMAN LLP**

By: */s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C Elliott
Florida Bar No.: 18732
Email: raye.elliott@akermanl.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee,
Michael Goldberg*

3

75982819;1

**Exhibit 2**
**(Proof of Claim Form)**

75982819;1

United States Bankruptcy Court for the Middle District of Florida
**The Center for Special Needs Trust Administration Inc.**
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

To submit your form online please go to
https://epiqworkflow.com/cases/CSQ

Your Mail ID is as follows:

Name of Debtor: The Center for Special Needs Trust Administration Inc.
Case Number: 24-00676

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

# Proof of Claim (Official Form 410)

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**   ☐ No   ☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

_____
Name

_____
Number      Street

_____
City            State          ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**Where should payments to the creditor be sent?**
(if different)

_____
Name

_____
Number      Street

_____
City            State          ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☐ No
☐ Yes.   Claim number on court claims register (if known) _____

Filed on ____/____/_____
            MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes.   Who made the earlier filing?
_____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ _____.

**Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
             MM / DD / YYYY        Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
         First name      Middle name       Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                   State      ZIP Code

Contact Phone _____  Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.** Leave out or redact confidential information both in the claim and in the attached documents.
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/CenterforSpecialNeedsTrustAdministration) to view your filed form under "Claims."

### Where to File Proof of Claim Form

**First Class Mail:**
The Center for Special Needs Trust Administration, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
The Center for Special Needs Trust Administration, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing:**
**By accessing the E-filing Claims link at**
https://epiqworkflow.com/cases/CSQ

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim for the value of any goods that were sold to the Debtor in the ordinary course of its business and were received by the Debtor within 20 days before the date of commencement of the above case. Attached documentation supporting such claim.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.