# COMPOSITE EXHIBIT "1"

76056448;1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Middle** District of **Florida**

In re  The Center for Special Needs Trust Administration, Inc.

Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

Case No.  8-24-bk-00676-RCT

Chapter  11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  American Momentum Bank c/o its Registered Agent, James L. Wolfe, 4830 West Kennedy Boulevard, Suite 200, Tampa, Florida 33609

*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Exhibit A.**

| PLACE If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida 33602 If by email: raye.elliott@akerman.com | DATE AND TIME May 24, 2024, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 24, 2024

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Raye C. Elliott
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Michael I. Goldberg, Chapter 11 Trustee                  , who issues or requests this subpoena, are:

Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes,

3.      **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch

cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

4.      **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media

2

on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.      **"Communication"** means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6.      If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

### <u>INSTRUCTIONS</u>

Compliance with this Request should be made in accordance with the following:

A.      If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your

3

possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.      All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies.  For all ESI, please produce same in its native format with accompanying metadata.

C.      The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

E.      **Unless otherwise specified to the contrary, all requests are for the time period from account opening through account closure (or through March 31, 2024) whichever is later.**

## DOCUMENTS TO BE PRODUCED

1.      For all accounts in the name of **The Center for Special Needs Administration,**

**Inc., Tax ID #****5979**, including, but not limited to Account Numbers **0035,**

**4196, 1722, 1714, 1338, 1013, 5990, 6075,**

**1640, and 9        1404,** please produce the following:

 a. Account opening applications and signature cards;

 b. Account Statements;

 c. Deposit slips with underlying support (including copies of checks front and back);

 d. Complete copies of all canceled checks (front and bank);

 e. Wire and transfer confirmations; and

 f. Debit memos and withdrawals with underlying support, and credit memos with underlying support.

2.      For all accounts in the name of **Boston Asset Management, Inc., Tax ID #**

**2513**, including, but not limited to Account Number ending in **2614,** please produce the

following:

 a. Account opening applications and signature cards;

 b. Account Statements;

 c. Deposit slips with underlying support (including copies of checks front and back);

 d. Complete copies of all canceled checks (front and bank);

 e. Wire and transfer confirmations; and

 f. Debit memos and withdrawals with underlying support, and credit memos with underlying support.

3.      For all accounts in the name of **Boston Finance Group LLC, Tax ID #**█- █**1901**, including, but not limited to Account Numbers ending in █ **3025, 0013, -MMA,** please produce the following:

    a.  Account opening applications and signature cards;

    b.  Account Statements;

    c.  Deposit slips with underlying support (including copies of checks front and back);

    d.  Complete copies of all canceled checks (front and bank);

    e.  Wire and transfer confirmations; and

    f.  Debit memos and withdrawals with underlying support, and credit memos with underlying support.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Middle__ District of __Florida__

In re  The Center for Special Needs Trust Administration, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  8-24-bk-00676-RCT

Chapter  11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Charles Schwab & Co., Inc. c/o its Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324
*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Exhibit A**.

| PLACE If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602 If by email: raye.elliott@akerman.com | DATE AND TIME May 24, 2024, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 24, 2024

CLERK OF COURT

OR

_____          /s/ Raye C. Elliott
_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Michael I. Goldberg, Chapter 11 Trustee_____ , who issues or requests this subpoena, are:

Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                               _____
                                                               *Server's signature*

                                               _____
                                                              *Printed name and title*

                                               _____
                                                               *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes,

3.      **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch

cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

4.      **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media

2

on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.      **"Communication"** means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6.      If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

<u>**INSTRUCTIONS**</u>

Compliance with this Request should be made in accordance with the following:

A.      If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your

possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.      All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies.  For all ESI, please produce same in its native format with accompanying metadata.

C.      The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

E.      **Unless otherwise specified to the contrary, all requests are for the time period from account opening through account closure (or through March 31, 2024) whichever is later.**



## DOCUMENTS TO BE PRODUCED

1.  For all accounts in the name of **The Center for Special Needs Administration, Inc., Tax ID #**████**5979**, including, but not limited to Account Numbers ████**5037,** ████**6941,** ████**2981,** please produce the following:

    a. Account opening applications and signature cards;

    b. Account Statements;

    c. Deposit slips with underlying support (including copies of checks front and back);

    d. Complete copies of all canceled checks (front and bank);

    e. Wire and transfer confirmations; and

    f. Debit memos and withdrawals with underlying support, and credit memos with underlying support.

