**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

      Debtor.

_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S**
**EXPEDITED MOTION TO DETERMINE AUTOMATIC STAY DOES NOT EXIST, OR**
**ALTERNATIVELY, MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
(*Preliminary* c*onsideration requested May 23, 2024 if possible*)

The Official Committee of Unsecured Creditors (the "**Committee**"), by and through its

counsel*,* files this Expedited Motion to Determine Automatic Stay Does Not Exist, or Alternatively

Motion for Relief from the Automatic Stay ("**Motion**") and in support thereof states as follows:

**Preliminary Statement**

Many of the Center for Special Needs Trust Administration, Inc.'s ("**Debtor**") 2,000+

individual trusts, and individual trust relationships if part of pool (i.e., a pooled trust), have regular

payments (the "**Payments**") deposited into the Debtor, both pre- and post-petition, on a monthly,

quarterly, annually, or other basis, pursuant to their individual trust agreements, situations, and

associated settlement contracts.  Following discovery of the disappearance of over $100,000,000

and the resignation of the Debtor's high-level employees, Michael Goldberg was appointed as

chapter 11 trustee ("**Trustee**") to (1) oversee the wind down of the Debtor's business, (2) ascertain

ownership (or loss) of trust property as to each of the 2,000+ individual trusts from trust property,

and (3) pursue recovery of the "missing" funds.

As a result of the missing property, and despite the strong reputation of the Trustee, many

beneficiaries, their fiduciaries (if applicable), and their families are not willing to continue to have

Payments paid to and received by the Debtor.  In fact, some have already removed the Debtor as a trustee (or as a co-trustee) *with respect to new Payments only* or have begun to deposit new Payments into Non-Debtor Accounts,[1] such as guardianship accounts or other special needs trust accounts, for safekeeping.

Problematically, however, certain "payers" (i.e., annuity companies) have withheld or threatened to withhold Payments to Non-Debtor Accounts until they receive an order from this Court confirming that removal of the Debtor as trustee *with respect to new Payments only*, or depositing Payments into Non-Debtor Accounts, is not a violation of the automatic stay.

Even assuming that somehow complying with individual trust agreements or depositing Payments into Non-Debtor Accounts were a violation of the automatic stay, good cause exists to grant relief from the automatic stay (1) to confirm termination or removal of the Debtor as trustee consistent with applicable trust documents and/or applicable state law *in connection with new Payments only* is not a violation of the automatic stay and (2) to confirm that the deposit of all post-petition Payments into Non-Debtor Accounts is not a violation of the automatic stay. **To be clear, this Motion does not seek to extract, remove, or address funds currently held by the Debtor on behalf of beneficiaries, which the Trustee and his professionals are still analyzing**. Any beneficiaries or fiduciaries who choose to terminate or remove the Debtor as trustee *with respect to new Payments only* or place new Payments into Non-Debtor Accounts will do so at their own risk. The Trustee does not oppose the relief requested herein.

---

[1] "**Non-Debtor Accounts**" means accounts where the Debtor is not identified as the trustee of a particular trust or where the account is not an account associated with the trust of which Debtor was and/or is the trustee or fiduciary, such as a guardianship account or a different trust.

**Jurisdiction**

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this District pursuant to 28 U.S.C. § 1408.

**Background**

2.      On February 9, 2024, the Debtor filed a voluntary chapter 11 petition (Doc. No. 1) ("**Petition Date**"). The Debtor was an administrator of special needs trusts across the country prior to filing bankruptcy.  Prepetition, it was discovered that over $100,000,000 was missing from beneficiaries' accounts.

3.      On March 4, 2024, the United States Trustee filed its *Notice of Appointment of Official Unsecured Creditors Committee* (Doc. No. 75) thereby giving notice of the appointment of the Committee.[2]

4.      On March 21, 2024, the Court appointed Michael Goldberg as the chapter 11 Trustee (Doc. No. 109).

5.      Further information regarding the Debtor's history, business operations, and the events leading up to the commencement of this chapter 11 case can be found in the Case Management Summary (Doc. No. 7).

6.      Many beneficiaries continue to receive, or are supposed to receive, Payments on an ongoing and regular basis (monthly, quarterly, annually, etc.) into their individual trust accounts. Despite the appointment of the Trustee, certain beneficiaries wish to remove the Center as trustee in accordance with their trust agreements and place their funds elsewhere.

---

[2] The Committee and the notice were subsequently amended at Doc. Nos. 76 and 87.

7.     The Trustee has repeatedly articulated that the Debtor does not deserve to be in the business of trust administration.  Recently, the Trustee has stated he has identified a replacement trust administrator to take over the actual trust administration of the 2,000+ individual trusts where the Debtor is still identified as the trustee.  However, a process that enables trust beneficiaries to opt out and move their funds may take some time. Beneficiaries have asked the Committee to take immediate action to facilitate this process to avoid having to put new and "clean" Payments into the Center, which is still working through the accounting of how much is in each beneficiary's account.

8.     Understandably, while the Trustee has assured beneficiaries (and/or their fiduciaries (because many of the beneficiaries are cognitively impaired)) that those who were in control of the Debtor when trust assets went "missing" no longer control individual trust property, many beneficiaries are still quite uncomfortable with having new Payments received by, held by, administered by, and distributed by the Debtor.

