**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor._____/ | |

**CHAPTER 11 TRUSTEE'S EXPEDITED MOTION FOR TURNOVER**
**OF RECORDS FROM FIDUCIARY TAX & ACCOUNTING SERVICES, LLC**
**(Request for Expedited Consideration Requested)**

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, requests entry of an order compelling Fiduciary Tax & Accounting Services, LLC ("FTAS") to turnover documents and other records of the Debtor, The Center for Special Needs Trust Administration, Inc.

**Background**

1. On February 9, 2024, The Center for Special Needs Trust Administration, Inc. (the ("Center" or the "Debtor") filed a voluntary chapter 11 petition (Doc. 1).

2. On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

3. On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

4. The Debtor is a 501(c)(3) non-profit Florida corporation that administers pooled trusts and special needs trusts. The Debtor is the trustee or co-trustee of numerous special needs

trusts, including both stand-alone trusts and pooled trusts (the "Trusts") for approximately 2,000 beneficiaries who suffer from various levels of disability (the "Beneficiaries"). The Debtor's primary service as trustee of the Trusts is to manage the Trusts, maintain records for assets managed by third-party investment managers, respond to request for distributions from Beneficiaries, and make distributions in a manner that still ensures that the applicable beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits, such as Medicaid, Social Security, or Supplemental Security Income. The Debtor's services help to ensure that Beneficiaries maintain their qualification for these critical public assistance benefits.

5. Prior to the Petition Date, the Debtor retained FTAS to provide all required annual trust accountings and to file all tax returns for each Trust. FTAS is purportedly owned by John Witeck ("Witeck"). However, the managing member of FTAS is American Tax Professionals, LLC which is owned by Leo Govoni ("Govoni"), the founder of the Debtor and the central figure in the misappropriation of at least $100 million of trust funds at issue in this case. Up until 2023, Govoni signed all annual reports filed with the Florida Secretary of State for FTAS as its managing member. Witeck testified in a lawsuit by a former beneficiary that Govoni formed FTAS and owns a majority interest in FTAS.

6. On March 27, 2024, the Trustee filed an Application for Employment of Soneet R. Kapila and KapilaMukamal (the "Chapter 11 Trustee's Accountants") as Forensic Accountant for Chapter 11 Trustee *Nunc Pro Tunc* to March 21, 2024 (Doc. 124) which was granted by the Court by order dated April 2, 2024 (Doc. 138).

7. Because of FTAS's connection with Govoni, the Chapter 11 Trustee does not want FTAS to provide any services for the Debtor, including the filing of required state and federal tax returns for each of the Trusts. The Chapter 11 Trustee was advised that FTAS previously filed

extensions for each of the Trust's 2023 income tax returns and the returns are due by September 30, 2024. The Chapter 11 Trustee's Accountants are ready and willing to prepare and file the required tax returns for each of the Trusts by the tax deadline (approximately four months from now). However, in order to prepare the 2023 tax returns for the Trusts, the Chapter 11 Trustee's Accountants need copies of the 2023 income tax extensions filed by FTAS including proof of timely filing, copies of the income tax returns for the last three years for each Trust including the supporting tax workpapers, and a list of all the Trusts for which FTAS has prepared 2023 tax filings with the status of the tax filings to date for each of the trusts administered by the Debtor (the "Tax Records"). To the extent 2023 tax returns have been prepared and filed, the Accountants need copies of such returns and supporting tax workpapers as well. For the reasons stated below, time is of the essence.

8. On May 23, 2024, counsel for the Chapter 11 Trustee sent a demand letter to FTAS by email and certified mail demanding immediate turnover of the Tax Records, as well as all documents and files related to the Debtor (the "Debtor's Records"). A copy of the demand letter is attached as Exhibit A.[1]

9. FTAS has not responded to the demand letter or turned over the Tax Records or Debtor's Records.

10. The Chapter 11 Trustee also issued a subpoena to FTAS on May 8, 2024 for production of the Debtor's Records (Doc. 209). The subpoena wasn't served on FTAS until May 25, 2024 because the process server could not locate FTAS at its purported business address on file with the Florida Secretary of State or at the address of its managing member, American Tax Professionals, LLC whose purported business address on file with the Florida Secretary of State is, in fact, the

---

[1] The demand letter also demanded the return of $117,200 (the "Unauthorized Payments") paid to FTAS by the Debtor post-petition without FTAS having been retained by the Debtor in this bankruptcy case and the Court having approved its retention and the compensation. In not paid prior to the demand deadline, the Chapter 11 Trustee intends to bring an adversary proceeding against FTAS for recovery of the Unauthorized Payments pursuant to 11 U.S.C. § 549.

