UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                Chapter 11

     Debtor.
_____/

**JOINT MOTION OF CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) CONTINUE HEARING ON MOTION TO ENFORCE AUTOMATIC STAY, (II) EXTEND BRIEFING SCHEDULE, AND (III) UTILIZE JUNE 14, 2024 HEARING DATE AS SCHEDULING CONFERENCE**

     Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee") and the official committee of unsecured creditors (the "Committee" and together with the Chapter 11 Trustee, the "Movants"), by and through undersigned counsel, submit this Joint Motion (the "Motion") to (i) Continue Hearing on the Motion to Enforce Automatic Stay (the "Stay Motion") (Doc. 195), (ii) Extend Briefing Schedule, and (iii) Utilize June 14, 2024 Hearing Date as Scheduling Conference, and in support, would show the Court as follows:

     1.     On April 29, 2024, the Chapter 11 Trustee filed his Motion to Enforce Automatic Stay seeking to stay certain class action complaints filed against individuals and entities associated with the Debtor who are, or will be, targets of the Chapter 11 Trustee's claims.

     2.     On May 10, 2024, the Chapter 11 Trustee filed a Motion to Set Briefing Schedule and Final Hearing on Motion to Enforce Automatic Stay (Doc. 212).

     3.     A preliminary hearing on the Stay Motion was held on May 14, 2024.

     4.     On May 21, 2024, the Court entered an Order Granting Chapter 11 Trustee's Motion to Set Briefing Schedule and Final Hearing on Motion to Enforce Automatic Stay (Doc. 227) which

scheduled a final hearing for June 14, 2024 and required the Chamberlain Class Action Plaintiffs to file their response to the Stay Motion by May 24, 2024 and for the Chapter 11 Trustee to file his reply by May 30, 2024.

5. Since the Stay Motion was filed and the preliminary hearing was held, the Chapter 11 Trustee, the Committee and the Chamberlain Class Action Plaintiffs have been engaged in good faith discussions to resolve the issues in the Stay Motion but have, thus far, not been successful in settling the Stay Motion.

6. On May 24, 2024, the Chapter 11 Trustee filed an Agreed Motion to Extend Briefing Schedule Deadlines for the Stay Motion (Doc. 233) seeking to extend the time for the Chamberlain Class Action Plaintiffs to file their response to the Stay Motion to May 31, 2024 with the Chapter 11 Trustee's reply to be filed by June 7, 2024 which the Court granted by Order dated May 27, 2024 (Doc. 234).

7. Because the parties were still engaged in settlement discussions with respect to the Stay Motion, on May 31, 2024 the Chamberlain Class Action Plaintiffs filed an Agreed Motion to Extend Briefing Schedule Deadlines and Motion to Enforce Automatic Stay (Doc. 243) seeking an extension to file their response to the Stay Motion to June 5, 2024. The Court has scheduled a hearing on this motion for June 14, 2024.

8. Unfortunately, the parties have not been successful in resolving the issues in the Stay Motion and the Movants now believe that a multi-day evidentiary hearing, including expert testimony, on the Stay Motion is necessary. Therefore, the Movants respectfully request that the Court continue the June 14, 2024 final hearing on the Stay Motion and, instead, utilize June 14th as a scheduling conference for the continued briefing schedule and multi-day evidentiary hearing.

9.     In order to properly present all facts and arguments relevant to the Stay Motion, it is necessary for the Chapter 11 Trustee's forensic accountants to complete, or substantially further, their forensic analysis of the Debtor's books and records, which is a complex and time-consuming process, and involves the meticulous tracking of the flow of funds to determine their origin and destination. This forensic investigation is expected to ultimately allow all parties to evaluate the impact of the Debtor's commingling of trust funds in its general operating and other accounts, and determine if those funds can, in fact, be traced in any manner as to who possesses which claims. One of the key issues in the Stay Motion is whether the assets of the trusts are property of the Debtor's bankruptcy estate which involves, among other things, an analysis of whether the trust assets were comingled with the Debtor's assets or assets of other trusts and, possibly, whether those funds can be traced. That can only be determined as a factual matter once the forensic accounting is complete.

10.    Yet another aspect of the Stay Motion, however, and the Response, is whether certain claims belong to the Chamberlain Class Action Plaintiffs. Of import, the class has not yet been certified and the ongoing forensic analysis could have substantial bearing on that topic as well.

11.    It is also possible, if not likely, that the Chamberlain Class Action Plaintiffs will be taking legally contradictory positions to explicit estate claims, including a note to which the obligors have just admitted to its existence and their default. *See* Adv. Proc. 8:24-ap-00139-RCT (the "Note Litigation") at Adv. Docs. 6 & 7. To the extent the legal claims of the Chamberlain Class Action Plaintiffs seek to override those claims or any other claims of the bankruptcy estate, such action is forbidden absent relief from the automatic stay.

