UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.

_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**CHAMBERLIN CLASS PLAINTIFFS' RESPONSE IN OPPOSITION TO JOINT MOTION OF CHAPTER 11 TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) CONTINUE HEARING ON MOTION TO ENFORCE AUTOMATIC STAY, (II) EXTEND BRIEFING SCHEDULE, AND (III) UTILIZE JUNE 14, 2024, HEARING DATE AS SCHEDULING CONFERENCE**

Creditor Clark Chamberlin, by and through his parents and co-guardians Todd Chamberlin and Kelli Chamberlin ("Class Plaintiffs"), individually and for the putative Class of special needs trust ("SNT") beneficiary and/or grantor-victims of the hundred-million-dollar theft of SNT assets ("Class Members"), hereby submit their objection to the Joint Motion of Chapter 11 Trustee and Official Committee of Unsecured Creditors to (I) Continue Hearing on Motion to Enforce Automatic Stay, (II) Extend Briefing Schedule, and (III) Utilize June 14, 2024 Hearing Date as Scheduling Conference (Doc. 253) ("Continuance Motion").

**Background**

1.    Class Plaintiffs and the similarly situated Class Members they seek to represent through their class action,[1] are grantors and/or special needs beneficiaries ("Beneficiaries") of SNTs administered by the Debtor.

2.    On February 9, 2024, the Debtor filed this bankruptcy proceeding and revealed that

---

[1] *See Chamberlin v. Boston Finance Group, LLC, et al.*, No. 8:24-cv-00438-SDM-AEP (M.D. Fla.) (the "Class Action").

over a decade-plus period, $100,000,000 was misappropriated from Beneficiaries' SNTs that the Debtor administered as trustee. *See* Ch. 11 Case Mgmt. Summary (Doc. 7) at 2–5. The $100,000,000 stolen from Beneficiaries' SNTs were used to fund a purported loan ("purported Loan") from the Debtor to Boston Finance Group, LLC ("BFG"), an entity owned and controlled by the Debtor's co-founders Leo J. Govoni ("Govoni") and John Staunton. *Id.* at 4–5.

3. In immediate response to the Debtor's revelation of the predatory scheme, Class Plaintiffs and their counsel began investigating *non-debtor* individuals and entities that played a role in the misappropriation of SNT assets and resulting injuries to Beneficiaries, and filed their Class Action Complaint asserting tort and equitable claims ("Class Claims") against these non-debtor defendants ("Class Defendants") on February 19, 2024. *See Chamberlin v. Boston Finance Group, LLC, et al.*, No. 8:24-cv-00438-SDM-AEP (M.D. Fla. Feb. 19, 2024), ECF No. 1 (the "Class Action").

4. On April 25, 2024, the Chapter 11 Trustee filed an adversary proceeding against BFG and Govoni for breach of the purported Loan instruments and Govoni's guaranty thereof. *See* Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 1. As the adversary proceeding complaint states unambiguously, "[t]he amounts loaned by the Debtor were taken from the Trust Accounts for the Trusts it managed without authorization from the Beneficiaries." *Id.* at ¶ 76.

5. On April 29, 2024, the Chapter 11 Trustee filed the Stay Motion (Doc. 195) seeking a determination that the 11 U.S.C. § 362(a) automatic stay applies to the Class Action. The Stay Motion claims unabashedly that the Class Claims violate the stay because "the money utilized to fund the Loan appears to have been misappropriated *by the Debtor* from the Beneficiaries in order *for the Debtor* to fund the Loan to BFG." Stay Mot. at ¶ 8 (emphasis in original).

6. Importantly, the Stay Motion does not once raise any issue of fact or law related to

2

the purported commingling of SNT assets with the Debtor's or a purported need to conduct a forensic analysis to trace the misappropriated SNT funds. *See generally* Stay Mot. Instead, the Chapter 11 Trustee claims simply that the Class Action violates the automatic stay because each Class Claim "is not a direct claim, but rather seeks recovery of the same misappropriated money that funded the purported Loan by the Debtor to BFG, and derives from the same harm incurred by the Debtor in connection with BFG's default of the purported Loan and Govoni's breach of the guaranty." *Id*. at 6–11.

