ORDERED.

Dated:  June 14, 2024

Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**UNOPPOSED ORDER GRANTING OFFICIAL COMMITTEE**
**OF UNSECURED CREDITOR'S EXPEDITED MOTION TO**
**DETERMINE AUTOMATIC STAY DOES NOT EXIST, OR**
**ALTERNATIVELY, MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
(Doc. No. 229)

THIS MATTER came before the Court for consideration on May 23, 2024 at 1:00 p.m. (the "**Hearing**") upon the Official Committee of Unsecured Creditors' Expedited Motion to Determine Automatic Stay does not Exist, or Alternatively, Motion for Relief from the Automatic Stay (Doc. No. 229) (the "**Motion**").  The Court, having considered the Motion, and finding no opposition from the United States Trustee,[1] the chapter 11 Trustee Michael I. Goldberg, or any other

---

[1] Counsel for the Committee submitting this Order represents the United States Trustee has reviewed the Motion and has no opposition to entry of this Order.

76572768;2

opposition at the Hearing, finds good cause to grant the Motion, the form of which has been approved by the chapter 11 trustee and the United States Trustee.

Accordingly, it is

**ORDERED AS FOLLOWS:**

1. The Motion (Doc. No. 229) is **GRANTED**.

2. Retroactive to the Petition Date,[2] creditors may deposit new Payments into Non-Debtor Accounts. Any such actions are not, and shall not be construed as, violations of the automatic stay.

3. Retroactive to the Petition Date, creditors are authorized to remove the Debtor as trustee and appoint a successor trustee pursuant to individual trust agreements and state law *with respect to new Payments only*. Any such actions are not, and shall not be construed as, violations of the automatic stay.

4. This order only applies to new money received into Non-Debtor Accounts and does not affect the Trustee's oversight and control of trust or estate property. Until further Court order, the Debtor, through the Trustee, shall continue to administer trust assets under its control in accordance with this Court's orders.

5. Any creditor who chooses to take action with respect to this Order, including but not limited to directing new Payments to Non-Debtor Accounts, shall do so at his or her own risk. Neither the Committee, the Trustee, the Debtor, nor any of their agents, attorneys, representatives, employees, directors, officers, successors, and assigns, shall be responsible or liable for any and all actions, causes of action, suits, claims, demands, liabilities, obligations, damages, costs, expenses, resulting from any creditors taking such action.

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

76572768;2

ANY CREDITOR CONSIDERING DEPOSITING TRUST PROCEEDS INTO A NON-DEBTOR ACCOUNT, OR REMOVING THE DEBTOR AS TRUSTEE WITH RESPECT TO NEW PAYMENTS ONLY, ARE ENCOURAGED TO CONSULT WITH LEGAL COUNSEL BEFORE DOING SO TO AVOID RISK OF LOSS OF MEANSTESTED GOVERNMENTAL BENEFITS OR ADVERSE LEGAL CONSEQUENCES.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

7. As a result of agreement among the parties, the continued Hearing on the Motion set for June 14, 2024 at 1:30 p.m. is cancelled.

###

Megan W. Murray is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.

76572768;2