**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                         Chapter 11

      Debtor.
_____/

**CHAPTER 11 TRUSTEE'S SECOND AMENDMENT TO EMERGENCY**
**MOTION FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES**

Michael Goldberg, the Chapter 11 Trustee ("Trustee"), by and through undersigned counsel, seeks to make a second amendment (the "Second Amendment"), retroactive to the Petition Date, to the relief requested in its *Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "Motion") and the *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No 63) (the "First Amendment") filed by the above-captioned debtor (the "Debtor")[1] and in support thereof, states as follows:

**Preliminary Statement**

1.      The Trustee proposes to amend the previously approved distribution procedures to increase the maximum limit of funds available to be advanced from $20,000 to $30,000 to Beneficiaries for Critical Expenses once their Liquid Assets are depleted. This Second Amendment is necessary to ensure that Beneficiaries have sufficient funds to cover essential living and medical expenses, which have been underestimated in the initial procedures. This modified relief requested will ensure that the Critical Expenses of Beneficiaries in the interim continue to be paid without issue.

---

[1] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as the Chapter 11 Trustee of the Debtor.

77025295;1

**Jurisdiction**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 105(a), 363(b) 1107(a) and 1108 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

5. The Trustee hereby incorporates the Background and factual statements set forth in the Trust Distribution Motion and First Amendment.

6. On February 16, 2024, the Court entered an *Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 46) (the "Interim Order"), which authorized certain procedures, on an interim basis, for the Debtor to make distributions from Trust Accounts with Liquid Assets sufficient to fund ongoing distributions.

7. On March 5, 2024, the Court entered the *Second Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 79) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Second Interim Order").

8. On April 2, 2024, the Court entered the *Third Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 137) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Third Interim Order").

9. On April 18, 2024, the Court entered the *Fourth Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 176) authorizing certain

trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Fourth Interim Order").

10. On May 30, 2024, the Court entered the *Fifth Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 239) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Fifth Interim Order").

11. The proposed sixth interim order regarding the trust distribution procedures as reflected in the Motion and the First Amendment came before this Court and was approved by this Court on June 14, 2024, but the order has not yet been entered by the Court (the "Sixth Interim Order").

12. The Trustee seeks to modify the Motion and First Amendment to reflect the Second Amendment to the trust distribution procedures to increase the maximum amount of funds advanced from $20,000 to $30,000 for Critical Expenses to Beneficiaries once their Liquid Assets are depleted.

13. Subsequent to the Court's approval but prior to the entry of the Sixth Interim Order, the reconciliation for the accounting of payments made for Critical Expenses under the Fifth Interim Trust Order revealed the average distribution per month exceeded the approved limits. The reconciliation revealed that the average distribution per month totaled $26,165.84, exceeding the previously approved cap of $20,000 per month for Critical Expenses. To address this issue, it has become necessary to seek Court authority to increase the distribution limit for Critical Expenses effective as of the Petition Date.

14. Furthermore, the Debtor has updated its controls and accounting process to ensure the accuracy of the payments made for Critical Expenses and to prevent similar issues from arising moving forward.

3

15. By this Motion, the Trustee seeks entry of an Order substantially in the form attached as <u>Exhibit A</u>, effective as of the Petition Date, increasing the maximum limit of funds available to be advanced from $20,000 to $30,000 to Beneficiaries for Critical Expenses once their Liquid Assets are depleted. This Second Amendment aligns the formal distribution limits with the actual financial needs as discovered through the recent reconciliation. This increase will ensure Beneficiaries receive the actual support needed for their Critical Expenses without delay or complication, which are not sufficiently covered by the previously approved limit of $20,000.

**Basis for Relief Requested**

16. The Trustee seeks authority to increase the maximum limit of funds available to be advanced from $20,000 to $30,000, effective as of the Petition date, to Compromised Trust Accounts to the extent necessary to ensure that Beneficiaries' Critical Expenses continue to be paid. To the extent such relief is outside of the ordinary course of business of the Debtor, the Debtor seeks approval of this framework pursuant to Section 363(b)(1) of the Bankruptcy Code.

17. Section 363(b)(1) states that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Courts review a debtor's use of estate property outside of the ordinary course of business pursuant to a debtor's demonstration of sound business judgment." *In re Friedman's, Inc.*, 336 B.R. 891, 895 (Bankr. S.D. Ga. 2005); *see also Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003). "Courts should approve an exercise of a debtor's business judgment unless it is 'so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Friedman's*, 336 B.R. at 895.

18. The Trustee's increase of the limit of funds available to be advanced from $20,000 to $30,000 to fund Critical Expenses is a sound exercise of the Trustee's business judgment.

