UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Case no. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS ) | Chapter 11 |
| TRUST ADMINISTRATION, INC., ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |

**NOTICE OF RULE 2004 EXAMINATION**
**(DOCUMENT PRODUCTION)**

PLEASE TAKE NOTICE that Carol Mulholland, Creditor in this matter, by and through her undersigned attorneys, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, seeks production of documents from the Debtor as follows:

| | |
|---|---|
| EXAMINEE: | Michael Goldberg, Chapter 11 Trustee |
| | The Center for Special Needs Trust Administration, Inc. |
| DATE: | July 23, 2024 |
| DOCUMENTS: | See Exhibit "A" |
| LOCATION: | mnardella@nardellalaw.com & msayne@nardellalaw.com |

**OR**

**NARDELLA & NARDELLA PLLC**
Attn: Michael A. Nardella, Esquire
135 W. Central Blvd., Ste. 300
Orlando, FL 32801

The above-referenced examination shall be with respect to those matters described in Rule 2004 of the Federal Rules of Bankruptcy Procedure. The scope of the documents requested shall be as described in **Exhibit "A"** attached hereto.

Respectfully submitted this July 3, 2024.

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 051265
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
Telephone (407) 966-2680
Email: mnardella@nardellalaw.com
Secondary email: msayne@nardellalaw.com

***ATTORNEYS FOR CAROL MULHOLLAND***

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of this Notice has been served on July 3, 2024: (i) to all filing users through the CM/ECF system; and (ii) by First Class United States Mail, postage prepaid, to Debtor, The Center for Special Needs Trust Administration, Inc., 12425 28th St. N., Saint Petersburg, FL 33716; The Center for Special Needs Trust Administration, Inc. c/o Scott A. Stichter, Esq., Stichter, Riedel, Blain & Postler, P.A., 110 E. Madison Street, Suite 200, Tampa, FL 33602-4700; Michael Goldberg, Chapter 11 Trustee, 201 East Las Olas Blvd., Suite 1800, Fort Lauderdale, FL 33301; and Steven R. Wirth, Attorney for Chapter 11 Trustee, Akerman LLP, 401 East Jackson Street, Ste 1700, Tampa, FL 33602.

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.

**EXHIBIT "A"**

<u>**INSTRUCTIONS AND DEFINITIONS**</u>

1. **"The Center for Special Needs Trust Administration, Inc."** or **"SNT"** means the Debtor in this instant bankruptcy case.

2. **"Communication(s)",** or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, text messages, e-mails, photographs, text of any other kind, telegrams, telecopies or telexes, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

3. The terms "**Electronically Stored Information**" or "**ESI**" shall include all electronic information permitted under Rule 34 of Federal Rules of Civil Procedure, including, without limitation: word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be kept with the email); instant messages; text messages; log files; source code; compressed files; voice mail; audio, video, and audiovisual recordings; databases and database subsets; and other user, or machine created, computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an intranet, archives, discs, CDs, DVDs, other optical media, diskettes, drives, zip drives, tapes, cartridges, other magnetic media, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, Blackberries, iPods, MP3 players, pagers, and voicemail systems.

4. **"Regarding"** and **"Regard"** shall be construed broadly and include all that refers to, relates to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, states, or involves a given matter in any way.

5. **"You"** or **"Your"** shall mean **The Center for Special Needs Trust Administration, Inc. or SNT,** and all of its agents, persons acting or purporting to act on its behalf, experts, and persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, including without limitation his attorneys.

6. <u>Production of Documents in Electronic Format</u>. As to all ESI and Communications existing in electronic format, including, but not limited to, emails, please provide diskettes containing such data, CDR discs, or other portable storage media. *All Documents existing in electronic format shall be provided in their native format with accompanying metadata* (for example, but not by way of limitation, emails sent or received using Microsoft Outlook should be produced on CDR disc in ".PST" format).

7. If You contend that the contents of any writing described in your answer to these requests are protected from disclosure by virtue of any claim of privilege, furnish a list specifying each such Document and setting forth the following information:

    (a)      the reason for withholding the Document;

    (b)    a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;

    (c)    a brief description of the Document including;

        i.    the date of the Document;

        ii.    the number of pages, attachments, and appendices;

        iii.    the names of the author, authors or preparers and an identification by employment and title of each such person;

        iv.    the name of each person who was sent, shown, or blind copied or carbon copied on the Document, who sent the Document, who had access to, or custody of, the Document, together with an identification of each such person;

        v.    the present custodian;

        vi.    the subject matter of the Document, and in case of any Document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

8.    If any Document or part of a Document identified on your responses to these requests was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a list setting forth for each such Document or part of a Document the information specified as follows:

    (a)    the type of Document;

    (b)    the date of the Document;

    (c)    the person(s) who prepared or authored the Document, and, if applicable, the person(s) to whom the Document was sent or shown;

    (d)    the present location and custodian;

    (e)    the number of pages of the Document;

    (f)    a description of the Document(s) or a description of the contents of the Documents (subject to appropriate privilege);

    (g)    specify, if possible, the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction and the persons(s) requesting and performing the destruction.

9. You shall produce the Documents requested herein as they are kept in the usual course of business or You shall organize and label them to correspond with the categories in the request.

10. Each request herein shall be deemed continuing so as to require prompt supplemental responses, to the extent required by the Federal Rules of Civil Procedure, if information called for herein is obtained, discovered or created subsequent to the time of responding to these requests.

11. Prior to production of documents, please contact the issuing attorney to discuss costs and manner of production.

12. The time period for all requests, unless otherwise expressly stated, is January 1, 2021, through the present.

## REQUESTED DOCUMENTS

1. All documents regarding the preparation for the bankruptcy filing of the Center for Special Needs Trust Administration, Inc., including, but not limited to:

   a. Retaining people and companies, including financial and legal, to evaluate risks, benefits, type and kind of bankruptcy;
   b. All information provided to people and companies who were evaluated as prospective daily operators of CSNTA, including, but not limited to day to day financial operations;
   c. All information provided to people and companies who were hired as daily operators of CSNTA, including, but not limited to day to day financial operations, including, but not limited to NPerspective;

2. All documents reflecting every action ever taken with every dollar of Jordan Frasure's money or money held for Jordan Frasure's benefit that was deposited with CSNTA, from the inception of her trust to the date of the response to this request.

3. All documents reflecting the location of every dollar of Jordan Frasure's money or money held for Jordan Frasure's benefit that was deposited with CSNTA, from the inception of her trust to the date of the response to this request.

4. A complete copy of every contract and every agreement with every person and entity who/which performed or who/which agreed to perform services for or on behalf of CSNTA, from CSNTA's inception through the date of the response to this request.

5. A complete copy of the personnel file of every person who worked for CSNTA, from 2006 through the date of the response to this request, whether a 1099 contractor/employee, a W2 employee, or paid in any other manner.

6. All communications sent to and received from each of the following from 2006 through the date of the response to this request:

    a. Floyd Faglie;

    b. John Staunton;

    c. Staunton & Faglie, PL.

7. All information provided to, received from, and all communications with, Cherry Bekaert, from 2006 through the date of the response to this request.

8. All policies of insurance, including, but not limited to E&O, and professional liability, that may or do provide coverage for claims against officers, directors and employees of the Center for Special Needs Trust Administration, Inc.