## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                    Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                               Chapter 11

      Debtor.

_____/

### CHAPTER 11 TRUSTEE'S RESPONSE TO AMERICAN MOMENTUM BANK'S PRECAUTIONARY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, submits this response to the "precautionary" Motion for Relief from the Automatic Stay (Doc. No. 291; the "Stay Relief Motion") filed by American Momentum Bank ("AMB"), and states:

### INTRODUCTION

AMB's Stay Relief Motion is the latest salvo in the Chamberlin Class Action saga.[1] As the Court knows by now, the Chamberlin Class Plaintiffs believe that the claims, parties, and issues in their action have nothing to do with the estate or these proceedings; but AMB and the Chapter 11 Trustee disagree with them. To that end, the Chapter 11 Trustee has asked this Court to enforce the automatic stay and enjoin the Chamberlin Class Action, and AMB has said that the Chapter 11 Trustee's stay motion is "reasonable, warranted, and should be granted." *See* Doc. No. 210, ¶ 18. Yet, AMB is now asking for relief from the automatic stay.

---

[1] *See, generally*, Chapter 11 Trustee's Motion to Enforce the Automatic Stay (Doc. No. 195); American Momentum Bank's Limited Objection to Chapter 11 Trustee's Motion to Enforce Automatic Stay (Doc. No. 210); Chamberlin Class Plaintiffs' Objection in Response to Chapter 11 Trustee's Motion to Enforce Automatic Stay (Doc. No. 252); and Chapter 11 Trustee's Reply to Chamberlin Class Plaintiffs' Objection and American Momentum Bank's Objection to Chapter 11 Trustee's Motion to Enforce Automatic Stay (Doc. No. 290). Above all else, one thing is clear: all of these issues, and all of the parties' briefings, should be considered by the Court at the same time.

AMB wants stay relief so that it can argue a motion to dismiss in District Court (a copy of which is attached to the Stay Relief Motion). Principally, AMB argues that it should be entitled to stay relief because the claims at issue in the Chamberlin Class Action are not property of the estate. Ironically, however, the crux of AMB's motion to dismiss is an argument that AMB does not owe any duty to the Class Plaintiffs because it was the Debtor, not the Class Plaintiffs, who was AMB's customer. In other words, AMB is saying that if anyone has a claim against it, it would be the Debtor, not the Chamberlin Class Plaintiffs. Of course, that is the same thing that the Chapter 11 Trustee has been saying in his filings, asking this Court to *enforce* the automatic stay.

On the other hand, the Class Plaintiffs have been arguing that they have exclusive standing to sue AMB. In this paradigm, both sides are asking *the District Court* to determine whether and to what extent the claims asserted in the Chamberlin Class Action are property of the estate. But, of course, that is a core question for *this* Court to answer. *Woodard v. Hammons, et al. (In re Chesley),* 551 B.R. 663, 668-9 (Bankr. M.D. Fla. 2016) ("The bankruptcy court has [(i)] exclusive jurisdiction over all property of the estate wherever located, pursuant to 28 U.S.C. § 1334; and (ii) "jurisdiction to adjudicate all competing claims and compel anyone who has possession of the assets to turn them over the trustee."). So, all of these filings make the right answer crystal clear: the Chamberlin Class Action should be stayed and AMB's Stay Relief Motion should be denied.

## BACKGROUND

1.      At all times material, the Debtor was the Trustee of a "pooled trust," and many, if not all, of the Class Plaintiffs (including Mr. Chamberlin himself) were beneficiaries of the pooled trust, via certain "Trust sub-accounts" established for them. The pooled trust is governed by a "Reformed Declaration of Trust," a true and correct copy of which has been filed at Doc. 290-1.

2.      At all times material, the Debtor maintained accounts at AMB.

3.      From time to time, trust assets were deposited into, maintained within, and withdrawn or transferred from the Debtor's accounts at AMB. Those accounts, the trust assets in them, and the transactions to and from those accounts are at the heart of the Chamberlin Class Action.

4.      The Declaration of Trust states, "Beneficiaries Have No Claim on Trust Assets" and "none of the Beneficiaries have any right or entitlement to the Trust corpus or income, except as the Trustee elects to disburse the same in its sole, complete, absolute, and unfettered discretion." *See* Doc. 290-1, ¶ 3.1.

