## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,  Chapter 11

    Debtor.

_____/

## OFFICIAL COMMITTEE OF UNSECURED
## CREDITOR'S RESPOSNE TO MOTION FOR
## RELIEF FROM STAY FILED BY AMERICAN MOMENTUM BANK
(Doc. No. 291)

The Official Committee of Unsecured Creditors (the "**Committee**"), by counsel and pursuant to 11 U.S.C. §§ 105(a) and 362, files this Response to the Motion for Relief from Stay by American Momentum Bank ("**AMB**") to proceed with its defense of the Motion to Dismiss the Class Action filed in the United States District Court for the Middle District of Florida ("**Stay Relief Motion**").  In support thereof, the Committee states as follows:

**Argument**

The Court is very familiar with the background concerning the Debtor, the beneficiaries[1] of the Debtor's special need trusts, the Chamberlin Class Action, and the pending filings of the Chamberlin Class Action Plaintiffs, the Chapter 11 Trustee, and the Committee.  Therefore, the Committee is filing this more truncated response in opposition to the Stay Relief Motion without rehashing that history.

---

[1] "Beneficiaries" is underlined repeatedly in this Response because they and their recovery of lost funds should be the emphasis and primary consideration regarding the decisions of this Court, and ideally, the requests of parties seeking relief before this Court.

76793090;

The Committee adopts its arguments and positions stated in its Supplemental Memorandum in Support of Motion to Enforce Automatic Stay (Doc. No. 297). Additionally, the Committee has reviewed and agrees with the Chapter 11 Trustee's Response to the [Stay Relief Motion] (Doc. No. 302).

Beyond the points raised in those briefs, the Committee notes the Stay Relief Motion does not address the potential harm upon <u>the beneficiaries</u> of the Debtor trusts. Specifically, if the Chamberlin Class Action is stayed, yet AMB is permitted to seek its form of relief (where it is the only party with any upside), it is extremely prejudicial to <u>the beneficiaries</u> and what should be the aligned goals of the Chamberlin Class Action Plaintiffs, Chapter 11 Trustee, and this Committee.

That primary goal of these representatives should be the maximum monetary recovery for <u>the beneficiaries</u> whose trust accounts are currently deficient, which $100,000,000 loss was the precipitating cause of this bankruptcy filing and the underlying basis for the Chamberlin Class Action. Recovery should be sought from every possible source and, if necessary, every possible forum.

Yet, AMB's sole, and seemingly callous, position is that AMB owed <u>the beneficiaries</u> of known trust accounts zero duty. Perhaps, following complete discovery and litigation concerning the underlying facts, AMB's position will be proven correct; but as of now those facts have not been finally determined. More, none of the case citations by AMB are directly on point with the factual circumstances asserted in this situation. In fact, AMB argues it is entitled to relief from stay to pursue a motion to dismiss on topics inherently factual, such as AMB's level of "actual knowledge" concerning the illicit scheme alleged. These factual type issues are not well suited for dismissal or for this Court's more general ruling on a stay relief motion.

As noted by the Chapter 11 Trustee, AMB also does not provide any analysis of its purported "cause" for relief from the stay, "lack of adequate protection," or any other meaningful harm (especially when compared to the posture the Stay Relief Motion places on <u>the beneficiaries</u> to lose a potential recovery avenue).

The Stay Relief Motion does not cite a single case granting stay relief under similar circumstances to those requested by AMB. Rather, the Stay Relief Motion merely cites to generic statutory requirements of cause and states that cause exists "for the reasons set forth above." But there is no analysis or assertion of cause or lack of adequate protection "above," other than to allege there is no prejudice (*there is*) and AMB's Motion to Dismiss will prevail (*which is a conclusory statement and factual analysis for another court to decide*). Obviously, if the Chamberlin Class Action itself is stayed, AMB is not currently lacking protection in that matter. The Stay Relief Motion does not even cite to rationale or facts that could be analogous to its request to proceed solely with a motion to dismiss in a lawsuit that is otherwise stayed. In this regard, AMB has failed to present both factually specific cause or legal authority for the relief requested.

Last, AMB's argument that no findings would be binding on the Chapter 11 Trustee or this estate is illusory and fails for two reasons: First, the Debtor is the current trustee for many (though not all) of <u>the beneficiaries</u>' trusts.[2] It is hard to understand how the Debtor, and as a result, <u>the beneficiaries</u>, would not be bound in that representative capacity, even if this bankruptcy estate was technically proclaimed to not be subject to collateral estoppel.

Second, the underlying basis for AMB's argument is their own certainty that they will win the motion to dismiss in the Chamberlin Class Action, which the Committee deems doubtful (at least without leave to amend). In framing its argument this way, AMB is asking this Court, in this

---

[2] In this regard, the Debtor is so intertwined that if the Chamberlin Class Action were to proceed in any regard, the Debtor may be an indispensable party.

Bankruptcy Case, for a ruling right now, that is binding on all parties in the Bankruptcy Case. That requested ruling—that AMB's position is so strong and AMB is so likely to win, that this Court should make an exception to an otherwise stayed case—would absolutely have an effect on this bankruptcy estate and upon <u>the beneficiaries</u>.

For theses reasons, and the reasons set forth in the Committee's response to the Class Action pleadings, the Stay Relief Motion should be denied.

**WHEREFORE**, the Committee respectfully requests the Court deny AMB's Stay Relief Motion, and for all other relief the Court finds just and proper.

Dated: July 20, 2024.

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
Scott A. Underwood
Florida Bar Number 730041
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: mmurray@underwoodmurray.com
sunderwood@underwoodmurray.com
*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee, the Trustee, and Debtor's counsel, counsel for the Class Action, on July 20, 2024.

/s/ Megan W. Murray
Megan W. Murray

76793090;8