**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**CLASS PLAINTIFFS' RESPONSE TO AMERICAN MOMENTUM BANK'S**
**PRECAUTIONARY MOTION FOR RELIEF FROM AUTOMATIC STAY (DOC. 291)**

Creditor Clark Chamberlin, by and through his parents and co-guardians Todd and Kelli Chamberlin ("Class Plaintiffs"), individually and for the putative Class of special needs trust ("SNT") beneficiary and/or grantor-victims ("Beneficiaries"), briefly responds in opposition to Defendant American Momentum Bank's *Precautionary Motion for Relief from Automatic Stay* (Doc. 291) ("Motion"). Class Plaintiffs incorporate by reference, rather than repeating, their extensive briefing (Docs. 252, 299) explaining why the Class Action's claims ("Class Claims"), including those against American Momentum Bank, are not estate property and, thus, not subject to the automatic bankruptcy stay. To the extent American Momentum Bank's Motion seeks relief from the automatic stay, it should be denied because the stay does not apply to the Class Claims. Class Plaintiffs should be permitted to proceed with their Class Claims against all non-debtor defendants named in the Class Action.

Class Plaintiffs are motivated to pursue all the claims that American Momentum Bank admits do not violate the automatic stay. Class Plaintiffs vehemently disagree with American Momentum Bank's unnecessary explanation of the grounds by which it is moving to dismiss the Class Claims asserted against it. The proceeding in which they should and will state their opposition to that motion to dismiss will be in the Chamberlin Class Action itself, following this

Court's determination that the automatic stay does not apply.

The Chapter 11 Trustee and Unsecured Creditors' Committee ("UCC") separately oppose the Motion. Class Plaintiffs agree that only creditors, not defendants like American Momentum Bank, have the standing to seek automatic stay relief. Further, even though the Class Plaintiffs claims do not involve estate property, even if such claims were estate property, purely defensive actions such as a motion to dismiss taken by a non-debtor defendant do not violate the stay.

Although the Chapter 11 Trustee and UCC are at odds with the Class Plaintiffs over the automatic stay's applicability, nowhere does the bankruptcy record in this Court reflect the Chapter 11 Trustee's or UCC's agreement that American Momentum Bank has no liability to the Class Plaintiffs and Beneficiaries of the SNTs whose money was misappropriated beginning in 2009, when Leo Govoni, the Debtor's founder, had already set up the Debtor's accounts at American Momentum Bank (at the time a fledgling bank). The UCC also rightly notes the importance of having recovery be sought from every possible source (which recovery should go to Beneficiaries, not the estate), and that American Momentum Bank's culpability in the misappropriation of the $100 million from SNTs will be fact-driven. No stay relief is necessary for the Class Claims against American Momentum Bank to proceed in the District Court.

Based on the foregoing, Class Plaintiffs request that the Motion be denied to the extent it seeks relief from the automatic stay that does not apply.

Dated: July 22, 2024.                               Respectfully submitted.

By: *s/Caroline Herter*
David L. Ferguson FBN 981737
Jonathan M. Streisfeld FBN 117447
Caroline Herter FBN 1035444
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301

Telephone: 954-525-4100
ferguson@kolawyers.com
streisfeld@kolawyers.com
herter@kolawyers.com

Thomas H. Leeder FBN: 746401
**LEEDER LAW**
8551 West Sunrise Blvd. | Ste. 202
Plantation, FL 33322
Telephone: (954) 734-2382
pleadings@leederlaw.com

David S. Jennis FBN 775940
Michael Stavros FBN 1033851
**JENNIS MORSE**
606 E. Madison Street
Tampa, FL 33602
Telephone: (813) 229-2800
djennis@jennislaw.com
mstavros@jennislaw.com

*Attorneys for Class Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 22, 2024, I filed a true and correct copy of the foregoing using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause the foregoing document to be served on all parties required to be served, including (i) the Chapter 11 Trustee, (ii) the Chamberlin Class Action Defendants, and (iii) the Local Rule 1007-2 Parties in Interest List.

By: */s/ Caroline Herter*
CAROLINE HERTER