ORDERED.

Dated: August 02, 2024

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                            Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                 Case No. 8:24-bk-00676-RCT

    Debtor.
_____/

**INTERIM ORDER GRANTING SECOND
AMENDMENT TO DEBTOR'S EMERGENCY MOTION
FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES**

THIS CASE came before the Court for hearing on February 27, 2024 at 1:30 p.m., March 28, 2024 at 3:00 p.m. and April 15, 2024 at 2:00 p.m., May 23, 2024 at 1:00 p.m., June 14, 2024 at 1:30 p.m., and July 23, 2024, at 1:30 p.m. upon the *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "**Motion**")[1], the *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 63) (the "**First Amendment**") filed by the above-captioned debtor (the "**Debtor**")[2] and the *Second Amendment to*

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion and the Amendment.

[2] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11 trustee of the Debtor (the "**Trustee**").

77019070;4

*Emergency Motion for Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. 278) (the "**Second Amendment**"). The Motion, as amended by the First Amendment and Second Amendment, seeks entry of interim and final orders authorizing proposed procedures governing the manner in which the Debtor makes distributions for the benefit of its Beneficiaries of Clean Trust Accounts and Compromised Trust Accounts.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED**:

1. The Motion as amended by the First Amendment and the Second Amendment is **GRANTED**, as set forth herein, on an interim basis.

2. The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts.

3. The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions.

4. The Debtor is authorized, retroactive as of the Petition Date, to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets to fund such Critical Expenses, which shall not exceed $30,000 per month, in the aggregate, without additional Court approval.

5. The Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account. The Trustee may file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs.

6. Except as otherwise provided in this Order, the Debtor is authorized to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted.

7. Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor. The Trustee shall provide counsel for the Committee with investment and account statements or similar documents on a monthly basis sufficient to determine the amount and nature of funds in the Beneficiaries' accounts.

8. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court shall conduct a continued hearing on the Motion on **September 9, 2024, at 2:00 p.m.**, at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the continued hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register Click **HERE** or manually enter the following web address into a browser: https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*