UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                               Chapter 11

          Debtor.
_____/

**CHAPTER 11 TRUSTEE'S THIRD AMENDMENT TO EMERGENCY
MOTION FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES**

Michael Goldberg, the Chapter 11 Trustee ("Trustee"), by and through undersigned counsel, seeks to make a third amendment (the "Third Amendment"), retroactive to the Petition Date, to the relief requested in its *Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "Motion"), the *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No 63) (the "First Amendment") filed by the above captioned Debtor (the "Debtor")[1], and the *Chapter 11 Trustee's Second Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No 278) (the "Second Amendment") filed by the Chapter 11 Trustee, and in support thereof, states as follows:

**Preliminary Statement**

1.      The Trustee proposes to amend the previously approved distribution procedures to include "Attorney Fees for State Mandated Annual Filings" as an additional category of Critical Expenses to be paid once a Beneficiary's Liquid Assets are depleted. This Third Amendment is necessary for certain Beneficiaries to maintain their eligibility and remain in compliance under Iowa's state imposed requirements regarding annual filings by beneficiaries.

---

[1] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as the Chapter 11 Trustee of the Debtor.

**Jurisdiction**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are Sections 105(a), 363(b) 1107(a) and 1108 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

5.      The Trustee hereby incorporates the Background and factual statements set forth in the Trust Distribution Motion and First Amendment.

6.      On February 16, 2024, the Court entered an *Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 46) (the "Interim Order"), which authorized certain procedures, on an interim basis, for the Debtor to make distributions from Trust Accounts with Liquid Assets sufficient to fund ongoing distributions.

7.      On March 5, 2024, the Court entered the *Second Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 79) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Second Interim Order").

8.      On April 2, 2024, the Court entered the *Third Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 137) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Third Interim Order").

9.      On April 18, 2024, the Court entered the *Fourth Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 176) authorizing certain

75573751;2

trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Fourth Interim Order").

10.     On May 30, 2024, the Court entered the *Fifth Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 239) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Fifth Interim Order").

11.     On July 8, 2024, the Court entered the *Amended[2] Sixth Interim Order Granting Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 288) authorizing certain trust distribution procedures as reflected in the Motion and the First Amendment on an interim basis (the "Sixth Interim Order").

12.     The Trustee seeks to modify the Motion, First Amendment, and the Second Amendment to reflect the Third Amendment to the trust distribution procedures to include "Attorney Fees for State Mandated Annual Filings" as an additional category of Critical Expenses. The Trustee proposes that attorney fees incurred for these mandatory filings be recognized as a Critical Expense, payable from funds advanced to Beneficiaries once their Liquid Assets are depleted.

13.     These attorney fees are specifically related to annual filings completed in Iowa by Dentons law firm for 2023 and are not anticipated to recur under the current management for 2024 as these attorney fees are not recurring monthly expenses but rather annual occurrences primarily concentrated in the fourth quarter of each fiscal year.

14.     This Third Amendment is limited to a total of approximately six Beneficiaries and the Trustee anticipates these additional expenses for attorneys' fees to be $500 for each Beneficiary totaling additional expenses of an amount not greater than $3,000.

---

[2] The Sixth Interim Order was amended to correct the deadline for objections in paragraph 10.

75573751;2

15.    It is anticipated that the management of these underlying trusts will transition to a new trust administrator by the time payment for attorneys' fees for 2024 annual filings are due and will be managed as part of the fourth quarter operations under the new administrator. The Trustee does not seek authority to increase the maximum limit of funds available to be advanced from $30,000 loan allowance previously established to account for these additional fees because these expenses are not estimated to exceed $500 per Beneficiary.

16.    By this Motion, the Trustee seeks entry of an Order substantially in the form attached as Exhibit A, effective as of the Petition Date, recognizing "Attorney Fees for State Mandated Annual Filings" as an additional category of Critical Expenses. This increase will ensure Beneficiaries remain in compliance with state regulations and maintain their eligibility to receive benefits under the Trust.

**Basis for Relief Requested**

17.    Through the Third Amendment, the Trustee seeks authority to include "Attorney Fees for State Mandated Annual Filings" as an additional category of Critical Expenses, effective as of the Petition date. The need for the Third Amendment has arisen due to specific legal requirements in the state of Iowa, mandating that beneficiaries undergo annual filings monitored by state authorities. These filings are critical to maintaining the Beneficiaries' compliance with state regulations and their continued eligibility to receive benefits under the Trust. To the extent such relief is outside of the ordinary course of business of the Debtor, the Debtor seeks approval of this framework pursuant to Section 363(b)(1) of the Bankruptcy Code.

18.    Section 363(b)(1) states that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Courts review a debtor's use of estate property outside of the ordinary course of business pursuant to a debtor's demonstration of sound business judgment." *In re Friedman's, Inc.*, 336 B.R. 891, 895

75573751;2

(Bankr. S.D. Ga. 2005); *see also Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003). "Courts should approve an exercise of a debtor's business judgment unless it is 'so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Friedman's*, 336 B.R. at 895.

19.     These attorney fees are not expected to exceed $500 for each Beneficiary of Compromised Trust Accounts subject to Iowa's annual filing requirement and the Trustee's inclusion of an additional category of Critical Expenses is a sound exercise of the Trustee's business judgment justified by the need to ensure that all Beneficiaries are in compliance with the state of Iowa's mandatory filing requirements, as non-compliance to these rules would jeopardize the Beneficiaries' rights and benefits under the Trust.

