**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                                  Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                           Chapter 11

      Debtor.
_____/

**CHAPTER 11 TRUSTEE'S NOTICE OF RULE 2004**
**EXAMINATION DUCES TECUM OF LEO J. GOVONI**
(*Documents Only*)

Michael Goldberg, as Chapter 11 Trustee (the "Chapter 11 Trustee"), by and through undersigned counsel, hereby gives notice that **Leo J. Govoni** shall produce the documents identified on the attached **Schedule "A"** on or before **Friday, September 27, 2024, no later than 4:00 p.m., at Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida 33602 or via electronic mail to steven.wirth@akerman.com.**

The examination is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1. The scope of the examination shall be as described in Fed. R. Bankr. P. 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

Dated: September 6, 2024.                    Respectfully submitted,

                                                     By: */s/ Steven R. Wirth*
                                                        Steven R. Wirth, Florida Bar No.: 170380
                                                        Email: steven.wirth@akerman.com
                                                        Raye C. Elliott. Florida Bar No.: 18732
                                                        Email: raye.elliott@akerman.com
                                                        Akerman LLP
                                                        401 East Jackson Street, Suite 1700
                                                        Tampa, Florida 33602
                                                        Phone: (813) 223-7333/Fax: (813) 223-2837
                                                        *Counsel for Chapter 11 Trustee, Michael*
                                                        *Goldberg*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 6, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed, to:

Leo J. Govoni
14109 Spoonbill Ln
Clearwater, FL 33762-4548

                                                              */s/Steven R. Wirth*
                                                              Attorney

77923930;1

## SCHEDULE "A"

**(Please review the definitions and instructions before responding.)**

### DEFINITIONS

1. "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

2. The term "**case**" means the Debtor's Chapter 11 case, to wit: *In re The Center for Special Needs Trust Administration, Inc.*, 24-bk-00676-RCT.

3. The term "**communication**" includes the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise).

4. The term "**concerning**" includes referring to, responding to, relating to, connected with, supporting, memorializing, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying and constituting.

5. The term "**control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your agents, representatives, attorneys, and any person or entity acting or who has acted by or on your behalf.

6. The term "**Court**" means the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, with jurisdiction over the Case.

7. The term "**Debtor**" means **The Center for Special Needs Trust Administration, Inc.**, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on their behalf.

8. The term "**document**" has the broadest meaning accorded to it by the Federal Rules of Bankruptcy Procedure, and includes without limitation all written, typed, printed, reproduced, filmed, stored, or recorded material of any kind, in the possession, custody, or control of you or any of your past or present agents, employees, consultants, attorneys or other persons acting on your behalf, including but not limited to any of the following: correspondence; letters; memoranda; interoffice memoranda; writings; notes; notebooks; charts; electronic mail; studies; plans; analyses; work papers; statistical records; bills and other billing records; receipts; books; press releases; reports; contracts and agreements; records, summaries, memorializations, minutes, agendas or notes of meetings, conferences, telephone calls, or other conversations; calendars and diaries; appointment books and message pads; photographs; tape recordings or other audio or video records; handwritten notes or notations in any form; computer tapes, disks, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form – including, without limitation, electronic or computerized data compilations (including electronic mail), electronic bookkeeping and accounting records (including QuickBooks files), and any printouts thereof; attachments and enclosures; and drafts of any of the foregoing. For purposes of the foregoing, the term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft

77881254;1

was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

9. "**All documents**" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent search.

10. The term "**including**" means including but not limited to.

11. The terms "**insider**" and "**insider of the Debtor**" shall have the broadest meaning accorded to it by section 101(31) of the Bankruptcy Code.

12. The term "**person**" means an individual, corporation, general partnership, limited partnership, limited liability company, limited liability partnership, association, trust or any other entity or organization, including a government or political subdivision or an agency or instrumentality thereof, and the agents, servants, and employees of same.

13. "**You**", "**your**" or "**yours**" means Leo J. Govoni and any agents, representatives, attorneys, and any person or entity acting or who has acted by or on his behalf.

14. The term "**Real Property**" means all of the Debtor's real property as of February 9, 2024

## INSTRUCTIONS

1. Unless otherwise indicated, the applicable time period for these requests is from **January 1, 2009** through and including the date of your response (the "Request Period").

2. These requests are continuing in nature, so as to require supplemental responses if you obtain or discover further, contradictory or different documents subsequent to the date of your production. Such supplemental responses, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental documents. Each request is to be responded to separately and as completely as possible. The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to respond to any such request as fully as possible. The omission of any document or other item of information from the response shall be deemed a representation that such document or item is not known to the Debtor, its counsel, or other representatives or agents of the Debtor.

