# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:	Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,	Chapter 11

    Debtor.
_____/

## NOTICE OF ISSUANCE OF SUBPOENAS

Michael Goldberg, Chapter 11 Trustee, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 45, hereby gives notice of the issuance of Subpoenas for Rule 2004 Examination (collectively, the "Subpoenas") on September 6, 2024, to the following:

1. Leo J. Govoni; and
2. Boston Finance Group, LLC.

True and correct copies of the Subpoenas are attached to this Notice as **Composite Exhibit 1**.

Dated: September 6, 2024	Respectfully submitted,

    AKERMAN LLP

    By: */s/ Steven R. Wirth*
        Steven R. Wirth
        Florida Bar No.: 170380
        Email: steven.wirth@akerman.com
        Raye C. Elliott
        Florida Bar No.: 18732
        Email: raye.elliott@akerman.com
        401 East Jackson Street, Suite 1700
        Tampa, Florida 33602
        Telephone: (813) 223-7333
        Facsimile: (813) 223-2837

    *Counsel for Chapter 11 Trustee, Michael Goldberg*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 6, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

                                            */s/Steven R. Wirth*
                                            Attorney

# Composite Exhibit 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
_____ Middle District of Florida _____

In re: THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.
Debtor

Case No. 8:24-bk-00676-RCT

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Leo J. Govoni c/o Eric S. Koenig, Esq., Trenam Law, 101 E. Kennedy Blvd., Suite 2700, Tampa, FL 33602
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Schedule A. Responsive documents to be produced by September 27, 2024, unless otherwise indicated in Schedule A, by email to steven.wirth@akerman.com or by mail or hand delivery to Mr. Wirth at the address below.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/6/2024

CLERK OF COURT

_____  OR  /s/ Steven R. Wirth
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Michael Goldberg, Chapter 11 Trustee, who issues or requests this subpoena, are:

Steven R. Wirth, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida 33602; (813) 223-7333; steven.wirth@akerman.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) _____       ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $                       _____ .

 My fees are $            for travel and $            for services, for a total of $            .

   I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE "A"

**(Please review the definitions and instructions before responding.)**

## DEFINITIONS

1. "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

2. The term "**case**" means the Debtor's Chapter 11 case, to wit: *In re The Center for Special Needs Trust Administration, Inc.*, 24-bk-00676-RCT.

3. The term "**communication**" includes the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise).

4. The term "**concerning**" includes referring to, responding to, relating to, connected with, supporting, memorializing, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying and constituting.

5. The term "**control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your agents, representatives, attorneys, and any person or entity acting or who has acted by or on your behalf.

6. The term "**Court**" means the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, with jurisdiction over the Case.

7. The term "**Debtor**" means **The Center for Special Needs Trust Administration, Inc.**, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on their behalf.

8. The term "**document**" has the broadest meaning accorded to it by the Federal Rules of Bankruptcy Procedure, and includes without limitation all written, typed, printed, reproduced, filmed, stored, or recorded material of any kind, in the possession, custody, or control of you or any of your past or present agents, employees, consultants, attorneys or other persons acting on your behalf, including but not limited to any of the following: correspondence; letters; memoranda; interoffice memoranda; writings; notes; notebooks; charts; electronic mail; studies; plans; analyses; work papers; statistical records; bills and other billing records; receipts; books; press releases; reports; contracts and agreements; records, summaries, memorializations, minutes, agendas or notes of meetings, conferences, telephone calls, or other conversations; calendars and diaries; appointment books and message pads; photographs; tape recordings or other audio or video records; handwritten notes or notations in any form; computer tapes, disks, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form – including, without limitation, electronic or computerized data compilations (including electronic mail), electronic bookkeeping and accounting records (including QuickBooks files), and any printouts thereof; attachments and enclosures; and drafts of any of the foregoing. For purposes of the foregoing, the term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft

was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

9. "**All documents**" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent search.

10. The term "**including**" means including but not limited to.

11. The terms "**insider**" and "**insider of the Debtor**" shall have the broadest meaning accorded to it by section 101(31) of the Bankruptcy Code.

