# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                                                              Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                    Chapter 11

    Debtor.
_____/

## OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S AMENDED[1] NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* OF BOSTON FINANCIAL GROUP
*(Documents Only)*

The Official Committee of Unsecured Creditors (the "**Committee**"), by counsel hereby files this Notice of 2004 Examination Duces Tecum of Boston Financial Group giving notice that BOSTON FINANCIAL GROUP, LLC ("**BFG**" and collectively with the Committee "**Parties**") shall produce documents on the attached as **Exhibit A,** on or before October 8, 2024 at 5:00 p.m. EST unless otherwise agreed by the Parties or by order of the Court,[2] to the attention of Megan W. Murray, Underwood Murray, P.A., 100 N. Tampa St., Suite 2325, Tampa, FL 33602 or electronically to mmurray@underwoodmurray.com.

The examination is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1. The scope of the examination shall be as described in Fed. R. Bankr. P. 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

Dated: September 16, 2024.

                                                              Respectfully submitted,
                                                              /s/ Megan W. Murray
                                                              Megan W. Murray
                                                              Florida Bar Number 0093922
                                                              Scott A. Underwood
                                                               Florida Bar Number 730041
                                                               Daniel E. Etlinger

---

[1] Amended the dates.
[2] The Committee filed a motion to shorten time to respond to this discovery.

Florida Bar Number 0077420  
Underwood Murray, P.A.  
100 N. Tampa St., Suite 2325  
Tampa, FL 33602  
Tel: (813) 540-8401 / Fax: (813) 553-5345  
Email: mmurray@underwoodmurray.com  
*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served using the Court's CM/ECF filing system on all parties in interest on September 16, 2024.

*/s/ Megan W. Murray*  
Megan W. Murray

# UNITED STATES BANKRUPTCY COURT

MIDDLE District of FLORIDA

In re: The Center for Special Needs Trust Administrations, Inc.
Debtor

Case No. 8:24-bk-00676-RCT

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To: Boston Finance Group c/o Edward J. Peterson, III, 400 N. Ashley Dr. Suite 3100, Tampa, FL 33602
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Documents to be produced on or before **October 8, 2024 at 5:00 p.m. EST**, to the attention of Megan W. Murray, 100 N. Tampa St., Ste, 2325, Tampa, FL 33602 and/or email to mmurray@underwoodmurray.com.
**See Attached Exhibit A.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 16 2024

CLERK OF COURT

_____     OR     /s/ Megan W. Murray
*Signature of Clerk or Deputy Clerk*             _____
                                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **The Official Committee of Unsecured Creditors** who issues or request this subpoena is: Megan W. Murray, Esq., Underwood Murray, P.A., 100 N. Tampa St., Suite 2325, Tampa, FL 33602, 813-540-8403, mmurray@underwoodmurray.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A TO SUBPOENA
# SPECIFIC DEFINITIONS

**A.** "You" or "you" or "your" refers to BOSTON FINANCIAL GROUP LLC, individually, or through its assigns, agents, servants, employees, investigators, attorneys and all other persons and entities representing or acting on its behalf.

# GENERAL DEFINITIONS

A. "Affiliated Person" shall mean (i) any person; (ii) entity (any type of entity, whether a corporation, limited liability company, whether a legal fiction or not, whether presently in existence or not); and (iii) any agent, representative, attorney, subdivision, employee of each, that you have owned, controlled in any manner; or had had an ownership interest in. Affiliated Person shall include, but not be limited to, the following:

