**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                          Chapter 11

    Debtor.
_____/

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITOR'S EMERGENCY MOTION TO SHORTEN TIME**
**TO FIVE BUSINSES DAYS TO RESPOND TO REQUESTS FOR PRODUCTION**

*"EMERGENCY HEARING REQUESTED, IF REQUIRED BY THE COURT"*

The Official Committee of Unsecured Creditors (the "**Committee**"), by counsel and pursuant to Federal Rule of Bankruptcy Procedure 9006(c), files this Emergency Motion to Shorten Time to Five Days to Respond to Requests for Production ("**Emergency Motion**"), seeking entry of an order requiring Leo John Govoni ("**Govoni**") and Boston Financial Group ("**BFG**") to respond to limited requests for production within five (5) days, and states as follows:

**Preliminary Statement**

Since The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") filed this case, Govoni and BFG and the companies owned or controlled by Govoni have liquidated or pledged millions of dollars of real estate or other assets to resolve litigation brought against BFG and Govoni personally, before a single dollar has been returned to any of the unsecured creditors ("**Beneficiaries**") in this case.

The Beneficiaries are a tremendously vulnerable population, including young and disabled beneficiaries, some of whom need trust funds for medical treatment and life sustaining services. Yet, Govoni and BFG continue to use assets appearing to belong to the Debtor's estate and its

1

Beneficiaries to resolve claims brought by others, without consideration of the funds owed to the Beneficiaries.

On September 14, 2024, the Committee served Govoni and BFG with limited requests tailored to investigate the dissipation or transfer of these assets that are reasonably believed to be property of the estate or its beneficiaries ("**Requests for Production**"). The Committee seeks the entry of an order shortening time for Govoni and BFG to respond.

## Background and Relief Requested

1. On February 9, 2024 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. As the Court is aware, the Debtor improperly transferred approximately $100 million from more than 2,000 special needs trusts ("**SNTs**") to BFG, a company Govoni controls.[1] The transfers of these funds have left over a thousand trust accounts either partially or fully compromised. These transfers were effectuated by the transactions documented by an Amended Line of Credit Agreement with BFG as the obligor under the "loan" (the "**BFG Loan**") (see Adversary Proceeding defined below). Govoni and/or BFG are believed to have comingled the improperly transferred funds amongst various entities under Govoni's control. See Doc. No. 7.

3. These improper transfers not only related to the existing Beneficiaries between 2009 – 2011, the period when the BFG Loan was funded, but they also affected this estate's Beneficiaries up until this bankruptcy case was filed, as the Debtor continued to utilize subsequent Beneficiaries' trust assets for improper purposes. See Doc. No. 7.

---

[1] Govoni's actions in this case occurred under the Debtor's management, which includes a number of individuals who remain employed by the Debtor today.

2

*The Pledged Estate Assets in the Directed Benefits Lawsuit*

4. The Florida Office of Attorney General ("**AOG**") filed a cause of action May 28, 2024 with case style *Office of the Attorney General, Department of Legal Affairs v. The Directed Benefits Foundation, Inc., et al.*; Case No. Case No.: 24-002321-CI (the "**Directed Benefits Lawsuit**"), in the Circuit Court in and for Pinellas County, Florida ("**Pinellas Court**").

5. The AOG alleged that, after the improper transfers related to the BFG Loan affecting this case's Beneficiaries, Govoni began soliciting new beneficiaries to place their special needs trust ("**SNTs**") funds in *another* entity that he controlled, The Directed Benefits Foundation, Inc. (the "**Foundation**"). The Directed Benefits Lawsuit alleges Govoni, BFG, and others worked together to improperly transfer $2 million from SNTs of the Foundation to BFG between September 30, 2022 and December 2023.[2]

6. The OAG sought a temporary injunction against the Govoni, BFG, and other defendants of the Directed Benefits Lawsuit, without notice, to avoid irreparable injury to the benefits of the Foundation. See Exhibit A (Motion for Temporary Injunction).

7. The Pinellas Court immediately issued a temporary injunction and ordered the cash and other assets of Govoni, BFG, and other defendants to be frozen or sequestered until further order of the Pinellas Court to avoid irreparable harm to the beneficiaries of the Foundation. See Exhibit B at 6-7 (Temporary Injunction).

8. On June 28, 2024, Govoni filed an Emergency Motion to Stay the Temporary Injunction ("**Motion to Stay**"), claiming "[t]here is no finding that he stole, transferred, directed the transfer of, received, used, misused, or has possession of any funds alleged to have been

---

[2] The Complaint alleges counts of I: Theft, II: violations of Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes, III: Dissolution for Ultra Vires Acts, and IV: Revocation of Charter, Injunction, and Recovery of Profits ("**Complaint**").

transferred from the Foundation to BFG." See Exhibit C at ¶ 16. However, nowhere does Govoni actually deny the OAG's allegations.

