ORDERED.

**Dated: September 23, 2024**

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Case No. 8:24-bk-00676-RCT |
| Debtor. | |
| _____/ | |

**SEVENTH INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS GRANTING (A) AUTHORITY TO (I) MAINTAIN BANK ACCOUNTS AND TO CONTINUE TO USE EXISTING BUSINESS FORMS AND CHECKS FOR TRUST BANK ACCOUNTS, AND (II) CONTINUE TO USE EXISTING TRUST CASH MANAGEMENT SYSTEM, AND (B) WAIVER OF CERTAIN INVESTMENT AND DEPOSIT GUIDELINES, AND SCHEDULING FURTHER HEARING**

THIS CASE came before the Court on February 13, 2024, at 3:30 p.m., February 27, 2024, at 1:30 p.m., March 28, 2024 at 3:00 p.m., April 15, 2024 at 2:00 p.m., May 23, 2024 at 1:00 p.m., June 14, 2024 at 1:30 p.m., July 23, 2024, at 1:30 p.m., and September 9, 2024, at 2:00 p.m. upon the *Debtor's Emergency Motion for Entry of Interim and Final Orders Granting (A) Authority to (I) Maintain Bank Accounts and to Continue to Use Existing Business Forms and Checks for Trust Bank Accounts, and (II) Continue to Use Existing Trust Cash Management System, and (B) Waiver*

78001766;1

*of Certain Investment and Deposit Guidelines* (Doc. No. 18) (the "**Motion**")[1] filed by the above-captioned debtor (the "**Debtor**").[2] The Motion seeks entry of interim and final orders (a) authorizing (i) the continued use of the Debtor's existing Trust Bank Accounts and continued use of existing Business Forms and checks related to the Trust Bank Accounts, and (ii) the continued use of the existing cash management system related to the Trust Bank Accounts; (b) finding that the investment and deposit guidelines of section 345 of the Bankruptcy Code and the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Chapter 11 Trustees (revised 11/9/2021)* (the "**Guidelines**") promulgated by the Office of the United States Trustee are not applicable to Trust Bank Accounts; and (c) providing any additional relief required in order to effectuate the foregoing.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED**:

1.     The Motion is **GRANTED**, on an interim basis as set forth herein.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

[2] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11 trustee of the Debtor (the "**Trustee**").

78001766;1

2. The Debtor is authorized to continue to (a) until DIP Accounts are opened for the Trust Bank Accounts, maintain its Trust Cash Management System substantially as described in paragraph 10 of the Motion, in each case consistent with prepetition practice, (b) honor certain prepetition and postpetition obligations related thereto, and (c) use existing Business Forms and checks related to the Trust Bank Accounts.

3. The Debtor is authorized to (a) until DIP Accounts are opened for the Trust Bank Accounts, continue to use, with the same account numbers, the Trust Bank Accounts in existence as of the Petition Date, as identified on **Exhibit 1** attached hereto, (b) use, in their present form, all correspondence and Business Forms (including letterhead) related to the Trust Bank Accounts, (c) treat the Trust Bank Accounts for all purposes as accounts of the Debtor, (d) deposit funds in and withdraw funds from the Trust Bank Accounts by all usual means, including checks, wire transfers, and other debits, and (e) pay the Bank Fees, including any prepetition amounts, and any ordinary course Bank Fees incurred in connection with the Trust Bank Accounts, and to otherwise perform their obligations under the documents governing the Trust Bank Accounts (collectively, the "**Trust Bank Account Agreements**"), including, without limitation, to reimburse the Trust Cash Management Banks for any checks deposited with such banks that have been dishonored or returned for insufficient funds, and any reimbursement or other obligations, such as overdrafts arising under the Trust Bank Account Agreements (collectively, the "**Bank Account Claims**"). Except to the extent otherwise directed by the terms of this Order, all of the provisions of the Trust Bank Account Agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Trust Cash Management Banks are hereby authorized, without further order of this Court, to charge to the Debtor and deduct from the appropriate Trust Bank

Accounts the Bank Account Claims that are incurred in connection therewith in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date.

4. The Trust Cash Management Banks are authorized to (a) continue to maintain, service, and administer the Trust Bank Accounts as accounts of the Debtor, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and credit card payments issued and drawn on the Trust Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be and (b) without further order of this Court, charge and deduct all applicable fees (including, without limitation, the Bank Fees) from the applicable Trust Bank Accounts consistent with historical practice, whether such fees were incurred prior to, on, or subsequent to the Petition Date.

5. Subject to applicable bankruptcy or other law, those certain existing deposit agreements or other treasury management agreements between the Debtor and the Trust Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Trust Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect.

6. The Debtor and the Trust Cash Management Banks may, without further order of this Court, agree to and implement changes to the Trust Cash Management System and procedures related thereto in the ordinary course of business, including, without limitation, the closing of Trust Bank Accounts or the opening of new accounts; *provided that* the Debtor will give timely notice to the U.S. Trustee and counsel to the official committee of unsecured creditors (the "**Committee**") appointed in this chapter 11 case of the closing of Trust Bank Accounts, the opening of new

accounts, or any other material changes to the Trust Cash Management System. The Trustee and his professionals shall attach all Debtor operating accounts to the monthly operating reports.

