# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,  Chapter 11

    Debtor.
_____/

## CHAPTER 11 TRUSTEE'S RESPONSE IN OPPOSITION TO CHAMBERLAIN CLAIM PLAINTIFFS' MOTION TO ENLARGE TIME TO FILE LIMITED OBJECTION TO FIRST INTERIM FEE APPLICATION

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, responds in opposition to the Chamberlain Class Plaintiffs' Motion to Enlarge Time to File Limited Objection to First Interim Fee Application of (I) Akerman LLP; (II) Michael Goldberg, and (III) Akerman, LLP's EDiscovery Team (Doc. 371) (the "Motion") as follows:

1. The Chapter 11 Trustee filed the First Interim Application for Allowance and Payment of Compensation for Services Rendered and for Reimbursement of Expenses Incurred by (I) Akerman LLP as Attorneys for Chapter 11 Trustee; (II) the Chapter 11 Trustee; and (III) Akerman LLP's eDiscovery Team (Doc. 339) (the "Interim Fee Application") on September 6, 2024. The deadline to file objections to the Interim Fee Application was September 30, 2024 pursuant to Local Rule 2002-4 (21 days plus an additional three days if any party was served by U.S. Mail).

78193778;1

2

2.	The Chamberlain Class Plaintiffs[1] filed the Motion on the deadline at 9:52 p.m. requesting a 10-day extension of time to object to the Interim Fee Application citing to the disruption caused by Hurricane Helene. Counsel for the Chamberlain Class Plaintiffs did not contact Chapter 11 Trustee's counsel to meet and confer in advance of filing the Motion.

3.	Hurricane Helene hit the Big Bend area of Florida's west coast on September 26, 2024 – 20 days after the Interim Fee Application was filed – which should have provided sufficient time for the Chamberlain Class Plaintiffs to determine whether they would object to the Interim Fee Application. Primary counsel for the Chamberlain Class Plaintiffs are located in southeast Florida which was not affected by Hurricane Helene. Additionally, it appears that the Chamberlains themselves reside in southeast Florida. Thus, it is extremely unlikely that Hurricane Helene could have affected the Chamberlain Class Plaintiffs' ability file an objection to the Interim Fee Application if they so desired. Importantly, out of over several thousand interested parties involved in this case, including an Official Committee of Unsecured Creditors, no one other than the Chamberlains have voiced any concern over Akerman's Interim Fee Application. The Chapter 11 Trustee and his counsel have also been working diligently on this case for over six months without having been compensated and have essentially been financing this case.

4.	In addition, all professionals in this case, including Akerman LLP, the Chapter 11 Trustee, Akerman eDiscovery, KapilaMukamal and the Official Committee of Unsecured Creditors have agreed to a 50% holdback of their fees such that only 50% of the amount awarded will be paid immediately with the remaining 50% to be paid only when sufficient funds are available.

---

[1] The "Chamberlain Class Plaintiffs" is a misnomer because no class action has been certified by any court.

5.      Notably, the Chapter 11 Trustee and his counsel have incurred over $108,000 in administrative expense fees for enforcing the automatic stay against the Chamberlain Class Plaintiffs just through August 31, 2024. **Nearly 20% of the total fees for professional services rendered by the Chapter 11 Trustee's counsel in the Interim Fee Application were incurred as a direct result of the Chamberlain Class Plaintiffs' violation of the automatic stay.** These figures do not include the additional administrative expense fees that will be incurred defending the appeal of this Court's Order enforcing the automatic stay against the Chamberlain Class Plaintiffs. Every dollar spent contesting the Chamberlain Class Plaintiffs' attempts to violate the automatic stay is one less dollar that can be distributed to the Beneficiaries of the Trusts managed by the Debtor.

WHEREFORE, the Chapter 11 Trustee requests this Court deny the Chamberlain Class Plaintiff's Motion for Extension of Time to Object to the Interim Fee Application and further relief as to the Court deems just, and enter an order approving Akerman's Interim Fee Application forthwith.

Dated: October 1, 2024.

>                     Respectfully submitted,
>
>                     By: */s/ Steven R. Wirth*
>                         Steven R. Wirth
>                         Florida Bar No.: 170380
>                         Email: steven.wirth@akerman.com
>                         Raye C Elliott
>                         Florida Bar No.:  18732
>                         Email:  raye.elliott@akermanl.com
>                         Akerman LLP
>                         401 East Jackson Street, Suite 1700
>                         Tampa, Florida 33602
>                         Telephone: (813) 223-7333
>                         Facsimile: (813) 223-2837
>                         *Counsel for Chapter 11 Trustee, Michael Goldberg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

*/s/Steven R. Wirth*
Attorney
