## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:　　　　　　　　　　　　　　　　　　　　　　Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,　　　　　　　　　Chapter 11

　　　　Debtor.
_____/

**CHAPTER 11 TRUSTEE'S OMNIBUS MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

　　　　Michael Goldberg, the Chapter 11 Trustee ("**Chapter 11 Trustee**"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 363 and 365 and Rule 6006 of the Federal Rules of Bankruptcy Procedure, submits this motion (the "**Motion**") requesting entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**"), authorizing the Chapter 11 Trustee to (I) reject certain executory contracts and any amendments related thereto identified on **Schedule 1** to the Order (collectively the "**Executory Contracts**") and the unexpired lease of non-residential real property and any amendments related thereto, identified on **Schedule 2** to the Order (collectively the "**Lease**"), each with its respective effective date as specified in **Schedule 1** and **Schedule 2** and (II) granting related relief. In support of this Motion, the Chapter 11 Trustee would show the Court as follows:

### JURISDICTION AND VENUE

　　　　1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

　　　　2.　　Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 363 and 365 of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), as supplemented by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**").

## BACKGROUND

4. On February 9, 2024, The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") filed a voluntary Chapter 11 petition (Doc. 1).

5. On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

6. On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

7. The Debtor is a Florida Non-Profit Corporation recognized as tax-exempt pursuant to 501(c)(3) of the Internal Revenue Code that administers pooled trusts and other forms of special needs trusts.

8. The Debtor is the trustee or co-trustee of numerous special needs trusts, including both pooled trusts (the "**Pooled Trusts**") and non-pooled trusts (the "**Non-Pooled Trusts**" and, together with the Pooled Trusts, the "**Trusts**") for approximately 2,000 beneficiaries, many of whom suffer from various levels of disability (the "**Beneficiaries**"). As of August 31, 2024, the Center was overseeing approximately 2,028 trusts, including 1,261 pooled trusts, 755 individual stand-alone trusts, and 12 other non-pooled trusts.

9. Certain Trusts were funded by settlements which are confidential. Other Trusts and settlements involve minors. The Debtor's primary service as trustee of the Trusts is to manage the Trusts, maintain records for assets managed by third-party investment managers, respond to

requests for distributions from Beneficiaries, and make distributions in a manner that still ensures that the applicable beneficiary meets the income and asset thresholds to qualify for certain public assistance benefits such as Medicaid, Social Security, or Supplemental Security Income. The Debtor's services help to ensure that Beneficiaries maintain their qualification for these critical public assistance benefits.

10. As the Debtor outlined in its Case Management Summary, the Debtor's leadership discovered that approximately $100,000,000.00 of funds from Beneficiaries and the Debtor itself was loaned to Boston Financial Group ("**BFG**"), a group controlled by the Debtor's founder Leo Govoni ("**Govoni**"), which loan remains outstanding in an amount of not less than $154,170,786.50 (the "**Loan**"). *See* Adv. Proc. No. 8:24-ap-00139-RCT, Doc. 23. The improper transfers of these funds have left over 1500 trust accounts either partially or fully compromised. The Debtor filed this case for the purpose of, *inter alia*, pursuing

11. The Debtor's CRO, NPerspective, and the Chapter 11 Trustee and his professionals, have been assisting the Debtor and its employees with trust administration and business operations. However, the Debtor's resources are limited, and the Chapter 11 Trustee must find a successor trustee for the trusts. On October 4, 2024, the Chapter 11 Trustee filed his Motion to Approve (i) Wind-Down and Termination of Operations of Debtor, (ii) Resignation of the Debtor as Trustee of Trusts, (iii) Approve Procedures to Appoint CPT Institute, Inc. as Successor Trustee of the Trusts, and (iv) Approve Form and Manner of Opt-Out Notice for Appointment of CPT Institute, Inc. as Successor Trustee (Doc. 376 ) (the "**Wind-Down Procedures Motion**").

**EXECUTORY CONTRACTS AND LEASE TO BE REJECTED**

12. Prior to the Petition Date, the Debtor entered into various executory contracts and an unexpired lease of office space between Roosevelt Lakes LLC for the lease of certain real estate

located at 2406 Cypress Glen Dr. Ste 101, Wesley Chapel, FL 33544 dated May 26, 2022. These contracts include agreements relating to the administration of the Debtor's operations, including but not limited to a real property lease, any employment benefit agreements, commission agreements, agreements regarding office services, leases of equipment, utilities, or other operational contracts.

13. In the course of performing his duties as the Chapter 11 Trustee, the Chapter 11 Trustee, with the assistance of the Debtor and his advisors have undertaken a comprehensive review of the Debtor's executory contracts and leases to identify those that are burdensome and no longer necessary to the estate and thereby should be rejected to limit administrative costs and preserve value of the estate.

