**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                          Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                             Chapter 11

     Debtor.
_____/

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO APPROVE (I) WIND DOWN AND TERMINATION OF OPERATIONS OF THE DEBTOR, (II) RESIGNATION OF THE DEBTOR AS TRUSTEE OF TRUSTS, (III) APPROVE PROCEDURES TO APPOINT CPT INSTITUTE, INC. AS SUCCESSOR TRUSTEE OF THE TRUSTS, AND (IV) APPROVE FORM AND MANNER OF OPT-OUT NOTICE FOR APPOINTMENT OF CPT INSTITUTE, INC. AS SUCCESSOR TRUSTEE**

This case is before the Court on the Motion to Approve (I) Wind Down And Termination Of Operations Of The Debtor, (II) Resignation of The Debtor As Trustee Of Trusts, (III) Approve Procedures To Appoint CPT Institute, Inc. as Successor Trustee of the Trusts, and (IV) Approve Form and Manner of Opt-Out Notice For Appointment of CPT Institute, Inc. as Successor Trustee (Doc. No. ——376) ("Motion")[1] and the Court, having considered the Motion,

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

and the arguments of counsel at the hearing held on October ~~—~~ 29, 2024 (the "Hearing") finds good cause exists to grant the Motion, and it is:

**ORDERED**:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor shall resign as trustee, and CPT shall be appointed as successor trustee for all Pooled Trusts, subject to the Beneficiary's right to opt-out as described below.

3. The effective date of CPT's appointment as successor trustee shall be on or before **December 31, 2024** (the "Effective Date").

4. Within five (5) business days after entry of this Order, or as soon as practicable thereafter, the Chapter 11 Trustee will cause the Opt-Out Notice, as modified by counsel in open Court at the Hearing, to be served on the following parties or their respective counsel, if known: (a) the United States Trustee for the Middle District of Florida (the "U.S. Trustee"); (b) counsel to the Official Committee of Unsecured Creditors; (c) all of the Beneficiaries of Pooled Trusts; and (d) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

5. No later than November 22, 2024 (the "Opt-Out Notice Period"), should a Beneficiary elect to opt-out of having CPT appointed as successor trustee of their trust, the Beneficiary shall deliver the executed Opt-Out Notice to the Debtor's claims agent, Epiq, in the manner set forth in the Opt-Out Notice.

6. For Non-Pooled Trusts, unless a beneficiary of a Non-Pooled Trust opts out prior to November 22, 2024 or affirmatively opts in pursuant to the Opt-In Notice, CPT shall cause an attorney to review the existing individual trust agreement for each Non-Pooled Trust to evaluate CPT's ability and willingness to serve as a successor trustee. Each Non-Pooled Trust with assets of

$50,000 or more will be assessed a fee up to $500.00 payable to CPT from the Trust Account principal to defray the costs associated with this review. Each Non-Pooled Trust with assets less than $50,000 will not be assessed a fee. If CPT is willing and able to serve as successor trustee for a Non-Pooled Trust, and such Beneficiary agrees to CPT's fee schedule, CPT is appointed as successor trustee of the Non-Pooled Trust without further action or approval of any state court or other state, federal, or local governmental or regulatory agency.

7.  Within five (5) business days after entry of this Order, or as soon as practicable thereafter, the Chapter 11 Trustee will cause the Opt-In Notice to be served on the following parties or their respective counsel, if known: (a) the United States Trustee for the Middle District of Florida (the "U.S. Trustee"); (b) counsel to the Official Committee of Unsecured Creditors; (c) all of the Beneficiaries of Non-Pooled Trusts; and (d) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

8.  No later than November 22, 2024 (the "Opt-In Notice Period"), should a Beneficiary elect to opt-in of having CPT appointed as successor trustee of their trust, the Beneficiary shall deliver the executed Opt-In Notice to the Debtor's claims agent, Epiq, in the manner set forth in the Opt-Out Notice.[2]

9.  If CPT declines to serve as successor trustee for a specific Non-Pooled Trust, or such Beneficiary does not agree to CPT's fee schedule, CPT will provide to the Beneficiary a written procedure for appointing a successor trustee, including a summary of the steps required pursuant to his or her individual trust agreement, recommendations on finding a suitable trustee,

---

[2] Nothing in this Order shall be deemed to prevent any Beneficiary from transitioning his or her Trust account or sub-account to a successor trustee or pooled trust, respectively, at any time subsequent to CPT taking over the administration of such Trust account or sub-account.

and clear guidance on navigating the process of requesting or appointing a new trustee and seeking court approval, if necessary.

