ORDERED.

**Dated:  November 01, 2024**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                          Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                   Chapter 11

         Debtor.
_____/

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO APPROVE (I) THE**
**TERMINATION OF DEBTOR'S 401(k) PLAN, (II) THE IMPLEMENTATION**
**OF CERTAIN PROCEDURES IN CONNECTION THEREWITH,**
**AND AUTHORIZING DISTRIBUTIONS TO PLAN PARTICIPANTS THEREIN**

This case is before the Court on the Motion to Approve Motion To Approve (I)

Termination Of Debtor's 401(K) Plan **effective 11:59 pm (ET) on December 31, 2024** (the

"**Termination Date**"), (II) Implementation of Certain Procedures In Connection Therewith, and

Authorizing Distributions To Plan Participants Therein (Doc. No. 390) ("**Motion**")[1] and the

Court, having considered the Motion, and the arguments of counsel at the hearing held on

October 29, 2024 finds good cause exists to grant the Motion, and it is:

**ORDERED**:

1.         The Motion is **GRANTED** as set forth herein.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

2.      The Termination Procedures are **APPROVED**.

3.      The Chapter 11 Trustee is authorized to execute any and all documents necessary to terminate the 401(k) Plan on the Termination Date in accordance with the plan documents and subject to the provisions of the Employee Retirement Income Security Act of 1974 ("**ERISA**") as amended.

4.      The Chapter 11 Trustee is authorized to execute any and all documents necessary to notify all Plan Participants that the 401(k) Plan is being terminated in accordance with the plan documents and subject to the provisions of ERISA.

5.      The Chapter 11 Trustee is authorized to execute any and all documents necessary to make distributions to Plan Participants in accordance with the plan documents and subject to the provisions of ERISA.

6.      Upon completion of the terms set forth above, the Chapter 11 Trustee shall be deemed to have satisfied his obligations under 11 U.S.C. § 704(a)(11).

7.      The Debtor is the 401(k) Plan Administrator and the Chapter 11 Trustee and his designees, including Flexible Benefits Systems, Inc. are authorized to make distributions to Plan Participants, and terminate the 401(k) Plan, in accordance with the plan documents and subject to the provisions of ERISA.

8.      The Chapter 11 Trustee or his designees, including Flexible Benefits System, Inc., shall provide notice, in accordance with any applicable requirement of the 401(k) Plan or trust agreement related thereto, to all Plan Participants, including potential tax consequences related to the 401(k) Plan's termination and distributions to be made to Plan Participants thereunder.

9.      To the extent that Flexible Benefits Systems, Inc. does not receive its final fees directly from the 401(k) Plan for assisting with the termination of the 401(k) Plan and

preparation of any statements required to filed with the Secretary of Labor, Flexible Benefits Systems, Inc. shall have thirty (30) days to file a request for payment of an administrative expense claim for any fees due for final administration of the 401(k) Plan, without prejudice to the Chapter 11 Trustee's right to object to same based on any grounds whatsoever.

10.     The Court shall retain jurisdiction over any matters relating to or arising from the implementation of this Order.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

78315708