**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Case No. 8:24-bk-00676-RCT |
| Debtor. | **Ref. Docket No. 409** |

## CERTIFICATE OF SERVICE

I, ARNOLD NGUYEN, hereby certify that:

1. I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC, with their principal office located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On November 8, 2024, I caused to be served the "Notice of Trustee Resignation for Non-Pooled Special Needs Trust Accounts and Election of Successor Trustee (Opt-in/Opt-out)," *related to Docket No. 409*, a sample of which is annexed hereto as <u>Exhibit A</u>, by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to 2,468 parties whose names and addresses are confidential and therefore not included.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT, OR LEGAL DEPARTMENT."

*/s/ Arnold Nguyen*
Arnold Nguyen

**EXHIBIT A**

**NOTICE OF TRUSTEE RESIGNATION FOR
NON-POOLED SPECIAL NEEDS TRUST ACCOUNTS AND
ELECTION OF SUCCESSOR TRUSTEE (OPT-IN/OPT-OUT)**

**IMPORTANT NOTICE**

You are receiving this notice because The Center for Special Needs Trust Administration, Inc. (the "Center") will resign on December 31, 2024, as the trustee of a trust for which you have been named as a beneficiary. To avoid interruption in the administration of your trust, you must elect a successor trustee no later than ***November 22, 2024*** by filling out the successor trustee election form on page 2.

Failure to elect an eligible successor trustee by ***November 22, 2024,*** will result in a review of your trust by an attorney to evaluate options for the succession of your trust administration, including the possible appointment of CPT Institute, Inc. ("CPT") as your successor trustee. If your account is $50,000 or more, a one-time charge of $500 will be paid to the attorney out of your trust for this review. If your account is under $50,000, no charge will be imposed for this review. Following the legal review of your trust, you will be notified of your options to transition your trust to an eligible successor trustee, such as CPT. If CPT can serve as your successor trustee, a member of the CPT team will contact you directly to initiate the transfer of your trust administration. If CPT cannot accept your trust, it will provide you with a written report on the steps needed to find a new trustee with recommendations for services to assist you in your search.

***About CPT Institute, Inc.***

CPT is a third-party charitable nonprofit trustee that operates nationally in forty-eight states. You can learn more about CPT on its website: www.cptinstitute.org.

**Individual Special Needs Trusts Administration Fees[1]**

| | |
|---|---|
| Trust Account Setup (if account is $50,000 or more) | $500 |
| Trust Account Setup (if account under $50,000) | $0 |
| Monthly Administration Fee | $150 monthly |
| Money Management Fee (percentage of funds under management)[2] | .60 % |

If you desire to initiate the transfer of your trust administration to CPT before November 22, 2024, you can contact CPT directly at the following to expedite the process:

Telephone: 813-687-8818
Email: join@cptcharity.org
URL: www.cptinstitute.org/the-center

\*\*\*\*

**I.      ELECTION OF SUCCESSOR TRUSTEE**

Subject to the eligibility and acceptance of my elected appointment by the successor trustee identified below, I desire, direct, and consent to the appointment of the successor trustee identified below for the future administration of my Trust as follows:

---

[1] CPT **does not** collect a fee from invested funds.

[2] The investment firm custody agent chosen by the CPT board (True Link) charges money management fees. Proprietary or trail fee investment products are prohibited. Statements provided quarterly, online activity and balances portal access provided.

☐     OPT-IN: I <u>elect</u> CPT as my successor trustee for future administration of my non-pooled trust.

☐     OPT-OUT: I elect the following alternative successor trustee identified below for future administration of my non-pooled trust:

Desired Successor Trustee:_____

Address of Desired Successor Trustee :_____
                                              Address

                                    _____
                                     City        State      ZIP Code        Country

Telephone of Desired Successor Trustee: _____

Email of Desired Successor Trustee: _____

## II.    RETENTION OF CLAIMS

For all Trusts, whether transitioned to CPT or a third-party successor trustee, the Chapter 11 Trustee will automatically retain rights to pursue litigation on your behalf and make distributions from amounts recovered through the Bankruptcy Case from claims which are exclusively property of the bankruptcy estate. In other words, you will retain your rights under your Proof of Claim, regardless of whether you opt out below.

