UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                                Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                         Case No. 8:24-bk-676-RCT

    Debtor.
_____/

# EMERGENCY MOTION TO COMPEL EXPUNGEMENT OF NOTICE OF ENTRY OF ORDER GRANTING SUMMARY JUDGMENT AS TO LIABILITY

COMES NOW Propertycraft Enterprises, Inc. (the "Movant") and hereby moves this Honorable Court to compel Michael I. Goldberg, as Chapter 11 Trustee (the "Trustee"), to expunge the Notice of Entry of Order Granting Summary Judgment as to Liability (the "Notice") attached hereto as Exhibit A on the following grounds:

1. The Movant owns property located at 12705 Daniel Drive, Clearwater, FL 33762 (the "Property"). The Property is currently subject to an asset purchase agreement.

2. On August 20, 2024, the Court entered the Agreed Order Granting Plaintiff's Motion for Partial Summary Judgment (the "Order") pursuant to which the Court granted Plaintiff's summary judgment as to liability on a breach of promissory note lawsuit filed by the Trustee against Boston Finance Group, LLC, and Leo J. Govoni (collectively, the "Defendants").

3. Defendants stipulated to the entry of the Order finding liability in an effort to avoid further litigation on that issue and to work towards a settlement with the Trustee.

4. Unbeknownst to the Defendants, on September 25, 2024, the Trustee filed the Notice, pursuant to which the Trustee asserts that he has "a constructive trust on the Property which arose by operation of law on the date of acquisition of such Property, to the extent such Property was acquired with funds wrongfully obtained from the Center."

5. In order to obtain the constructive trust on the property at issue, the Trustee, of course, would be required to file an adversary proceeding or a lawsuit in which he alleges the required elements of a constructive trust under Florida law. Specifically, to impose a constructive trust, a plaintiff must show and prove at trial: "(1) a promise express or implied, (2) transfer of the property and reliance thereon, (3) confidential relationship, and (4) unjust enrichment." *Abreu v. Amaro*, 534 So. 2d 771, 772 (Fla. 3d DCA 1988). The person seeking to impose a constructive trust must prove those factors giving rise to a trust by clear and convincing evidence. *Hiestand v. Geier*, 396 So. 2d 744 (Fla. 3d DCA 1987).

6. In filing the Notice, the Trustee has wrongfully placed a cloud on the title of the Property in an effort to bypass the requirement to prove that there is a constructive trust through the appropriate procedural means. There is no evidence that the Property was acquired by any wrongfully obtained funds and, therefore, no constructive trust should be imposed.

7. The wrongful filing of the Notice is causing damages to the Movant because it is delaying and jeopardizing a closing of the Property.

WHEREFORE, the Movant respectfully requests the Court enter an order compelling the Trustee to expunge the Notice and grant such other and further relief to which it may be entitled.

DATED: December 3, 2024.

> */s/ Edward J. Peterson*
> Edward J. Peterson (FBN 014612)
> Johnson Pope Bokor Ruppel & Burns, LLP
> 400 N. Ashley Drive, Suite 3100
> Tampa, Florida 33602
> Telephone: (813) 225-2500
> Email: edwardp@jpfirm.com
> Attorneys for Propertycraft Enterprises, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on December 3, 2024, by the Court's CM/ECF electronic noticing system to all parties receiving electronic noticing.

/s/ *Edward J. Peterson*
Edward J. Peterson

EXHIBIT A

I#: 2024244288 BK: 22933 PG: 2479, 09/25/2024 at 03:45 PM, RECORDING 7 PAGES $61.00  KEN BURKE, CLERK OF COURT AND COMPTROLLER PINELLAS COUNTY, FL BY DEPUTY CLERK: clk106464

This Instrument Prepared By,
and Upon Recordation Return to:

Steven R. Wirth, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333

## NOTICE OF ENTRY OF ORDER GRANTING
## SUMMARY JUDGMENT AS TO LIABILITY

**NOTICE IS HEREBY GIVEN** that Michael I. Goldberg, as Chapter 11 Trustee of the Estate of Debtor, The Center for Special Needs Trust Administration, Inc. ("Trustee") in Case No. 8:24-bk-00676-RCT; Adv. Pro. No. 8:24-ap-00139-RCT, pending in the United States Bankruptcy Court of the Middle District of Florida, Tampa Division, claims an interest in any real property that Leo J. Govoni, an individual ("Govoni") and/or Boston Finance Group, LLC, a Florida limited liability company ("BFG"), has/have a direct, indirect, equitable or beneficial interest in, based on the judgment of liability set forth in that certain Agreed Order Granting Plaintiff's Motion for Partial Summary Judgment dated August 20, 2024 ("Order"), a copy of which Order is attached hereto as Exhibit A against Govoni and BFG, including the real property currently owned by **Propertycraft Enterprises, Inc., a Florida limited liability company,** the acquisition of such real property is believed to have been funded, in whole or in part, using funds that were held and/or owned by The Center for Special Needs Trust Administration, Inc. (the "Center") and which real property (the "Property") is more particularly described on Exhibit B, with a mailing address of 12705 Daniel Drive, Clearwater, Florida 33762; Parcel ID No.: 09-30-16-20295-000-0010. The Trustee further asserts a constructive trust on the Property which arose by operation of law on the date of acquisition of such Property, to the extent such Property was acquired with funds wrongfully obtained from the Center.

