**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

The Center for Special Needs Trust
   Administration, Inc.,                             Case No. 8:24-bk-00676-RCT

   Debtor.                                       Chapter 11
_____/

**THE THERESA ALESSANDRA RUSSO FOUNDATION'S**
**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE**

     The Theresa Alessandra Russo Foundation seeks an order granting it an administrative claim pursuant to 11 U.S.C. § 503 in an amount not less than $271,985.00 relating to amounts owed to the Foundation post-petition pursuant to a contract between the Foundation and the Debtor.

**Background**

     1.     The Theresa Alessandra Russo Foundation (the "Foundation") is a §501(c)(3) charitable foundation established in 1992 that supports music, dance, and recreation programs for children with special needs in order to ensure that no one is excluded from these activities. The Foundation honors the memory of its namesake, Theresa Alessandra Russo, by touching the lives of children with special needs and their families. The Foundation provides direct funding for the success of the aforementioned activities, while also promoting an environment of acceptance and inclusiveness where all can take part without judgment or fear. As of December 31, 2023, the Foundation has given over $2,851,596 in grants to over 200 organizations and charities across 29 states, and four international grants, which provide programs for children with special needs.

138198626.1

2.     On November 4, 2010, the Center for Special Needs Trust Administration, Inc. (the "Center") and the Foundation entered into a Letter of Understanding (the "Agreement", **Exhibit A**), through which the parties agreed to enhance and further the charitable goals of the Foundation. According to the Agreement, the "shared objective [was] to establish and operate a successful Pooled Trust program in New York to complement and enhance the services already provided by The Theresa Foundation." In order to accomplish this mission in the most expeditious and efficient way, a preexisting 42 U.S.C. §1396p(d)(4)(C) trust, The New York Pooled Trust, was retitled The Theresa Foundation Pooled Trust of New York (the "Theresa Foundation Pooled Trust") to reflect its association with the Foundation, the trust's ostensible creator, and its goal to help those with special needs.

3.     On October 21, 2024, Michael Goldberg, the Chapter 11 Trustee for the Debtor, filed his *Chapter 11 Trustee's Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (Doc. 391, the "Rejection Motion"), through which the Trustee sought to reject multiple executory contracts, including the Agreement.

4.     On November 18, 2024, an order approving the Rejection Motion was entered, by which the Agreement was rejected with an effective date of October 21, 2024. *See* Doc. 420, the "Rejection Order".

## The Theresa Foundation Pooled Trust and the Foundation

**5.**     The Theresa Foundation Pooled Trust is a pooled trust established pursuant to 42 U.S.C. §1396p(d)(4)(C) for the benefit of the beneficiaries under the trust. The Center serves as trustee.[1]

---

[1] Successor trustees are in the process of replacing the Center as trustee for the various sub-accounts.

6. Pursuant to the Agreement, the Foundation provided services to the Theresa Foundation Pooled Trust, such as the use of the Theresa Foundation name in the name of the Pooled Trust, promotion of the Theresa Foundation Pooled Trust to the community, beneficiaries and referral sources, assistance with onboarding new beneficiaries, providing information regarding the trust and bankruptcy to beneficiaries, coordination with beneficiary inquiries and the Center, such as issues relating to payment of bills and Medicaid coverage, and the creation and maintenance of a website for the Theresa Foundation Pooled Trust, which the Foundation continues to maintain. The Theresa Foundation Pooled Trust is a lifeline for many of the vulnerable beneficiaries it benefits.

7. The Foundation did not receive any direct compensation for its services. Rather, in exchange for the services provided by the Foundation, the Foundation is entitled to 90% of all residual death benefits derived from Theresa Foundation Pooled Trust beneficiaries upon their passing:

> Absent special circumstances that may arise on a case by case basis, any funds that remain in sub-accounts established by and through The Thresa Foundation Joinder Agreements will be retained after the payment of proper and/or authorized expenses, if any. From these remaining funds that are retained by the trust, the Center will make an allocation of Ninety Percent (90%) to The Theresa Foundation to be used at its discretion in the furtherance of its non-profit purposes as decided by its Board of Directors.

Agreement, ¶ 5.

8. In accordance with the Agreement, during the course of the administration of the Theresa Foundation Pooled Trust, the Debtor periodically makes distributions from the residual death benefits of 90% to the Foundation. The Foundation has relied on, and continues to rely on, these funds to provide for its charitable endeavors.

9. Pursuant to the Agreement, the Foundation provided services, both pre- and post-

petition, to enhance and benefit both the Theresa Foundation Pooled Trust and its beneficiaries. For instance, the Foundation has actively provided assistance, advice, and guidance to beneficiaries, serving as a liaison between the Center and beneficiaries, including addressing beneficiary interests and concerns relating to the bankruptcy of the Center, its effect on individual beneficiaries and their sub accounts, billing issues, and Medicaid coverage, and provided maintenance of the Theresa Foundation Pooled Trust website, which the Foundation maintains and pays for.

10. As stated previously, the Foundation's only compensation under the Agreement is from a 90% share of residual death benefits left from an individual beneficiary after that beneficiary passes. Based on historical records, the Foundation believes that approximately $302,205.56 in residual death benefits remained for those beneficiaries that passed between the February 9, 2024, Petition Date, and the October 21, 2024, date that the Agreement was rejected via the Rejection Order. The Foundation's 90% share - $271,985 – is entitled to administrative expense priority. Further, the Foundation reserves all rights to assert additional funds as entitled to administrative claim priority, including 90% of all residual death benefits retained by the Center for all beneficiaries that pass after the October 21, 2024, rejection date, and as additional information is obtained by the Foundation through discovery or otherwise.

## MEMORANDUM OF LAW

11. 11 U.S.C. § 503(b) provides a non-exhaustive list of administrative expenses to be allowed after notice and hearing. *In re Jughandle Brewing Co., LLC*, 2024 WL 2819626, at *2 (Bankr. D. N.J., June 3, 2024); *see also In re Colortex Ind., Inc.*, 19 F.3d 1371 (11th Cir. 1994) (approving award of administrative expense priority for accrued interest on trade debt). Section 503(b)(1)(A) provides for the allowance of administrative expenses, including actual, necessary

costs and expenses of preserving the bankruptcy estate, including (i) wages, salaries, and commissions for services rendered after the commencement of the case; §503(b)(3)(D) applies to a creditor that makes a substantial contribution to a chapter 11 case.

12. Here, the Foundation is entitled to funds for having provided services that, under the Agreement, are paid only upon the passing of a beneficiary. The Foundation's share of the residual death benefits for those that passed post-petition, estimated at $271,985, is entitled to administrative claim priority.

WHEREFORE, The Theresa Alessandra Russo Foundation requests that the Court enter an Order granting the Foundation an allowed Chapter 11 administrative rent claim of at least $271,985.00, to be paid within seven (7) days of approval of this Application, and for such other and further relief as this Court deems just and proper.

Dated: December 18, 2024

**Carlton Fields, P.A.**

*/s/ J. Ryan Yant*
J. Ryan Yant (FBN 104849)
E-mail: ryant@carltonfields.com
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Fax: 813 229-4133
*Attorneys for The Theresa Alessandra Russo Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2024, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*/s/ J. Ryan Yant*
Attorney