

**EXHIBIT A**

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.

November 4, 2010

Vincent Russo, Esq.
The Theresa Alessandra Russo Foundation
250 Lido Blvd.
Lido Beach, NY 11561

    Re:    Letter of Understanding

Dear Vincent;

    As you know, this letter is based on our recent discussions, and is intended to set forth a letter of understanding between The Center for Special Needs Trust Administration, Inc. (the "Center") and the Theresa Foundation. Both organizations are non-profit corporations and are hereinafter referred to collectively as the parties.

    1. <u>Shared Objective.</u> Our shared objective is to establish and operate a successful Pooled Trust program to complement and enhance the services already provided by The Theresa Foundation ("the "Pooled Trust Program"). In addition, the Pooled Trust Program will potentially be made available to the wider community as the parties mutually agree upon such an expansion. For all purposes within the scope of this letter, the use of the term "Pooled Trust" specifically refers to the particular type of special needs pooled trust authorized by and subject to 42 U.S.C. §1396p(d)(4)(C) and all related rules and regulations.

    2. <u>Initial Discussions and Ongoing Operations.</u> The parties agree to use their best efforts and to cooperate during their initial discussions and throughout the ongoing operation of the Pooled Trust Program. To implement the Pooled Trust Program within the quickest time possible, the Center has offered its New York Pooled Trust for use because it was previously approved by the Human Resources Administration, Office of Legal Affairs, Liens and Recovery Litigation Division (HRA) in 2008. The Center has amended and restated its original Pooled Trust of New York as The Theresa Foundation Pooled Trust of New York and resubmitted it to HRA for approval on October 18, 2010. Until such time as HRA approves the renamed Pooled Trust, the Center's original New York Pooled Trust will be used and this letter of understanding will apply equally to both sets of Pooled Trust documents.

    3. <u>Confidentiality.</u> The parties shall use their best efforts to maintain confidentiality at all times the fact that they have executed this letter, the terms of this letter, and the existence and

content of any negotiations between themselves as confidential information, except that both parties may: (i) inform advisors, counsel, and employees with a need to know as each party deems necessary; (ii) make appropriate disclosures to courts and as may be required by applicable law, if any; and, (iii) market the Pooled Trust Program. The parties also agree to execute any additional confidentiality agreement(s) and/or non-disclosure agreement(s) as may be necessary as they begin the natural process of working closer together in meeting their shared objectives.

4. <u>Operational Issues.</u> The parties intend that the Center will provide a fully operational, turn key program that will be administered by the Center using its resources and economies of scale. The Center will provide all of the necessary documents, including a specific joinder agreement in the name of The Theresa Foundation, and the Pooled Trust Program will receive the full benefit of the Center' systems and personnel. All of the Center's administrative services will be provided according to its standard fee schedule, with such fees being charged to each individual sub-account as is customary and no costs being charged to or against The Theresa Foundation for any of the Center's services.

5. <u>Retention Issues.</u> Pursuant to 42 U.S.C. §1396p(d)(4)(C) and all related rules and regulations, any funds that remain in an individual pooled trust sub-account upon the death of the beneficiary will be retained by the trust to the extent they are not used to reimburse the State(s) for all medical benefits provided to the beneficiary over his or her lifetime. Absent special circumstances that may arise on a case by case basis, any funds that remain in sub-accounts established by and through The Theresa Foundation Joinder Agreements will be retained after the payment of proper and/or authorized expenses, if any. From these remaining funds that are retained by the trust, the Center will make an allocation of Ninety Percent (90%) to The Theresa Foundation to be used at its discretion in the furtherance of its non-profit purposes as decided by its Board of Directors.

6. <u>Beneficiaries' Interests are Primary.</u> The parties recognize and agree that the interest of each pooled trust beneficiary will be primary over every other consideration and that the Center has a fiduciary duty that must be properly discharged as to each beneficiary. As such, no representations or expectations have been made or created regarding any particular dollar amount or percentage of funds might be retained from any given pooled trust sub-account or ratio of pooled trust sub-accounts. The parties further recognize and agree that the fundamental purpose of the Pooled Trust Program will be to enhance and maximize the quality of life and care for each pooled trust beneficiary and that the potential for any retained funds is secondary to this fundamental and primary purpose.

7. <u>Working Relationship.</u> The parties will develop policies and protocols that will allow them to work together efficiently while providing the highest possible degree of stability and consistency for pooled trust beneficiaries.

8. <u>Construction.</u> This letter shall be construed according to its fair meaning and not

strictly for or against either party. This letter also constitutes the entire understanding between the parties with respect to its subject matter.

    I hope that the points above accurately reflect your understanding of the discussions you have had with Leo and me and that our respective organizations can begin working together as soon as practical. We all look forward to hearing about your discussion with the Board and implementing what we all expect to be a wonderful program.

                  Very Truly Yours,

                  John Staunton

JWS/km