UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

The Center for Special Needs
Trust Administration, Inc.,                          Case No. 8:24-bk-00676-RCT

    Debtor.                                          Chapter 11

_____/

### MOTION FOR AN ORDER AUTHORIZING AND DIRECTING THE NAME CHANGE OF CERTAIN TRUSTS ADMINISTERED BY DEBTOR TO REMOVE REFERENCES TO THE THERESA ALESSANDRA RUSSO FOUNDATION

The Theresa Alessandra Russo Foundation ("Foundation") seeks an order authorizing and directing the name change of a pooled trust administered by the Debtor, titled the Theresa Foundation Pooled Trust of New York ("Pooled Trust"), in order to remove the Foundation from the name of the Pooled Trust because the Debtor has elected to end is association with the Foundation.

The Pooled Trust adopted the name of the Foundation after the Debtor and Foundation entered into an agreement in 2010 through which the Debtor agreed to administer a pooled trust that enhanced and furthered the charitable goals of the Foundation, with the Foundation receiving a percentage of residual funds that it could use to directly advance its charitable directives. However, that agreement has now been rejected by order of this Court, and the Foundation has no further association with the Pooled Trust going forward. Accordingly, the Foundation seeks to have its name removed from the Pooled Trust to avoid any confusion that the Pooled Trust retains its association with the Foundation or the Foundation's charitable endeavors.

### Background

138247463.1

1. The Theresa Alessandra Russo Foundation is a §501(c)(3) charitable foundation established in 1992 that supports music, dance, and recreation programs for children with special needs in order to ensure that no one is excluded from these activities. The Foundation honors the memory of its namesake, Theresa Alessandra Russo, by touching the lives of children with special needs and their families. The Foundation provides direct funding for the success of the aforementioned activities, while also promoting an environment of acceptance and inclusiveness where all can take part without judgment or fear. As of December 31, 2023, the Foundation has given over $2,851,596 in grants to over 200 organizations and charities across 29 states, and four international grants, which provide programs for children with special needs.

2. On November 4, 2010, the Center for Special Needs Trust Administration, Inc. (the "Debtor") and the Foundation entered into a Letter of Understanding (the "Agreement", **Exhibit A**), through which the parties agreed to enhance and further the charitable goals of the Foundation. According to the Agreement, the "shared objective [was] to establish and operate a successful Pooled Trust program in New York to complement and enhance the services already provided by The Theresa Foundation", with the Debtor "provid[ing] a fully operational, turn key program that will be administered by the Center using its resources and economies of scale." In order to accomplish this mission in the most expeditious and efficient way, a preexisting 42 U.S.C. §1396p(d)(4)(C) trust, The New York Pooled Trust, was retitled The Theresa Foundation Pooled Trust of New York on April 4, 2011, to reflect its association with the Foundation, the trust's ostensible creator, and its goal to help those with special needs.

3. In addition to permitting use of its name, the Foundation provided continuing services associated with the administration of the Pooled Trust, such as promotion of the Pooled Trust to the community, beneficiaries, and referral sources, assistance with onboarding new

beneficiaries, providing information regarding the trust, claim issues, and, recently, the bankruptcy to beneficiaries, coordination of beneficiary inquiries with the Center, including billing and coverage issues, and creation of the Pooled Trust's website, www.Theresapooledtrust.org, which the Foundation continues to maintain.  For those contributions, it was agreed that the Foundation would receive ninety percent of all residual death benefits "to be used at its discretion in the furtherance of its non-profit purposes"; the Foundation did not receive any alternative or direct compensation.

4. On October 21, 2024, Michael Goldberg, the Chapter 11 Trustee for the Debtor, filed his *Chapter 11 Trustee's Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (Doc. 391, the "Rejection Motion"), through which the Trustee sought to reject multiple executory contracts, including the Agreement.

5. On November 18, 2024, an order approving the Rejection Motion was entered, by which the Agreement was rejected with an effective date of October 21, 2024.  *See* Doc. 420. The Foundation no longer has a legal relationship with the Pooled Trust that bears its name.

### Requested Relief

6. The Foundation seeks an order from this Court authorizing and directing the Center to change the name of the Pooled Trust to one which no longer utilizes the name of the Foundation.  While the Foundation suggests that the Pooled Trust be renamed The New York Pooled Trust – the original name of the Pooled Trust before its rebranding to emphasize its association with the Foundation – the Debtor or the successor trustee should be free to choose a new name.

7. Similarly, the Foundation also seeks the name change of The Theresa Foundation Community Trust, a third-party trust to which the Foundation is the Settlor and the Debtor serves as Trustee.

8. No party will be prejudiced or harmed by the renaming of the Pooled Trust. Importantly, all beneficiaries who maintain sub-accounts in the Pooled Trust will continue to have their accounts administered by the Debtor and its successor trustee to the same degree and care that exists currently, and a name change will have no effect on the operations of the Pooled Trust or the rights of the beneficiaries.

9. Further, neither the Debtor, nor the estate, will be harmed or prejudiced by the relief sought herein. Significantly, the Foundation will pay for, and will provide all paperwork necessary, to effectuate the name change.

10. Conversely, not only will failure to change the name of the Pooled Trust cause prejudice and harm to the Foundation, but also to beneficiaries, including future beneficiaries. Without renaming the Pooled Trust, beneficiaries, future beneficiaries, and other parties have and likely will continue to confuse the relationship between the Pooled Trust and the Foundation. Numerous beneficiaries specifically chose the Pooled Trust because of its affiliation with the Foundation and the understanding that being a part of the Pooled Trust would help others with similar needs through the charitable efforts of the Foundation. But those ties no longer exist and none of the beneficiaries' residual funds are expected to pass to the Foundation going forward, and therefore will not be utilized to benefit others as envisioned by the beneficiaries when they signed up with the Pooled Trust.

11. Here, the Debtor utilized the Foundation's name and identity to brand a pooled trust after entering into the Agreement with the Foundation. By rejecting that Agreement, the

Center should no longer be able to use the Foundation's name for its benefit. Analogously, a hotel operator that rejects its franchise agreement to operate a Holiday Inn cannot continue to brand itself as a Holiday Inn post-rejection, it must operate under a different name. The same result is warranted here.

12. Counsel for the Foundation reached out to counsel for the Trustee and the Creditors Committee about the relief requested herein prior to filing this motion. While neither party articulated grounds to oppose the motion, neither provided their unconditional consent.

WHEREFORE, the Theresa Alessandra Russo Foundation seeks an order from this Court authorizing and directing the name changes to both the Theresa Foundation Pooled Trust of New York and The Theresa Foundation Community Trust to names not referencing the Theresa Alessandra Russo Foundation, and for such other and further relief as this Court deems just.

Dated: December 23, 2024

*/s/ J. Ryan Yant*
J. Ryan Yant (FBN 104849)
E-mail: ryant@carltonfields.com
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
*Attorneys for The Theresa Alessandra*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*/s/ J. Ryan Yant*
Attorney