## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                    Chapter 11

    Debtor.
_____

### CHAPTER 11 TRUSTEE'S RESPONSE TO MOTION FOR AN ORDER AUTHORIZING AND DIRECTING THE NAME CHANGE OF CERTAIN TRUSTS ADMINISTERED BY DEBTOR TO REMOVE REFERENCES TO THE THERESA ALESSANDRA RUSSO FOUNDATION

Michael Goldberg, as Chapter 11 Trustee ("Chapter 11 Trustee") of the estate of The Center for Special Needs Trust Administration, Inc. (the "Debtor"), files this Response to the December 23, 2024 *Motion for an Order Authorizing and Directing the Name Change of Certain Trusts Administered by the Debtor to Remove References to the Theresa Alessandra Russo Foundation* [Doc. 453] (the "Motion") filed by The Theresa Alessandra Russo Foundation ("Foundation") and states:

1. The Debtor administered a trust named the Theresa Foundation Pooled Trust of New York (the "Pooled Trust") pursuant to a November 4, 2010 agreement between the Debtor and the Foundation (the "Foundation Contract"). The Debtor also served as trustee of The Theresa Foundation Community Trust (the "Community Trust").

2. On October 21, 2024, the Chapter 11 Trustee filed an Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Contracts and Unexpired Leases and (II) Granting Related Relief (Doc. 391) (the "Rejection Motion") which sought rejection of the Foundation Contract, among other contracts and leases. The Court granted the Rejection Motion by Order dated November 18, 2024 (Doc. 420).

79486980

3. The Foundation now seeks an order compelling the Debtor to change the name of the Pooled Trust and Community Trust to remove any reference to the Foundation. However, such action is not necessary because the Pooled Trust and Community Trust are effectively ending when the Debtor ceases operations and the Theresa Foundation name will not appear on the trusts any longer. Since the Pooled Trust and Community Trust are "pooled trusts", the beneficiaries are required to sign new joinder agreements under a new master trust document with the successor trustee. With "pooled" trusts, the transition to the successor trustee means that the beneficiaries effectively receive a "new" trust which will not contain the Foundation's name. Accordingly, the relief requested in the Motion is not necessary and should be denied.

WHEREFORE, Michael Goldberg, as Chapter 11 Trustee, respectfully requests that the Court deny the Foundation's Motion and for such other relief as the Court deems just.

AKERMAN LLP

By: /s/ Steven R. Wirth
Steven R. Wirth, Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott, Florida Bar No.: 18732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

By: /s/ Steven R. Wirth