**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                          Chapter 11

        Debtor.
_____

**CHAPTER 11 TRUSTEE'S RESPONSE TO VERIFIED MOTION**
**TO COMPEL TURNOVER OF ALL DOCUMENTS RELATED TO**
**THE ALLEGED SPECIAL NEEDS TRUST(S) OF LAUREN TAYLOR**

Michael Goldberg, as Chapter 11 Trustee ("Chapter 11 Trustee") of the estate of The Center for Special Needs Trust Administration, Inc. (the "Debtor"), files this Response to the December 26, 2024 *Verified Motion to Compel Turnover of All Documents Related to the Alleged Special Needs Trust(s) of Lauren Taylor* (Doc. 455) (the "Motion") filed by Lauren Taylor ("Taylor") and states:

1.        On August 21, 2021, the Tennessee Bureau of Workers' Compensation Claims, Court of Workers Compensation Claims entered an *Order Granting Plaintiff's Motion to Establish a Special Needs Trust* which had been requested by William Jenkins, Conservator for Employee/Ward Lauren Taylor. On August 31, 2021, an Irrevocable Declaration of Trust was executed by William Jenkins Conservator for Employee/Ward Lauren Taylor which set up the Lauren Taylor Special Needs Trust (the "Taylor Trust") and appointed the Debtor as trustee. The Taylor Trust was funded by a settlement paid by Taylor's former employer when Taylor was injured while working for the former employer.

79487651

2.      On October 27, 2021, the Debtor was notified that an appeal of the settlement had been filed and that the Debtor should stop any activity related to the Taylor Trust and hold the funds in trust until the appeal was resolved.

3.      On November 22, 2024, Elaine Taylor, the mother of Lauren Taylor, emailed the Chapter 11 Trustee and undersigned counsel requesting all documents related to the Taylor Trust. On November 22, 2024, undersigned counsel provided documents to Elaine Taylor consisting of the court orders appointing Taylor's conservator and directing the establishment of the Taylor Trust, the executed Taylor Trust documents and notes from a phone call with Taylor's conservator. A copy of that email is attached as **Exhibit A**. Undersigned counsel also provided Elaine Taylor with information on the wind-down of the Debtor and transition to a successor trustee.  A copy of that email is attached as **Exhibit B**.

4.      After receipt of the Motion, the Debtor again searched its records and located emails and notes of phone calls with various persons regarding the Taylor Trust. Those emails and telephone notes, along with the trust documents, various court documents concerning the Taylor Trust, and the Taylor Trust accountings (which were previously provided to Taylor) that the Debtor had in its file were provided to Lauren Taylor by email on January 7, 2025. A copy of that email is attached as **Exhibit C**.

5.      At this time, all documents related to the Taylor Trust that the Debtor was able to locate have been provided to Lauren Taylor.

WHEREFORE, Michael Goldberg, as Chapter 11 Trustee, respectfully requests that the Court deny Taylor's Motion and for such other relief as the Court deems just.

AKERMAN LLP

By: */s/ Steven R. Wirth*
Steven R. Wirth, Florida Bar No.: 170380

2

79487651

Email: steven.wirth@akerman.com
Raye C. Elliott, Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

By: */s/ Steven R. Wirth*

3

79487651