Exhibit "A"

---

| | |
|---|---|
| **From:** | Wirth, Steven (Ptnr-Tpa) |
| **Sent:** | Friday, November 22, 2024 12:39 PM |
| **To:** | Elaine Taylor; Lauren Taylor |
| **Cc:** | Goldberg, Michael (Ptnr-Ftl) |
| **Subject:** | RE: The Center for Special Needs Trust Administration, Inc. |
| **Attachments:** | 05.07.20 Taylor -Order Appointing Temporary Substitute Conservator dated 05-22-20.pdf; 08.31.21 Order to Establish SNT (court-filed).pdf; Fully Executed Trust.pdf; Task_ VM from Sharon Gorman--Mother is ...pdf |

Please see the attached.

**Steven R. Wirth**
Partner
Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5093 | T: 813 223 7333 | C: 917 673 7812 | F: 813 218 5407
Admitted to Practice in Florida, New York and New Jersey
steven.wirth@akerman.com

---

**From:** Elaine Taylor <rosewood321@icloud.com>
**Sent:** Friday, November 22, 2024 11:04 AM
**To:** Goldberg, Michael (Ptnr-Ftl) <michael.goldberg@akerman.com>; Wirth, Steven (Ptnr-Tpa) <steven.wirth@akerman.com>
**Cc:** Lauren Taylor <laurentaylor135@hotmail.com>
**Subject:** The Center for Special Needs Trust Administration, Inc.

**[External to Akerman]**

Mr. Goldberg and Mr. Wirth,

Special needs trusts were allegedly set up for my daughter, Lauren Taylor, against her will and while she had capacity in the Tennessee Workers' Compensation courts by a Georgia temporary substitute conservator. We are pursuing the temporary county conservator and others in a federal lawsuit.

Lauren is 24 years old. She suffered a brain injury while working when she was 19 -- she was also a full time college student and remains unemancipated in Missouri due to her ongoing disability. She is disabled, not incapacitated.

Additionally, there are multiple issues with the trust's creation. Georgia statute prevented the Fulton County conservator from setting up a trust for its ward without first providing for its ward's regular needs. Her immediate, daily needs were never addressed. Georgia statute prevents setting up a trust for an incapacitated ward without a court finding that the ward, in all likelihood, would not regain capacity. There was no such finding and Lauren had already regained capacity. Georgia statute requires that any trust remain revocable by ward upon ward's regained capacity.

Lauren's guardianship and conservatorship were terminated on October 25, 2022, once we could have it transferred back to our home state of Missouri. Since the transfer and termination -- prior to the Center's bankruptcy -- we attempted to gain information from the Center regarding who set up the trusts, the trust documents, who paid for the trust set up, and how to terminate them. The Center refused to cooperate or provide information. The Center refused to provide our requested information and then failed to communicate further with us. The Center has paid $0.00 to Lauren to date, but has charged tens of thousands of dollars in fees.

We have since learned of the Center's bankruptcy filing.

Yesterday, we received Opt-in or Opt-out packets in the mail. The deadline to be received by the Center is today. This is an unreasonably short amount of time to review and make decisions for Lauren's next steps.

We are not consenting to any (past, present, or future) additional fees, review fees, or other fees. Lauren's funds were never legally a part of any special needs trust. To that end, if you could please immediately forward any and all authority for the set up of Lauren's trust accounts and the trust documents along with communications involving those trust accounts, we would greatly appreciate it.

We are happy to provide the termination orders of Lauren's guardianship/conservatorship or any other statutes or documents referenced above.

Regards,

Elaine Taylor