**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED SUPPLEMENT TO LIMITED OBJECTION TO DEBTOR'S TRUST MOTIONS AND RESERVATIONS OF RIGHTS**
(Doc. No. 118)

The Official Committee of Unsecured Creditors (the "**Committee**"), files this Supplement to Limited Objection to Debtor's Trust Motions and Reservations of Rights ("**Supplement**") and in support of thereof states as follows:

**SUMMARY**

The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") filed bankruptcy nearly a year ago. Previously, the Debtor (and afterwards the Chapter 11 Trustee ("**Trustee**") asked the Court to maintain various trust procedures, including reporting and accounting procedures to continue to operate the Debtor. See Doc. Nos. 10, 18, 63. After many months, the Debtor closed its operations pursuant to a Wind Down Order (Doc. Nos. 376, 409).

CPT Institute ("**CPT**") recently took over the remining operations of the Debtor, including its employees, to assist the Debtor and Trustee with wind down operations which were not complete as of the end of 2024.

Even though operations have largely ceased and trust distribution procedures have transformed to transferring remaining assets, the Committee and its 2000+ beneficiaries who held

special needs trust accounts ("**SNT**")[1] (collectively the "**Beneficiaries**") request further court order providing for trust reporting to assist the Beneficiaries with questions regarding transition of their trust accounts and access to their trust records before such records are destroyed.

## BACKGROUND AND REQUEST FOR RELIEF

1. The Court approved the Wind Down Motion on November 6, 2024 (Doc. No. 409), which included a deadline for Beneficiaries to fill out forms deciding whether to stay with the Chapter 11 Trustee's default trust administrator, CPT, or to seek alternative trust administration.

2. The wind down process anticipated that the Debtor would transfer all accounts before closing its doors and terminating its employees. However, the wind down process has taken longer than expected due to, among other things, short staffing at the Debtor and numerous end-of-year holidays. The Trustee recently transferred the remaining winddown administration to CPT to minimize costs of the estate. CPT has assumed the Debtor's former employees, operations, and certain of the Debtor's bank accounts.

3. No chapter 11 plan of liquidation has been filed.

4. Prepetition, and Post-petition, Beneficiaries' access to their own records has been challenging as a result of the Debtor's former business model to provide Beneficiaries with opaque, inadequate records (if any), and the lack of resources available to the Debtor post petition. The Committee continues to communicate with the estate's 2000+ Beneficiaries and requests an order requiring weekly reporting from CPT, the Trustee, and the Trustee's professionals to ensure all Beneficiaries' accounts are processed in a timely manner, all Beneficiaries SNTs are accounted for, and all Beneficiaries' records are made available upon request.

---

[1] Including other trust accounts even if not specifically a special needs trust account under state law.

5. To assist the Beneficiaries through the process of moving their SNTs from the Debtor, the Committee seeks weekly reports on the following topics:

   a. CPT's status of progress on the intake of Beneficiaries' accounts, including (1) those Beneficiaries with pooled SNTs for which CPT has agreed to take, and 2) those Beneficiaries with individuals, non-pooled SNTs who did not opt out, for which CPT has agreed to individually assess and, if necessary, assist such Beneficiary find a new replacement trustee;

   b. the Debtor's progress transferring Beneficiaries' accounts and information to third party trust administrators and successor trustees in connection with Beneficiaries' opt out request;

   c. the status of processing accounts of those Beneficiaries who passed away through state Medicare and Medicaid procedures; and

   d. between CPT and the Debtor, one consolidated register should be provided to track the status of all Beneficiaries to ensure no Beneficiary is left behind.

6. Additionally, while the Debtor has closed its doors, Beneficiaries' records and information should be preserved, including but not limited to preserving hard-copy documents, annual reports, account statements, investment statements from financial institutions, and physical documents related to the Beneficiary's account from the inception of their SNTs to the present date ("**Beneficiary Records**").

7. To the extent such Beneficiary Records are available to the Debtor, Beneficiaries request means to recover them from the Debtor before such records are destroyed. The Trustee has agreed to coordinate these efforts with the Committee in the form of an agreed order.

8. Further, Beneficiaries' access to their own SNT information at third party financial institutions (for example Merrill Lynch and Fidelity) has been restricted by a variety of reasons. These third-party financial institutions refuse to provide Beneficiaries with information or their own records without a court order. The Commtitee (along with the Trustee) requests an order requiring these financial institutions to provide each beneficiary with access to any and all of its historical account information upon request and reasonable proof of identification.

9. Generally, counsel for the Committee conferred with the Trustee, his professionals, and CPT, who are amenable to providing weekly reporting and preserving the foregoing information and working with the Committee on the form of an agreed order.

10. The Beneficiaries in this case have been victimized by, among other things, years of hazy or wholly insufficient information regarding their SNTs. They request that the Court ensure all Beneficiary Records are preserved and available before the estate is closed.

**WHEREFORE**, the Committee respectfully requests the entry of an order providing reporting of the wind down of the trust as set forth herein, providing for the preservation and access to Beneficiary Records as set forth above, and providing for such other and further relief as to the Court may seem just.

Dated this January 8, 2025.

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
UNDERWOOD MURRAY, P.A.
100 N Tampa Street, Suite 2325
Tampa, Florida 33602
Tel: (813) 540-8401
Email: mmurray@underwoodmurray.com
*Counsel to the Committee*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee, on January 8, 2025.

                                        /s/ Megan W. Murray
                                        Megan W. Murray