**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S MOTION**
**TO EXPAND SCOPE OF EMPLOYMENT TO BE TRUSTEE'S CONFLICTS COUNSEL**

The Official Committee of Unsecured Creditors (the "**Committee**"), by counsel and pursuant to Sections 105, 327, 328, 330 and 1103 of the Bankruptcy Code, hereby seeks an order expanding and modifying the scope of employment of Megan W. Murray and Underwood Murray, P.A. (collectively, "**Underwood Murray**") to be special conflicts counsel for the Chapter 11 Trustee Michael Goldberg (the "**Trustee**"), including but not limited to the evaluation and prosecution of insurance claims of the Center for Special Needs Trust Administration, Inc.'s ("**Debtor**") various insurers. By submitting this Motion, the Committee affirms the Trustee consents to the relief sought herein. In support of this Motion, the Committee states as follows:

**Preliminary Comments**

1. The Debtor is a 501(c)(3) non-profit Florida corporation which provides comprehensive trust services for beneficiaries and their representatives related to the formation and administration of Special Needs Trusts. The Debtor's leadership recently discovered that between 2009 and 2020 approximately $100 million of funds under the Debtor's control was paid out as a loan under a purported line of credit agreement. *See* Doc. No. 7 for more information.

2. The Debtor maintains a number of insurance policies which may provide for some partial recovery of the losses at issue in the case.

3. The Trustee's general counsel – Akerman LLP ("**Akerman**") – has a business conflict in continuing to prosecute claims under the Debtor's various insurance policies, and therefore the Trustee is desirous to engage special conflicts counsel. Because of the alignment between the Committee and the Trustee, and because of Underwood Murray's familiarity with the case as counsel for the Committee, the parties believe the most prudent course is to expand Underwood Murray's scope to include the role of special conflicts counsel to the Trustee, including to evaluate and prosecute to the extent necessary collection of insurance proceeds applicable to this case.

## Jurisdiction

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## Background

5. There are several policies which may provide for a recovery to the estate including but not limited to (collectively, the "**Insurance Policies**"):

| Insurer | Policy Number |
|---|---|
| Berkley Crime | BCCR-45001654-28 |
| LawyerCare | 23MCFL000142 |
| RSUI Indemnity Company | NPP706250 |
| Evanston Insurance Company[1] | MKLV2PEO001315 |

6. On February 9, 2024, the Debtor filed a voluntary chapter 11 petition (Doc. No. 1) seeking to remain a debtor in possession during the chapter 11 case.

7. Shortly thereafter, the United States Trustee (the "**UST**") filed its *Notice of Appointment of Official Unsecured Creditors Committee* (Doc. No. 75).[2]

---

[1] The claim service manager is Markel Service, Incorporated.
[2] The Committee and the notice were subsequently amended at Doc. Nos. 76 and 87.

8. The Committee sought to employ and retain Underwood Murray as its general counsel (see Doc. No. 96), in part supported by the declaration of Megan W. Murray attached thereto (the "**Underwood Murray Declaration**").

9. The Court entered an *Order Approving Official Committee of Unsecured Creditors' Expedited Application to Employ and Retain Megan W. Murray and Underwood Murray, P.A. as Counsel Effective March 4, 2024* (Doc. No. 99) (the "**Committee Retention Order**").

10. Even though a Committee had been appointed, for numerous reasons the United States Trustee appointed Michael Goldberg as Chapter 11 Trustee (Doc. No. 110) and authorized the retention of Akerman LLP as counsel to the Chapter 11 Trustee (Doc. No. 163).

11. On or about July 17, 2024, the Chapter 11 Trustee made demands on the insurance carriers and since then has been in various degrees of discussions with those carriers regarding coverage. However, due to a potential business conflict by Akerman, the Trustee is desirous of Underwood Murray serving as special conflicts counsel to, among other things, evaluate and to the extent necessary prosecute claims under the Debtor's insurance policies, and for any other potential conflicts that may arise and which will be specifically noted by the Chapter 11 Trustee and Underwood Murray.

**Standard and Relief Sought**

12. "The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . ." 11 U.S.C. § 328(a).

13. In this case, Akerman is employed as general counsel to the Trustee.

14. However, Akerman has disclosed certain potential business conflicts that would give rise to the need for a special conflicts counsel, including but not limited to evaluation and prosecution of insurance claims.

15. Accordingly, the Committee, supported by the Trustee, desires to expand Underwood Murray's already existing role as general counsel to the Committee to be that special conflicts counsel to the Trustee.

16. This expanded and modified role is in the best interest of the Debtor's estate because it will provide competent counsel already knowledgeable on the case history to pursue insurance claims in light of the business conflict.

17. Underwood Murray does not have a conflict in taking on this expanded role. Underwood Murray has reviewed its conflict checks including with respect to the insurers, and confirms it has no conflict with respect to the insurers.

18. Underwood Murray would not be performing work that is duplicative of Akerman's because this modified scope would only arise in the event that Akerman has a conflict and therefore Akerman would not be performing the work.

19. Presently, the only conflict matter known to the parties is the pursuit of any claims with potential insurance recovery including the Insurance Policies and any additional crime, cyber, director and officer, errors and omissions, malpractice and related policies. Should additional matters arise falling under the scope of this Motion, the parties will file a supplement on the record setting forth those additional discrete conflict matters. The supplement shall be filed on 14 days' negative notice unless the parties specifically seek to have the supplement set on an expedited or emergency basis.

20. The supplement will be served by CM/ECF notice and/or first class mail to the United States Trustee, Debtor, Debtor's counsel, Committee's counsel, Trustee, Trustee's counsel and to any potentially impacted party. If no objection is lodged the parties may submit a supplemental order to include that additional matter.

21. Other than as set forth herein, the terms of the Committee Retention Order, including those governing compensation, will remain undisturbed.

22. The undersigned counsel represents she has conferred with the Trustee and Akerman who agree to and support the relief sought herein.

**WHEREFORE**, the Committee respectfully requests the entry of an order **(i)** granting this Motion, which is supported by the Trustee, **(ii)** expanding and modifying the scope of Underwood Murray's employment and **(iii)** providing for such other and further relief as to the Court may seem just.

Dated this January 14, 2025.

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
Daniel E. Etlinger
Florida Bar Number 0077420
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email:  mmurray@underwoodmurray.com
        detlinger@underwoodmurray.com
*Counsel to the Committee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee, Debtor's Counsel and the Trustee's Counsel, and, via First Class Mail and via e-mail to the below service list, on January 14, 2025.

Berkley Insurance Company
Attention: John Shade, Claims Counsel
433 South Main Street
Suite 200
West Hartford, Connecticut 06110
jshade@berkleyfs.com


LawyerCare
Attention: Claims Department
P.O. Box 150
Okemos, Michigan 48805
lawyercareclaimreporting@medmarc.com


Markel Service, Incorporated
c/o Kaplan Zeena LLP
Attention: James M. Kaplan
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 3050
Miami, Florida 33131
James.kaplan@kaplanzeena.com


RSUI Indemnity Company
c/o Bailey Cavalieri LLC
Attention: Thomas E. Geyer
10 West Broad Street
Suite 2100
Columbus, Ohio 43215
tgeyer@baileycav.com


                                            /s/ Megan W. Murray
                                            Megan W. Murray