# COMPOSITE EXHIBIT "1"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle  District of  Florida

In re  The Center for Special Needs Trust Administration, Inc
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No.  8-24-bk-00676-RCT

Chapter  11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Gravitas Tech, LLC, c/o Jonathan Golden, Registered Agent, 950 Meadow Hill Drive, Clearwater, FL 33761
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Exhibit A**.

| PLACE If by U.S. mail or overnight delivery  Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida 33602  If by email  raye.elliott@akerman.com | DATE AND TIME **February 21, 2025, at 4:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  January 21, 2025

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Raye C. Elliott
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Michael I. Goldberg, Chapter 11 Trustee       , who issues or requests this subpoena, are:
Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602, raye.elliott@akerman.com; (813) 209-5013

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ . _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information, or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must
(i) expressly make the claim, and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      The term **"Debtor"** refers to **The Center for Special Needs Trust Administration, Inc.**, who filed a voluntary Chapter 11 petition under the Bankruptcy Code commencing the Action.

3.      **"You**", **"your"** or **"yours"** means the entity listed in the "To" line of the subpoena, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on its behalf.

4.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion

1

pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

5.      "**Electronically Stored Information**" or "**ESI**" as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and

2

all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

6.      "**Communication**" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise, including any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

7.      If not expressly stated otherwise, "**control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8.      "**Relating to**" or "**related to**" means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

78048961.1

## INSTRUCTIONS

Compliance with this Request should be made in accordance with the following:

A.    If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.    All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies. For all ESI, please produce same in its native format with accompanying metadata.

C.    The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

E.    If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a)    the nature of the privilege which is being claimed;

(b)    the type of document;

(c)    the general subject matter of the document;

(d)    the date of the document;

4

(e)     the author of the document;

(f)     the addressee of the document; and

(g)     where not apparent, the relationship of the author to the addressee.

F.     This request is continuing, and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DOCUMENTS TO BE PRODUCED

1.     Any and all documents and communications in your possession, custody or control relating to the Debtor.

2.     Any and all documents evidencing payments you received from the Debtor and the reason for those payments.

3.     Your corporate formation documents, operating agreements and any amendments thereto.

4.     Your tax returns and financial statements from inception to date.

5.     A list of assets you own.

6.     Your loan or financing agreements, promissory notes and any UCC filings, including the most current statement from the lender identifying the current amounts due.

7.     A list of any person or entity who owed you money as of February 9, 2024.

8.     A list of every person or entity who you owed money to as of February 9, 2024.

9.     A list of your members or shareholders as of February 9, 2024.

10.     All documents provided by you or on your behalf to any bank or financial institution since January 1, 2020.

11.     All documents provided by you or on your behalf to any bank or financial institution since January 1, 2020.

5

78048961,1

12.     All documents provided by you or on your behalf to any accountant since January 1, 2020.

13.     All documents evidencing payments you made to any outside law firm or lawyer from January 1, 2022 to the present.

6

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Middle__ District of __Florida__

In re __The Center for Special Needs Trust Administration, Inc__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __8-24-bk-00676-RCT__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Old Line Manufacturing, LLC, c/o Jonathan Golden, Registered Agent, 950 Meadow Hill Drive, Clearwater, FL 33761__
*(Name of person to whom the subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Exhibit A**.

| PLACE If by U S  mail or overnight delivery  Raye C  Elliott, Esq , Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602  If by email  raye.elliott@akerman com | DATE AND TIME February 21, 2025, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __January 21, 2025__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Raye C  Elliott
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Michael I  Goldberg, Chapter 11 Trustee__ , who issues or requests this subpoena, are:

Raye C  Elliott, Esq , Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602, raye.elliott@akerman com; (813) 209-5013

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition* A subpoena may command a person to attend a trial, hearing, or deposition only as follows
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense

*(2) For Other Discovery* A subpoena may command
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
  (B) inspection of premises, at the premises to be inspected

