ORDERED.

Dated:  January 30, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**ORDER GRANTING**
**OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S MOTION**
**TO EXPAND SCOPE OF EMPLOYMENT TO BE TRUSTEE'S CONFLICTS COUNSEL**
**(Doc. No. 467)**

THIS MATTER came before the Court for consideration without a hearing on the *Official Committee of Unsecured Creditor's* (the "**Committee**") *Motion to Expand Scope of Employment to be Trustee's Conflicts Counsel* (Doc. No. 467) (the "**Motion**").  The Committee seeks an order expanding and modifying the scope of employment of Megan W. Murray and Underwood Murray, P.A. (collectively, "**Underwood Murray**") to be special conflicts counsel for the Chapter 11 Trustee Michael Goldberg (the "**Trustee**"), including but not limited to evaluation and prosecution of any claims with potential insurance recoveries.

The Court, having considered the Motion, the original Underwood Murray application and declaration filed at Doc. No. 96, the original Underwood Murray retention order entered at Doc. No. 99 (the "**Committee Retention Order**"), the agreement by the Trustee and his counsel Akerman LLP ("**Akerman**") referenced in the Motion, together with the record as a whole, finds that **(i)** good cause has been shown that it is necessary, essential and proper for the Committee to expand and modify Underwood Murray's cope to be special conflicts counsel for the Trustee, **(ii)** Underwood Murray does not have a conflict in taking on this expanded role, **(iii)** Underwood Murray would not be performing work that is duplicative of Akerman's and **(iv)** due and proper notice of the Motion has been provided.  Accordingly, it is

**ORDERED AS FOLLOWS:**

1. The Motion is **GRANTED**.

2. Underwood Murray is hereby authorized to expand and modify its scope of employment to be special conflicts counsel for the Trustee, including but not limited to evaluation and prosecution of any claims with potential insurance recovery including the Insurance Policies identified in the Motion and any additional crime, cyber, director and officer, errors and omissions, malpractice and related policies.

3. Should additional matters arise falling under the scope of this Motion, the parties will file a supplement on the record setting forth those additional discrete conflict matters.  The supplement shall be filed on 14 days' negative notice unless the parties specifically seek to have the supplement set on an emergency basis.  The Supplement will be served by CM/ECF notice and/or first-class mail to the United States Trustee, Debtor, Debtor's counsel, Committee's counsel, Trustee, Trustee's counsel and to any potentially impacted party.  If no objection is lodged the parties may submit a supplemental order to include that additional matter.

4. Other than as set forth herein, the terms of the Committee Retention Order, including those governing compensation, will remain undisturbed.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Megan W. Murray is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.