ORDERED.

**Dated:  January 30, 2025**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                 Case No. 8:24-bk-00676-RCT

　　　　Debtor.
_____/

### EIGHTH INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES

THIS CASE came before the Court for hearing on February 27, 2024 at 1:30 p.m., March 28, 2024 at 3:00 p.m., April 15, 2024 at 2:00 p.m., May 23, 2024 at 1:00 p.m., June 14, 2024 at 1:30 p.m., July 23, 2024, at 1:30 p.m., September 9, 2024, at 2:00 p.m., and January 9, 2025 at 9:30 a.m. upon the *Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the "**Motion**")[1], the *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 63) (the "**First Amendment**") filed by the above-captioned debtor (the "**Debtor**")[2], the *Second Amendment to Emergency Motion for Approval of*

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion and the Amendment.

[2] As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11 trustee of the Debtor (the "**Trustee**").

*Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. 278) (the "**Second Amendment**"), and the *Third Amendment to Emergency Motion for Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. 321) (the "**Third Amendment**") and the Office Committee of Unsecured Creditors' Limited Objection to Debtor's Trust Motions (Doc. No. 11) and Supplement (Doc. No. 465). The Motion, as amended by the First Amendment, Second Amendment, and Third Amendment seeks entry of interim and final orders authorizing proposed procedures governing the manner in which the Debtor makes distributions for the benefit of its Beneficiaries of Clean Trust Accounts and Compromised Trust Accounts.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED**:

1.    The Motion as amended by the First Amendment, the Second Amendment, and Third Amendment is **GRANTED**, as set forth herein, on an interim basis, subject to separate order relating to reporting of and access to Beneficiary Records.

2.    The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Clean Trust Accounts.

2

3.      The Debtor is authorized to continue making distributions in the ordinary course of business on account of Beneficiaries of Compromised Trust Accounts, to the extent that such Trust Accounts have Liquid Assets sufficient to fund requests for distributions.

4.      Subject to prior written approval of the Trustee, third-party investment managers managing the investments for Trust Accounts are (a) authorized to receive new funds for investment; (b) authorized to continue to invest Trust Account assets, and (b) as to payment of amounts requested by the Debtor, authorized and directed that such payments be made to the Debtor or others as directed by the Debtor. The Trustee shall provide counsel for the Committee with investment and account statements or similar documents on a monthly basis sufficient to determine the amount and nature of funds in the Beneficiaries' accounts.

5.      To assist with this wind-down of the Debtor, CPT Institute, Inc. ("**CPT**") is hereby authorized to apply for and operate under a fictitious business name in the legal name and derivative names of the Debtor  solely for the purpose of depositing checks from structured settlements or other incoming deposits for special needs trusts that have not yet officially been transitioned to CPT or another designated trustee, and transferring such funds to the appropriate trust at CPT or other designated trustee.  CPT shall also maintain a detailed accounting of any receipts and disbursements effected while operating under said fictitious business names and provide such accounting to the Trustee and Committee on a monthly basis. No action taken by CPT pursuant to this Order shall serve as an assumption of Debtor's liabilities as a result of obtaining and/or operating under the fictitious business names authorized pursuant to this Order.

6.      The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

7.     The Court shall conduct a continued hearing on the Motion on **March 6, 2025, at 10:00 a.m.**, at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the continued hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register Click HERE or manually enter the following web address into a browser: https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-pk6SXFBnivGTDA#/registration.

8.     Within forty-eight (48) hours of the entry of this Interim Order, the Trustee shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Continued Hearing (the "**Continued Hearing Notice**"), together with copies of this Interim Order, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) all creditors and parties holding the thirty (30) largest claims, and (d) counsel for the Official Committee of Unsecured Creditors.  Any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than **February 20, 2025, at 4:30 p.m. (prevailing Eastern Time)**, which objections shall be served so as to be received on or before such date by: (i) the Debtor, Attn.: William A. Long, Jr., Chief Restructuring Officer, 12425 28th St. N., St. Petersburg, FL 33716; (ii) counsel for the Trustee: Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602, Attn.: Steven R. Wirth, Esq. and Raye Elliott, Esq. (steven.wirth@akerman.com; raye.elliott@akerman.com); and (iii) the Office of the United States Trustee, 501 East Polk Street, Room 1200, Tampa, FL 33602.

4

9.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*

79644306;2