**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS     Case No. 8:24-bk-00676-RCT
TRUST ADMINISTRATION, INC.,
                                 Chapter 11
    Debtor.
_____/

**CHAPTER 11 TRUSTEE'S FOURTH MOTION TO**
**FURTHER EXTEND TIME FOR BENEFICIARIES**
**TO FILE PROOFS OF CLAIM TO MAY 14, 2025**

Michael Goldberg, Chapter 11 Trustee (the "Chapter 11 Trustee"), by and through undersigned counsel, files this motion (the "Fourth Extension Motion") respectfully requesting the entry of an order further extending the deadline for Beneficiaries (as defined below) to file proofs of claim for an additional 90 days through May 14, 2025. In support of the Fourth Extension Motion, the Chapter 11 Trustee respectfully represents as follows:

1. On February 9, 2024 (the "Petition Date"), The Center for Special Needs Trust Administration, Inc. (the "Debtor" or "Center") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On March 8, 2024, the U.S. Trustee filed an Expedited Motion for Order Directing the United States Trustee to Appoint a Chapter 11 Trustee by Agreement of the Debtor (Doc. 88). The Court granted the U.S. Trustee's Motion by Order dated March 11, 2024 (Doc. 93).

3. On March 21, 2024, the Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing Michael Goldberg as Chapter 11 Trustee (Doc. 109).

79778821;1

4. On March 27, 2024, the Chapter 11 Trustee filed an Application for Employment of Soneet R. Kapila and KapilaMukamal (the "Forensic Accountants") as Forensic Accountant for Chapter 11 Trustee (Doc. 124) which was granted by the Court on April 2, 2024 (Doc. 138).

5. As this Court is aware, the Debtor is a 501(c)(3) non-profit Florida corporation that administers pooled trusts and special needs trusts. The Debtor is the trustee or co-trustee of numerous special needs trusts, including both stand-alone trusts and pooled trusts (the "Trusts") for approximately 2,000 beneficiaries who suffer from various levels of disability (the "Beneficiaries").

6. As the Court is also aware, prior to the Petition Date, the Debtor's leadership discovered that approximately $100,000,000 of funds from beneficiaries and the Center itself was allegedly loaned to Boston Financial Group ("BFG"), a group controlled by the Center's founder Leo Govoni. ("Govoni"), which loan remains outstanding. The improper transfers of these trust funds have left over a thousand trust accounts either partially or fully compromised. On January 17, 2025, the Court entered an Amended Final Judgment As to Counts 1 and II of the Adversary Complaint awarding the Chapter 11 Trustee judgment in the amount of $120,324,391.07 against BFG and Govoni in the adversary proceeding filed by the Chapter 11 Trustee designated Adversary Proceeding Number 8:24-ap-00139-RCT.

7. Since their retention, the Forensic Accountants have been working diligently to trace the Trusts' funds and determine the extent to which the Trusts have been compromised. That work is on-going due to the number of Trusts and the necessity to obtain bank and other records from third parties, consisting primarily of entities owned or controlled by Govoni, by subpoena for use by the Forensic Accountants. While records for the Debtor's bank and other accounts have

been received, the Chapter 11 Trustee has a number of outstanding subpoenas seeking records from entities owned or controlled by Govoni for which documents have not yet been received.

8. Due to these complications, the Forensic Accountants have not yet been able to complete their forensic accounting of the Trusts to determine the extent to which the Trusts were compromised by the alleged loan.

9. On February 14, 2024, the Court entered its Notice of Chapter 11 Bankruptcy Case (Doc. 35), which set a deadline for creditors to file proofs of claim by April 19, 2024 (the "Bar Date").

10. The Debtor filed its Schedules and Statement of Financial Affairs (Doc. 66) (the "Schedules") on February 27, 2024. In its Schedules, the Debtor listed claims of Beneficiaries of Compromised Trust Accounts totaling $104,889,321.69 (the "Beneficiary Claims"). The Debtor listed each claimant's claim amount based on the Debtor's analysis of its books and records. The Debtor *did not* list any of the Beneficiary Claims as contingent, unliquidated, or disputed.

