Case 8:24-bk-00676-RCT   Doc 486   Filed 02/19/25   Page 1 of 5

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Clark Chamberlin, et al.,**

    Appellants,

v.                                                                              Case No. 8:24-cv-01962-WFJ

**Michael Goldberg,**

    Appellee.

_____/

## ORDER AFFIRMING
## BANKRUPTCY COURT'S ORDER ON APPEAL

This appeal arises from a bankruptcy case, *In re: The Center for Special Needs Trust Administration, Inc.*, Case No. 8:24-bk-00676-RCT. ECF 1 at 6. Appellants appeal the bankruptcy court's order granting the Chapter 11 Trustee's motion to enforce the automatic stay, entered on August 5, 2024. ECF 4-2 at 14. Upon considering the filings, record, and oral argument from counsel, the Court affirms.

### BACKGROUND

Appellants' son is the beneficiary of a special needs trust administered by The Center for Special Needs Trust Administration ("Debtor"). ECF 10 at 3. On February 2, 2024, the Debtor filed for bankruptcy, disclosing it used $100 million from special needs trusts to fund a loan to Boston Financial Group ("BFG"). ECF 10 at 4.

1

Appellants filed a suit class action status on February 18, 2024, alleging thirteen counts and naming BFG and other associated persons, entities, and subsidiaries. ECF 4-2 at 5. Thereafter, Appellee was appointed Chapter 11 Trustee. ECF 4-2 at 7. On April 26, 2024, Appellee filed a motion to enforce the automatic stay, which the bankruptcy court granted on August 5, 2024. ECF 4-10; ECF 4-2 at 14. In doing so, the bankruptcy court declared the subject class action *void ab initio*. ECF 4-2.

Since then, the bankruptcy court has granted the Appellee's wind-down motion, transitioning trusts to a third party, and, in an adversary proceeding, the Appellee obtained a judgment of $120 million from some of the parties named in the Appellants' class action. ECF 15 at 22–23. Additionally, an accounting firm has been unable to trace the funds loaned to specific trust accounts. ECF 4-2 at 11; ECF 15 at 6–7. The Court affirms the order granting Appellee's motion to enforce the automatic stay. ECF 4-2 at 14.

## LEGAL STANDARD

In reviewing bankruptcy court decisions, legal conclusions and mixed questions of law and fact are reviewed de novo. *See Sundale, Ltd. v. Fla. Assocs. Capital Enters., LLC* (*In re Sundale, Ltd.*), 499 F. App'x 887, 889–90 (11th Cir. 2012); *see also Lightner v. Lohn*, 274 B.R. 545, 548–49 (M.D. Fla. 2002). A bankruptcy court's interpretation of statutory language is a conclusion of law.

2

*Nordberg v. Arab Banking Corp.* (*In re Chase & Sanborn Corp.*), 904 F.2d 588, 593 (11th Cir. 1990); *see also Eldorado Canyon Props., LLC v. Mantalvanos*, 515 B.R. 852, 854 (M.D. Fla. 2014).

## ANALYSIS

The Court has jurisdiction to hear appeals from final bankruptcy court orders.[1] In its August 5, 2024 order, ECF 4-4, the bankruptcy court correctly concluded that the Appellants' complaint violates the automatic stay, 11 U.S.C. § 362, because (1) it improperly seeks to exercise control over property of the estate, ECF 4-2 at 7, 9–10, (2) the Appellee has not abandoned certain claims against defendants named in the class action, so it would be a violation of the automatic stay for the Appellant to pursue them, ECF 4-2 at 10, (3) the class action "has interfered with and jeopardized the Trustee's work and the administration of this . . . case by attempting to exercise control over the recovery of the BFG [l]oan proceeds," ECF 4-2 at 10, and (4) "the determination of the claims in the [Appellants' complaint] will impact the administration of this bankruptcy, whether through collateral estoppel, indemnification, or otherwise," ECF 4-2 at 12.

The Appellants' complaint is predicated in part on "impugning the validity of the Loan Documents," ECF 4-2 at 13, and proving that they are a "sham," *see, e.g.*,

---

[1] The order holding the class action *void ab initio* ended the proceeding on the stay motion, making it final and appealable to this Court. *See* 28 U.S.C. § 158(a)(1); *In re Ellingsworth Res. Comm.'y Ass'n*, Nos. 21-12969, 21-12971 & 21-13231, 2025 WL 78887, at *14 (11th Cir. Jan. 13, 2025).

3

Case 8:24-cv-01862-WFJ-RCT Doc. 48 Filed 12/19/25 Page 4 of 5 PageID 1043

ECF 4-24 at 21. The focus of the Appellants' Amended Complaint is on the Debtor and its officers and directors, blaming them for the misappropriation of trust fund assets. *See, e.g.,* ECF 4-24 at 46–47. A cause of action for breach of a loan and against officers and directors of a company is derivative and thereby property of the bankruptcy estate, irrespective of label. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 443 B.R. 295, 310 (Bankr. S.D.N.Y. 2011). The bankruptcy court correctly determined that "the claims against the defendants in the [Appellants' complaint] are so intertwined with the claims . . . against Debtor that they are effectively claims against the Debtor." ECF 4-2 at 12.

Appellants' reliance on 11 U.S.C. § 541(b)(1) is misplaced. The bankruptcy court's conclusion conforms to this statute because "[c]omingled funds generally constitute property of the bankruptcy estate unless and until they can be traced." ECF 4-2 at 11 (citing *Peachtree Special Risk Brokers, LLC v. Kartzman* (*In re Rocco Co., Inc.*), No. 10-18799 (DHS), 2014 WL 7404566, at *4–6 (D.N.J. Dec. 29, 2014)). The funds at issue have not been traced, ECF 4-2 at 11, and "were voluntarily given to Debtor to invest, administer, [and] pay out when appropriate," ECF 4-2 at 11. The Appellant's complaint implicates the automatic stay.

## CONCLUSION

Based on the foregoing, and review of the entire record, the bankruptcy court's order is **AFFIRMED**. **THE CLERK** is directed to enter judgment for the Appellee,

4

to close the case, and to transmit a copy of this order to the Clerk of the United States Bankruptcy Court for the Middle District of Florida.

**DONE AND ORDERED** at Tampa, Florida, on February 19, 2025.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record