**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                         Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                                Chapter 11

        Debtor.

_____

**CHAPTER 11 TRUSTEE'S MOTION FOR**
**LEAVE TO TAKE EXPEDITED DISCOVERY**

        Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, and pursuant to Local Rule 2004-1(c), moves for leave to take four 2004 exams of certain corporate representatives on an expedited basis.

        1.      On January 13, 2025, the United States Bankruptcy Court for the Middle District of Florida entered a Temporary Restraining Order [Doc. 45] (the "TRO"). From that day forward, Leo J. Govoni, Boston Finance Group, LLC ("BFG"), and ***all of the "Alter Ego Entities" identified on Exhibit A to the Order*** were "enjoined from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the Alter Ego Entities." *See id.* at ¶ 2.

        2.      Around the same time, new counsel[1] was retained to represent Mr. Govoni; BFG; Boston Asset Management Inc. ("BAM"); Global Litigation Consultants LLC ("GLC"); and Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, Big Storm Real Estate LLC (collectively,

---

[1] Counsel for the TRO Entities (as defined below) is certainly not a target of this motion. The Chapter 11 Trustee appreciates his professionalism. Indeed, it is his impending withdrawal from the case that warrants the expedited relief sought herein.

80235996;1

the "Big Storm Entities", and together with the Judgment Debtors, BAM and GLC, the "TRO Entities").

3. On January 17, 2025, the Chapter 11 Trustee agreed to extend the TRO for two weeks, to accommodate counsel and the TRO Entities, on the following conditions:

- "Except as provided for herein, the TRO and all injunctive relief remains in place with respect to the TRO Entities through and including February 3, 2025;"

- BAM, GLC, and the Big Storm Entities may fund payroll on January 17, 2025 and January 31, 2025; *provided, however, that* no money shall be paid to insiders of either Judgment Debtor, including any of Mr. Govoni's family members;

- Within 5 days of entry of this Order, BAM, GLC, and the Big Storm Entities shall provide the Chapter 11 Trustee with a budget for the month of January, 2025; and

- On or before February 7, 2025, BAM, GLC, and the Big Storm Entities shall provide the Chapter 11 Trustee with a Monthly Operating Report, substantially in the form utilized in chapter 11 bankruptcy cases, for the month of January, 2025.

4. Moreover, each of these conditions was reduced to an Order of the Bankruptcy Court. *See* Order Extending Temporary Restraining Order, Doc. 59.

5. In addition, the TRO Entities agreed to:

- Give the Chapter 11 Trustee a full accounting;

- Accept service of unserved subpoenas and comply with unanswered subpoenas; and

- Complete a chart of LLC membership interests;

- Have Mr. Govoni and BFG complete fact information sheets within the statutory time limit (which makes them due February 28, 2025).

6. As of the date of this Motion, however, the only budget the Chapter 11 Trustee has ever received was from the Big Storm Entities; and ***he has not received any budgets from BAM or GLC. He has also not received any accountings, monthly operating reports, subpoena responses, or LLC charts from any of the Defendants or TRO Entities***.

7. To be clear, BAM, GLC, and the Big Storm Entities were only authorized to fund payroll on January 17, 2025 and January 31, 2025. They were not authorized to fund *any* payroll in February, 2025 – or expend any other money at all – and they were never authorized to pay any insiders.

8. Moreover, on February 6, 2025, the Bankruptcy Court entered a preliminary injunction against the TRO Entities. Pursuant to that Order, and effective immediately, the TRO Entities – as well as anyone acting on their behalf or in concert or participation with them – were prohibited from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the TRO Entities or Alter Ego Entities. *In other words, effective January 31 – and certainly by February 6, 2025 – the TRO Entities (including Mr. Govoni) were prohibited from conducting any business at all, directly or indirectly*.

9. In spite of the Bankruptcy Court's Orders, however, the Chapter 11 Trustee has learned that GLC and the Big Storm Entities may be continuing to operate. Obviously, that would be a clear violation of this Court's orders. Added to the other issues in this letter (including all of the missing documents) – and counsel's upcoming withdrawal from representation of the TRO Entities – expedited relief is requested. Specifically, the Chapter 11 Trustee believes that the requested depositions of certain corporate representatives – as set forth in the draft subpoenas – would go a long way to resolving these issues, identifying whether violations have occurred, and finding ways to rectify those violations.

WHEREFORE, Michael Goldberg, through his undersigned counsel, respectfully requests leave to take four 2004 exams of corporate representatives on or before March 7, 2024.

                Respectfully submitted,

                AKERMAN LLP

                By: */s/ John L. Dicks II*
                John L. Dicks II
                Florida Bar No. 89012
                Email: john.dicks@akerman.com
                Steven R. Wirth
                Florida Bar No.: 170380
                Email: steven.wirth@akerman.com
                Raye C Elliott
                Florida Bar No.:  18732
                Email:  raye.elliott@akerman.com
                401 East Jackson Street, Suite 1700
                Tampa, Florida 33602
                Telephone: (813) 223-7333
                Facsimile: (813) 223-2837

                *Counsel for Chapter 11 Trustee, Michael Goldberg*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

                */s/ John L. Dicks II*
                Attorney