ORDERED.

**Dated:  February 28, 2025**

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Case No. 8:24-bk-00676-RCT |
| Debtor. / | |

**SUPPLEMENTAL ORDER GRANTING THIRD
AMENDMENT TO DEBTOR'S EMERGENCY MOTION
FOR APPROVAL OF TRUST DISTRIBUTION PROCEDURES**

THIS CASE came before the Court for hearing on January 9, 2025 at 9:30 a.m. on the

*Debtor's Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 10) (the

"**Motion**")¹, the *Debtor's Amendment to Emergency Motion for Approval of Trust Distribution Procedures* (Doc. No. 63) (the "**First Amendment**") filed by the above-captioned debtor (the "**Debtor**")², the *Second Amendment to Emergency Motion for Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. 278) (the "**Second Amendment**"), and the *Third Amendment to Emergency Motion for Approval of Trust Distribution Procedures* filed by the Chapter 11 Trustee (Doc. No. 321) (the "**Third Amendment**") Committee's Limited Objection (Doc. No. 118) and Supplement (Doc. No. 465).

The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. This Order is part of the Court's full order on the trust distribution procedures (see also Doc. No. 477). Accordingly, it is

**ORDERED**:

---

¹ Capitalized terms used but not defined herein have the meanings given to them in the Motion and the Amendment.

² As of March 21, 2024, the Debtor is operating under the direction and control of Michael Goldberg, as chapter 11 trustee of the Debtor (the "**Trustee**").

To assist the Beneficiaries through the process of moving their special needs trust accounts[3] ("**SNT**") from the Debtor, the CPT and the Debtor, as applicable, are ordered to provide reports on the following topics:

    a) CPT shall provide a weekly status of progress on the intake of Beneficiaries' accounts, including (1) those Beneficiaries with pooled SNTs for which CPT has agreed to take, and 2) those Beneficiaries with individuals, non-pooled SNTs who did not opt out, for which CPT has agreed to individually assess and, if necessary, assist such Beneficiary find a new replacement trustee;

    b) The Debtor shall provide a monthly status of progress transferring Beneficiaries' accounts and information to third party trust administrators and successor trustees in connection with Beneficiaries' opt out requests; and

    c) The Debtor shall provide a monthly status of processing accounts of those Beneficiaries who passed away through state Medicare and Medicaid procedures.

2.     CPT, with the cooperation and/or assistance of the Debtor, shall provide a monthly consolidated report of the status of all Beneficiaries. This report shall categorize Beneficiaries into the following groups:

    A. Transitioned to CPT – Beneficiaries whose trusts have been fully transferred to CPT and those still awaiting transfer.

    B. Moved to Different Trustee other than CPT – Beneficiaries whose trusts have been transitioned or will be transitioned to a third-party trust administrator instead of CPT.

    C. Pooled or Individual Trust but Awaiting Recoveries – Beneficiaries in a pooled or individual trust where the trust has been fully compromised and are waiting for recoveries before moving into CPT.

---

[3] Including other trust accounts even if not specifically a special needs trust account under state law.

3. CPT is ordered to preserve Beneficiaries' records and information, that are under its custody and control, including but not limited to hard-copy documents, annual reports, account statements, investment statements from financial institutions, and physical documents related to the Beneficiary's account from the inception of their SNTs to the present date ("**Beneficiary Records**").

4. The Debtor is ordered to preserve Beneficiary Records that are under its custody and control, including but not limited to hard-copy documents, annual reports, account statements, investment statements from financial institutions, and physical documents related to the Beneficiary's account from the inception of their SNTs to the present date.

5. To the extent such Beneficiary Records are available to the Debtor, Beneficiaries are entitled to reasonable access to such Beneficiary's Records. No Beneficiary Records shall be destroyed without further order of the Court.

6. Any third-party financial institutions, including but not limited to Merrill Lynch and Fidelity, are ordered to provide Beneficiaries, without assessing any additional costs to the Debtor, access to their own SNT information, including all SNT historical account information upon request after reasonable proof of identification.

7. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of the order.*