2.  For all accounts in the name of **Boston Asset Management, Inc., Tax ID #**████**2513**, including, but not limited to Account Number ████**4611,** please produce the following:

    a. Account opening applications and signature cards;

    b. Account Statements;

    c. Deposit slips with underlying support (including copies of checks front and back);

    d. Complete copies of all canceled checks (front and bank);

    e. Wire and transfer confirmations; and

    f. Debit memos and withdrawals with underlying support, and credit memos with underlying support.

3.  For all accounts in the name of **Boston Finance Group LLC, Tax ID #**████**1901**, please produce the following:

    a. Account opening applications and signature cards;

b.  Account Statements;

c.  Deposit slips with underlying support (including copies of checks front and back);

d.  Complete copies of all canceled checks (front and bank);

e.  Wire and transfer confirmations; and

f.  Debit memos and withdrawals with underlying support, and credit memos with underlying support.

2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Middle** District of Florida

In re  The Center for Special Needs Trust Administration, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  8-24-bk-00676-RCT

Chapter  11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Everbank, N.A., c/o its Records Custodian, 301 W. Bay Street, Jacksonville, FL 32202
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See attached Exhibit A**.

| PLACE If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602<br>If by email: raye.elliott@akerman.com | DATE AND TIME<br>May 24, 2024, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 24, 2024

CLERK OF COURT

OR

_____          /s/ Raye C. Elliott
_____
Signature of Clerk or Deputy Clerk              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Michael I. Goldberg, Chapter 11 Trustee      , who issues or requests this subpoena, are:

Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case of Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes,

3.      **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch

cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

4. **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media

2

on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.      **"Communication"** means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6.      If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

## <u>INSTRUCTIONS</u>

Compliance with this Request should be made in accordance with the following:

A.      If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your

3

possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.     All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies.  For all ESI, please produce same in its native format with accompanying metadata.

C.     The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.     The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

**E.     Unless otherwise specified to the contrary, all requests are for the time period from account opening through account closure (or through March 31, 2024) whichever is later.**

## DOCUMENTS TO BE PRODUCED

1.      For all accounts in the name of **The Center for Special Needs Administration, Inc., Tax ID #▮▮▮▮5979**, please produce the following:

    a.   Account opening applications and signature cards;

    b.   Account Statements;

    c.   Deposit slips with underlying support (including copies of checks front and back);

    d.   Complete copies of all canceled checks (front and bank);

    e.   Wire and transfer confirmations; and

    f.   Debit memos and withdrawals with underlying support, and credit memos with underlying support.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Middle** District of **Florida**

In re  The Center for Special Needs Trust Administration, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  8-24-bk-00676-RCT

Chapter  11

_____
Plaintiff

v.

Adv. Proc. No.  _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Evolve Bank & Trust Corp. c/o its Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See attached Exhibit A**.

| PLACE If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602    If by email: raye.elliott@akerman.com | DATE AND TIME May 24, 2024, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 24, 2024

CLERK OF COURT

OR

_____     /s/ Raye C. Elliott
*Signature of Clerk or Deputy Clerk*      _____
                                           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Michael I. Goldberg, Chapter 11 Trustee _____ , who issues or requests this subpoena, are:

Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                        *Server's signature*

                                                        _____
                                                                        *Printed name and title*

                                                        _____
                                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case of Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes,

3.      **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch

cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

4.    **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media

on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.      **"Communication"** means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6.      If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

## <u>INSTRUCTIONS</u>

Compliance with this Request should be made in accordance with the following:

A.      If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your

possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.      All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies.  For all ESI, please produce same in its native format with accompanying metadata.