9.     Some beneficiaries have, post-petition, taken action to appoint successor trustee pursuant to their induvial trust documents or under applicable state law.  To avoid any confusion that the automatic stay applies, the Committee seeks confirmation that the automatic stay has not, and will not be violated where 1) actions are or were previously taken pursuant to and in compliance with applicable terms, documents and provisions within individual trusts to remove the Debtor as trustee *with respect to new Payments only*, 2) actions are or were previously taken pursuant to state law to remove the Debtor as the trustee of a particular individual trust *with respect to new Payments only*, or 3) Payments are or were previously deposited into a Non-Debtor Account post-petition.  Again, to be clear, the Committee is not seeking any form of relief to remove the Debtor as trustee or force an accounting of funds the Debtor or Trustee are currently holding;

rather, this Motion only seeks to permit beneficiaries to 'take their new Payments' elsewhere, at their own risk.

10.     Violations of the automatic stay, even unfounded allegations, have serious consequences for beneficiaries, especially beneficiaries who have "special needs" and are physically and/or cognitively impaired.  The Committee has become aware that some payors under structured settlement annuity contracts have withheld Payments to accounts where the Debtor is identified as a trustee or fiduciary (such as non-Debtor conservatorship, guardianship, or trust accounts) due to concerns that the automatic stay has been violated.  "Payers" of these vitally important and crucial Payments have also asked (albeit indirectly) for an Order from this Court determining that the automatic stay has not, nor will be, violated as a result of new Payments being deposited into a Non-Debtor Account.

### Relief Sought

11.     Section 11 U.S.C. § 362(d)(1) and (2) provide that, upon request of a party in interest, the court shall grant relief from the automatic stay for "cause."

12.     Cause exists here to permit beneficiaries to remove the Debtor as a trustee *with respect to new Payments only*, or to cause new Payments to be placed in Non-Debtor Accounts. First, the Debtor has indicated it will be appointing a new trust administrator who will take over the day-to-day administration of "trust property" while the Debtor winds down and liquidates. The Trustee is not in the trust administration business, and there is no reason why beneficiaries need to wait to have their new Payments placed elsewhere if they choose.

13.     Second, permitting an individual trust to receive Payments into a non-Debtor Account does not affect the Debtor or the Debtor's bankruptcy estate in any way, other than to reduce assets under management of the Debtor, that is liquidating and exiting the business.

14.    Third, the Trustee's obligations to continue to administer and account for "trust property" should not be affected by new Payments into non-Debtor accounts.  The Debtor will continue to administer only assets under its control in accordance with this Court's orders, *see e.g.* Doc. No. 176, and the Debtor should be relieved of any and all fiduciary duties (and liabilities) with respect to new Payments deposited into non-Debtor accounts.  Beneficiaries who wish to deposit new Payments into Non-Debtor Accounts or remove the Debtor as a trustee or co-trustee *with respect to new Payments only* will do so at their own risk.

15.    In filing this Motion, the Committee merely seeks to ensure that beneficiaries may, in accordance with their existing trust agreements and applicable state law, direct "new money" trust receipts into Non-Debtor Accounts without violating the automatic stay, and that acts to remove the Debtor as trustee and appoint a successor in accordance with the express terms of trust agreements and applicable state law *with respect to new Payments only*, are not violations of the automatic stay. The Trustee does not oppose the relief requested herein.

16.    Each individual trust and/or each beneficiary of an individual trust seeking to terminate or remove the Debtor as trustee *with respect to new Payments only* or have new Payments deposited into a Non-Debtor Account shall do so as his or her own peril and risk, and neither the Committee, the Trustee, the Debtor, nor any of their agents, attorneys, representatives, employees, directors, officers, successors, and assigns, shall be responsible or liable for any and all actions, causes of action, suits, claims, demands, liabilities, obligations, damages, costs, expenses, resulting from any beneficiaries taking such action. ANY BENEFICIARY CONSIDERING DEPOSITING TRUST PROCEEDS INTO A NON-DEBTOR ACCOUNT, OR REMOVING THE DEBTOR AS TRUSTEE *WITH RESPECT TO NEW PAYMENTS ONLY*, ARE ENCOURAGED TO CONSULT

WITH LEGAL COUNSEL BEFORE DOING SO TO AVOID RISK OF LOSS OF MEANS-TESTED GOVERNMENTAL BENEFITS OR ADVERSE LEGAL CONSEQUENCES.

**WHEREFORE**, the Committee respectfully requests the entry of an order 1) granting this Motion, 2) determining that the deposit of new  Payments into Non-Debtor Accounts (retroactive to the Petition Date) does not violate the automatic stay, 3) determining that removal of the Debtor as trustee and appointment of a successor trustee pursuant to individual trust agreements and state law (retroactive to the Petition Date) *with respect to new Payments only* are not violations of the automatic stay, and 4) and for all other things the Court finds just and proper.

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
Scott A. Underwood
Florida Bar Number 730041
Daniel E. Etlinger
Florida Bar Number 0077420
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email:  mmurray@underwoodmurray.com
        sunderwood@underwoodmurray.com
        detlinger@underwoodmurray.com
*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee, the Trustee, and Debtor's counsel, on May 21, 2024.

/s/ Megan W. Murray
Megan W. Murray