3

76583709

location of a bar and grill owned by Govoni and/or his son. The subpoena was finally served on FTAS at Witeck's home address. FTAS's response to the subpoena is due June 5, 2024.

## **Relief Requested**

11. By this Motion, the Chapter 11 Trustee seeks entry of an order substantially in the form attached as <u>Exhibit B</u> compelling FTAS to turn over the Tax Records and the Debtor's Records. The Trustee also seeks an award of his attorneys' fees and costs incurred in bringing this Motion.

## **Basis for Relief Requested**

12. Section 542(e) provides, in pertinent part:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

13. A chapter 11 bankruptcy estate is comprised of "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of "any act to. . . exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Further, actions taken in violation of the automatic stay are void. *See United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'").

14. Congress included "orders to turn over property of the estate" among the "core" proceedings that bankruptcy judges "may hear and decide." 28 U.S.C. § 157(b)(2)(E). Indeed, this Court's "exercise of exclusive jurisdiction over all the debtor's property" is one of the "[c]ritical features of every bankruptcy proceeding." *In re Garcia,* 471 B.R. 324, 329 (Bankr. D.P.R. 2012)

4

(quoting *Central Va. Comm. College v. Katz,* 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006)); *accord In re SE Materials, Inc.,* 467 B.R. 337 (Bankr. M.D.N.C. 2012). A party who knowingly refuses to turnover property of an estate following request violates the automatic stay. *In re Underground, LLC*, 2010 WL 4642054, at *1 (Bankr. D. Wyo. 2010) ("[A] refusal to turn over property is a violation of the automatic stay."); *In re Williams*, 316 B.R. 534, 543 (Bankr. E.D. Ark. 2004) (finding that GMAC's failure to turn over the debtor's property, once it became aware of the bankruptcy filing, constituted a willful violation of the automatic stay); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 490 (Bankr. S.D. N.Y. 2003) ("This Court agrees with those decisions holding that refusal to turn over property of a debtor's estate to the debtor upon demand constitutes an "exercise of control" over the debtor's property within the scope of § 362(a)(3).").

15. The Tax Records and Debtor's Records constitute the Debtor's and Beneficiaries' records and "recorded information such as books, documents, records, and papers, relating to the debtor's property or financial affairs." The Tax Records and Debtor's Records constitute property of the estate and are of significant importance to the Debtor and its estate, the Beneficiaries, as well as the administration of the Trusts and the Debtor's fulfilling its duties, including the timely filing of tax returns for the Trusts. The Chapter 11 Trustee's Accountants cannot prepare the required tax returns for the Trusts without the Tax Records. Further, not all Beneficiaries have received these important tax documents from last years' returns. Accordingly, FTAS must be compelled to immediately turn over the Tax Records and Debtor's Records.

16. Once the Debtor receives these tax documents, Beneficiaries will be provided a means to obtain their tax documents to the extent they have not already received them directly from FTAS or the Debtor previously.

**Conclusion**

WHEREFORE, the Chapter 11 Trustee requests this Court enter an order substantially in the form attached hereto as Exhibit B compelling FTAS to immediately turn over the Tax Records and Debtor's Records, awarding the amount of attorneys' fees and costs incurred by the Chapter 11 Trustee in bringing this Motion, and providing such further relief as the Court deems just.

Respectfully submitted,

AKERMAN LLP

By: */s/ Steven R. Wirth*
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C Elliott
    Florida Bar No.: 18732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

    *Counsel for Chapter 11 Trustee, Michael Goldberg*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and copies of were served by U.S. Mail on the following:

| | |
|---|---|
| Fiduciary Tax & Accounting Services, LLC<br>737 Main Street, Suite 201<br>Safety Harbor, FL 34695<br>*Principal place of business on file with the Florida Secretary of State* | Fiduciary Tax & Accounting Services, LLC<br>c/o its Registered Agent, John Witeck<br>970 Palmetto Drive<br>Safety Harbor, FL 34695<br>*John Witeck's home address* |

And by email to:

| | |
|---|---|
| John Witeck<br>john@ftas.tax | Julie Fuhrer<br>julie@ftas.tax |

                                                                                            */s/Steven R. Wirth*
                                                                                            Steven R. Wirth

# Exhibit A



Steven R. Wirth

Akerman LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250

D: 813 209 5093
T: 813 223 7333
F: 813 223 2837
DirF: 813 218 5407
steven.wirth@akerman.com

May 23, 2024

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**AND ELECTRONIC MAIL (John@ftas.tax)**

Fiduciary Tax & Accounting Services, LLC
c/o of its Registered Agent, John Witeck
737 Main Street, Suite 200
Safety Harbor, FL 34695

Fiduciary Tax & Accounting Services, LLC
c/o of its Managing Member, American Tax Professionals, LLC
12707 49th Street N., Ste. 200
Clearwater, FL 33762

Re: In re The Center for Special Needs Trust Administration, Inc.; United States Bankruptcy Court, Middle District of Florida; Case No.: 8:24-bk-00676-RCT

Dear Mr. Witeck:

This firm represents Michael Goldberg, as Chapter 11 bankruptcy trustee (the "Trustee") for the bankruptcy case filed by The Center for Special Needs Trust Administration, Inc. On February 9, 2024 (the "Petition Date"), The Center for Special Needs Trust Administration, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Case"). On March 21, 2024, the Trustee was appointed Chapter 11 Trustee in the Bankruptcy Case.