12.    Alternatively, if the Chamberlain Class Action Plaintiffs seek a declaratory judgment regarding who owns which claims, at this time, and absent agreement, it likely requires an adversary proceeding. *See* Fed. R. Bankr. P. 7001(9).

13. Even if this matter can be decided as a contested matter, it cannot be decided on a summary basis without evidence, including the history of the Debtor's transactions. As just one example, it appears that funds were siphoned from and through the Debtor to various entities beyond Boston Finance Group, LLC ("BFG") and Leo Govoni (the "Defendants" in the Note Litigation). As of this moment, if funds left the Debtor to third parties, and were returned and used in further fraudulent conduct, the issues of tracing become even more complicated. At this time, neither the Chapter 11 Trustee nor the Chamberlain Class Action Plaintiffs have sufficient review of the relevant information to address that topic.

14. In addition, although the question of whether a debtor's interest in property constitutes property of the estate is a federal question to be decided by federal law, courts must look to the applicable state law to determine the extent of the debtor's legal or equitable interest in the property, including whether a valid trust exists. Thus, each of the 2,000 trusts currently administered by the Debtor (along with thousands of other trusts administered since 2009, the date of the initial loan to BFG) will also need to be reviewed and analyzed under the respective state law where it was formed, which will also take substantial time.

15. Finally, the Chapter 11 Trustee has issued discovery in the form of subpoenas to produce documents to numerous banks, brokerage companies, companies that performed work for the Debtor and individuals associated with the Debtor. While responses to some of the subpoenas have been received, a large part of the discovery is still outstanding, including bank records that will allow the Chapter 11 Trustee's forensic accountant to perform their forensic analysis. Moreover, once that discovery is produced, it will be a long and painstaking process for the Chapter 11 Trustee's accountants and counsel to review and analyze the documents, including the voluminous bank records.

16. Therefore, by this Motion, the Movants seek entry of an order substantially in the form attached as **Exhibit A**, (i) continuing the hearing on the Stay Motion, (ii) extending the briefing schedule in connection therewith, and (iii) utilizing the June 14, 2024 hearing date as a scheduling conference, for the continued briefing schedule and multi-day evidentiary hearing.

17. The Movants have conferred with counsel for the Chamberlain Class Action Plaintiffs who indicated that they objected to the relief requested herein.

WHEREFORE, the Chapter 11 Trustee requests this Court enter an order substantially in the form attached hereto as **Exhibit A** (i) granting the Motion, (ii) settling June 14, 2024 at 1:30 p.m. as a scheduling conference for the continued briefing schedule and multi-day evidentiary hearing., and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

| AKERMAN LLP | UNDERWOOD MURRAY, P.A. |
|---|---|
| By: */s/ Steven R. Wirth* <br> Steven R. Wirth <br> Florida Bar No.: 170380 <br> Email: steven.wirth@akerman.com <br> Raye C Elliott <br> Florida Bar No.: 18732 <br> Email: raye.elliott@akerman.com <br> 401 East Jackson Street, Suite 1700 <br> Tampa, Florida 33602 <br> Telephone: (813) 223-7333 <br> Facsimile: (813) 223-2837 <br><br> *Counsel for Chapter 11 Trustee, Michael Goldberg* | By: */s/ Scott A. Underwood* <br> Scott A. Underwood <br> Florida Bar Number 730041 <br> Megan W. Murray <br> Florida Bar Number 0093922 <br> 100 N. Tampa St., Suite 2325 <br> Tampa, FL 33602 <br> Tel: (813) 540-8401 <br> Fax: (813) 553-5345 <br> Email: detlinger@underwoodmurray.com <br> sunderwood@underwoodmurray.com <br> mmurray@underwoodmurray.com <br><br> *Counsel to the Official Committee of Unsecured Creditors* <br><br> *Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Steven R. Wirth attests that concurrence in the filing of this paper has been obtained.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including (i) the Class Action Plaintiffs and Class Action Defendants and (ii) the Local Rule 1007-2 Parties in Interest List.

| | |
|---|---|
| Alan L. Rosca<br>Rosca Scarlato LLC<br>2000 Auburn Drive, Suite 200<br>Beachwood, OH 44122<br>*Attorneys for Orris Class Action Plaintiffs* | Brian O. Marty<br>Shindler Anderson Goplerud & Weese P.C.<br>5015 Grand Ridge Drive, Suite 100<br>West Des Moines, IA 50265<br>*Attorneys for Orris Class Action Plaintiffs* |
| J. Barton Goplerud<br>Shindler Anderson Goplerud & Weese P.C.<br>5015 Grand Ridge Drive, Suite 100<br>West Des Moines, IA 50265<br>*Attorneys for Orris Class Action Plaintiffs* | Paul J. Scarlato<br>Rosca Scarlato LLC<br>161 Washington Street, Suite 1025<br>Conshohocken, PA 19428<br>*Attorneys for Orris Class Action Plaintiffs* |
| Jonathan M. Stein<br>SteinLaw Florida, PLLC<br>1825 NW Corporate Blvd., Suite 110<br>Boca Raton, FL 33431<br>*Attorneys for Orris Class Action Plaintiffs* | Jonathan M. Streisfeld<br>Kopelowitz Ostrow, PA<br>One West Las Olas Blvd., Ste. 500<br>Ft Lauderdale, FL 33301<br>*Attorneys for Chamberlain Class Action Plaintiffs* |
| Andrew Smith<br>Leeder Law<br>8551 W. Sunrise Blvd.<br>Suite 202<br>Plantation, FL 33322<br>*Attorneys for Chamberlain Class Action Plaintiffs* | Caroline Herter<br>Ko Lawyers<br>1 West Las Olas Blvd<br>Suite 500<br>Fort Lauderdale, FL 33301<br>*Attorneys for Chamberlain Class Action Plaintiffs* |