7. The Court scheduled a preliminary hearing on the Stay Motion for May 14, 2024 (Doc. 198). Subsequently, the Chapter 11 Trustee moved for a briefing schedule and summary final hearing to be set on the Stay Motion (Doc. 212), which was set for hearing on May 14, 2024. Prior to the May 14, 2024 hearing, Class Plaintiffs shared a pre-filed copy of their Response objecting fully to the Stay Motion with the Chapter 11 Trustee and Unsecured Creditors' Committee counsel during discussions towards resolving the matter. *See id.* at ¶ 3. At the May 14, 2024 hearing, the Chapter 11 Trustee reaffirmed his request for a final summary hearing on the Stay Motion and the parties agreed on a June 14, 2024, date, which the Court memorialized in its order that followed. (Doc. 227).

8. The parties' attempts to reach an out-of-court resolution on the Stay Motion were ultimately unsuccessful, and Class Plaintiffs filed their Objection in Response to the Stay Motion ("Response") on June 5, 2024 (Doc. 252), setting forth why no Class Claim implicates the automatic stay.

9. The Chapter 11 Trustee did not file a reply to Class Plaintiffs' Response to the Stay Motion, and instead filed the instant Continuance Motion arguing, for the first time, that discovery and a forensic accounting of the Debtor's records is necessary "to properly present all facts and

3

arguments relevant to the Stay Motion" and "evaluate the impact of the Debtor's commingling of trust funds in its general operating and other accounts, and determine if those funds can, in fact, be traced in any manner as to who possesses each claim." Cont. Mot. at ¶ 10. According to the Continuance Motion, "At this time, neither the Chapter 11 Trustee nor the Chamberlain Class Action Plaintiffs have sufficient review of the relevant information to address that topic." *Id.*

10. In effect, the Continuance Motion seeks an end-run around determination of the Stay Motion disguised as an indefinite continuance, while the Chapter 11 Trustee fleshes out purported factual issues that were raised nowhere in the Stay Motion briefing to begin with—and in any event, are unnecessary because the relevant facts are not in dispute.

11. Meanwhile, in an abundance of caution and to avoid running afoul of the stay should this Court rule in favor of the Chapter 11 Trustee on the Stay Motion, Class Plaintiffs have sought and obtained an order in the Class Action extending the time for their response to Class Defendant American Momentum Bank's pending motion to dismiss until after this Court enters a ruling on the Stay Motion. *See* Endorsed Order, *Chamberlin v. Boston Finance Group, LLC et al.*, No. 8:24-cv-00438-SDM (M.D. Fla. May 8, 2024), ECF No. 54. The Class Action court subsequently extended the deadline for the remaining Class Defendants' response to the Class Action Complaint to fourteen days after this Court rules on the Stay Motion. *See* Endorsed Order, *id.* at ECF No. 56. Thus, each day without a ruling on the Stay Motion prejudices SNT Beneficiaries by prolonging their ability to prosecute claims against non-debtor individuals and entities that contributed to the misappropriation of $100,000,000 in SNT assets.

## Relief Requested

12. Class Plaintiffs respectfully request the Court deny the Continuance Motion and deny the Stay Motion, without prejudice to the Chapter 11 Trustee's ability to reassert those

4

arguments if and when he is prepared to support them.

13.     In the alternative, Class Plaintiffs respectfully request the Court require the Chapter 11 Trustee to file a reply to the Stay Motion by July 1, 2024, identifying (a) which of Class Plaintiffs' claims he contends violate the automatic stay, and (b) which purported facts he contends are in dispute relevant to those claims, and why. Following the filing of that reply, the Court should hold a hearing on the Stay Motion and then determine whether and which material facts are in dispute to warrant the presentation of evidence, if any. In the meantime, Class Plaintiffs respectfully request the Court enter a comfort order permitting the Class Action to proceed pending a ruling on the Stay Motion.

## **Basis for Relief**

Now that Class Plaintiffs' Response has been filed, the Continuance Motion seeks to accomplish that sought in the Stay Motion—an indefinite stay of the Class Action—while evading the Court's ruling on the merits. Despite that the issue is not mentioned once in the Stay Motion or Class Plaintiffs' Response, the Chapter 11 Trustee claims, for the first time, that a continuance and evidentiary hearing is necessary to conduct discovery on and "evaluate the impact of the Debtor's commingling of trust funds . . . and determine if those funds can, in fact, be traced in any manner as to who possesses which claims." Cont. Mot. at ¶ 9. The purported commingling issue is a red herring of no moment to the issue at hand: whether Class Plaintiffs' claims against non-Debtor defendants are property of the Debtor or its bankruptcy estate, for which the relevant facts are not in dispute. Meanwhile, each day that passes without a ruling on the Stay Motion prejudices Class Plaintiffs and their non-estate claims against non-debtor Class Defendants.

To the extent more factual investigation and analysis is required to determine whether the automatic stay applies to the Class Claims, it should have taken place before filing the Stay Motion.