Continuing to ensure that its Beneficiaries' critical expense be paid will aid the Trustee in regaining the confidence of its Beneficiaries while it pursues recoveries with the goal of replenishing Beneficiaries' Trust Accounts as much as possible. The Trustee believes the bankruptcy estate will suffer further and greater reputational damage if it is unable to meet the basic needs of its Beneficiaries. When comparing the estimated cost, at $30,000 per month, to the harm that could result to Beneficiaries of Compromised Trust Accounts if their Critical Expenses are not paid—including potential eviction or loss of critical caregivers—the Trustee believes the increased limit of available funds to $30,000 is well within his business judgment.

19. The Trustee requests that the proposed Order be entered on a continued interim basis, subject to entry of a final order following a continued hearing.

20. The Trustee has consulted with the counsel for the Official Committee of Unsecured Creditors and the United States Trustee regarding the proposed amendment detailed herein and counsel for the Official Committee of Unsecured Creditors and the United States Trustee have expressed no objection to the requested relief in the Second Amendment.

WHEREFORE, the Trustee requests this Court enter an Order substantially in the form attached hereto as Exhibit A:

i. Granting the Motion, as amended by the First Amendment and the Second Amendment;

ii. Authorizing the Debtor to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts;

iii. Authorizing the Debtor to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions;

iv. Authorizing the Debtor, retroactive as of the Petition Date, to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets to fund such Critical Expenses, which shall not exceed $30,000 per month, in the aggregate, without additional Court approval;

v. Providing that the Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account. The Trustee may file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs;

vi. Except as otherwise provided in this Order, the Debtor is authorized to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted;

vii. Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor. The Trustee shall provide counsel for the Committee with statements on a monthly basis sufficient to determine the amount and nature of funds in each of the Beneficiaries' accounts; and

viii. Granting such other and further relief the Court deems just and proper.

Dated: July 1, 2024.

Respectfully submitted,

By: */s/ Steven R. Wirth*
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C. Elliott
    Florida Bar No.:  18732
    Email:  raye.elliott@akerman.com
    Akerman LLP
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

    *Counsel for Chapter 11 Trustee, Michael Goldberg*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 1st day of July 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing.  Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

    */s/ Steven R. Wirth*
    Attorney

77025295;1

# Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                Case No. 8:24-bk-00676-RCT

    Debtor.
_____/

**INTERIM ORDER GRANTING SECOND
AMENDMENT TO DEBTOR'S EMERGENCY MOTION
FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES**

THIS CASE came before the Court for hearing on February 27, 2024 at 1:30 p.m., March 28, 2024 at 3:00 p.m. and April 15, 2024 at 2:00 p.m., May 23, 2024 at 1:00 p.m., and June 14, 2024 at 1:30 p.m. upon the *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "**Motion**")[1], the *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No 63) (the "**First Amendment**") filed by the above-captioned debtor (the "**Debtor**")[2] and the *Second Amendment to Emergency Motion for*

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion and the Amendment.

[2] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11 trustee of the Debtor (the "**Trustee**").

*Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No __) (the "**Second Amendment**"). The Motion, as amended by the First Amendment and Second Amendment, seeks entry of interim and final orders authorizing proposed procedures governing the manner in which the Debtor makes distributions for the benefit of its Beneficiaries of Clean Trust Accounts and Compromised Trust Accounts.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED**:

1. The Motion as amended by the First Amendment and the Second Amendment is **GRANTED**, as set forth herein, on an interim basis.

2. The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts.

3. The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions.

4. The Debtor is authorized, retroactive as of the Petition Date, to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets to fund such Critical Expenses, which shall not exceed $30,000 per month, in the aggregate, without additional Court approval.

5. The Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account. The Trustee may file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs.

6. Except as otherwise provided in this Order, the Debtor is authorized to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted.

7. Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor. The Trustee shall provide counsel for the Committee with investment and account statements or similar documents on a monthly basis sufficient to determine the amount and nature of funds in the Beneficiaries' accounts.

8. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court shall conduct a continued interim hearing (the "**Continued Hearing**") on the Motion on **July 23, 2024 at 1:30 p.m.**, at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("**Zoom**"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register Click HERE or manually enter the following web address into a browser:

https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration

10. Within forty-eight (48) hours of the entry of this Interim Order, the Trustee shall serve, by United States mail, first-class postage prepaid, copies of this Interim Order on: (a) any party which has filed prior to such date a request for notices with this Court; (b) all creditors and parties holding the thirty (30) largest claims, (c) the Local Rule 1007-2 parties in interest list, and (d) counsel for the Official Committee of Unsecured Creditors. Any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than **July 15, 2024, at 4:30 p.m. (prevailing Eastern Time)**, which objections shall be served so as to be received on or before such date by: (i) the Debtor, Attn.: William A. Long, Jr., Chief Restructuring Officer, 12425 28th St. N., St. Petersburg, FL 33716; (ii) counsel for the Trustee: Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602, Attn.: Steven R. Wirth, Esq. and Raye Elliott, Esq. (steven.wirth@akerman.com; raye.elliott@akerman.com); and (iii) the Office of the United States Trustee, 501 East Polk Street, Room 1200, Tampa, FL 33602.

5

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*