5.      As detailed in the Chapter 11 Trustee's Reply brief, filed on July 10, 2024, the Chamberlin Class Action should be stayed for *at least* three reasons. First, no matter how the Court looks at the issues, the Class Plaintiffs are pursuing estate claims (or, at a minimum, are interfering with the Chapter 11 Trustee's pursuit of estate claims). Second, the Chamberlin Class Action – which competes with the Chapter 11 Trustee's efforts – is interfering with orderly and effective administration of the estate. And, third, if the Chamberlin Class Action is not stayed and the Class Plaintiffs are successful, it would harm other creditors and beneficiaries who are not able to participate in the Chamberlin Class Action. But there could very well be more reasons to stay the Chamberlin Class Action, as the Chapter 11 Trustee is continuing to investigate claims and causes of action. For example, the claims asserted by the individual beneficiaries against AMB are either "direct" claims belonging to the Chapter 11 Trustee – in his capacity as trustee under the Declaration of Trust (which is what AMB argues in its motion to dismiss) – or they are claims that the Chapter 11 Trustee has standing to prosecute in a derivative capacity. Either way, the action should be stayed (but not dismissed) because the Chamberlin Class Plaintiffs are interfering with the estate and trying to leap over other creditors.

<u>**ARGUMENT**</u>

As a threshold matter, AMB does not have standing to seek relief from the automatic stay, because it is not a creditor. *See Matter of Comcoach Corp.*, 19 B.R. 231 (Bankr. S.D.N.Y. 1982). But even if AMB could seek relief from the automatic stay, it would only be entitled to that relief if it could establish "cause" under 11 U.S.C. § 362(d) and, with respect to its motion to dismiss, that the Chapter 11 Trustee has no equity in the Chamberlin Class Action claims and that the claims are not necessary to an effective reorganization. In this case, the Stay Relief Motion should be denied because AMB has not made (and cannot make) any of these showings.

AMB has failed to show any compelling "cause" for lifting the stay. All it says is that it would like for the District Court to hear its motion to dismiss sooner rather than later. It does not even suggest that it would incur harm if it had to wait for a ruling. On the other hand, allowing AMB to proceed piecemeal and prematurely (*i.e.* before the stay enforcement issues are determined by *this* court) would unreasonably and unnecessarily interfere with the administration of this case. That, alone, is reason to deny the motion. *See, e.g., In re Celsius Network LLC*, 642 B.R. 497 (Bankr. S.D.N.Y. 2022).

Similarly, AMB has failed to show that the Chapter 11 Trustee lacks equity in the Chamberlin Class Action claims. Indeed, it has offered no evidence, only conclusory statements. And, critically, AMB has done nothing to refute the Chapter 11 Trustee's Declaration-of-Trust argument, which is dispositive of the "equity" issue.

Finally, AMB has done nothing to show that the claims at issue in the Chamberlin Class Action – *i.e.* pursuit of the $100,000,000 million that was loaned *by the Debtor* to Boston Financial Group, LLC  and guaranteed by Leo Govoni pre-petition – are not necessary to an effective reorganization. On the contrary, AMB has cited the Debtor's first-day filings, which clearly state that these claims are, arguably, the most important asset to an effective plan of reorganization.[2]

WHEREFORE, the Chapter 11 Trustee respectfully requests that this Court enter an order denying American Momentum Bank's Stay Relief Motion and providing for such other and further relief as to the Court deems just.

Respectfully submitted,

AKERMAN LLP

By: */s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott
Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
*Counsel for Chapter 11 Trustee, Michael Goldberg*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

*/s/Steven R. Wirth*

---

[2] *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.)*, 808 F. 2d 363, 371, n. 14 (5th Cir. 1987) ("because a plan of reorganization under Chapter 11 can… consist of a liquidation of the debtor, there may be circumstances under which the debtor is able to satisfy the 'effective reorganization' test of § 362(d)(2) by showing that the property at issue is necessary to an effective liquidation of the debtor under Chapter 11, as distinguished from an effective rehabilitation of the debtor.")(citing *In re Koopmans,* 22 B.R. 395 (Bankr. D. Utah 1982)).

77281132;2