20.     The Third Amendment is designed to   mange these additional expenses for attorneys' fees effectively without requiring an increase to the $30,000 loan allowance previously established.

21.     The Trustee requests that the proposed Order be entered on a continued interim basis, subject to entry of a final order following a continued hearing.

22.     The Trustee has consulted with the counsel for the Official Committee of Unsecured Creditors and the United States Trustee regarding the proposed amendment detailed herein and counsel for the Official Committee of Unsecured Creditors and the United States Trustee have expressed no objection to the requested relief in the Third Amendment.

        WHEREFORE, the Trustee requests this Court enter an Order substantially in the form attached hereto as Exhibit A:

i.       Granting the Motion, as amended by the First Amendment, the Second Amendment, and the Third Amendment;

75573751;2

ii.     Authorizing the Debtor to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts;

iii.     Authorizing the Debtor to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions;

iv.     Authorizing the Debtor, retroactive as of the Petition Date, to make advances to Compromised Trust Accounts with insufficient Liquid Assets to fund "Attorney Fees for State Mandated Annual Filings", incurred by Beneficiaries for the engagement of attorneys to prepare and submit annual filings as required by the state of Iowa. These fees shall be considered Critical Expenses.

v.     Authorizing the Debtor, retroactive as of the Petition Date, to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets to fund such Critical Expenses, which shall not exceed $30,000 per month, in the aggregate, without additional Court approval;

vi.     Providing that the Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account. The Trustee may file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs;

75573751;2

vii.      Except as otherwise provided in this Order, the Debtor is authorized to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted;

viii.      Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor. The Trustee shall provide counsel for the Committee with statements on a monthly basis sufficient to determine the amount and nature of funds in each of the Beneficiaries' accounts; and

ix.      Granting such other and further relief the Court deems just and proper.

Dated: August 12, 2024.

Respectfully submitted,

By: */s/ Steven R. Wirth*

Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott
Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

75573751;2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 12th day of August 2024, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing.  Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

*/s/ Steven R. Wirth*
Attorney

75573751;2

# Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,          Case No. 8:24-bk-00676-RCT

      Debtor.

_____/

**INTERIM ORDER GRANTING THIRD**
**AMENDMENT TO DEBTOR'S EMERGENCY MOTION**
**<u>FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES</u>**

THIS CASE came before the Court for hearing on February 27, 2024 at 1:30 p.m., March

28, 2024 at 3:00 p.m. and April 15, 2024 at 2:00 p.m., May 23, 2024 at 1:00 p.m., June 14, 2024

at 1:30 p.m., and July 23, 2024, at 1:30 p.m. upon the *Debtor's Emergency Motion for Approval*

*of Trust Distribution Procedures* (Doc. No. 10) (the "**Motion**")[1], the *Debtor's Amendment to*

*Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 63) (the "**First**

**Amendment**") filed by the above-captioned debtor (the "**Debtor**")[2], the *Second Amendment to*

---

[1]  Capitalized terms used but not defined herein have the meanings given to them in the Motion and the Amendment.

[2] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11 trustee of the Debtor (the "**Trustee**").

*Emergency Motion for Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. 278) (the "**Second Amendment**"), and the *Third Amendment to Emergency Motion for Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. \_\_\_\_) (the "**Third Amendment**"). The Motion, as amended by the First Amendment, Second Amendment, and Third Amendment seeks entry of interim and final orders authorizing proposed procedures governing the manner in which the Debtor makes distributions for the benefit of its Beneficiaries of Clean Trust Accounts and Compromised Trust Accounts.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1.      The Motion as amended by the First Amendment, the Second Amendment, and Third Amendment is **GRANTED**, as set forth herein, on an interim basis.

2.      The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts.

77550840;1

3.      The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions.

4.      The Debtor is authorized, retroactive as of the Petition Date, to make advances to Compromised Trust Accounts with insufficient Liquid Assets to fund "Attorney Fees for State Mandated Annual Filings", incurred by Beneficiaries for the engagement of attorneys to prepare and submit annual filings as required by the state of Iowa. These fees shall be considered Critical Expenses.

5.      The Debtor is authorized, retroactive as of the Petition Date, to make advances for Critical Expenses to Compromised Trust Accounts with insufficient Liquid Assets to fund such Critical Expenses, which shall not exceed $30,000 per month, in the aggregate, without additional Court approval.

6.      The Debtor shall track advances to Compromised Trust Accounts for Critical Expenses and that such advances shall be allocated as a loan to the Compromised Trust Account, which loan shall be subject to repayment by setting off such loan amounts against any future payments to be received by the applicable Compromised Trust Account. The Trustee may file a separate motion (which may be an omnibus motion) to seek approval of the amounts of such setoffs.

7.      Except as otherwise provided in this Order, the Debtor is authorized to cease making distributions on account of Compromised Trust Accounts once such Trust Accounts' Liquid Assets are depleted.

8.      Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for

3

77550840;1

investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor. The Trustee shall provide counsel for the Committee with investment and account statements or similar documents on a monthly basis sufficient to determine the amount and nature of funds in the Beneficiaries' accounts.

9.      The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

77550840;1