3. In producing the documents called for herein, segregate the documents so as to identify the numbered requests to which such documents respond.

4. You are requested to produce not only those documents in your possession, custody or control, but also those documents in the possession, custody or control of any of your employees, servants, agents, representatives, attorneys, and any person or entity acting or who has acted by or on your behalf.

5. For each document requested herein that is withheld from production on the ground of privilege, furnish the following: (i) the type of document or some other means of identifying it;

(ii) its subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) its present location; and (vi) the claim of privilege with respect thereto.

6. For each document requested herein that was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish the following: (i) the type of document (*i.e.*, letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) the date on which it was lost, destroyed or otherwise disposed of; (vi) the reason for any such destruction or disposal; and (vii) the person(s) requesting and performing such destruction or disposal.

7. Each request for documents, and each subsection of each request for documents, is to be fully and separately answered.

8. Documents are to be produced in their full and unexpurgated form, together with all drafts and non-identical copies of each.

9. A request for a document shall include a request for all drafts thereof and all revisions and modifications thereto.

10. If the production of any document(s) or any portion of a document responsive to a request herein is refused under a claim of privilege or because such document(s) is part of an attorney's work product, the party should identify the document(s) with sufficient detail to permit a party to request an *in camera* inspection or other similar review of same.

11. The singular includes the plural and the plural includes the singular.

## DOCUMENT REQUESTS

1. All documents related to the Debtor in any way.

2. All documents regarding any transfer of funds or other property between the Debtor and any insider of the Debtor (including You), during the Request Period.

3. All documents regarding any transfer of funds or other property that was related, in any way, to the Debtor during the Request Period.

4. Any and all federal, state or local income tax returns prepared by you (or on your behalf) for the years 2018, 2019, 2020, 2021, 2022, 2023, and 2024.

5. All documents related to any lawsuit, currently pending, in which you are a party.

6. All documents related to any insurance claim made during the Request Period involving any property owned by you, the Debtor, or any insider of the Debtor.

7. All documents regarding the ownership of any property (personal or real) described on the "Personal Financial Statement" that you recently provided to Chapter 11 Trustee's counsel.

8. All bank, savings and loan, brokerage, crypto holdings, 401K, IRA, any other retirement accounts, and other account books and statements for accounts in institutions in which you, the Debtor, or any of the Debtor's insiders had any legal or equitable interest during the Request Period.

9. All final account statements from any "force-closed" account (including, without limitation, any bank, savings and loan, brokerage, crypto holdings, 401K, IRA or any other retirement account) showing a zero balance including an accounting for the transfer of funds and identification of bank or brokerage accounts the remaining funds were transferred.

10. All life insurance policies, whole life or cash surrender policies, during the Request Period.

11. All canceled checks issued or received during the Request Period, for all accounts in which you, the Debtor, or any of the Debtor's insiders held any legal or equitable interest.

12. All deeds, leases, mortgages, or other written instruments evidencing any of your interest in or ownership of any real property at any time during the Request Period.

13. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from you during the Request Period.

14. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by you during the Request Period.

15. All Financial statements as to your assets, liabilities, and owner's equity prepared during the Request Period.

16. All Minutes of all meetings of any entity board on which you have served with you during the Request Period.

17. All documents or communications concerning funds or property paid out or pledged by you in settlement or resolutions since February 9, 2024.

18. All documents or communications concerning settlement discussions and settlement terms in connection with the resolution of the lawsuit captioned *David Wenk, MD v. Big Storm Brewery LLC, et al.*, 6th Jud. Cir. Ct. Case No. 24-002487-CI. Specifically, this includes, without limitation, **an unredacted copy of the settlement agreement** and **information sufficient to determine the source of any settlement payment**, both of which should be produced on an expedited basis, **within five days of the date this notice is served**.

19. All documents or communications concerning settlement discussions and settlement terms in connection with the resolution of the lawsuit captioned the *State of Florida v. The Directed Benefits Foundation, Inc., et al.*, 6th Jud. Cir. Ct. Case No. 24-002321-CI.

20. All documents or communications concerning the source of funds or property pledged in resolution of any matters identified in 15-17 above.

4

21.     A list of all assets liquidated or pledged by you since February 9, 2024.

22.     A list of all assets over $50,000 that have been transferred or pledged by you to anyone on behalf of yourself or others, since January 1, 2009.

23.     A list of every personal electronic device that you have ever used to conduct the Debtor's business.