12. The term "**person**" means an individual, corporation, general partnership, limited partnership, limited liability company, limited liability partnership, association, trust or any other entity or organization, including a government or political subdivision or an agency or instrumentality thereof, and the agents, servants, and employees of same.

13. "**You**", "**your**" or "**yours**" means Leo J. Govoni and any agents, representatives, attorneys, and any person or entity acting or who has acted by or on his behalf.

14. The term "**Real Property**" means all of the Debtor's real property as of February 9, 2024

## INSTRUCTIONS

1. Unless otherwise indicated, the applicable time period for these requests is from **January 1, 2009** through and including the date of your response (the "Request Period").

2. These requests are continuing in nature, so as to require supplemental responses if you obtain or discover further, contradictory or different documents subsequent to the date of your production. Such supplemental responses, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental documents. Each request is to be responded to separately and as completely as possible. The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to respond to any such request as fully as possible. The omission of any document or other item of information from the response shall be deemed a representation that such document or item is not known to the Debtor, its counsel, or other representatives or agents of the Debtor.

3. In producing the documents called for herein, segregate the documents so as to identify the numbered requests to which such documents respond.

4. You are requested to produce not only those documents in your possession, custody or control, but also those documents in the possession, custody or control of any of your employees, servants, agents, representatives, attorneys, and any person or entity acting or who has acted by or on your behalf.

5. For each document requested herein that is withheld from production on the ground of privilege, furnish the following: (i) the type of document or some other means of identifying it;

77881254;1

(ii) its subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) its present location; and (vi) the claim of privilege with respect thereto.

6. For each document requested herein that was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish the following: (i) the type of document (*i.e.*, letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) the date on which it was lost, destroyed or otherwise disposed of; (vi) the reason for any such destruction or disposal; and (vii) the person(s) requesting and performing such destruction or disposal.

7. Each request for documents, and each subsection of each request for documents, is to be fully and separately answered.

8. Documents are to be produced in their full and unexpurgated form, together with all drafts and non-identical copies of each.

9. A request for a document shall include a request for all drafts thereof and all revisions and modifications thereto.

10. If the production of any document(s) or any portion of a document responsive to a request herein is refused under a claim of privilege or because such document(s) is part of an attorney's work product, the party should identify the document(s) with sufficient detail to permit a party to request an *in camera* inspection or other similar review of same.

11. The singular includes the plural and the plural includes the singular.

## DOCUMENT REQUESTS

1. All documents related to the Debtor in any way.

2. All documents regarding any transfer of funds or other property between the Debtor and any insider of the Debtor (including You), during the Request Period.

3. All documents regarding any transfer of funds or other property that was related, in any way, to the Debtor during the Request Period.

4. Any and all federal, state or local income tax returns prepared by you (or on your behalf) for the years 2018, 2019, 2020, 2021, 2022, 2023, and 2024.

5. All documents related to any lawsuit, currently pending, in which you are a party.

6. All documents related to any insurance claim made during the Request Period involving any property owned by you, the Debtor, or any insider of the Debtor.

7. All documents regarding the ownership of any property (personal or real) described on the "Personal Financial Statement" that you recently provided to Chapter 11 Trustee's counsel.

77881254;1

8. All bank, savings and loan, brokerage, crypto holdings, 401K, IRA, any other retirement accounts, and other account books and statements for accounts in institutions in which you, the Debtor, or any of the Debtor's insiders had any legal or equitable interest during the Request Period.

9. All final account statements from any "force-closed" account (including, without limitation, any bank, savings and loan, brokerage, crypto holdings, 401K, IRA or any other retirement account) showing a zero balance including an accounting for the transfer of funds and identification of bank or brokerage accounts the remaining funds were transferred.

10. All life insurance policies, whole life or cash surrender policies, during the Request Period.

11. All canceled checks issued or received during the Request Period, for all accounts in which you, the Debtor, or any of the Debtor's insiders held any legal or equitable interest.