| Affiliated Person |
|---|
| THE CENTER FOR MEDICARE SET-ASIDE ADMINISTRATION, LLC |
| THE CENTER FOR LIEN RESOLUTION, LLC |
| THE COLBY COMPANY, LLC |
| THE CENTER FOR FINANCIAL COUNSELING LLC |
| THE CENTER FOR SETTLEMENT CONSULTANTS LLC |
| SEABOARD MANUFACTURING LLC |
| SEABOARD REAL ESTATE HOLDINGS LLC |
| SEABOARD PORTAGE LLC |
| BOSTON HOLDING REAL ESTATE LLC |
| AMERICAN TAX PROFESSIONALS LLC |
| BIG STORM COFFEE COMPANY LLC |
| BLOOD BROTHERS LLC |
| BHC ASSET GROUP LLC |
| PUBLIC GUARDIANSHIP ALLIANCE, INC. |
| CORNERSTONE LIFE MANAGEMENT, INC. |
| THE CENTER FOR FIDUCIARY SERVICES, INC. |
| COUNSELOR'S CAPITAL FINANCIAL SERVICES, L.L.C. |
| BOSTON SETTLEMENT GROUP, LLC |
| BROADLEAF PROPERTY MANAGEMENT LLC |

| |
|---|
| GRAVITAS EQUITY PARTNERS, LLC |
| ARTSPACE PROPERTIES LLC |
| VERITAS INVESTIGATIVE SERVICES LLC |
| BFG HEARTLAND, LLC |
| INTEGRITAS SPORTS MANAGEMENT LLC |
| GRAVITAS II LLC |
| GRAVITAS TECH LLC |
| BCL AVIATION LLC |
| BOSTON HOLDING COMPANY LLC |
| ORVIS ENTERTAINMENT LLC |
| SEABOARD CRAFT BEER HOLDINGS LLC |
| BRAND ACTIVATORS LLC |
| OLYMPUS FOUNDATION MANAGEMENT LLC |
| CONDOR RAPIER LLC |
| SEABOARD TECHNOLOGY LLC |
| SEABOARD GLOBAL LLC |
| OLYMPUS MARKETING GROUP LLC |
| AMERICAN ALBANIAN TRADE GROUP LLC |
| SEABOARD CRAFT DISTILLING HOLDINGS LLC |
| LIBER PATER HOLDINGS, LLC |
| BCL MEDICAL FUND I LLC |
| AMERICAN CZECH TRADE GROUP LLC |
| BROADLEAF PROPERTIES LLC |
| BIG STORM CANTEEN LLC |
| BIG STORM CREAMERY LLC |
| MIA BREWING CO. V2, LLC |
| BLOODYUNO LLC |
| SEABOARD PRINTING LLC |
| TALIS INTELLIGENCE GROUP LLC |
| CONWAY LIFE PLANNING LLC |
| BCL PARTNERS FUND LLC |
| BOSTON CAPITAL LEASING MANAGEMENT LLC |
| JOHN JOSEPH SOLUTIONS LLC |
| BOSTON CAPITAL LEASING LLC |
| NPM MANAGEMENT GROUP LLC |
| THE MEDICARE AND MEDICAID INSTITUTE, INC. |
| MOTIVATION OPTIONS INITIATIVE SEEKING OUR NATURE, INC. |
| THE COLBY COMPANY, INC. |

| |
|---|
| BOSTON SETTLEMENT FINANCE, INC. |
| BIG STORM BREWING CO. |
| AUSTIN COLBY CO. |
| ELDER CARE ALLIANCE, INC. |
| BOSTON ASSET MANAGEMENT, INC. |
| SCHRIDE, INC. |
| BIG STORM PASCO LLC |
| SEABOARD CRAFT BEER HOLDINGS LLC |
| NORTH AMERICAN KEG LLC |
| BIG STORM PINELLAS LLC |
| BIG STORM BREWERY LLC |
| FAT POINT V2 LLC |
| BIG STORM CAPE CORAL LLC |
| LJG MANAGEMENT GROUP INC. |
| ORANGE BLOSSOM FUNDING LLC. |
| BOSTON WEALTH SOLUTIONS |
| SNT CAPITAL FUNDING LLC |
| OLYMPUS MARKETING GROUP LLC |
| A2B MARKETING LLC |
| WHITELINE CREATIVE LLC |
| PROMETHEUS FOUNDATION MANAGEMENT LLC |
| PROMETHEUS SPORTS MARKETING LLC |
| BROADLEAF KENWOOD LLC |
| BROADLEAF 9TH STREET LLC |
| BFG WEST LLC |
| PROSPECT FUNDING HOLDINGS LLC |
| BFG INVESTMENT HOLDINGS LLC |
| BROOKE ACQUISITIONS LLC |
| BFG COLUMBUS REPAIR LLC |
| BFG LOANS HOLDINGS LLC |
| BFG COLUMBUS HOLDINGS LLC |
| MELROSE SOLOMON ENTERPRISES LLC |
| SNT CENTER, INC. |
| GOLDEN AND FERNANDO P.L. |
| FOUNDRY 119 LLC |
| SHARKDEFENSE TECHNOLOGIES LLC |
| OLD LINE MANUFACTURING LLC |
| N&D MANUFACTURING LLC |
| BOSTON HOLDING MANAGEMENT COMPANY LLC |