9. In response to Govoni's Motion to Stay, the OAG responded, noting, among other things:

    a. BFG's business model is to access capital from vulnerable populations such as beneficiaries of special needs trusts in exchange for low, below-market rates that it has no intent to repay, while using that capital to engage in reckless, high-interest loans in order to enrich Defendant Govoni. Response at ___.

    b. BFG has directly caused over $142,000,000 in damages to the beneficiaries of The Center for Special Needs Trusts, Inc., ruining the lives of hundreds of vulnerable beneficiaries. Response at ___

    c. Defendant Govoni, collectively with the other [Foundation] Defendants and through their common enterprise, violated FDUTPA upon soliciting and accepting monies for the Foundation Trusts, but took monies in an unauthorized manner for private benefit, depriving beneficiaries of their trust corpus; misled the beneficiaries and their representatives as to the nature of their services; misled the beneficiaries and their representatives regarding the accuracy of their corporate books; and concealed their unlawful conduct. Response at ___.

    d. Defendant Govoni executed Foundation Trusts and all kept/had access to the false corporate records and accountings. Response at ___

    e. The Defendants have injured some of the most vulnerable people in this country. They took their trust money, did not account for it, lied to them about their balances, enriched themselves and business entities they controlled to make even more money, and created false accounting records, wreaking havoc in the beneficiaries' lives. Every day monies were transferred from the deficient 6016 Beneficiaries' Trust Account, all beneficiaries were harmed. Every day that BFG (controlled by Defendant Govoni) spent an undocumented beneficiary dollar, all beneficiaries were harmed. This is math and common sense, and the Temporary Injunction reflects those principles in paragraph two, and the Verified Motion and Complaint provide the context. Id. at ___.

See **Exhibit D** (Response to Stay Motion).

10. Govoni and BFG moved to dismiss the AOG's Complaint, claiming insufficient allegations were plead (again, however, BFG and Govoni never *deny* the allegations).

4

11. For unknown reasons to the Committee, the Directed Benefits Lawsuit defendants and the OAG agreed to the entry of a First Amended Temporary Injunction ("**Injunction**"), on August 17, 2024. The Injunction effectively permitted the <u>unfreezing</u> of Govoni and BFG's assets, provided that entities who own the following parcels of land immediately must sell these assets valued at $2,200,000 ("**Pledged Assets**"), and ordered that a mortgage lien be placed on each of the Pledged Assets in favor of the Foundation in the amount of $2,200,000 for the benefit of its beneficiaries:

| Parcel ID | Address | Current Owner | Date first acquired by Govoni or one of his entities |
|---|---|---|---|
| 02-30-16-27438-007-0040 | 13851 Lake Point Drive, Clearwater, Florida | Artspace Properties LLC (100% owned by Govoni) | June 18, 2013 |
| 30-2023-003-00 | 545 Beech St, Versailles, Kentucky | Artspace Properties LLC (100% owned by Govoni) | August 15, 2014 |
| 30-2023-005-00 | 549 Beech St, Versailles, Kentucky | Artspace Properties LLC (100% owned by Govoni) | August 15, 2014 |
| 30-2023-006-00 | 551 Beech St, Versailles, Kentucky | Artspace Properties LLC (100% owned by Govoni) | August 15, 2014 |
| 30-2023-007-00 | 553 Beech St, Versailles, Kentucky | Artspace Properties LLC (100% owned by Govoni) | August 15, 2014 |
| 30-4027-012-00 | 798 Nancy St, Versailles, Kentucky | Artspace Properties LLC (100% owned by Govoni) | August 8, 2014 |
| 05-30-15-08712-001-0081 | 3256 Adrian Avenue, Largo, Florida | Artspace Properties LLC (100% owned by Govoni) | August 15, 2011 |
| 05-30-15-08712-001-0080 | 3258 Adrian Avenue, Largo, Florida | Artspace Properties LLC (100% owned by Govoni) | August 15, 2011 |
| 34-29-15-76536-016-0110 | 725 2nd Avenue, Units A and B, Largo, Florida | Artspace Properties LLC (100% owned by Govoni) | February 22, 2010 |
| 000 0000 0008 | 610 Charlotte Street, Punta Gorda, Florida | Big Storm Real Estate LLC (95% owned by Govoni) | May 28, 2020 |
| 09-30-16-20295-000-0010 | 12705 Daniel Drive, Clearwater, Florida | Propertycraft Enterprises LLC (100% owned by Govoni) | March 15, 2016 |

12. All of the above assets were acquired by an entity owned or controlled by Govoni during the period when the Debtor's Beneficiaries' SNT funds were being improperly used by the Debtor, Govoni, and BFG.

13. The Committee is concerned about the wellbeing and affairs of all people who were victimized by Govoni by and through his related entities and business partners. However, the terms of Injunction appear to encumber assets which may have arisen from funds misappropriated from *this Estate's* Beneficiaries. Notably, a review of property records in Florida and Kentucky show **the Pledged Assets listed above were acquired by Govoni or an entity he controls *before* any of the Foundation beneficiaries' funds were placed with the Foundation.** In other words, the Pledged Assets could not have been purchased with the Foundation Beneficiaries' assets.