7. The relief granted in this Order is extended to any new account designated for use in the Debtor's Trust Cash Management System opened by the Debtor in the ordinary course of business after the date hereof (a "**New Trust Bank Account**"), which account shall be deemed a Trust Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Trust Cash Management Bank. The Debtor is authorized to open new operating accounts or New Trust Bank Accounts so long as any such new account is with the Debtor's existing Trust Cash Management Bank or with a bank that is (a) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (b) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Guidelines, and (c) with a bank that agrees to be bound by the terms of this Order. As required herein, to the extent the Debtor opens a new operating account or New Trust Bank Account, it shall provide timely notice to the U.S. Trustee and counsel to the Committee.

8. The Trust Cash Management Banks maintaining the Trust Bank Accounts that are provided with notice of this Order shall not honor or pay any bank payments drawn on the listed Trust Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with the documents governing such Trust Bank Accounts.

9. Subject to the terms set forth herein, any bank, including the Trust Cash Management Banks, may accept, honor and rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored or dishonored, consistent with any order of this Court and

78001766;1

governing law, whether such checks, drafts, or wires and other withdrawals are dated prior to, on, or subsequent to the Petition Date, and shall have no duty to independently inquire as to whether such payments are authorized by an order of this Court; and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored or (c) as a result of a good faith error made despite implementation of reasonable item-handling procedures shall be deemed to be nor shall be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Order.

10. Any banks, including the Trust Cash Management Banks, are: (a) further authorized to (i) honor the Debtor's directions with respect to the opening and closing of any Trust Bank Account and (ii) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; and (b) have no duty to independently inquire as to whether such payments are authorized by an order of this Court; *provided* that the Trust Cash Management Banks shall not have any liability to any party for relying on the Debtor's directions or instructions regarding any of the foregoing.

11. Nothing contained in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate that existed as of the Petition Date.

12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) an impairment or waiver of the Debtor or any other party in interest's right to dispute any claim against, or interest in, the Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, enforceability, or perfection of any interest or encumbrance on the property of the Debtor or its estate or (ii) a waiver or limitation on any party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to prepetition Intercompany Transactions or any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law. For avoidance of doubt, the post-Petition Date transfer of any Debtor funds to any bank from American Momentum Bank ("**AMB**") is without prejudice to any rights and remedies, if any, of AMB that existed as of Petition Date, including perfection, and any rights or remedies of the Debtor, the Committee or any other party as to AMB.

13. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of this chapter 11 case, with respect to prepetition amounts owed where such payments are authorized by an order of this Court.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

15. The relief requested in the Motion satisfies the requirements of Bankruptcy Rule 6003(b) or are otherwise deemed waived.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry. As soon as practicable after the entry of this Order, the Trustee shall serve this Order on the Trust Cash Management Bank.

18. The Trustee is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

19. The Court shall conduct a continued hearing (the "**Continued Hearing**") on the Motion on **January 9, 2025, at 9:30 a.m.**, at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602.

20. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register Click HERE or manually enter the following web address into a browser: https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKynipk6SXFBnivGTDA#/regi

stration All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video

21. Within forty-eight (48) hours of the entry of this Interim Order, the Trustee shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Continued Hearing (the "**Continued Hearing Notice**"), together with copies of this Interim Order, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) all creditors and parties holding the thirty (30) largest claims, and (d) counsel for the Official Committee of Unsecured Creditors.  Any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than **December 26, 2024, at 4:30 p.m. (prevailing Eastern Time)**, which objections shall be served so as to be received on or before such date by: (i) the Debtor, Attn.: William A. Long, Jr., Chief Restructuring Officer, 12425 28th St. N., St. Petersburg, FL 33716; (ii) counsel for the Trustee: Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602, Attn.: Steven R. Wirth, Esq. and Raye Elliott, Esq. (steven.wirth@akerman.com; raye.elliott@akerman.com); and (iii) the Office of the United States Trustee, 501 East Polk Street, Room 1200, Tampa, FL 33602.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

# Exhibit 1

**Center for Special Needs Trust Administration**
**List of Bank Accounts**

| Bank | Acct. No. (last four digits) |
|---|---|
| Key Bank | ****2683 |
| American Momentum Bank | ****0035 |
| American Momentum Bank | ****4196 |
| American Momentum Bank | ****1722 |
| American Momentum Bank | ****1714 |
| American Momentum Bank | ****1338 |
| American Momentum Bank | ****1013 |
| American Momentum Bank | ****5990 |
| American Momentum Bank | ****6075 |
| Wells Fargo Bank - Corp Acct | ****3831 |
| Wells Fargo Bank - Distribution | ****3849 |
| Wells Fargo Bank - Master Sweep | ****3856 |
| Wells Fargo Bank - SNT Trulink | ****3864 |
| Wells Fargo Bank - Corp Retention | ****3872 |
| Wells Fargo Bank - TPIT | ****3880 |
| Wells Fargo Bank - MSA | ****6841 |

78001766;1