14. The Chapter 11 Trustee has determined in his business judgement, that the benefits and services provided by the Executory Contracts identified on **Schedule 1** to the Order and the Lease identified on **Schedule 2** to the Order, are no longer needed as the Debtor continues its winddown efforts. Further, the Debtor's operations will cease once the transition to a new trust administrator is complete. The Executory Contracts and Lease are costly and burdensome to the estate and must be rejected because the Debtor continues to incur rent and expenses under the Lease and Executory Contracts with no corresponding benefits.

## RELIEF REQUESTED

15. By this Motion, the Chapter 11 Trustee seeks entry of an order substantially in the form attached as **Exhibit A** authorizing the Chapter 11 Trustee to reject the Executory Contracts and Lease, each with its respective effective date as specified in **Schedule 1** and **Schedule 2**, pursuant to 11 U.S.C. §§ 363 and 365 and Bankruptcy Rule 6006.

16. The relief requested will substantially reduce operating costs for the estate and allow the Chapter 11 Trustee to focus on litigation to bring back assets for the benefit of the estate and the Beneficiaries. The Chapter 11 Trustee believes that this Motion is in the best interests of the estate, its Beneficiaries, the few non-beneficiary creditors, and all other parties in interest.

## BASIS FOR RELIEF REQUESTED

17. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a trustee, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a).

18. Courts defer to a trustee's business judgment in rejecting an executory contract or unexpired lease, and, upon finding that a trustee has exercised his or her sound business judgment, approve the rejection under Section 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also Group of Inst'l Investors v. Chicago, Milwaukee, St. Paul, & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943); *Official Comm. of Unsecured Creditors of Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.)*, 378 F.3d 511, 524 n.5 (5th Cir. 2004) ("The rejection decision under § 365 is generally left to the business judgment of the bankruptcy estate."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

19. Rejection under § 365 is generally intended to enable the trustee to relieve the debtor and the bankruptcy estate from burdensome and unprofitable contracts in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely

performed." (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60,62 (5th Cir. 1994)); *In re Mirant Corp.*, 303 B.R. 319, 330¬31 (Bankr. N.D. Tex. 2003) ("There is substantial authority for the proposition that section 365 was intended to allow a trustee or debtor in possession to eliminate burdensome, unprofitable contracts and preserve for the estate's benefit valuable agreements.").

20. Once the transition of the management of the Trusts is complete, the Debtor will no longer operate the day to day management and administration of the Trusts, obviating the need for the Executory Contracts and Lease.

21. Accordingly, in an exercise of his sound business judgment, the Chapter 11 Trustee has determined and respectfully submits that rejecting the Executory Contract and Lease is in the best interests of the Beneficiaries, the estate, their creditors and all parties-in-interest in this bankruptcy case. The relief requested in this Motion is based upon valid business judgment, as the Executory Contracts and Lease are unnecessary for the Debtor's ongoing business needs and will not provide value to the bankruptcy estate. Furthermore, the Chapter 11 Trustee submits that his decision to reject the Executory Contracts and Lease is a critical component of the winddown of the Debtor's business, represents an exercise of his sound business judgment, and is in the best interests of the Beneficiaries. The Chapter 11 Trustee estimates that rejection of the Executory Contracts and Lease will save the estate approximately tens of thousands of dollars per month.

22. Based on the foregoing, the Chapter 11 Trustee seeks to reject the Executory Contracts and Lease pursuant to the terms of the Order. Rejection will minimize rejection damage and any administrative claims that may be asserted by the non-debtor parties to the Executory Contracts and Lease.

23. Bankruptcy Rule 6006(f) is satisfied.

24. Bankruptcy Rule 6006(f) creates requirements for a motion to reject multiple executory contracts and unexpired leases not between the same party, and in pertinent part, states the following requirements for such a motion:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> . . .
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

25. The Chapter 11 Trustee Motion has satisfied all of the applicable requirements.

## **RESERVATION OF RIGHTS**

26. Nothing contained herein is intended or should be construed as: (i) an admission as to the validity of any claim against the Chapter 11 Trustee; (ii) a waiver of the Chapter 11 Trustee's rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Chapter 11 Trustee expressly reserves his right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Chapter 11 Trustee's rights to subsequently dispute such claim.

**NOTICE**

27.     Bankruptcy Rules 6006 and 9014 generally require that any proceeding to assume, reject or assign an executory contract or unexpired lease be made only upon motion and on notice to the other party to the contract, the committee appointed under the Bankruptcy Code and any other party-in-interest.

28.     Notice of this Motion has been given to the Office of the United States Trustee for the Middle District of Florida, the counterparties to each of the Executory Contracts and Lease pursuant to the underlying terms of each respective agreement, the Official Committee of Unsecured Creditors, and other parties-in-interest who have requested notice.

WHEREFORE, the Trustee requests this Court enter an order substantially in the form attached hereto as **Exhibit A** , (i) granting this Motion; (ii) authorizing the Chapter 11 Trustee's rejection of the Executory Contracts and Lease, each with its respective effective date as specified in **Schedule 1** and **Schedule 2**; and (iii) providing for such other and further relief as to the Court deems just.

Dated: October 21, 2024.