10. Beneficiaries with fully compromised Pooled Trusts whose current balances are $0 (the "Fully Compromised Trusts") as listed on **Exhibit C** to the Motion who do not opt-out will also be transitioned over to CPT for management purposes only, although CPT will not open trust accounts for Fully Compromised Trusts until a trust is funded by a Beneficiary or the Chapter 11 Trustee makes distributions to Beneficiaries following his recovery efforts. If, upon notice of interim distributions, a Beneficiary has opted out and has chosen a third-party trust administrator, the Chapter 11 Trustee will coordinate the transfer of distributions to the appropriate third-party successor trustee.

11. Effective as of December 31, 2024, the Critical Expense Loan (as that term is defined in the Motion) will be terminated. Beneficiaries who have previously relied on these advances must make alternative arrangements for payment of their critical needs.

12. For Medicare/Medicaid purposes, Fully Compromised Trusts will be considered exhausted.

13. If a Beneficiary with a partially compromised account (*i.e.*, some funds are held in protected third-party accounts, and other funds were invested in the "Loan" and are currently unavailable for distribution ("Partially Compromised Trust") elects to opt out of having CPT administer a Trust, the Chapter 11 Trustee's professionals will review the Debtor's trust ledgers to reconcile the bank/brokerage account statements of that particular Trust prior to transferring any Trust balance. Provided the Chapter 11 Trustee is satisfied with his professional's reconciliation of an account, the Chapter 11 Trustee shall make arrangements to transfer all of such Beneficiary's funds held in third-party investment accounts to CPT or to any third-party

successor trustee selected by the Beneficiary in his or her opt-out form (subject to such successor trustee's acceptance).

~~14.    To reduce the likelihood of overpayment on a Partially Compromised Trust account, the Chapter 11 Trustee's professionals shall have the discretion to transfer less than one hundred percent (100%) of such compromised Trust's balance, with such amount constituting a claim owed by the Debtor to the Trust upon the Chapter 11 Trustee's recovery of assets in this Bankruptcy Case.~~

~~15~~14.    For all Trusts that were not compromised (the "<u>Uncompromised Trusts</u>"), upon the Effective Date, the Chapter 11 Trustee shall make arrangements to transfer all of such Beneficiary's funds held in third-party investment accounts to CPT or to any third-party successor trustee selected by the Beneficiary in his or her opt-out form (subject to such successor trustee's acceptance).

~~16~~15.    For all Trusts where CPT is to be appointed as successor trustee, the Debtor shall retain all rights to residual death benefits of any Beneficiary that has died prior to the December 31, 2024. For all Trusts where CPT is appointed as successor trustee, CPT will retain all rights to residual death benefits pursuant to 42 U.S.C. § 1396p(d)(4)(C).

~~17~~16.    If a Beneficiary chooses to opt out of having CPT appointed as successor trustee of their Trust, any third party chosen by the Beneficiary shall be bound by the provisions of this Order with respect to the division of residual death benefits and recognize the successor trustee's interest in and rights to receive the residual death benefits pursuant to 42 U.S.C. § 1396p(d)(4)(C).

~~18~~17.    In exchange for the transition of Trusts by the Debtor to CPT, CPT shall donate the following amounts to the Debtor, which funds shall be used by the Debtor for tax-exempt, charitable purposes (*i.e.*, the donated funds will be segregated and earmarked for the distribution

to Beneficiaries on account of his or her losses pursuant a confirmed chapter 11 plan or further order of the Bankruptcy Court):

- $140,000 per year for three (3) years if the Debtor initially transitions 75% or more of the Trusts to CPT.

- $100,000 per year for three (3) years if the Debtor initially transitions 50% to 74.99% of the Trusts to CPT.