The Bankruptcy Court also authorized the Chapter 11 Trustee to retain claims of the Center, as trustee of your trust, and pursue recovery efforts for these claims on your behalf (for example, claims your trust has against third parties for your losses). However, you may opt out and decline from having the Chapter 11 Trustee pursue claims on behalf of the Center, as trustee of your trust, after the transition of your trust to a successor trust or trustee. To do so, you must check the Opt-Out box below. You may want to consult an attorney before making this decision.

☐     OPT-OUT: I <u>do not consent</u> to the Chapter 11 Trustee's retention of all rights and standing as trustee of my trust to pursue claims on my behalf after my trust is transferred to the successor trustee. I wish to pursue those on my own.

## III.    <u>BENEFICIARY INFORMATION</u>

1. Full Legal Name of Beneficiary:_____

2. Signature of Beneficiary, trustee, legal representative, or party authorized to act on behalf of such

   Beneficiary:_____

3. Date of Execution:_____

4. Email of Beneficiary:_____

5. Email of Legal representative authorized to act on behalf of
   beneficiary:_____

6.  Telephone Number: _____

7.  Address of Beneficiary: _____
<div style="margin-left:2em">Address</div>

_____
<div style="margin-left:2em">City          State          ZIP Code          Country</div>

8.  Address where duplicate notice should be sent: _____
<div style="margin-left:2em">Address</div>

_____
<div style="margin-left:2em">City          State          ZIP Code          Country</div>

**Please be advised that you have until _November 22, 2024_ to deliver this Beneficiary Election of Successor Trustee Form (the "_Election_") to all Notice Parties listed below. Your Election must be actually delivered to the Notice Parties by First Class Mail, Hand Delivery, Overnight Mail or Electronically by this date to be considered valid. All fields above, including Beneficiary Information and accurate third-party successor trustee information, must be filled out to effectuate a valid Election. Failure to elect an eligible successor trustee by _November 22, 2024,_ will result in a review of your trust by an attorney to evaluate options for the succession of your trust administration, including the possible appointment of CPT Institute, Inc. ("CPT") as your successor trustee. If your account is $50,000 or more, a one-time charge of $500 will be paid to the attorney out of your trust for this review.**

### NOTICE PARTIES AND CONTACT INFORMATION:

**If by First-Class Mail:**
The Center for Special Needs Trust Administration, Inc.
Opt Out Notice Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Mail:**
The Center for Special Needs Trust Administration, Inc.
Opt Out Notice Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**If Electronically:**

Click on the link **Beneficiary Election of Successor Trustee Form** under **Case Actions** on the case information page. The case information page link is below.

https://dm.epiq11.com/centerforspecialneedstrustadministration/

ORDERED.

Dated:  November 06, 2024

_____

Roberta A. Colton
United States Bankruptcy Judge


## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                      Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                 Chapter 11

      Debtor.
_____/

### ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO APPROVE (I) WIND DOWN AND TERMINATION OF OPERATIONS OF THE DEBTOR, (II) RESIGNATION OF THE DEBTOR AS TRUSTEE OF TRUSTS, (III) APPROVE PROCEDURES TO APPOINT CPT INSTITUTE, INC. AS SUCCESSOR TRUSTEE OF THE TRUSTS, AND (IV) APPROVE FORM AND MANNER OF OPT-OUT NOTICE FOR APPOINTMENT OF CPT INSTITUTE, INC. AS SUCCESSOR TRUSTEE

This case is before the Court on the Motion to Approve (I) Wind Down And Termination Of Operations Of The Debtor, (II) Resignation of The Debtor As Trustee Of Trusts, (III) Approve Procedures To Appoint CPT Institute, Inc. as Successor Trustee of the Trusts, and (IV) Approve Form and Manner of Opt-Out Notice For Appointment of CPT Institute, Inc. as Successor Trustee (Doc. No. 376) ("Motion")[1] and the Court, having considered the Motion, the Limited Objection to Chapter 11 Trustee's Wind Down Motion (Doc. No. 398) (the "Limited

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

Objection") and the arguments and representations of counsel at the hearing held on October 29, 2024 (the "Hearing") finds good cause exists to grant the Motion, and it is:

**ORDERED**:

1.       The Motion is **GRANTED** as set forth herein.

2.       The Limited Objection is resolved upon agreement of the parties.

3.       The Debtor shall resign as trustee, and CPT shall be appointed as successor trustee for all Pooled Trusts, subject to the Beneficiary's right to opt-out as described below.