Accordingly, this Notice of Entry of Order Granting Summary Judgment as to Liability shall constitute notice to any and all interested parties of Trustee's potential interest in the Property. The Trustee should be notified of the time and place of any lease, encumbrance, sale, auction, or other transfer of the Property. Any and all interested parties should contact the Trustee's counsel with respect to any such encumbrance or other transfer:

> Michael I. Goldberg, Chapter 11 Trustee
> c/o Steven R. Wirth, Esq.
> Akerman LLP
> 401 East Jackson Street, Suite 1700
> Tampa, FL 33602
> Telephone: (813) 223-7333
> E-mail: steven.wirth@akerman.com

77888210;1

  The Trustee hereby requests the Clerk of Court of Pinellas County, Florida to record this instrument in the official records of said County under the name of Propertycraft Enterprises LLC, a Florida limited liability company, and the description of the Property.

  **IN WITNESS WHEREOF,** this Notice of Entry of Order Granting Summary Judgment as to Liability is executed by Trustee on this 25 day of September, 2024.

**WITNESSES:**

Print Name: Judith A Adair
Witness Address: 201 E Las Olas Blvd 1801
Ft Lauderdale FL

Print Name: Haley Denninger
Witness Address: 400 SW 1st Avenue #1802
Fort Lauderdale, FL 33301

**TRUSTEE:**

Michael I. Goldberg, Chapter 11 Trustee of the Estate of Debtor, The Center for Special Needs Trust Administration, Inc.

By: _____
Name: Michael Goldberg
Title: Trustee

## ACKNOWLEDGMENT

STATE OF FLORIDA

COUNTY OF BROWARD

  The foregoing instrument was acknowledged before me **by means of ☑ physical presence or ☐ online notarization**, this 25th day of September, 2024, by Michael I. Goldberg, Chapter 11 Trustee of the Estate of Debtor, The Center for Special Needs Trust Administration, Inc., who is personally known to me.

  WITNESS my hand and official seal in the aforesaid County and State on this 25th day of September, 2024.

_____
Notary Public

My commission expires: 8/13/28

> JUDITH A. ADAIR
> Notary Public - State of Florida
> Commission # HH 581689
> My Comm. Expires Aug 13, 2028
> Bonded through National Notary Assn.

77888210;1

2

**EXHIBIT A**

Order

(Attached)

Case 8:24-ap-00139-RCT   Doc 20   Filed 08/20/24   Page 1 of 3

ORDERED.

Dated: August 20, 2024

*Roberta A. Colton*
Roberta A. Colton
United States Bankruptcy Judge

I CERTIFY THE FOREGOING TO BE TRUE AND CORRECT COPY OF THE ORIGINAL.
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK
DATED: August 27, 2024

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:                                                  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                             Chapter 11

    Debtor.

---

MICHAEL GOLDBERG, as Chapter 11 Trustee                 Adv. Pro. No. 8:24-ap-00139-RCT
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

    Plaintiff,

v.

BOSTON FINANCE GROUP, LLC, a Florida
limited liability company and LEO J. GOVONI,
an individual,

    Defendants.

---

## AGREED ORDER GRANTING PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

77670668;1

PINELLAS COUNTY FL OFF. REC. BK  22933  PG  2483

This proceeding is before the Court upon the Motion for Partial Summary Judgment (Adv. Doc. 16) (the "Motion") filed by Plaintiff, Michael Goldberg, as Chapter 11 Trustee ("Chapter 11 Trustee"). By submission of this order for entry, counsel for the Chapter 11 Trustee represents to the Court that Defendants, Boston Finance Group, LLC ("BFG") and Leo J. Govoni ("Govoni") consent to its entry. Therefore, it is,

**ORDERED**:

1. The Motion is **GRANTED**.

2. The Chapter 11 Trustee, BFG, and Govoni have stipulated to the following facts that serve as the basis for this Order:

   i. On or about June 1, 2009, BFG entered into a Revolving Line of Credit Agreement with the Debtor reflected by various "Loan Documents"[1] which were were modified and delivered over time and are attached to the Complaint (Adv. Doc. No. 1).

   ii. Govoni executed a Guaranty by which Govoni personally guaranteed all amounts due by BFG under the Loan Documents (Compl. ¶ 74, Govoni Ans. ¶ 74, BFG Ans. ¶ 74).

   iii. The Loan Documents matured on January 1, 2017 (Compl. ¶ 73, Govoni Ans. ¶ 73, BFG Ans. ¶ 73).

   iv. BFG and Govoni are in default of the Loan Documents for failure to pay the full amount of the principal, interest, and other amounts due under the Loan Documents after the maturity date of January 1, 2017 (Compl. ¶ 81, Govoni Ans. ¶ 81, BFG Ans. ¶ 81).