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

*(2) Command to Produce Materials or Permit Inspection*
  *(A) Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
  *(B) Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made, the following rules apply
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

*(3) Quashing or Modifying a Subpoena*
  *(A) When Required* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
    (i) fails to allow a reasonable time to comply,
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c),
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
    (iv) subjects a person to undue burden
  *(B) When Permitted* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires
    (i) disclosing a trade secret or other confidential research, development, or commercial information, or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
  *(C) Specifying Conditions as an Alternative* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and
    (ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information* These procedures apply to producing documents or electronically stored information
  *(A) Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
  *(B) Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
  *(C) Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form
  *(D) Inaccessible Electronically Stored Information* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) The court may specify conditions for the discovery

*(2) Claiming Privilege or Protection*
  *(A) Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must
    (i) expressly make the claim, and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
  *(B) Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim The person who produced the information must preserve the information until the claim is resolved
  ..
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed R Civ P 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      The term **"Debtor"** refers to **The Center for Special Needs Trust Administration, Inc.**, who filed a voluntary Chapter 11 petition under the Bankruptcy Code commencing the Action.

3.      **"You"**, **"your"** or **"yours"** means the entity listed in the "To" line of the subpoena, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on its behalf.

4.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion

1

pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

5.     **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and

78048961,1

all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

6.      "**Communication**" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise, including any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

7.      If not expressly stated otherwise, "**control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8.      "**Relating to**" or "**related to**" means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

78048961,1

## **INSTRUCTIONS**

Compliance with this Request should be made in accordance with the following:

A.    If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.    All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies. For all ESI, please produce same in its native format with accompanying metadata.

C.    The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

E.    If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a)    the nature of the privilege which is being claimed;

(b)    the type of document;

(c)    the general subject matter of the document;

(d)    the date of the document;

78048961,1

(e)    the author of the document;

(f)    the addressee of the document; and

(g)    where not apparent, the relationship of the author to the addressee.

F.    This request is continuing, and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

<u>**DOCUMENTS TO BE PRODUCED**</u>

1.    Any and all documents and communications in your possession, custody or control relating to the Debtor.

2.    Any and all documents evidencing payments you received from the Debtor and the reason for those payments.

3.    Your corporate formation documents, operating agreements and any amendments thereto.

4.    Your tax returns and financial statements from inception to date.

5.    A list of assets you own.

6.    Your loan or financing agreements, promissory notes and any UCC filings, including the most current statement from the lender identifying the current amounts due.

7.    A list of any person or entity who owed you money as of February 9, 2024.

8.    A list of every person or entity who you owed money to as of February 9, 2024.

9.    A list of your members or shareholders as of February 9, 2024.

10.    All documents provided by you or on your behalf to any bank or financial institution since January 1, 2020.

11.    All documents provided by you or on your behalf to any bank or financial institution since January 1, 2020.

78048961,1

12.     All documents provided by you or on your behalf to any accountant since January 1, 2020.

13.     All documents evidencing payments you made to any outside law firm or lawyer from January 1, 2022 to the present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Middle _ District of _ Florida _____

In re _ The Center for Special Needs Trust Administration, Inc _____
                       Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _ 8-24-bk-00676-RCT _____

Chapter _ 11 _____

_____
               Plaintiff
               v.

Adv. Proc. No. _____

_____
               Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _ George G. Pappas, P A , Attn  George Pappas, 1822 N Belcher Rd , Ste 200, Clearwater, FL 33765 ___
                *(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See attached Exhibit A.**

| PLACE If by U S  mail or overnight delivery  Raye C  Elliott, Esq , Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602     If by email  raye elliott@akerman com | DATE AND TIME **February 14, 2025, at 4:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ January 21, 2025 ___

               CLERK OF COURT

                              OR

_____    /s/ Raye C  Elliott
    *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_ Michael I. Goldberg, Chapter 11 Trustee ___ , who issues or requests this subpoena, are:
_ Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602, raye elliott@akerman com, (813) 209-5013 _