11. However, upon review of the Debtor's books and records, the Forensic Accountants have determined that the amounts listed by the Debtors in its Schedules for the Beneficiary Claims may not be accurate.

12. On April 4, 2024, the Chapter 11 Trustee filed his Motion to (I) Extend Time for Filing Proof of Claim by Non-Governmental Creditors to July 18, 2024 and (II) Approve Claim Submission Procedures (Doc. 147) (the "First Extension Motion"). The Court granted the First Extension Motion by order dated April 18, 2024 (Doc. 177) which extended the deadline for non-governmental creditors to file proofs of claim to July 18, 2024.

13. On June 20 2024, the Chapter 11 Trustee filed his Second Motion to Extend Time for Filing Proofs of Claim by Non-Governmental Creditors to October 26, 2024 (Doc. 271) (the

79778821;1

"<u>Second Extension Motion</u>"). The Court granted the Second Extension Motion by order dated July 8, 2024 (Doc. 286) which extended the deadline for non-governmental creditors to file proofs of claim to October 16, 2024.

14. On October 9, 2024, the Chapter 11 Trustee filed his Third Motion to Extend Time for Filing Proofs of Claim by Non-Governmental Creditors to February 13, 2024 (Doc. 378) (the "<u>Third Extension Motion</u>"). The Court granted the Third Extension Motion by order dated October 11, 2025 (Doc. 381) which extended the deadline for non-governmental creditors to file proofs of claim to February 13, 2025.

15. **By this Motion, the Chapter 11 Trustee is only seeking to extend the Bar Date for Beneficiaries on account of their losses related to their Trusts, and the Bar Dates for any other governmental or nongovernmental creditors shall remain August 7, 2024 and October 16, 2024, respectfully.**

16. Because the Forensic Accountants have not yet completed their accounting and reconciliation of all of the Trusts, the Chapter 11 Trustee feels that it is prudent to further extend the deadline **for Beneficiaries only** to file proofs of claim by an additional 90 days through May 14, 2025 (the "<u>Further Extended Bar Date</u>"). This will provide additional time for the Forensic Accountants to complete their accounting and reconciliation of the Trusts' accounts. This is a unique situation where the Beneficiary creditors must rely upon the Debtor, the Chapter 11 Trustee and the Forensic Accountants to determine the amount of their claims, since many Beneficiaries have relied upon the Center to account for their Trust funds and may not have records themselves to determine the amount of their claims in this bankruptcy case.

### Basis for Relief and Memorandum of Law

17. Bankruptcy Rule 3003(c)(1) authorizes the Court, for cause shown, to extend the

time within which proofs of claim may be filed. Likewise, Rule 9006(b) states that the Court, for cause shown, may order a period enlarged if the request to do so is made before the expiration of the period originally prescribed. And 11 U.S.C. § 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

18.  The Further Extended Bar Date in the underlying Motion will provide additional time for Beneficiaries to file a claim. Under the circumstances of this Chapter 11 Case, the Further Extended Bar Date is reasonable and necessary for the efficient administration of the Chapter 11 Case. The Trustee respectfully submits that establishment of the Further Extended Bar Date will provide more time for the Trustee to reconcile claims and will provide the Trustee with greater certainty regarding the extent of claims.

WHEREFORE, Michael Goldberg, Chapter 11 Trustee, respectfully requests that this Court enter an order substantially in the form as **Exhibit A**, further extending the deadline for Beneficiaries to file proofs of claim to May 14, 2025 and grant such other relief as is just and proper.

DATED: January 31, 2025.

**AKERMAN LLP**

By: /s/ *Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott
Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee,
Michael Goldberg*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 31st day of January, 2025, by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, including the Local Rule 1007-2 Parties in Interest List, and will file a certificate or affidavit of service.

                                                */s/ Steven R. Wirth*
                                                Attorney

79778821;1