C.      The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

**E.      Unless otherwise specified to the contrary, all requests are for the time period from account opening through account closure (or through March 31, 2024) whichever is later.**

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      For all accounts in the name of **The Center for Special Needs Administration,**
**Inc., Tax ID #**████**5979**, please produce the following:

      a.   Account opening applications and signature cards;

      b.   Account Statements;

      c.   Deposit slips with underlying support (including copies of checks front and
back);

      d.   Complete copies of all canceled checks (front and bank);

      e.   Wire and transfer confirmations; and

      f.   Debit memos and withdrawals with underlying support, and credit memos
with underlying support.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Middle** District of **Florida**

In re **The Center for Special Needs Trust Administration, Inc.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **8-24-bk-00676-RCT**

Chapter **11**

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Fidelity Brokerage Services, LLC c/o its Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See attached Exhibit A.**

| PLACE If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602 If by email: raye.elliott@akerman.com | DATE AND TIME May 24, 2024, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **April 24, 2024**

CLERK OF COURT

OR

_____          /s/ Raye C. Elliott
*Signature of Clerk or Deputy Clerk*          _____
                                                                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Michael I. Goldberg, Chapter 11 Trustee**  , who issues or requests this subpoena, are:
**Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes,

3.      **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch

cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

4.      **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media

2

on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.     **"Communication"** means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6.     If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.     **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

### INSTRUCTIONS

Compliance with this Request should be made in accordance with the following:

A.     If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your

3

possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.      All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies.  For all ESI, please produce same in its native format with accompanying metadata.

C.      The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

**E.      Unless otherwise specified to the contrary, all requests are for the time period from account opening through account closure (or through March 31, 2024) whichever is later.**

76057383;1

## DOCUMENTS TO BE PRODUCED

1.      For all accounts in the name of **The Center for Special Needs Administration, Inc., Tax ID #**████**5979**, including, but not limited to Account Number ████**2207,** please produce the following:

      a.  Account opening applications and signature cards;

      b.  Account Statements;

      c.  Deposit slips with underlying support (including copies of checks front and back);

      d.  Complete copies of all canceled checks (front and bank);

      e.  Wire and transfer confirmations; and

      f.  Debit memos and withdrawals with underlying support, and credit memos with underlying support.

2.      For all accounts in the name of **Boston Asset Management, Inc., Tax ID #**██ ██**2513**, including, but not limited to Account Number ████**8490,** please produce the following:

      a.  Account opening applications and signature cards;

      b.  Account Statements;

      c.  Deposit slips with underlying support (including copies of checks front and back);

      d.  Complete copies of all canceled checks (front and bank);

      e.  Wire and transfer confirmations; and

      f.  Debit memos and withdrawals with underlying support, and credit memos with underlying support.

3.      For all accounts in the name of **Boston Finance Group LLC, Tax ID #**██ ██**1901**, please produce the following:

a.  Account opening applications and signature cards;

b.  Account Statements;

c.  Deposit slips with underlying support (including copies of checks front and back);

d.  Complete copies of all canceled checks (front and bank);

e.  Wire and transfer confirmations; and

f.  Debit memos and withdrawals with underlying support, and credit memos with underlying support.

2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Middle__ District of __Florida__

In re __The Center for Special Needs Trust Administration, Inc.__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __8-24-bk-00676-RCT__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Regions Bank f/k/a AmSouth Bank, c/o Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301__
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Exhibit A**.

| PLACE If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida 33602 If by email: raye.elliott@akerman.com | DATE AND TIME May 24, 2024, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 24, 2024__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Raye C. Elliott
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Michael I. Goldberg, Chapter 11 Trustee__, who issues or requests this subpoena, are:

Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com; (813) 209-5013

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes,

3.      **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch

cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

     4.     **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media

76057406;1

on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.      **"Communication"** means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6.      If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

## INSTRUCTIONS

Compliance with this Request should be made in accordance with the following:

A.      If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your

76057406;1

possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.      All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies.  For all ESI, please produce same in its native format with accompanying metadata.

C.      The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

**E.      Unless otherwise specified to the contrary, all requests are for the time period from account opening through account closure (or through March 31, 2024) whichever is later.**

## DOCUMENTS TO BE PRODUCED

1.      For all accounts in the name of **The Center for Special Needs Administration, Inc., Tax ID #** ████**5979**, please produce the following:

      a.   Account opening applications and signature cards;

      b.   Account Statements;

      c.   Deposit slips with underlying support (including copies of checks front and back);

      d.   Complete copies of all canceled checks (front and bank);

      e.   Wire and transfer confirmations; and

      f.   Debit memos and withdrawals with underlying support, and credit memos with underlying support.