The Debtor made payments totaling $117,200.00 to Fiduciary Tax & Accounting Services, LLC ("FTAS") after the Petition Date as follows:

    March 7, 2024 – $71,350.00
    March 22, 2024 – $43,500.00
    April 9, 2024 – $2,350.00

The Debtor has not retained FTAS through the Bankruptcy Case and its employment has not been approved by the bankruptcy court. As a result, the post-Petition Date payments to FTAS constitute unauthorized post-petition transfers that can be recovered by the Trustee pursuant to 11 U.S.C. § 549 which provides that, "the trustee may avoid a transfer of property of the estate . . . that is not authorized under this title or by the court."

akerman.com

76509344;1

Fiduciary Tax & Accounting Services, LLC
May 23, 2024
Page 2

_____

Accordingly, please remit payment in the amount of $117,200 payable to the Debtor and send it to my attention at the address above. If I do not receive full payment from you or otherwise hear from you to resolve this matter within ten (10) days of the date of this letter, the Trustee reserves all remedies to recover such payments including filing an adversary proceeding against FTAS with the bankruptcy court to recover the payments, plus attorneys' fees and costs.

Additionally, FTAS is holding property of the Debtor that must be turned over immediately to the Trustee. This property consists of the following:

> (i) a schedule or list of the trusts administered by the Debtor for which FTAS prepared tax filings, including the 2023 required returns and status of filings;
> (ii) copies of the income tax extensions filed for each of the trusts administered by the Debtor;
> (iii) copies of the prior income tax returns for the last two years for each trust;
> (iv) all documents and files related to the Debtor.

These documents must be turned over to the Trustee immediately. If FTAS does not turnover these documents within three (3) days of the date of this letter, the Trustee will file a motion to compel turnover with the bankruptcy court, which will include a request for reimbursement for attorneys' fees and costs.

Nothing set forth herein is intended, nor shall it be deemed to modify, limit, release, reduce or waive any of the Trustee's rights, remedies, and privileges at law or in equity, all of which are specifically reserved.

                                                               Sincerely,

                                                                *Steven R. Wirth*

                                                               Steven R. Wirth

cc:      Teresa Dorr, Esq. (teresa.dorr@usdoj.gov)
           Megan Murray, Esq. (mmurray@underwoodmurray.com)
           Julie Fuhrer (Julie@ftas.tax)

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                                  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                              Chapter 11

     Debtor.
_____/

**ORDER GRANTING CHAPTER 11 TRUSTEE'S**
**EXPEDITED MOTION FOR TURNOVER OF RECORDS**
**FROM FIDUCIARY TAX & ACCOUNTING SERVICES, LLC**

This case is before the Court upon the Chapter 11 Trustee's Expedited Motion for Turnover of Records From Fiduciary Tax & Accounting Services, LLC (Doc. __) (the "Motion"). Upon review of the record before the Court and having heard argument of counsel at the hearing held on _____, 2024, it is,

**ORDERED**:

    1.    The Motion (Doc. ___) is **GRANTED**.

    2.    Not later than three (3) after the entry of this Order, Fiduciary Tax & Accounting Services, LLC ("FTAS") shall turn over to Michael Goldberg, Chapter 11 Trustee, or his authorized representative, the following documents and records:

76583722;1

      i.      The 2023 income tax extensions filed by FTAS for each of the trusts administered by the Debtor;

      ii.      The income tax returns filed with the IRS and state returns or other required filings for the last three years (2020, 2021 and 2022) for each of the trusts administered by the Debtor;

      iii.      A list of all the Trusts for which FTAS has prepared 2023 tax filings with the status of the tax filings to date for each of the trusts administered by the Debtor. To the extent 2023 tax returns have been prepared and filed, the copies of such returns and supporting tax workpapers shall be turned over as well.

3.      Not later than three (3) days after the entry of this Order, FTAS shall turn over to Michael Goldberg, Chapter 11 Trustee, or his authorized representative, all documents and files related to the Debtor within FTAS's possession, custody or control.

4.      The Chapter 11 Trustee is awarded his attorneys' fees and costs incurred for bringing the Motion in the amount of $_____.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

2