David Lawrence Ferguson
Kopelowitz Ostrow Ferguson Weiselberg Gilbert
One West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
*Attorneys for Chamberlain Class Action Plaintiffs*

Jeff M. Ostrow
Kopelowitz Ostrow, PA
One West Las Olas Blvd., Ste. 500
Ft Lauderdale, FL 33301
*Attorneys for Chamberlain Class Action Plaintiffs*

Thomas H. Leeder
Leeder Law
8551 West Sunrise Blvd., Suite 202
Plantation, FL 33322
*Attorneys for Chamberlain Class Action Plaintiffs*

Eric S. Koenig
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis,
Suite 2700
101 E Kennedy Blvd
Tampa, FL 33602
*Attorneys for Defendants Boston Finance Group, LLC, Boston Asset Management Inc., Prospect Funding Holdings, LLC, Prospect Funding Holdings (NY) III, LLC, Prospect Funding Partners, LLC, Leo J. Govoni, John W. Staunton, Jonathan Golden, Boston Holding Company, LLC, and Fiduciary Tax & Accounting Services, LLC*

William Albert McBride
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis,
Suite 2700
101 E Kennedy Blvd
Tampa, FL 33602
*Attorneys for Defendants Boston Finance Group, LLC, Boston Asset Management Inc., Prospect Funding Holdings, LLC, Prospect Funding Holdings (NY) III, LLC, Prospect Funding Partners, LLC, Leo J. Govoni, John W. Staunton, Jonathan Golden, Boston Holding Company, LLC, and Fiduciary Tax & Accounting Services, LLC*

Marcos Rosales
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
*Attorneys for Defendant American Momentum Bank*

| | |
|---|---|
| Bennett J Ostdiek<br>Beck Redden LLP<br>1221 McKinney Street<br>Suite 4500<br>Houston, TX 77010<br>*Attorneys for Defendant American Momentum Bank* | Cassie Maneen<br>Beck Redden LLP<br>1221 McKinney Street, Suite 4500<br>Houston, TX 77010<br>*Attorneys for Defendant American Momentum Bank* |
| Charles W. Throckmorton<br>Carlton Fields<br>2 MiamiCentral<br>700 N.W. 1st Avenue<br>Suite 1200<br>Miami, FL 33136<br>*Attorneys for Defendant American Momentum Bank* | Donald R. Kirk<br>Carlton Fields, PA<br>4221 W Boy Scout Blvd, Ste. 1000<br>Tampa, FL 33607<br>*Attorneys for Defendant American Momentum Bank* |
| Daniel Andrew Nicholas<br>Cole, Scott & Kissane, P.A.<br>500 N Westshore Blvd<br>Suite 700<br>Tampa, FL 33609<br>*Attorneys for Defendant John W. Staunton* | |

 

*/s/Steven R. Wirth*  
Steven R. Wirth

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor._____/ | |

**ORDER GRANTING JOINT MOTION OF CHAPTER 11 TRUSTEE
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO (I) CONTINUE HEARING ON MOTION TO ENFORCE AUTOMATIC
STAY, (II) EXTEND BRIEFING SCHEDULE, AND (III) UTILIZE
JUNE 14, 2024 HEARING DATE AS SCHEDULING CONFERENCE**

This case is before the Court on the Joint Motion to Chapter 11 Trustee and Official Committee of Unsecured Creditors To (I) Continue Hearing on Motion to Enforce Automatic Stay, (II) Extend Briefing Schedule, and (III) Utilize June 14, 2024 Hearing Date as Scheduling Conference (Doc. ___) ("Motion")[1] and the Court, having considered the Motion, and the arguments of counsel at the hearing held on June 14, 2024 at 1:30 p.m., finds good cause exists to grant the Motion, and it is:

**ORDERED**:

1. The Motion is **GRANTED**.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

76692804;

2

2. The Court shall conduct a final evidentiary hearing on the Chapter 11 Trustee's Motion to Enforce Automatic Stay (Doc. 212) (the "Stay Motion") on _____, 2024 at _____ a.m./p.m. at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602.

Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register click the link below or manually enter the following web address into a browser:

https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

3. A scheduling order with respect to the final evidentiary hearing will be entered by separate order of this Court.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

2

76692804;