The Court should deny the Continuance Motion and the Stay Motion, without prejudice to the Chapter 11 Trustee reasserting his arguments if and when he is prepared to support them. At the very least, the Chapter 11 Trustee should file a reply to the Stay Motion identifying which Class Claims he contends violate the automatic stay and which material facts he contends are in dispute with respect to those Class Claims identified. Only then should the Court decide whether and to what extent an evidentiary hearing on the Stay Motion is necessary.

### A. There is No Dispute of Material Fact to Warrant an Evidentiary Hearing.

The following relevant facts are set forth in the Stay Motion and adversary proceeding complaint referenced therein:

1. The Debtor served as trustee over Beneficiaries' SNTs. Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 1 at ¶ 14; *see also* Stay Mot. at ¶ 5;

2. "[B]etween 2009 and 2020, numerous transfers were made to BFG totaling approximately $100 million." Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 1 at ¶ 21; *see also* Stay Mot. at ¶ 7;

3. "The funds utilized to make these transfers were taken from over 1,000 Trusts managed by the Debtor . . . without authorization from the Beneficiaries." Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 1 at ¶¶ 22, 76; *see also* Stay Mot. at ¶ 8 ("Indeed, the money utilized to fund the Loan appears to have been misappropriated by the Debtor from the Beneficiaries in order for the Debtor to fund the Loan to BFG.");

4. "The transfer of funds to BFG was documented as a purported loan from the Debtor to BFG." Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 1 at ¶ 23; *see also* Stay Mot. at ¶ 8; and

5. BFG and Govoni knew of, and participated in, the misappropriation of SNT assets. Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 1 at ¶¶ 19, 20, 32, 41.

Class Plaintiffs do not dispute any of the foregoing facts in the Response to the Stay Motion. Rather, they argue that under these undisputed facts, the automatic stay does not apply because the Class Claims arising from the misappropriating transfers of $100,000,000 in SNT

assets are Beneficiaries' direct claims and trust property excluded from the bankruptcy estate. *See generally* Resp. to Stay Mot. This absence of any material factual dispute negates the need for an evidentiary hearing on the Stay Motion. *See In re Grunau*, 376 B.R. 322, 331 (M.D. Fla. 2007) (denying evidentiary hearing when papers did not indicate "that there were any issues of material fact in dispute"); *In re AMR Corp.*, 490 B.R. 470, 479 (S.D.N.Y. 2013) ("It is unnecessary to conduct an evidentiary hearing on a contested matter unless there are disputed issues of material fact that a Bankruptcy Court cannot decide based on the record."); *In re Khachikyan*, 335 B.R. 121, 128 (B.A.P. 9th Cir. 2005) (affirming denial of continuance to hold evidentiary hearing because no "disputed material factual issues" existed).

### B. Whether the Automatic Stay Applies to the Class Claims is a Legal Question.

The requested continuance and evidentiary hearing on the Stay Motion are unwarranted for the additional reason that "[t]he decision of whether [Class Plaintiffs] violated 11 U.S.C. § 362 is a matter of law." *In re Froman*, 566 B.R. 641, 654 (S.D.N.Y. 2017); *N.A. v. Adomah*, 368 B.R. 134, 137 (S.D.N.Y. 2007).

"If property is not property of the estate, then the automatic stay does not protect it." *Singer Furniture Acquisition Corp. v. SSMC, Inc. N.V.*, 254 B.R. 46, 56 (M.D. Fla. 2000). Thus, as the Continuance Motion acknowledges, "[o]ne of the key issues in the Stay Motion is whether the assets of the trusts are property of the Debtor's bankruptcy estate." Continuance Mot. at ¶ 9. No discovery or evidentiary hearing on this issue is necessary; as a matter of law, "[b]ecause the debtor does not own an equitable interest in property *he holds in trust for another*, that interest is not 'property of the estate.'" *Begier v. I.R.S.*, 496 U.S. 53, 59 (1990) (emphasis added) (citing 11 U.S.C. § 541(b)(1); *see also* Resp. to Stay Mot. at 8–10.

The Continuance Motion further recognizes that "another aspect of the Stay Motion, [] and

the Response, is whether certain claims belong to the Chamberlain Class Action Plaintiffs" as opposed to the Debtor's estate. Continuance Mot. at ¶ 10. No additional factual analysis or evidentiary hearing is warranted for this question; because the Debtor undisputedly participated alongside BFG and Govoni in the misappropriating transfers of SNT assets it "cannot be said to have suffered injury from the scheme it perpetrated," and thus, lacks standing to bring injured Beneficiaries' claims. *O'Halloran v. First Union Nat. Bank of Fla.*, 350 F.3d 1197, 1203 & n.4 (11th Cir. 2003); *see also* Resp. to Stay Mot. at 16–17.