12. All deeds, leases, mortgages, or other written instruments evidencing any of your interest in or ownership of any real property at any time during the Request Period.

13. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from you during the Request Period.

14. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by you during the Request Period.

15. All Financial statements as to your assets, liabilities, and owner's equity prepared during the Request Period.

16. All Minutes of all meetings of any entity board on which you have served with you during the Request Period.

17. All documents or communications concerning funds or property paid out or pledged by you in settlement or resolutions since February 9, 2024.

18. All documents or communications concerning settlement discussions and settlement terms in connection with the resolution of the lawsuit captioned *David Wenk, MD v. Big Storm Brewery LLC, et al.*, 6th Jud. Cir. Ct. Case No. 24-002487-CI. Specifically, this includes, without limitation, **an unredacted copy of the settlement agreement** and **information sufficient to determine the source of any settlement payment**, both of which should be produced on an expedited basis, **within five days of the date this notice is served**.

19. All documents or communications concerning settlement discussions and settlement terms in connection with the resolution of the lawsuit captioned the *State of Florida v. The Directed Benefits Foundation, Inc., et al.*, 6th Jud. Cir. Ct. Case No. 24-002321-CI.

20. All documents or communications concerning the source of funds or property pledged in resolution of any matters identified in 15-17 above.

4

77881254;1

21. A list of all assets liquidated or pledged by you since February 9, 2024.

22. A list of all assets over $50,000 that have been transferred or pledged by you to anyone on behalf of yourself or others, since January 1, 2009.

23. A list of every personal electronic device that you have ever used to conduct the Debtor's business.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle District of Florida _____

In re THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.
      Debtor

Case No. 8:24-bk-00676-RCT

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Boston Finance Group, LLC c/o Eric S. Koenig, Esq., Trenam Law, 101 E. Kennedy Blvd., Suite 2700, Tampa, FL 33602
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Schedule A. Responsive documents to be produced by September 27, 2024, unless otherwise indicated in Schedule A, by email to steven.wirth@akerman.com or by mail or hand delivery to Mr. Wirth at the address below.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/6/2024

CLERK OF COURT

                                 OR

_____      /s/ Steven R. Wirth_____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Michael Goldberg, Chapter 11 Trustee , who issues or requests this subpoena, are:

Steven R. Wirth, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida 33602; (813) 223-7333; steven.wirth@akerman.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

                        on (*date*) _____       ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $              _____ .

 My fees are $            for travel and $           for services, for a total of $            .

      I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE "A"

**(Please review the definitions and instructions before responding.)**

## DEFINITIONS

1. "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

2. The term "**case**" means the Debtor's Chapter 11 case, to wit: *In re The Center for Special Needs Trust Administration, Inc.*, 24-bk-00676-RCT.

3. The term "**communication**" includes the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise).

4. The term "**concerning**" includes referring to, responding to, relating to, connected with, supporting, memorializing, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying and constituting.

5. The term "**control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your agents, representatives, attorneys, and any person or entity acting or who has acted by or on your behalf.

6. The term "**Court**" means the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, with jurisdiction over the Case.

7. The term "**Debtor**" means **The Center for Special Needs Trust Administration, Inc.**, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on their behalf.

8. The term "**document**" has the broadest meaning accorded to it by the Federal Rules of Bankruptcy Procedure, and includes without limitation all written, typed, printed, reproduced, filmed, stored, or recorded material of any kind, in the possession, custody, or control of you or any of your past or present agents, employees, consultants, attorneys or other persons acting on your behalf, including but not limited to any of the following: correspondence; letters; memoranda; interoffice memoranda; writings; notes; notebooks; charts; electronic mail; studies; plans; analyses; work papers; statistical records; bills and other billing records; receipts; books; press releases; reports; contracts and agreements; records, summaries, memorializations, minutes, agendas or notes of meetings, conferences, telephone calls, or other conversations; calendars and diaries; appointment books and message pads; photographs; tape recordings or other audio or video records; handwritten notes or notations in any form; computer tapes, disks, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form – including, without limitation, electronic or computerized data compilations (including electronic mail), electronic bookkeeping and accounting records (including QuickBooks files), and any printouts thereof; attachments and enclosures; and drafts of any of the foregoing. For purposes of the foregoing, the term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft

was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

9. "**All documents**" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent search.