| |
|---|
| BOSTON CAPITAL CONSULTING LLC |
| GLOBAL LITIGATION CONSULTANTS LLC |
| GLOBAL LITIGATION SUPPORT LLC |
| BOSTON LEGAL CONSULTANTS LLC |
| THE CENTER FOR LEGAL CONSULTING LLC |
| CENTER CONSULTING GROUP LLC |
| THE CENTER FOR LITIGATION SUPPORT LLC |
| SEABOARD HOSPITALITY MANAGEMENT LLC |
| SEABOARD CRAFT BEER MANAGEMENT LLC |
| BIG STORM CIDER AND MEAD LLC |
| BIG STORM COFFEE COMPANY LLC |
| BIG STORM COCKTAILS LLC |
| FAT POINT VS PINELLAS LLC |
| FAT LION BREWING COMPANY LLC |

B.  "Communications" shall mean transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions, including but not limited to text messages.

C.  "Documents" shall have the same meaning as defined by or used by the Federal Rules of Civil Procedure 34 and shall include, without limitation, every written, printed, typed, recorded, reported, magnetically or electrically impulse, or graphic record or material including every draft and/or non-identical copy thereof of every type and description that is in the actual or constructive possession, control, or custody of you or your attorneys, including, but not limited to, all correspondence, letters, memoranda, notes, contracts, proposed contracts or agreements, whether or not actually consummated, leases, reports, logs, studies, summaries, opinions, computer printouts, schedules, film, purchase orders, offers, inquiries, lists, proposals, invoices, plans, specifications, addenda, statements, canceled checks, confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, pamphlets, brochures, communications, agreements, listings, accounts, records of account, ledger sheets, vouchers, audits, questionnaires, recordings, transcriptions, e-mail, writings, drawings, graphs, charts, photographs, or any other

data, compilation, or written material of any kind or character. This term includes all Electronically Stored Information in its native format including, without limitation, e-mails and all Documents attached to such e-mails.

D. "Electronically Stored Information" or "ESI" shall have the same meaning as used or defined by the Federal Rules of Civil Procedure 34, without limitation, all electronic, mechanical, magnetic, or optical records or representations of any kind including, without limitation, electronic mail (e-mail), computer files, computer programs, tapes, all Documents which may be stored on a computer or hard drive, computer disk, computer tape, CD-Rom, DVD-Rom, or any other electronically stored information which is capable of being viewed on a computer (including, but not limited to, computer related devices like handheld PDAs), and is savable or transferable on any computer data storage media and any mechanical recording or production of any oral material. Electronically Stored Information shall be produced as set forth in Appendix A.

E. "Evidencing" shall mean to be in connection with, consisting of, concerning, constituting, compromising, describing, establish, "related to," "identify," list, mention (whether directly or indirectly), referring to, substantiate, supporting, or in any way pertain, in whole or in part, to the subject.

F. The use of singular form includes plural, and vice versa.

G. The use of present tense includes past tense, and vice versa.

## DOCUMENT REQUESTS

1. Documents and Communications Evidencing the source of any settlement payment from You or Leo John Govoni since February 9, 2024.

2.	Documents and Communications Evidencing the transfer or sale of any real property owned or controlled by You or any Affiliated Person, if such real or personal property exceeds $100,000 in value, since February 9, 2024.

3.	Documents and Communications Evidencing the <u>source of funds</u> used to acquire any real or personal property identified in response to request number 2.