14. The Committee has requested documents related to these Pledged Assets to determine whether they were purchased using assets of the Debtor's or its Beneficiaries.

*Pledged Assets in the Wenk Matter*

15. The Wenk Matter was filed on June 5, 2024 and asserts, among other things, that Govoni, Big Storm Brewery, LLC, and Seaboard Craft Beer Holdings, LLC (both owned or controlled by Govoni and his son Leo John Govoni) orchestrated an elaborate scheme to defraud Wenk, including misappropriating $3 million of Wenk's investment, concealing their association with the Debtor, and embezzling millions of dollars from the Debtor into Big Storm Brewery LLC.

16. Govoni and the other defendants in the Wenk Matter recently entered into a confidential settlement with Wenk on August 28, 2024.

17. Again, the Committee is concerned about the wellbeing and financial affairs of anyone who has been victimized by Govoni and his related entities and business partners. However, any settlement using funds sourced from the Debtor or its unsecured Beneficiaries is of

6

immediate concern to the Committee. The Committee seeks to discover details of this Wenk settlement including the source of the settlement funds, which are believed to be assets of the Debtor's estate.

*Sale of other Assets*

18. In June of 2024, months after this case was filed and after the Chapter 11 Trustee in this case filed a complaint on the BFG Loan (the "**Adversary Proceeding**," Case No. 24-ap-139-RTC), Fat Lion Real Estate, LLC sold a three-building industrial complex at 12925 49th Street North for $2.3 million ("**Fat Lion Property**").[3] According to Sunbiz, Govoni is the manager of Fat Lion is Seaboard Real Estate Holdings, LLC,[4] and its registered agent. According to the Pinellas County property records, Fat Lion Real Estate, LLC acquired the Fat Lion Property on April 9, 2015 for $1.5 million.

19. Obviously, despite the Injunction and the summary judgment entered in the Adversary Proceeding against Govoni and BFG for liability under the BFG Loan,[5] Govoni and BFG, by and through their related entities, continue to utilize assets they control to resolve other matters.

20. However, given the dates the Pledged Assets and the Fat Lion Property were acquired, they likely were acquired using the Debtor's or the Beneficiaries funds. The Committee

---

[3] https://stpeterising.com/home/done-deals-new-bar-debuts-in-downtown-st-pete-county-seeks-affordable-housing-developers-industrial-center-sells#:~:text=A%2050%2C150%2Dsquare%2Dfoot%20property,trustee%20of%20Central%20Properties%20Inc.

[4] Sea Board Real Estate Holding's manager is listed as Boston Holding Real Estate LLC and its registered agent is listed as Govoni on Sunbiz. Boston Holding Real Estate LLC's manager is listed as Boston Holding Company LLC and its registered agent is listed as Govoni on Sunbiz. Boston Holding Company LLC's manager and registered agent are listed as Govoni and Sunbiz. A search of Sunbiz reveals that Govoni is the registered agent of approx. 50 entities, all of which could have been used to further wrongdoings alleged in this case and others.

[5] See 24-ap-139-RTC Doc. No. 20.

is entitled to immediate discovery regarding the nature of these transactions and settlements and the source of assets to resolve them.

*The Limited Requests*

Notwithstanding Local Rule 2004-1(c), which requires 21 days' notice for responses to discovery requests under Federal Rule of Bankruptcy Procedure 2004, given the impending sale of the Pledged Assets in the Directed Benefits Lawsuit and the settlement agreement in the Wenk Matter, the Committee requests an order requiring Govoni and BFG to respond to the Requests for Production within five (5) business days.

The relief requested herein is not overly burdensome because the Committee only seeks limited documents and communications which should be readily available to Govoni and BFG given the recency of above matters.

Federal Rule of Bankruptcy Procedure 9006(c) provides that, for cause shown, the Court may, at its discretion, shorten the period for responding to discovery. The shortened time to respond to the Requests for Production is warranted due to Govoni and BFG's continued dissipation of assets which may have been purchased with funds misappropriated from this case's beneficiaries, and the recency of the above transactions (i.e., the documents should be readily available).

**WHEREFORE**, the Committee respectfully requests the entry of an order (a) granting this Emergency Motion, (b) shortening the time for Govoni and BFG to respond to the Requests for Production to five business (5) after service of such discovery, and (c) granting any and all additional relief as the Court deems appropriate.

> Respectfully submitted,
> /s/ Megan W. Murray
> Megan W. Murray
> Florida Bar Number 0093922

        Scott A. Underwood
        Florida Bar Number 730041
        Daniel E. Etlinger
        Florida Bar Number 0077420
        Underwood Murray, P.A.
        100 N. Tampa St., Suite 2325
        Tampa, FL 33602
        Tel: (813) 540-8401 / Fax: (813) 553-5345
        Email: mmurray@underwoodmurray.com
        sunderwood@underwoodmurray.com
        detlinger@underwoodmurray.com

*Counsel to the Committee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 16, 2024, a true and correct copy of the foregoing was served electronically through the Court's CM/ECF Noticing System to all CM/ECF registered recipients.

        */s/ Megan W. Murray*
        Attorney