Respectfully submitted,

By: */s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott
Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
*Counsel for Chapter 11 Trustee, Michael Goldberg*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on the counterparties to each of the Executory Contracts and Lease and will file a certificate of service with the Court.

> */s/Steven R. Wirth*
> Attorney

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                                                           Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                               Chapter 11

      Debtor.
_____/

**ORDER GRANTING CHAPTER 11 TRUSTEE'S OMNIBUS
MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING
THE REJECTION OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASE (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of the Chapter 11 Trustee[1] for the entry of an order approving the Chapter 11 Trustee's rejection of the Executory Contracts included on **Schedule 1** attached hereto and the Lease included on **Schedule 2** attached hereto, [Doc. No.___]; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief; and that the relief requested

---

[1] Capitalized terms used but not specifically defined herein shall have the respective meanings ascribed to them in the Motion.

77828560;1

2

under the Motion is in the best interests of the Debtor's estate and creditors; and that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary.  Upon review of the record before the Court, good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to Section 365(a) of the Bankruptcy Code, the Executory Contracts identified on **Schedule 1** and the Lease identified on **Schedule 2** hereto are hereby rejected, effective as of the respective dates specified in **Schedule 1** and **Schedule 2**.

3. The Chapter 11 Trustee does not waive any potential claims against any counterparty to a Executory Contract and the Lease.

4. The Chapter 11 Trustee shall promptly serve a copy of this Order on all counterparties to the Executory Contracts and the Lease as required by the terms of each respective Executory Contract or Lease.

5. **Any proof of claim for damages arising from the rejection of the Executory Contracts and Lease must be filed with the Court on or before the latest of: (i) the claims bar date established by the Court; or (ii) 30 days after the entry of this Order approving the rejection of the Executory Contracts and Lease.**

6. The Chapter 11 Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

*Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

## Schedule 1

Rejected Contracts

77828566;4

| Number | Contract Counterparty | Contract Description | Address | Rejection Effective Date |
|---|---|---|---|---|
| 1 | ADT LLC | Office Security | P.O. Box 371878, Pittsburgh, PA 15250 | 10/21/2024 |
| 2 | AT&T | Cell Phone | 5012 4th St N, St Petersburg, FL 33703 | 10/21/2024 |
| 3 | Biscom | Fax Service | 10 Technology Park Dr, Westford, MA 01886 | 12/31/2024 |
| 4 | D.Bryan Milner, Milner Plaintiff Services | Referral Agreement | 14 South Prize Oaks Dr, Cedar Park, TX 78613 | 10/21/2024 |
| 5 | Great American Finance | Copier Lease | 625 First St. SE, Cedar Rapids, IA 52401 | 10/21/2024 |
| 6 | Hope Portal Services DBA Hope Trust | Referral Agreement | 101 Crawfords Corner Rd. Bell Works 1-401, Holmdel, NJ 07733 | 10/21/2024 |
| 7 | Hungerford Technologies | Phone system lease | 2910 Lucerne Dr SE, Grand Rapids, MI 49546 | 12/31/2024 |
| 8 | Intelepeer Communications | Cloud phone service | 155 Bovet Rd, Ste 405, San Mateo, CA 94402 | 12/31/2024 |
| 9 | John Muir, Ringler Associates Bloomington LLC | Referral Agreement | 2501 E. college Ave Ste A, Bloomington, IL 61704 | 10/21/2024 |
| 10 | John Staunton PA | Legal Representation | 622 bypass Dr. Ste 200, Clearwater, FL 33764 | 10/21/2024 |
| 11 | Lumen (Level 3) | Internet Service | P.O. Box 910182, Denver, CO 80291 | 10/21/2024 |
| 12 | Pamela Liggett | Referral Agreement | 12123 Shelbyville Rd Ste 100-163, Louisville, KY 40243 | 10/21/2024 |
| 13 | Pitney Bowes | Postage Machine | | 10/21/2024 |
| 14 | Pitney Bowes | Cube Mailer | | 12/31/2024 |
| 15 | Protected Tomorrows Inc | Referral Agreement | 103 Schelter Rd, Lincolnshire, IL 60069 | 10/21/2024 |
| 16 | Smarsh, Inc | E-mail recovery | P.O. Box 8023, Carol Stream, IL 60197 | 12/31/2024 |
| 17 | Summit Settlements | Broker Agreement | | 10/21/2024 |
| 18 | Theresa Alessandra Russo Foundation | Pooled Trust Agmt | 250 Lido Blvd, Lido Beach, NY 11561 | 10/21/2024 |
| 19 | Thomas Bales Jr. | Real Estate consulting | 6121 Seminole Blvd, Seminole, FL 33716 | 12/31/2024 |

## Schedule 2

Rejected Lease

77828578;1

| Number | Lease Counterparty | Description | Address | Rejection Effective Date |
|---|---|---|---|---|
| 20 | Roosevelt Lakes LLC | Office Lease | 2406 Cypress Glen Dr. Ste 101, Wesley Chapel, FL 33544 | 10/21/2024 |