- $75,000 per year for three (3) years if the Debtor initially transitions less than 50% of the Trusts to CPT.

18.

19. Nothing contained in the prior paragraphs or this Order shall impair, prejudice, or otherwise alter the rights of the Theresa Alessandra Russo Foundation as to such residual benefits to assert an interest in those residual benefits or otherwise assert claims or rights in this Bankruptcy Case or otherwise. None of the Theresa Alessandra Russo Foundation claims or rights are deemed adjudicated by this Order. Further, the retention of any residual death benefits by CPT, the Debtor, or the Theresa Alessandra Russo Foundation are subject to any legally enforceable rights of the Theresa Alessandra Russo Foundation to said residual death benefits.

~~19~~20. For all Trusts, whether transitioned to CPT or a third-party successor trustee, unless specifically requested by a Beneficiary in writing by electronic mail to counsel for the Chapter 11 Trustee, Steven R. Wirth, Esq. (steven.wirth@akerman.com) and Raye Elliott, Esq, (raye.elliott@akerman.com), the Chapter 11 Trustee shall automatically retain all rights and standing in his capacity both as Trustee of the Trusts and Chapter 11 Trustee of the Debtor to pursue Litigation Claims on behalf of the Beneficiaries and the bankruptcy estate and make distributions to them through this bankruptcy case. ~~In addition~~Accordingly, as of the Effective

Date of the transition of each Trust to CPT or such other successor trustee, each Beneficiary shall be deemed to have automatically assigned to the Chapter 11 Trustee all rights to pursue Litigation Claims on his or her behalf against third parties. This assignment shall be self-effectuating without the need for further documentation or Order of this Court. For avoidance of doubt, nothing set forth in this Paragraph shall be deemed to grant the Chapter 11 Trustee, in his capacity as both Chapter 11 Trustee and as Trustee under the various Trust documents, any greater rights than he possessed prior to the Effective Date, it being the purpose and intent that he shall only retain all rights and standing to all Litigation Claims that he had standing to pursue prior to the Effective Date.

~~20~~21. Further, on the Effective Date, all liens of the Debtor on certain real property, vehicles, and other assets titled in the name of the Beneficiaries shall be transferred to CPT or a third-party successor trustee if a Beneficiary chooses to opt-out of having CPT appointed as successor trustee. In the event any liens were improperly placed, CPT and/or the Chapter 11 Trustee are ordered to take such other and further actions as necessary to rectify the impropriety.

~~21~~22. CPT shall not be liable for any acts, malfeasance, negligence, or wrongdoing committed by the Debtor or any of its professionals or employees for acts arising prior to the Effective Date. However, CPT shall be liable for any of its actions arising out of or related to its administration of the Trusts from and after the Effective Date.

~~22~~23. This Order may be presented to any and all entities, including, without limitation, all federal, state, or local governmental units, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, state probate courts, and all other persons and entities who may be required by operation of law, to facilitate the appointment of CPT (upon its acceptance) as successor trustee for any Trusts administered by the Debtor. Each and every

federal, state, and local governmental unit, including any state probate court, is hereby authorized to accept any and all documents and instruments necessary or appropriate, including a copy of this Order, to give effect to the appointment of CPT (upon its acceptance) as successor trustee for any Trusts administered by the Debtor.

~~23~~24. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court, (a) to allow CPT to give the Debtor any notice provided for in the Motion, (b) to allow CPT to take any and all actions permitted by the Motion in accordance with the terms and conditions thereof, including, without limitation, effectuating the appointment of CPT as successor trustee of any Trust administered by the Debtor, and (c) to otherwise implement the terms and provisions of the Motion and this Order.