4.       The effective date of CPT's appointment as successor trustee shall be on or before **December 31, 2024** (the "Effective Date").

5.       Within five (5) business days after entry of this Order, or as soon as practicable thereafter, the Chapter 11 Trustee will cause the Opt-Out Notice, a copy of which is attached hereto as **Exhibit A**, to be served on the following parties or their respective counsel, if known: (a) the United States Trustee for the Middle District of Florida (the "U.S. Trustee"); (b) counsel to the Official Committee of Unsecured Creditors; (c) all of the Beneficiaries of Pooled Trusts; and (d) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

6.       No later than November 22, 2024 (the "Opt-Out Notice Period"), should a Pooled Trust Beneficiary elect to opt-out of having CPT appointed as successor trustee of their trust, the Beneficiary shall deliver the executed Opt-Out Notice to the Debtor's claims agent, Epiq, in the manner set forth in the Opt-Out Notice.

7.       For Non-Pooled Trusts, unless a Beneficiary of a Non-Pooled Trust opts out or affirmatively opts in prior to November 22, 2024, pursuant to the Opt-In Notice, a copy of which is attached hereto as **Exhibit B**, CPT shall cause an attorney to review the existing individual trust

agreement for each Non-Pooled Trust to evaluate CPT's ability and willingness to serve as a successor trustee. Each Non-Pooled Trust with assets of $50,000 or more will be assessed a fee up to $500.00 payable to CPT from the Trust Account principal to defray the costs associated with this review. Each Non-Pooled Trust with assets less than $50,000 will not be assessed a fee. If CPT is willing and able to serve as successor trustee for a Non-Pooled Trust, and such Beneficiary agrees to CPT's fee schedule, CPT is appointed as successor trustee of the Non-Pooled Trust without further action or approval of any state court or other state, federal, or local governmental or regulatory agency.

8.      Within five (5) business days after entry of this Order, or as soon as practicable thereafter, the Chapter 11 Trustee will cause the Opt-In Notice to be served on the following parties or their respective counsel, if known: (a) the United States Trustee for the Middle District of Florida (the "U.S. Trustee"); (b) counsel to the Official Committee of Unsecured Creditors; (c) all of the Beneficiaries of Non-Pooled Trusts; and (d) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

9.      No later than November 22, 2024 (the "Opt-In Notice Period"), should a Beneficiary elect to opt-in of having CPT appointed as successor trustee of their trust, the Beneficiary shall deliver the executed Opt-In Notice to the Debtor's claims agent, Epiq, in the manner set forth in the Opt-In Notice.[2]

10.     If CPT declines to serve as successor trustee for a specific Non-Pooled Trust, or such Beneficiary does not agree to CPT's fee schedule, CPT will provide to the Beneficiary a written procedure for appointing a successor trustee, including a summary of the steps required pursuant to his or her individual trust agreement, recommendations on finding a suitable trustee,

---

[2] Nothing in this Order shall be deemed to prevent any Beneficiary from transitioning his or her Trust account or sub-account to a successor trustee or pooled trust, respectively, at any time subsequent to CPT taking over the administration of such Trust account or sub-account.

and clear guidance on navigating the process of requesting or appointing a new trustee and seeking court approval, if necessary.

11.     Beneficiaries with fully compromised Pooled Trusts whose current balances are $0 (the "Fully Compromised Trusts") as listed on **Exhibit C** to the Motion who do not opt-out will also be transitioned over to CPT for management purposes only, although CPT will not open trust accounts for Fully Compromised Trusts until a trust is funded by a Beneficiary or the Chapter 11 Trustee makes distributions to Beneficiaries following his recovery efforts.  If, upon notice of interim distributions, a Beneficiary has opted out and has chosen a third-party trust administrator, the Chapter 11 Trustee will coordinate the transfer of distributions to the appropriate third-party successor trustee.