---

[1] Capitalized terms used but not specifically defined herein shall have the respective meanings ascribed to them in the Complaint for Damages and Other Relief (the "Complaint") (Adv. Doc. 1).

2

77670668;1

3. Summary Judgment is granted as to Counts I and II of the Complaint for breach of the Loan Documents by BFG (Count I) and breach of the Guaranty by Govoni (Count II) as to liability only.

4. BFG and Govoni are liable to the Debtor, The Center for Special Needs Trust Administration, Inc., for all amounts due and owing under the Loan Documents.

5. The Court is specifically not making any findings except with respect to liability as to Counts I and II of the Complaint, and reserves jurisdiction as to the remaining Counts of the Complaint (Counts III-V), to determine the amount owed to the Debtor by BFG and Govoni under the Loan Documents, and for such other and further purposes as are appropriate to fully adjudicate this adversary proceeding.

6. The Court reserves the right to enter a partial final judgment on Counts I and II of the Complaint, pursuant to Federal Rule of Civil Procedure 54(b), upon determination of the appropriate sums due under Counts I and II of the Complaint.

7. This Order is without prejudice to the Chapter 11 Trustee's assertion of any other claims, causes of action, or other form of monetary or equitable relief against Defendants or any other parties.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

3

77670668;1

## EXHIBIT B

### Property

12705 Daniel Drive, Clearwater, Florida 33762
Property ID Number: 09-30-16-20295-000-0010

The land referred to herein below is situated in the County of Pinellas, State of Florida, and is described as follows:

TRACT "A"

The North 312.00 feet of Lot 1, DANIEL'S INDUSTRIAL PARK, as recorded in Plat Book 65, Page 27, Public Records of Pinellas County, Florida.

TRACT "B"

That part of Lot 13, Pinellas Groves, in the Northeast 1/4 of Section 9, Township 30 South, Range 16 East, as recorded in Plat Book 1, Page 55 of the Public Records of Pinellas County, Florida, lying between the Northerly and Southerly boundary lines of the above Tract "A" as extended Westerly a distance of 40.00 feet to the center line of Daniel Drive, a private access road.

Tract "C"

That part of the Southeast 1/4 of the Northeast 1/4 of Section 9, Township 30 South, Range 16 East, Pinellas County, Florida, being more particularly described as follows: Commence at the Southeast corner of the Southeast 1/4 of the Northeast 1/4 of said Section 9 and measure thence in a Westerly direction (North 89°57'22" West, Plat bearing as shown on DANIEL'S INDUSTRIAL PARK) along the South boundary thereof, a distance of 654.75 feet (654.82 feet measured); thence North 00°07'30" East (North 00°04'19" East measured), a distance of 40.00 feet; thence North 89°57'22" West, a distance of 122.39 feet; thence North 00°06'11" West (North 00°02'58" East), a distance of 634.62 feet measured to the Northwest corner of Lot 1, DANIEL'S INDUSTRIAL PARK as recorded in Plat Book 65, Page 27 of the Public Records of Pinellas County, Florida and being the Point of Beginning; thence South 89°57'22" East, a distance of 122.52 feet (122.64 feet measured) to the East line of Lot 13, Pinellas Groves, as per Plat recorded in Plat Book 1, Page 55; thence North 00°07'30" East (North 00°04'19" East measured) and along the same East line of Lot 13, a distance of 10.00 feet; thence North 89°57'22" West, a distance of 122.39 feet (122.64 feet measured) to a point which bears North 00°06'11" West (North 00°02'58" East measured) and 10.00 feet from the Point of Beginning; thence South 00°06'11" West (South 00°02'58" West measured), a distance of 10.00 feet to the aforesaid Point of Beginning.

Tract "D"

That part of Lot 13, PINELLAS GROVES in the Northeast 1/4 of Section 9, Township 30 South, Range 16 East, as recorded in Plat Book 1, Page 55 of the Public Records of Pinellas County, Florida, lying between the Northerly and Southerly boundary lines of the above Tract "C", as extended Westerly a distance of 40.00 feet to the center line of Daniel Drive, a private access road.

Together with a non-exclusive right of way over the private road known as Daniel's Drive from the South line of Tract "B" to the North line of 126th Avenue North.