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition* A subpoena may command a person to attend a trial, hearing, or deposition only as follows
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer, or
      (ii) is commanded to attend a trial and would not incur substantial expense

*(2) For Other Discovery* A subpoena may command
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
   (B) inspection of premises, at the premises to be inspected

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

   *(2) Command to Produce Materials or Permit Inspection*
   *(A) Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
   *(B) Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made, the following rules apply
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

   *(3) Quashing or Modifying a Subpoena*
   *(A) When Required* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
      (i) fails to allow a reasonable time to comply,
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c),
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
      (iv) subjects a person to undue burden
   *(B) When Permitted* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires
      (i) disclosing a trade secret or other confidential research, development, or commercial information, or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
   *(C) Specifying Conditions as an Alternative* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and
      (ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information* These procedures apply to producing documents or electronically stored information
   *(A) Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
   *(B) Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
   *(C) Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form
   *(D) Inaccessible Electronically Stored Information* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) The court may specify conditions for the discovery

   *(2) Claiming Privilege or Protection*
   *(A) Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must
      (i) expressly make the claim, and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
   *(B) Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim The person who produced the information must preserve the information until the claim is resolved
.
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed R Civ P 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      The term **"Debtor"** refers to **The Center for Special Needs Trust Administration, Inc.**, who filed a voluntary Chapter 11 petition under the Bankruptcy Code commencing the Action.

3.      **"You"**, **"your"** or **"yours"** means the entity listed in the "To" line of the subpoena, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on its behalf.

4.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion

1

pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

　　　　5.　　　"**Electronically Stored Information**" or "**ESI**" as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and

79549253,1

all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

6.      **"Communication"** means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise, including any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

7.      If not expressly stated otherwise, **"control"** means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8.      **"Relating to"** or **"related to"** means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

3

## **INSTRUCTIONS**

Compliance with this Request should be made in accordance with the following:

A.      If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.      All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies. For all ESI, please produce same in its native format with accompanying metadata.

C.      The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

E.      If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a)     the nature of the privilege which is being claimed;

(b)     the type of document;

(c)     the general subject matter of the document;

(d)     the date of the document;

4

79549253,1

(e)    the author of the document;

(f)    the addressee of the document; and

(g)    where not apparent, the relationship of the author to the addressee.

F.    This request is continuing, and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DOCUMENTS TO BE PRODUCED

1.    Any and all documents and correspondence, including settlement statements, regarding any and all real estate transactions in which any of the "Alter Ego Companies" were a party within the past 10 years. *See* Exhibit A to attached Temporary Restraining Order for list of "Alter Ego Companies."

ORDERED.

**Dated: January 13, 2025**

Roberta A. Colton
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adv. Pro. No. 8:24-ap-00139-RCT |
| Plaintiff, | |
| v. | |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER

This proceeding is before the Court upon the Ex Parte Emergency Motion for Temporary

Restraining Order and to Schedule a Hearing to Consider Entry of a Preliminary Injunction (Adv. Doc. 4 2 ) (the "Motion") filed by Plaintiff, Michael Goldberg, as Chapter 11 Trustee ("Chapter 11 Trustee"). Based upon the Court's granting of summary judgment on the issue of liability in favor of the Plaintiff and against Defendants Leo J. Govoni ("Govoni") and Boston Finance Group LLC ("BFG," together with Govoni, the "Defendants"), as well as the Motion itself, the Court finds that the Plaintiff is likely to succeed on the merits.

Furthermore, the record before the Court in the Main Case and all related adversary proceedings, in tandem with the materials submitted with the Motion, including the Declarations of the Trustee and Trustee's counsel, demonstrate a substantial likelihood that, absent a temporary restraining, Govoni, BFG, and associates of the Defendants will otherwise transfer or dissipate assets purchased with estate funds, and these transfers will irreparably injure the Debtor's estate and its creditors.