### C. The Continuance Motion's Belated Commingling Argument Does Not Create a Genuine Factual Dispute.

Despite that the Stay Motion or Response do not mention the issue, the Continuance Motion contends additional time is needed to determine "whether the trust assets were comingled with the Debtor's assets or assets of other trusts and, possibly, whether those funds can be traced." Continuance Mot. at ¶ 9. The Continuance Motion does not explain why commingling of SNT assets is necessary, or even relevant, to the Stay Motion or which Class Claims the tracing analysis implicates. *Id.* In fact, any commingling of SNT assets is irrelevant to the automatic stay's applicability to the Class Claims, which do not seek to recover the specific funds misappropriated but rather, to hold Class Defendants liable for the injuries they caused to Beneficiaries and their SNTs through their roles in the misappropriation. The Debtor's commingling of SNT assets is thus irrelevant to the Class Claims for compensatory damages against non-debtor Class Defendants. Accordingly, the Continuance Motion should be denied because the evidence it proffers would not affect the Stay Motion's outcome. *See Baxter Healthcare Corp. v. Med. Lab'y Automation, Inc.*, No. 94 C 4558, 1994 WL 695521, at *2 (N.D. Ill. Dec. 9, 1994) (request for evidentiary hearing in contested matter should be denied when proffered evidence would not change the result).

Even were a tracing analysis necessary for the Court's consideration of the Stay Motion,

no forensic accounting or evidentiary hearing is required because the undisputed facts establish that the misappropriated SNT property *can* be directly traced—to the purported Loan instruments financed with the embezzled funds. "Where tracing funds is involved, a dollar-for-dollar accounting is not required[.]" *In re Mazon*, 387 B.R. 641, 646 (M.D. Fla. 2008). And even were the stolen SNT assets commingled with the Debtor's, "[m]ere commingling of funds does not defeat tracing." *Id.* (citing *In re Seneca Oil Co.*, 906 F.2d 1445, 1452 (10th Cir.1990)). Thus, tracing is established by showing that converted funds a debtor commingled in its account "were used in connection with the [property]," based on the debtor's admission that it "used converted funds to buy the [property]." *In re Mazon*, 387 B.R. at 645–46.

Here, by the Chapter 11 Trustee's own admission, "the money utilized to fund the Loan appears to have been misappropriated *by the Debtor* from the Beneficiaries in order *for the Debtor* to fund the Loan to BFG." Stay Mot. at ¶ 8 (emphasis in original). Accordingly, there is no genuine dispute that the misappropriated SNT funds are directly traceable to the purported Loan instruments and rights thereunder. If anything, this tracing underscores that any right to recover from BFG or Govoni in connection with the misappropriating transfers of SNT assets belong to Beneficiaries, not the Debtor's estate. *See Sewell v. Sewell Properties*, 30 So. 2d 361, 362 (Fla. 1947) ("Equity will follow the property constituting the trust even if the same has been converted into other species of property."); *Begier*, 496 U.S. at 59 (property held in trust is not property of the bankruptcy estate); Resp. to Stay Mot. at 8–14. No forensic accounting or evidentiary hearing is necessary when the undisputed facts trace the misappropriated SNT assets directly to the purported Loan instruments.

D. **The Court Should Not Allow the Chapter 11 Trustee to Delay a Ruling on the Stay Motion via the Indefinite Continuance Sought.**

Notably, the Chapter 11 Trustee initially requested to set a briefing schedule and final

9

summary hearing on the Stay Motion, which was set for hearing on May 14, 2024, prior to which Class Plaintiffs provided the Chapter 11 Trustee with a pre-filed copy of their Response to the Stay Motion.  (*See* Doc. 212 ¶ 3).  At the May 14, 2024, hearing, having reviewed Class Plaintiffs' Response to the Stay Motion, the Chapter 11 Trustee reaffirmed his request for a final summary hearing on the matter and agreed to a June 14, 2024 hearing date.  (*See* Doc. 227).  Yet, now that Class Plaintiffs' Response is filed, the Chapter 11 Trustee argues months of factual investigation (on an issue not raised once in the briefing) and a multi-day evidentiary hearing are necessary for the Court to rule on the Stay Motion.