10. The term "**including**" means including but not limited to.

11. The terms "**insider**" and "**insider of the Debtor**" shall have the broadest meaning accorded to it by section 101(31) of the Bankruptcy Code.

12. The term "**person**" means an individual, corporation, general partnership, limited partnership, limited liability company, limited liability partnership, association, trust or any other entity or organization, including a government or political subdivision or an agency or instrumentality thereof, and the agents, servants, and employees of same.

13. "**You**", "**your**" or "**yours**" means Boston Finance Group, LLC and any agents, representatives, attorneys, and any person or entity acting or who has acted by or on its behalf.

14. The term "**Real Property**" means all of the Debtor's real property as of the February 9, 2024

## INSTRUCTIONS

1. Unless otherwise indicated, the applicable time period for these requests is from **January 1, 2009** through and including the date of your response (the "Request Period").

2. These requests are continuing in nature, so as to require supplemental responses if you obtain or discover further, contradictory or different documents subsequent to the date of your production. Such supplemental responses, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental documents. Each request is to be responded to separately and as completely as possible. The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to respond to any such request as fully as possible. The omission of any document or other item of information from the response shall be deemed a representation that such document or item is not known to the Debtor, its counsel, or other representatives or agents of the Debtor.

3. In producing the documents called for herein, segregate the documents so as to identify the numbered requests to which such documents respond.

4. You are requested to produce not only those documents in your possession, custody or control, but also those documents in the possession, custody or control of any of your employees, servants, agents, representatives, attorneys, and any person or entity acting or who has acted by or on your behalf.

5. For each document requested herein that is withheld from production on the ground of privilege, furnish the following: (i) the type of document or some other means of identifying it;

(ii) its subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) its present location; and (vi) the claim of privilege with respect thereto.

6. For each document requested herein that was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish the following: (i) the type of document (*i.e.*, letter, memorandum, etc.) or some other means of identifying it; (ii) its subject matter; (iii) its date; (iv) its author(s), addressee(s) and recipient(s); (v) the date on which it was lost, destroyed or otherwise disposed of; (vi) the reason for any such destruction or disposal; and (vii) the person(s) requesting and performing such destruction or disposal.

7. Each request for documents, and each subsection of each request for documents, is to be fully and separately answered.

8. Documents are to be produced in their full and unexpurgated form, together with all drafts and non-identical copies of each.

9. A request for a document shall include a request for all drafts thereof and all revisions and modifications thereto.

10. If the production of any document(s) or any portion of a document responsive to a request herein is refused under a claim of privilege or because such document(s) is part of an attorney's work product, the party should identify the document(s) with sufficient detail to permit a party to request an *in camera* inspection or other similar review of same.

11. The singular includes the plural and the plural includes the singular.

## DOCUMENT REQUESTS

1. All documents related to the Debtor in any way.

2. All documents regarding any transfer of funds or other property between the Debtor and any insider of any of the Debtor (including You), during the Request Period.

3. All documents regarding any transfer of funds or other property that was related, in any way, to the Debtor during the Request Period.

4. Any and all federal, state or local income tax returns prepared by you (or on your behalf) for the years 2018, 2019, 2020, 2021, 2022, 2023, and 2024.

5. All documents related to any lawsuit, currently pending, in which you are a party.

6. All documents related to any insurance claim made during the Request Period involving any property owned by you, the Debtor, or any insider of the Debtor.

7. All documents regarding the ownership of any property (personal or real) described on the "Personal Financial Statement" that you previously provided to Chapter 11 Trustee's counsel.

3

77881258;1

8. All bank, savings and loan, brokerage accounts, crypto holdings, and other account books and statements for accounts in institutions in which you, the Debtor, or any of the Debtor's insiders had any legal or equitable interest during the Request Period.