# Appendix A

**ESI Protocol**
**(Requested Electronically Stored Information Production Format)**

| | |
|---|---|
| De-Duplication | Documents will be globally de-duplicated throughout the case based on hash values |
| Image Format: | Group IV B&W single-page TIFF |
| Extracted Text Format: | Document-level text files. (Extended ASCII or Unicode if foreign language characters present) |
| File Naming: | Each image and extracted text file should be named with the beginning Bates number of the document, preferably not Including prefix (see Proposed Directory Structure below). |
| Proposed Directory Structure: | Images and text files to be stored in separate directories. The image files will contain up to 2000 images per folder and the text files will contain up to 50,000 files per folder. The folder structure will be as follows:<br><br>　　IMAGES<br>　　TEXT<br>　　NATIVES<br>　　DATA |

**General Format Requirements**
**Image Requirements**

| | |
|---|---|
| Resolution: | 300 dpi |
| Image Shrinkage: | Bates stamp (e.g. TEST 00000001) should be applied in the bottom .5 inch of the image. Canvas should be 8.5" x 11" for all documents. |
| Requirements: | For spreadsheet files, provide a one-page TIFF placeholder (see also Native File Requirements below). OCR TIFF Image and non-searchable PDF files. |

| **Loadfile/xref: File Requirements.** |
|---|

| | |
|---|---|
| Load file Type: | LFP or OPT |
| Load file format: | ASCII text file |
| Data file format: | .DAT file |
| Delimiters: | Comma ¶ ASCII character 020<br>Quote þ ASCII character 254<br>Newline ® ASCII character 174<br>Multi-value ; ASCII character 059 |
| Field List: | See Metadata Field List below. The first line of each load file must contain the field names. |

| **Native File Requirements.** |
|---|

| | |
|---|---|
| File Types: | The following file types should be delivered In native format unless otherwise specified: Spreadsheet files (e.g. Excel, .csv); Emails (e.g., .msg, .pst, .mbox); and Word Processing files (e.g., .doc, .docx, .wp). |
| Spreadsheet data: | A one-page (one Bates iteration) TIFF placeholder sheet should accompany the native file version of Spreadsheet files. |
| Sample Placeholder Page: | <<Type of File>>- Delivered as Native File e.g. "Excel Spreadsheet-Delivered as Native File" |
| Extracted Text: | Full extracted text of the native file should be provided In a separate file as if the file had been processed to TIFF. **Do not provide the Placeholder Page text in the extracted text.** |
| File Naming: | Each native file Is named with the beginning Bates number of the document (see Bates requirements above), preferably not including the prefix. |
| Directory Structure: | Native Files should be stored in a separate directory named "Natives". The path to the native data should be Iterated In the load file in the Native Path field. The subdirectory structure within this folder should follow the same structure for Images noted above. |

| Metadata Field List |
|---|
| For documents that originated as ESI, GT proposes the following fields In the metadata load file:<br><br>• Beginning Bates Number (with prefix)<br>• Ending Bates Number (with prefix)<br>• Beginning Family Range Bates Number<br>• Ending Family Range Bates Number<br>• Doc_Type (email, attachment, loose file)<br>• Page Count<br>• File Extension<br>• File Size<br>• Sourcefolder  (The full path information for email, attachments and application files beginning with the original source folder name)<br>• Application (The name of the application that generated the native file)<br>• Subject (Subject or Re line for emails)<br>• Title (Title field for application files)<br>• TO  (Addressees—email only)<br>• FROM (Recipients—email only)<br>• CC  (Cc field—email only)<br>• BCC  (Bcc field—email only)<br>• Custodian (name of the person, department or business unit from which a collection of email or application files originate)<br>• Author  (name of the author or the creator of an application file)<br>• Date Created<br>• Date Last Modified<br>• Date Sent  (email only—accuracy to days)<br>• Time Sent  (email only—accuracy to seconds)<br>• Date Received  (email only—accuracy to days)<br>• Time Received  (email only ---accuracy to seconds)<br>• System Date Created<br>• System Date Modified<br>• System Date Accessed<br>• System Previous Versions |