~~24~~25. This Court shall retain jurisdiction with regard to, *inter alia*, all issues or disputes relating to interpretation, implementation and enforcement of the Motion or this Order, including without limitation CPT's post-Effective Date obligations.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

| Summary report: Litera Compare for Word 11.9.1.1 Document comparison done on 10/29/2024 10:49:36 AM ||
|---|---|
| **Style name:** Akerman Default ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://pdc-dm.ase.akerman.com/ACTIVE/78223883/2 ||
| **Modified DMS:** iw://pdc-dm.ase.akerman.com/ACTIVE/78223883/3 ||
| **Changes:** ||
| Add | 25 |
| Delete | 18 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 43 |

| Detailed Change Report | | | |
|---|---|---|---|
| Intelligent Table Comparison: Active | | | |
| Operation | No. | Page | Text |
| Delete | 1 | 1 | |
| Add | 2 | 1 | 376 |
| Delete | 3 | 2 | |
| Add | 4 | 2 | 29 |
| Add | 5 | 2 | (the "Hearing") |
| Add | 6 | 2 | , as modified by counsel in open Court at the Hearing, |
| Add | 7 | 3 | 2 |
| Add | 8 | 3 | 2 Nothing in this Order shall be deemed to prevent any Beneficiary from transitioning his or her Trust account or sub-account to a successor trustee or pooled trust, respectively, at any time subsequent to CPT taking over the administration of such Trust account or sub-account. |
| Add | 9 | 3 | ¶ |
| Delete | 10 | 5 | 14.→ To reduce the likelihood of overpayment on a Partially Compromised Trust account, the Chapter 11 Trustee's professionals shall have the discretion to transfer less than one hundred percent (100%) of such compromised Trust's balance, with such amount constituting a claim owed by the Debtor to the Trust upon the Chapter 11 Trustee's recovery of assets in this Bankruptcy Case.¶ |
| Delete | 11 | 5 | 15 |
| Add | 12 | 5 | 14 |
| Delete | 13 | 5 | 16 |
| Add | 14 | 5 | 15 |
| Delete | 15 | 5 | 17 |
| Add | 16 | 5 | 16 |
| Delete | 17 | 5 | 18 |
| Add | 18 | 5 | 17 |
| Add | 19 | 6 | 18.→¶ |
| Add | 20 | 6 | 19.→Nothing contained in the prior paragraphs or this Order shall impair, prejudice, or otherwise alter the rights of the Theresa Alessandra Russo Foundation as to such residual benefits to assert an interest in those residual benefits or otherwise assert claims or rights in this Bankruptcy Case or otherwise. None of the Theresa Alessandra Russo Foundation claims or rights are deemed adjudicated by this Order. Further, the retention of any residual death benefits by CPT, the Debtor, or the Theresa Alessandra Russo Foundation are subject to any legally enforceable rights of the Theresa Alessandra Russo Foundation to said residual death benefits.¶ |

| Delete | 21 | 6 | 19 |
|---|---|---|---|
| Add | 22 | 6 | 20 |
| Add | 23 | 6 | by electronic mail to counsel for the Chapter 11 Trustee, Steven R. Wirth, Esq. (steven.wirth@akerman.com) and Raye Elliott, Esq, (raye.elliott@akerman.com) |
| Delete | 24 | 6 | In addition |
| Add | 25 | 6 | Accordingly |
| Add | 26 | 7 | For avoidance of doubt, nothing set forth in this Paragraph shall be deemed to grant the Chapter 11 Trustee, in his capacity as both Chapter 11 Trustee and as Trustee under the various Trust documents, any greater rights than he possessed prior to the Effective Date, it being the purpose and intent that he shall only retain all rights and standing to all Litigation Claims that he had standing to pursue prior to the Effective Date. |
| Delete | 27 | 7 | 20 |
| Add | 28 | 7 | 21 |
| Delete | 29 | 7 | 21 |
| Add | 30 | 7 | 22 |
| Delete | 31 | 7 | 22 |
| Add | 32 | 7 | 23 |
| Delete | 33 | 8 | 23 |
| Add | 34 | 8 | 24 |
| Delete | 35 | 8 | 24 |
| Add | 36 | 8 | 25 |
| Delete | 37 | 1 | ¶ |
| Delete | 38 | 1 | 78223883;2 |
| Add | 39 | 1 | 78223883;3 |
| Delete | 40 | 8 | 78223883;2 |
| Add | 41 | 8 | 78223883;3 |
| Delete | 42 | 1 | 78223883;2 |
| Add | 43 | 1 | 78223883;3 |