12.     Effective as of December 31, 2024, the Critical Expense Loan (as that term is defined in the Motion) will be terminated. Beneficiaries who have previously relied on these advances must make alternative arrangements for payment of their critical needs.

13.     For Medicare/Medicaid purposes, Fully Compromised Trusts will be considered exhausted.

14.     If a Beneficiary with a partially compromised account (*i.e.*, some funds are held in protected third-party accounts, and other funds were invested in the "Loan" and are currently unavailable for distribution ("Partially Compromised Trust") elects to opt out of having CPT administer a Trust, the Chapter 11 Trustee's professionals will review the Debtor's trust ledgers to reconcile the bank/brokerage account statements of that particular Trust prior to transferring any Trust balance. Provided the Chapter 11 Trustee is satisfied with his professional's reconciliation of an account, the Chapter 11 Trustee shall make arrangements to transfer all of such Beneficiary's funds held in third-party investment accounts to any third-party successor

4

trustee selected by the Beneficiary in his or her Opt-Out Notice (for Pooled Trusts) or Opt-In Notice (for Non-Pooled Trusts) (subject to such successor trustee's acceptance).

15. For all Trusts that were not compromised (the "Uncompromised Trusts"), upon the Effective Date, the Chapter 11 Trustee shall make arrangements to transfer all of such Beneficiary's funds held in third-party investment accounts to CPT or to any third-party successor trustee selected by the Beneficiary in his or her opt-out form (subject to such successor trustee's acceptance).

16. For the avoidance of doubt, the classification of a Trust as "Fully Compromised," "Partially Compromised," or "Uncompromised" for purposes of this Order and the transition to CPT does not represent a final determination as to any Trust's balance or value, and nothing contained herein shall impair, prejudice, or otherwise alter the rights of any Beneficiary to challenge or dispute Trust accountings in other contexts, including without limitation in connection with Beneficiaries' claims against the Debtor, plan confirmation, or third-party claims.

17. For all Trusts where CPT is to be appointed as successor trustee, the Debtor shall retain all rights to residual death benefits of any Beneficiary that has died prior to the December 31, 2024, to the same extent the Debtor held such residual death benefit rights. For all Trusts where CPT is appointed as successor trustee, CPT will retain all rights to residual death benefits pursuant to 42 U.S.C. § 1396p(d)(4)(C).

18. If a Beneficiary chooses to opt out of having CPT appointed as successor trustee of their Trust, any third party chosen by the Beneficiary shall be bound by the provisions of this Order with respect to the division of residual death benefits and recognize the successor trustee's interest in and rights to receive the residual death benefits pursuant to 42 U.S.C. § 1396p(d)(4)(C).

5

78223883;6

19.     In exchange for the transition of Trusts by the Debtor to CPT, CPT shall donate the following amounts to the Debtor, which funds shall be segregated, earmarked, and used by the Debtor for the tax-exempt, charitable purpose of distribution to Beneficiaries on account of each Beneficiary's losses pursuant a confirmed chapter 11 plan or further order of the Bankruptcy Court:

- $140,000 per year for three (3) years if the Debtor initially transitions 75% or more of the Trusts to CPT.

- $100,000 per year for three (3) years if the Debtor initially transitions 50% to 74.99% of the Trusts to CPT.

- $75,000 per year for three (3) years if the Debtor initially transitions less than 50% of the Trusts to CPT.

20.     Nothing contained in the prior paragraphs or this Order shall impair, prejudice, or otherwise alter the rights of the Theresa Alessandra Russo Foundation as to such residual benefits, to assert an interest in those residual benefits or otherwise assert claims or rights in this Bankruptcy Case or otherwise. None of the Theresa Alessandra Russo Foundation claims or rights are deemed adjudicated by this Order. Further, the retention of any residual death benefits by CPT, the Debtor, or the Theresa Alessandra Russo Foundation are subject to any legally enforceable rights of the Theresa Alessandra Russo Foundation to said residual death benefits.