No notice of the Motion was provided to the Defendants and Alter Ego Entities due to the continued risk of dissipation. The duration of this Order is 14 days from the date of its entry and the relief granted herein can either be extended upon a showing of good cause by the Plaintiff or, after notice and a hearing on the preliminary injunctive relief sought in the Motion, by channeling the injunctive relief granted herein into a preliminary injunction order to be entered at a later date.

The prospective harm to the Debtor's estate and its creditors outweighs the prospective harm to the Defendants. The Plaintiff has shown a likelihood of entitlement to either all or a substantial portion of the Defendants' assets. The Defendants are minimally harmed by an inability to control assets to which the Debtor is likely entitled to and to which the Defendants and/or insiders/affiliates likely lack entitlement. Therefore it is:

**ORDERED**:

1.    The Motion is **GRANTED**.

2.    Effective January 13, 2025, the Defendants — as well as anyone acting on their behalf or in concert or participation with them — are enjoined from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the Alter Ego Entities identified in **Exhibit A** to this Order.

3.    The injunctive relief in this Order expires 14 days from entry of the Order but can be extended upon a showing of good cause.

4.    Based on the legal and equitable arguments raised by the Plaintiff and the short duration of the injunctive relief in this Order, no grant of security is required by the Plaintiff pursuant to  Rule 65(c) of the Federal Rules of Civil Procedure.

5.    To the extent any of the Alter Ego Entities are: 1) not associated with the Defendants; 2) need to enter a transaction that is enjoined by this Order; and/or 3) for any other valid reason, such Alter Ego entity can seek relief from this Order.

6.    Subsequent to the entry of this Order, notice of it will be provided to the Defendants and the Alter Ego Entities as soon as practicable.

7.    The Motion and this Order comply with all requirements of Rule 65 of the Federal Rules of Civil Procedure.

8.    The Court will schedule a further hearing on notice to all affected parties on **January 17, 2025 at 9:30 a.m.** to consider entry of a preliminary injunction as requested in the Motion.

Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later

than 3:00 p.m. one business day before the date of the hearing, at https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration. If a party is unable to register online, please contact Wendy Chatham, Courtroom Deputy, at 813-301-5118.

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

**EXHIBIT A**

**ALTER EGO COMPANIES SUBJECT TO THE TEMPORARY RESTRAINING ORDER**

American Albanian Trade Group LLC

American Czech Trade Group LLC

American Tax Professionals LLC

Artisan Properties LLC

Artspace Properties LLC

Austin Colby Company

Badger Craft Beer Distributors Ltd

Badger Craft Beer Management LLC

BCL Aviation LLC

BCL Medical Fund I LLC

BCL Partners Fund LLC

BFG Columbus Holdings LLC

BFG Columbus Repair LLC

BFG Heartland LLC

BFG Investment Holdings LLC

BFG Loan Holdings LLC

BFG Northeast LLC

BFG West LLC

BHC Asset Group LLC

Big Storm Brewing Co.

Big Storm Brewery LLC

Big Storm Canteen LLC

Big Storm Cape Coral LLC

Big Storm Coffee Company LLC

Big Storm Creamery LLC

Big Storm Distilling Company LLC

Big Storm Pasco LLC

Big Storm Pinellas LLC

Big Storm Real Estate LLC

Blood Brothers LLC

Bloodyuno LLC

Boston Asset Management Inc

Boston Capital Consulting LLC

Boston Capital Leasing LLC

Boston Capital Leasing Management LLC

Boston Finance Group LLC

Boston Holding Company LLC

Boston Holding Real Estate LLC

Boston Settlement Finance Inc.