By requesting a final summary hearing on the Stay Motion, agreeing to a June 14, 2024 date for that hearing, and waiting to contest it until Class Plaintiff's Response was filed, the Chapter 11 Trustee arguably waived any right to evidentiary hearing.  *See  In re Garden Ridge Corp.*, 399 B.R. 135, 139 (D. Del. 2008), aff'd, 386 F. App'x 41 (3d Cir. 2010) (quotations omitted) (party waived any right to evidentiary hearing when "he actively participated in the briefing process—even indicating to the Bankruptcy Court that the Motion could be decided on the papers . . . and only now, after the fact, protests about the lack of an evidentiary hearing"); *Baxter Healthcare Corp.*, 1994 WL 695521, at *2 (party that "manifested its assent to written submissions by failing to object and by participating fully in the process suggested by the court" waived evidentiary hearing).

Moreover, although Class Plaintiffs disagree the automatic stay applies to any Class Claim for the reasons briefed in their Response, they have put the Class Action on pause in an abundance of caution pending the Court's ruling on the Stay Motion, expecting the matter to be heard on June 14, 2024, as scheduled.  Now, rather than stand on the Stay Motion the Chapter 11 Trustee seeks to prolong that determination for an indefinite period while he gathers evidence to analyze the Stay

Motion's legitimacy, during which time the Class Action will be effectively stayed without this Court deciding the issue on its merits. Meanwhile, Beneficiaries, the victims of the $100,000,000 theft of SNT assets they depend on for their care and living expenses, are left in limbo unable to pursue their claims against liable non-debtor Defendants.

The Continuance Motion fails to articulate any reason for the requested continuance that outweighs the prejudice to Class Plaintiffs and Beneficiaries that would result. Instead, it asserts generally that a tracing analysis is needed because SNT assets *may* have been commingled with the Debtor's and such commingling *may* affect the Stay Motion's arguments related to unspecified Class Claims. If the Chapter 11 Trustee does not have the information needed to evaluate or support the automatic stay's applicability to the Class Action at this time, the Stay Motion should be denied without prejudice to the Chapter 11 Trustee's reasserting those arguments if and when he obtains the facts to support them. Alternatively, at the very least, the Chapter 11 Trustee should soon file a reply to the Stay Motion and the Court should hold a hearing on the written submissions to determine if any material factual disputes exist to warrant an evidentiary hearing. In the meantime, to alleviate prejudice from the continuance, Class Plaintiffs respectfully request a comfort order allowing them to prosecute the Class Action pending final ruling on the Stay Motion, to alleviate the prejudice resulting from a deferred decision thereon.

## Conclusion

WHEREFORE, based on the foregoing, Class Plaintiffs respectfully request the Court enter an order (a) denying the Continuance Motion, and (b) denying the Stay Motion, without prejudice to the Chapter 11 Trustee re-filing it if and when he has the factual information he contends is needed to support his position.

Alternatively, Class Plaintiffs respectfully request the Court enter an order (a) denying the

11

Continuance Motion, (b) setting the deadline for the Chapter 11 Trustee's reply to the Stay Motion as July 1, 2014, (c) scheduling a summary hearing on the Stay Motion within fourteen days following the deadline for the Chapter 11 Trustee's reply, where it will determine, based on the parties' briefs, whether and which material facts are in dispute to warrant the presentation of evidence, if any.

Dated: June 14, 2024.                              Respectfully submitted.

                                          By: *s/Caroline Herter*
                                          David L. Ferguson FBN 981737
                                          Jonathan M. Streisfeld FBN 117447
                                          Caroline Herter FBN 1035444
                                          **KOPELOWITZ OSTROW**
                                          **FERGUSON WEISELBERG GILBERT**
                                          One West Las Olas Blvd., Suite 500
                                          Fort Lauderdale, Florida 33301
                                          Telephone: 954-525-4100
                                          ferguson@kolawyers.com
                                          streisfeld@kolawyers.com
                                          herter@kolawyers.com

                                          *and*

                                          Thomas H. Leeder FBN: 746401
                                          **LEEDER LAW**
                                          8551 West Sunrise Blvd. | Ste. 202
                                          Plantation, FL 33322
                                          Telephone: (954) 734-2382
                                          pleadings@leederlaw.com

                          *Attorneys for Class Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on June 14, 2024, I filed a true and correct copy of the foregoing with the using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause the foregoing document to be served on all parties required to be served, including (i) the Chapter 11 Trustee, (ii) the Chamberlin Class Action Defendants, and (iii) the Local Rule 1007-2 Parties in Interest List.

                                      By:    */s/ Caroline Herter*
                                                     CAROLINE HERTER