9. All canceled checks issued or received during the Request Period, for all accounts in which you, the Debtor, or any of the Debtor's insiders held any legal or equitable interest.

10. All deeds, leases, mortgages, or other written instruments evidencing any of your interest in or ownership of any real property at any time during the Request Period.

11. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from you during the Request Period.

12. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by you during the Request Period.

13. All Financial statements as to your assets, liabilities, and owner's equity prepared during the Request Period.

14. All documents or communications concerning funds or property paid out or pledged by you in settlement or resolutions since February 9, 2024.

15. All documents or communications concerning settlement discussions and settlement terms in connection with the resolution of the lawsuit captioned *David Wenk, MD v. Big Storm Brewery LLC, et al.,* 6th Jud. Cir. Ct. Case No. 24-002487-CI.

16. All documents or communications concerning settlement discussions and settlement terms in connection with the resolution of the lawsuit captioned *State of Florida v. The Directed Benefits Foundation, Inc., et al.,* 6th Jud. Cir. Ct. Case No. 24-002321-CI.

17. All documents or communications concerning the source of funds or property pledged in resolution of any matters identified in 14-16 above.

18. A list of all assets liquidated or pledged by you since February 9, 2024.

19. A list of all assets over $50,000 that have been transferred or pledged by you to anyone on behalf of yourself or others, since January 1, 2009w.

20. All documents that are responsive to the attached July 8, 2024 document request from Kapila Mukamal, which is fully incorporated herein by reference.

**THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.**
**CASE NO. 8:24-bk-00676-RCT**
**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Boston Finance Group, LLC ("BFG")**
**Request List**

**PRELIMINARY DRAFT as of July 8, 2024:**
This is a preliminary draft. It has been prepared based on preliminary information and assumptions. No one may rely on this draft. It is subject to change as additional information becomes available or is clarified.

| | Description | Date Requested | Date Received |
|---|---|---|---|
| | **Financial and Accounting Information** | | |
| 1 | Type of software and accounting systems used | 7/8/2024 | |
| 2 | Provide read only access to accounting system online, if available | 7/8/2024 | |
| 3 | Schedule of all receipts and disbursements to/from the Center for Special Needs and any related Trust accounts | 7/8/2024 | |
| 4 | Balance Sheets in excel – monthly, by year, from inception to date | 7/8/2024 | |
| 5 | Income statements in excel – monthly, by year, from inception to date | 7/8/2024 | |
| 6 | Detailed general ledgers in excel - by year, from inception to date | 7/8/2024 | |
| 7 | Trial balances in excel - by year, from inception to date | 7/8/2024 | |
| 8 | Detailed and Summary Accounts Receivable and Accounts Payable in excel - by year, from inception to date | 7/8/2024 | |
| 9 | Check/disbursement register by year, from inception to date | 7/8/2024 | |
| 10 | Detailed schedule of payments made to insiders and affiliates, including compensation and bonuses since inception to date | 7/8/2024 | |
| 11 | Tax returns – from inception through 2023 | 7/8/2024 | |
| 12 | Audited, reviewed or compiled financial statements – from inception through most current | 7/8/2024 | |
| | **Bank and Brokerage Account Records** | | |
| 13 | List of all bank, brokerage or financial accounts and account number from inception to date | 7/8/2024 | |
| 14 | Copies of all bank and/or brokerage account statements from inception to date, including:<br>• Account opening applications and signature cards<br>• Copies front & back of checks<br>• Wire detail support<br>• Deposit support | 7/8/2024 | |
| | **Organizational** | | |
| 15 | Organizational chart and list of all related entities | 7/8/2024 | |
| 16 | List of insiders, officers, directors, and key employees including salary and bonuses from inception to date | 7/8/2024 | |
| 17 | Contracts with related entities and any loan, consulting, managing or other related party | 7/8/2024 | |
| 18 | Operating agreements and any subsequent amendments | 7/8/2024 | |
| 19 | Insurance Policies:<br>• General Liability<br>• D&O<br>• E&O<br>• Crime Insurance | 7/8/2024 | |