21.     For all Trusts, whether transitioned to CPT or a third-party successor trustee, unless a Beneficiary opts out as provided in the Opt-Out Notice (for Pooled Trusts) or Opt-In Notice (for Non-Pooled Trusts), or otherwise specifically requested by a Beneficiary in writing by first class or electronic mail to counsel for the Chapter 11 Trustee, Steven R. Wirth, Esq. (steven.wirth@akerman.com) and Raye Elliott, Esq, (raye.elliott@akerman.com), 401 E. Jackson

Street, Suite 1700, Tampa, Florida 33602, or by any other means that communicates in writing a decision to opt-out, the Chapter 11 Trustee shall automatically retain all rights and standing in his capacity both as Trustee of the Trusts and Chapter 11 Trustee of the Debtor to pursue Litigation Claims on behalf of the Beneficiaries and the bankruptcy estate and make distributions to them through this Bankruptcy Case. Accordingly, as of the Effective Date of the transition of each Trust to CPT or such other successor trustee, the Chapter 11 Trustee, in his capacity as both Chapter 11 Trustee of the Debtor and as Trustee under the various Trust documents, shall be deemed to have automatically retained all rights to pursue Litigation Claims against third parties on behalf of all Beneficiaries that do not opt-out as set forth above. This retention of claims shall be self-effectuating without the need for further documentation or Order of this Court.

22.     For avoidance of doubt, nothing set forth in the preceding Paragraph or this Order shall be deemed to grant the Chapter 11 Trustee, in his capacity as both Chapter 11 Trustee of the Debtor and as Trustee under the various Trust documents, any greater rights than he possessed on the Petition Date, it being the purpose and intent that he shall only retain all rights and standing to pursue all Litigation Claims that he had standing to pursue on the Petition Date. Furthermore, nothing contained in the preceding Paragraph or this Order shall be deemed a final determination that any Litigation Claims are property of the Debtor or the bankruptcy estate. Nor shall anything contained in the preceding Paragraph or this Order impair, prejudice, or otherwise alter the rights of any Beneficiary (a) to assert an interest in Litigation Claims brought by the Chapter 11 Trustee on the Beneficiary's behalf, or (b) to otherwise assert direct claims, or rights in this Bankruptcy Case or otherwise.

23.     Further, on the Effective Date, all liens of the Debtor on certain real property, vehicles, and other assets titled in the name of the Beneficiaries shall be transferred to CPT or a

third-party successor trustee if a Beneficiary chooses to opt-out of having CPT appointed as successor trustee.  In the event any liens were improperly placed, CPT and/or the Chapter 11 Trustee are ordered to take such other and further actions as necessary to rectify the impropriety.

24.     CPT shall not be liable for any acts, malfeasance, negligence, or wrongdoing committed by the Debtor or any of its professionals or employees for acts arising prior to the Effective Date. However, CPT shall be liable for any of its actions arising out of or related to its administration of the Trusts from and after the Effective Date.

25.     While the Chapter 11 Trustee's due diligence has uncovered no reported misconduct by, or litigation involving, CPT, the Chapter 11 Trustee cannot and does not make any guarantees with respect to CPT, and all Beneficiaries are entitled to opt out of the appointment of CPT as successor trustee, in the manner described herein, and select an alternative successor trustee of their Trusts.

26.     This Order may be presented to any and all entities, including, without limitation, all federal, state, or local governmental units, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, state probate courts, and all other persons and entities who may be required by operation of law, to facilitate the appointment of CPT (upon its acceptance) as successor trustee for any Trusts administered by the Debtor.  Each and every federal, state, and local governmental unit, including any state probate court, is hereby authorized to accept any and all documents and instruments necessary or appropriate, including a copy of this Order, to give effect to the appointment of CPT (upon its acceptance) as successor trustee for any Trusts administered by the Debtor.