Boston Settlement Group LLC

Boston Wealth Solutions LLC

Brand Activators LLC

Bravo Zulu Tactical LLC

Broadleaf 9th Street LLC

Broadleaf Forest Management LLC

Broadleaf Kenwood LLC

Broadleaf North LLC

Broadleaf Property Management LLC

Broadleaf Properties LLC

Broadleaf Realty LLC

Broadleaf Warner LLC

Brooke Acquisitions LLC

BSG LLC

Center Services LLC

Combined Force LLC

Condor Rapier LLC

Connectionology Seminars

Conway Life Planning LLC

Cornerstone Life Management Inc

Counselor's Capital Financial Services LLC

Elder Care Alliance Inc

Fat Lion Brewing Company LLC

Fat Lion Real Estate LLC

Fat Point V2 LLC

Fiduciary Tax & Accounting Services

Global Litigation Consultants LLC

Gravitas Equity Partners LLC

Gravitas II LLC

Gravitas Tech LLC

Integritas Management LLC

Integritas Sports Management LLC

John Joseph Solutions LLC

Liber Pater Holdings LLC

LJG Management Group Inc.

Manufacturing Research Group Inc

MIA Brewing Co. V2 LLC

Motivation Options Initiative Seeking Our Nature, Inc.

North American Keg LLC

NPM Management Group LLC

Old Line Keg Manufacturing LLC

Old Line Manufacturing LLC

Olympus Foundation Management LLC

Olympus Marketing Group LLC

Orange Blossom Funding LLC

Orvis Entertainment LLC

Pillars Insurance Advisors LLC

Prometheus Foundation Mgmt LLC DBA Prometheus Sports Mktg

Propertycraft Enterprises LLC

Prospect Funding Holdings LLC

Prouty Road Farms LLC

Public Guardianship Alliance LLC

Seaboard Craft Beer Holdings LLC

Seaboard Craft Distilling Holdings LLC

Seaboard Global LLC

Seaboard Manufacturing LLC

Seaboard Manufacturing LLC DBA N&D Manufacturing Inc

Seaboard Portage LLC

Seaboard Printing LLC

Seaboard Real Estate Holdings LLC

Seaboard Technology LLC

Security Institute Holdings LLC

Sharkdefense Technologies LLC

SSK Manufacturing Consulting Inc.

Stowe Mountain Properties, LLC

Talis Intelligence Group LLC

The Center for Fiduciary Services Inc.

The Center for Financial Counseling LLC

The Center for Lien Resolution LLC

The Center for Life Care Planning LLC

The Center for Litigation Support LLC

The Center for Settlement Consultants LLC

The Colby Company LLC

The Directed Benefits Foundation Inc

The Medicare and Medicaid Institute Inc.

USSI Holdings LLC

USSI Intelligence Group LLC

USSI Special Operations Group LLC

Veritas Investigative Services LLC

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle  District of  Florida

In re  The Center for Special Needs Trust Administration, Inc
_____
Debtor

Case No.  8-24-bk-00676-RCT

*(Complete if issued in an adversary proceeding)*

Chapter  11

_____
Plaintiff
v.

Adv. Proc. No.  _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  USSI Holdings, LLC, c/o Jonathan Golden, Registered Agent, 950 Meadow Hill Drive, Clearwater, FL  33761
*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Exhibit A**.

| PLACE If by U S  mail or overnight delivery  Raye C  Elliott, Esq , Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, Florida  33602<br>If by email  raye elliott@akerman com | DATE AND TIME<br>**February 21, 2025, at 4:00 p.m.** |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  January 21, 2025

CLERK OF COURT

OR

_____          /s/ Raye C  Elliott
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Michael I. Goldberg, Chapter 11 Trustee
, who issues or requests this subpoena, are:
Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602, raye elliott@akerman com, (813) 209-5013

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition* A subpoena may command a person to attend a trial, hearing, or deposition only as follows
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer, or
    (ii) is commanded to attend a trial and would not incur substantial expense

*(2) For Other Discovery* A subpoena may command
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and
  (B) inspection of premises, at the premises to be inspected

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

*(2) Command to Produce Materials or Permit Inspection*
  *(A) Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
  *(B) Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made, the following rules apply
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