27.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court, (a) to

allow CPT to give the Debtor any notice provided for in the Motion, (b) to allow CPT to take any and all actions permitted by the Motion and this Order in accordance with the terms and conditions thereof, including, without limitation, effectuating the appointment of CPT as successor trustee of any Trust administered by the Debtor, and (c) to otherwise implement the terms and provisions of the Motion and this Order.

28.    This Court shall retain jurisdiction with regard to, *inter alia*, all issues or disputes relating to interpretation, implementation and enforcement of the Motion or this Order, including without limitation CPT's post-Effective Date obligations.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

78223883;6

# Exhibit A

**OPT-OUT NOTICE**
**POOLED SPECIAL NEEDS TRUST ACCOUNTS**
**IMPORTANT NOTICE:**

You are receiving this notice because The Center for Special Needs Trust Administration, Inc. (the "Center") will resign on December 31, 2024 as the trustee of a pooled special needs trust for which you have been named as a beneficiary. CPT Institute, Inc. ("CPT") will assume future trust administration unless you opt-out before **_November 22, 2024_** by filling out the opt-out form on page 2.

**_About CPT Institute, Inc._**

CPT is a third-party charitable nonprofit trustee that operates nationally in forty-eight states. You can learn more about CPT on its website: www.cptinstitute.org/the-center

**Trustee Fees[1]**

| | |
|---|---|
| Trust Account Setup | $0 waived |
| Balance less than $100,000 **no** structured settlement or MSA[2] | $50 monthly |
| Balance less than $100,000 **with** structure settlement or MSA | $100 monthly |
| All accounts with balance over $100,000 | $150 monthly |
| Money Management Fee (percentage of funds under management)[3] | .60 % |

If you consent to CPT's appointment as successor trustee of your trust, you may visit their website at www.cptinstitute.org/the-center to complete the OPT-IN electronic form. Alternatively, you can contact them directly at 813-687-8818 or via email at join@cptcharity.org.

A CPT staff member will contact you regarding the next steps to finalize the transition of your trust's administration after November 22, 2024.

If you desire to initiate the transfer of your trust administration to CPT prior to November 22, 2024, you can contact CPT directly at the following to expedite the process:

Telephone: 813-687-8818

Email: join@cptcharity.org
URL: www.cptinstitute.org/the-center

**\*\*\*\***

---

[1] CPT **does not** collect a fee from invested funds.

[2] Medicare Set Aside.

[3] Money Management Fees are paid to True Link, a third-party investment firm/custody agent selected by CPT. Proprietary or trail-fee investment products are prohibited. Following CPT's appointment as successor trustee, online access to trust activities and balances will be provided. Investment Statements are also provided quarterly.

## I. ELECTION TO OPT-OUT AND APPOINTMENT OF ALTERNATIVE SUCCESSOR TRUSTEE

I opt-out of the administration of my Trust by CPT Institute, Inc., and I desire, direct, and consent to the appointment of a Pooled Trust identified below for future administration of my Trust:

☐     I **opt-out** of the appointment of CPT as my successor trustee and instead desire, direct, and consent to transfer of the funds held in the sub-account for my benefit to be transferred to the following Pooled Trust identified below for future administration of my Pooled Trust:

Name of the Desired Pool Trust:_____

Name of Trustee of the Desired Pooled Trust: _____

Address of Desired Pooled Trust:_____

Telephone # of the Desired Pooled Trust: _____

Email Address of the Desired Pooled Trust (if possible): _____

## II. RETENTION OF CLAIMS

For all Trusts, whether transitioned to CPT or a third-party successor trustee, the Chapter 11 Trustee will automatically retain rights to pursue litigation on your behalf and make distributions from amounts recovered through the Bankruptcy Case from claims which are exclusively property of the bankruptcy estate. In other words, you will retain your rights under your Proof of Claim, regardless of whether you opt out below.

The Bankruptcy Court also authorized the Chapter 11 Trustee to retain claims of the Center, as trustee of your trust, and pursue recovery efforts for these claims on your behalf (for example, claims your trust has against third parties for your losses). However, you may opt out and decline from having the Chapter 11 Trustee pursue claims on behalf of the Center, as trustee of your trust, after the transition of your trust to a successor trust or trustee. To do so, you must check the Opt-Out box below. You may want to consult an attorney before making this decision.