*(3) Quashing or Modifying a Subpoena*
  *(A) When Required* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
    (i) fails to allow a reasonable time to comply,
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c),
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
    (iv) subjects a person to undue burden
  *(B) When Permitted* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires
    (i) disclosing a trade secret or other confidential research, development, or commercial information, or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
  *(C) Specifying Conditions as an Alternative* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and
    (ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information* These procedures apply to producing documents or electronically stored information
  *(A) Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
  *(B) Form for Producing Electronically Stored Information Not Specified* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
  *(C) Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form
  *(D) Inaccessible Electronically Stored Information* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) The court may specify conditions for the discovery

*(2) Claiming Privilege or Protection*
  *(A) Information Withheld* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must
    (i) expressly make the claim, and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
  *(B) Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim The person who produced the information must preserve the information until the claim is resolved

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed R Civ P 45(a) Committee Note (2013)

**EXHIBIT A**
**SUBPOENA RIDER**

**DEFINITIONS**

1.      The **"Action"** as used herein shall mean *In re: The Center for Special Needs Trust Administration, Inc.,* Case No. 8:24-cv-00676-RCT, pending in the United States Bankruptcy Court for the Middle District of Florida.

2.      The term **"Debtor"** refers to **The Center for Special Needs Trust Administration, Inc.**, who filed a voluntary Chapter 11 petition under the Bankruptcy Code commencing the Action.

3.      **"You"**, **"your"** or **"yours"** means the entity listed in the "To" line of the subpoena, as well as any agents, representatives, attorneys, and any person or entity acting or who has acted by or on its behalf.

4.      **"Document"** or **"documents"** as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, electronic mail, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, **Electronically Stored Information** (as defined below), files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion

1

pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

5.     **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and

2

all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

6.      "**Communication**" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, text message, personal delivery, or otherwise, including any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

7.      If not expressly stated otherwise, "**control**" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8.      "**Relating to**" or "**related to**" means to directly or indirectly refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with, or tend to prove or disprove, the matter discussed.

3

78048961,1

## **INSTRUCTIONS**

Compliance with this Request should be made in accordance with the following:

A.        If you at any time had possession, custody or control of a document falling within this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

B.        All documents produced pursuant to this Request are to be produced as they are maintained in the ordinary course of business or shall be organized and labeled (without permanently marking the item produced) to correspond with the categories of each individual Request to which each document applies. For all ESI, please produce same in its native format with accompanying metadata.

C.        The singular form of a word shall be interpreted in the plural, and vice versa, as may be necessary to bring within the scope of this Request all documents that might otherwise be construed to be outside the scope of this Request.

D.        The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any responses to interrogatories, documents, or communications, that might otherwise be construed to be outside the scope of this Request.

E.        If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a)     the nature of the privilege which is being claimed;

(b)     the type of document;

(c)     the general subject matter of the document;

(d)     the date of the document;

4

78048961.1

(e)    the author of the document;

(f)    the addressee of the document; and

(g)    where not apparent, the relationship of the author to the addressee.

F.    This request is continuing, and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DOCUMENTS TO BE PRODUCED

1.    Any and all documents and communications in your possession, custody or control relating to the Debtor.

2.    Any and all documents evidencing payments you received from the Debtor and the reason for those payments.

3.    Your corporate formation documents, operating agreements and any amendments thereto.

4.    Your tax returns and financial statements from inception to date.

5.    A list of assets you own.

6.    Your loan or financing agreements, promissory notes and any UCC filings, including the most current statement from the lender identifying the current amounts due.

7.    A list of any person or entity who owed you money as of February 9, 2024.

8.    A list of every person or entity who you owed money to as of February 9, 2024.

9.    A list of your members or shareholders as of February 9, 2024.

10.    All documents provided by you or on your behalf to any bank or financial institution since January 1, 2020.

11.    All documents provided by you or on your behalf to any bank or financial institution since January 1, 2020.

78048961,1

12.    All documents provided by you or on your behalf to any accountant since January 1, 2020.

13.    All documents evidencing payments you made to any outside law firm or lawyer from January 1, 2022 to the present.

.