☐     OPT-OUT: I do not consent to the Chapter 11 Trustee's retention of all rights and standing as trustee of my trust to pursue claims on my behalf after my trust is transferred to the successor trustee. I wish to pursue those on my own.

## III. _BENEFICIARY INFORMATION_

1. Full Legal Name of Beneficiary:_____

2. Signature of Beneficiary, trustee, legal representative, or party authorized to act on behalf of such Beneficiary:_____

3. Date of Execution:_____

4. Email of Beneficiary:_____

5. Email of Legal representative authorized to act on behalf of
beneficiary:_____

6. Telephone Number: _____

7. Address of Beneficiary: _____

          Address

          City        State     ZIP Code     Country

8. Address where duplicate notice should be sent: _____

          Name

          Address

          City     State     ZIP Code     Country

**Please be advised that you have until November 22, 2024 to deliver this Opt-Out Notice to all
Notice Parties listed below. Your Opt-Out Notice must be actually delivered to the Notice
Parties by First Class Mail, Hand Delivery, Overnight Mail, or Electronically by this date to
be considered valid. All fields above, including Beneficiary Information and accurate third-
party trustee information, must be filled out to effectuate a valid opt-out if opting out of the
automatic appointment of CPT as successor trustee. Failure to opt-out by the date provided
in this notice, or refusal of any identified desired successor trustee, will result in the transfer
of your trust administration from the Center to CPT.**

<div align="center">

**NOTICE PARTIES AND CONTACT INFORMATION:**

</div>

**If by First-Class Mail:**
The Center for Special Needs Trust Administration, Inc.
Opt Out Notice Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Mail:**
The Center for Special Needs Trust Administration, Inc.
Opt Out Notice Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**If Electronically:**
Click on the link **Opt-Out Notice** under **Case Actions** on the case information page. The case
information page link is below.

https://dm.epiq11.com/centerforspecialneedstrustadministration/

For additional information and legal aid resources, please visit:
https://dm.epiq11.com/case/centerforspecialneedstrustadministration/info/2

# Exhibit B

### NOTICE OF TRUSTEE RESIGNATION FOR
### NON-POOLED SPECIAL NEEDS TRUST ACCOUNTS AND
### ELECTION OF SUCCESSOR TRUSTEE (OPT-IN/OPT-OUT)

### IMPORTANT NOTICE

You are receiving this notice because The Center for Special Needs Trust Administration, Inc. (the "Center") will resign on December 31, 2024, as the trustee of a trust for which you have been named as a beneficiary. To avoid interruption in the administration of your trust, you must elect a successor trustee no later than ***November 22, 2024*** by filling out the successor trustee election form on page 2.

Failure to elect an eligible successor trustee by ***November 22, 2024,*** will result in a review of your trust by an attorney to evaluate options for the succession of your trust administration, including the possible appointment of CPT Institute, Inc. ("CPT") as your successor trustee. If your account is $50,000 or more, a one-time charge of $500 will be paid to the attorney out of your trust for this review. If your account is under $50,000, no charge will be imposed for this review. Following the legal review of your trust, you will be notified of your options to transition your trust to an eligible successor trustee, such as CPT. If CPT can serve as your successor trustee, a member of the CPT team will contact you directly to initiate the transfer of your trust administration. If CPT cannot accept your trust, it will provide you with a written report on the steps needed to find a new trustee with recommendations for services to assist you in your search.

### ***About CPT Institute, Inc.***

CPT is a third-party charitable nonprofit trustee that operates nationally in forty-eight states. You can learn more about CPT on its website: www.cptinstitute.org.

### Individual Special Needs Trusts Administration Fees[1]

| | |
|---|---|
| Trust Account Setup (if account is $50,000 or more) | $500 |
| Trust Account Setup (if account under $50,000) | $0 |
| Monthly Administration Fee | $150 monthly |
| Money Management Fee (percentage of funds under management)[2] | .60 % |

If you desire to initiate the transfer of your trust administration to CPT before November 22, 2024, you can contact CPT directly at the following to expedite the process:

<div align="center">

Telephone: 813-687-8818
Email: join@cptcharity.org
URL: www.cptinstitute.org/the-center

****

</div>

## I.        ELECTION OF SUCCESSOR TRUSTEE

Subject to the eligibility and acceptance of my elected appointment by the successor trustee identified below, I desire, direct, and consent to the appointment of the successor trustee identified below for the future administration of my Trust as follows:

---

[1] CPT **does not** collect a fee from invested funds.

[2] The investment firm custody agent chosen by the CPT board (True Link) charges money management fees. Proprietary or trail fee investment products are prohibited. Statements provided quarterly, online activity and balances portal access provided.

☐     OPT-IN: I <u>elect</u> CPT as my successor trustee for future administration of my non-pooled trust.

☐     OPT-OUT: I elect the following alternative successor trustee identified below for future administration of my non-pooled trust:

Desired Successor Trustee:_____

Address of Desired Successor Trustee :_____
                                     Address

                                     _____
                                     City        State     ZIP Code      Country

Telephone of Desired Successor Trustee: _____

Email of Desired Successor Trustee: _____

## II.    RETENTION OF CLAIMS

For all Trusts, whether transitioned to CPT or a third-party successor trustee, the Chapter 11 Trustee will automatically retain rights to pursue litigation on your behalf and make distributions from amounts recovered through the Bankruptcy Case from claims which are exclusively property of the bankruptcy estate. In other words, you will retain your rights under your Proof of Claim, regardless of whether you opt out below.

The Bankruptcy Court also authorized the Chapter 11 Trustee to retain claims of the Center, as trustee of your trust, and pursue recovery efforts for these claims on your behalf (for example, claims your trust has against third parties for your losses). However, you may opt out and decline from having the Chapter 11 Trustee pursue claims on behalf of the Center, as trustee of your trust, after the transition of your trust to a successor trust or trustee. To do so, you must check the Opt-Out box below. You may want to consult an attorney before making this decision.

☐     OPT-OUT: I <u>do not consent</u> to the Chapter 11 Trustee's retention of all rights and standing as trustee of my trust to pursue claims on my behalf after my trust is transferred to the successor trustee. I wish to pursue those on my own.

## III.    <u>BENEFICIARY INFORMATION</u>

1. Full Legal Name of Beneficiary:_____

2. Signature of Beneficiary, trustee, legal representative, or party authorized to act on behalf of such

   Beneficiary:_____

3. Date of Execution:_____

4. Email of Beneficiary:_____

5. Email of Legal representative authorized to act on behalf of
   beneficiary:_____

6. Telephone Number: _____

7. Address of Beneficiary: _____
   <br>_____
   <br>Address

   _____
   <br>City          State          ZIP Code          Country

8. Address where duplicate notice should be sent: _____
   <br>Address

   _____
   <br>City          State          ZIP Code          Country

**Please be advised that you have until _November 22, 2024_ to deliver this Beneficiary Election of Successor Trustee Form (the "Election") to all Notice Parties listed below. Your Election must be actually delivered to the Notice Parties by First Class Mail, Hand Delivery, Overnight Mail or Electronically by this date to be considered valid. All fields above, including Beneficiary Information and accurate third-party successor trustee information, must be filled out to effectuate a valid Election. Failure to elect an eligible successor trustee by _November 22, 2024,_ will result in a review of your trust by an attorney to evaluate options for the succession of your trust administration, including the possible appointment of CPT Institute, Inc. ("CPT") as your successor trustee. If your account is $50,000 or more, a one-time charge of $500 will be paid to the attorney out of your trust for this review.**

### NOTICE PARTIES AND CONTACT INFORMATION:

**If by First-Class Mail:**
The Center for Special Needs Trust Administration, Inc.
Opt Out Notice Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Mail:**
The Center for Special Needs Trust Administration, Inc.
Opt Out Notice Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**If Electronically:**

Click on the link **Beneficiary Election of Successor Trustee Form** under **Case Actions** on the case information page.  The case information page link is below.

https://dm.epiq11.com/centerforspecialneedstrustadministration/