# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                                                    CASE NO.: 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                          Chapter 11

    Debtor.
_____/

MICHAEL GOLDBERG, as Chapter 11 Trustee
Of the estate of Detor, The Center for Special
Needs Trust Administration, Inc.

    Plaintiff,

v.

BIG STORM REAL ESTATE LLC, BRIAR
CAPITAL REAL ESTATE FUND LLC,
MJMRBM LLC and PEDRO FALCON,

    Defendants.
_____/

## PEDRO FALCON'S ANSWER TO COMPLAINT

    Defendant, PEDRO FALCON, by and through his undersigned counsel, answers the complaint as follows:

1. Without knowledge therefore denied.

2. Without knowledge therefore denied.

3. Admitted.

4. Without knowledge therefore denied.

5. Denied as to FALCON. Without knowledge therefore denied as to the other alleged transfers.

6. Denied as to FALCON. Without knowledge therefore denied as to the other transfers.

7. Without knowledge therefore denied.

8. Admitted that it so asserts.

## THE PARTIES

9. Admitted.

10. Admitted.

11. Without knowledge therefore denied.

12. Without knowledge therefore denied.

13. Without knowledge therefore denied.

14. Without knowledge therefore denied.

15. Without knowledge therefore denied.

16. Admitted.

## JURISDICTION AND VENUE

17. Without knowledge therefore denied.

18. Without knowledge therefore denied.

19. Without knowledge therefore denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Without knowledge therefore denied.

25. Without knowledge therefore denied.

26. Without knowledge therefore denied.

27. Without knowledge therefore denied.

28. Without knowledge therefore denied.

29. Without knowledge therefore denied.

30. Admitted.

31. Without knowledge therefore denied.

32. Without knowledge therefore denied.

33. Without knowledge therefore denied.

34. Without knowledge therefore denied.

35. Without knowledge therefore denied.

36. Without knowledge therefore denied.

37. Without knowledge therefore denied.

38. Admitted.

39. Without knowledge therefore denied.

40. Without knowledge therefore denied.

41. Without knowledge therefore denied.

42. Without knowledge therefore denied.

43. Without knowledge therefore denied.

44. Admitted.

45. Admitted.

46. Without knowledge therefore denied.

47. Without knowledge therefore denied.

48. Without knowledge therefore denied.

49. Without knowledge therefore denied

50. Without knowledge therefore denied.

51.     Admitted that BSRE purchased property at 610 Charlotte Street, Punta Gorda, Florida 33950.  Otherwise, without knowledge therefore denied.

52. Admitted.

53. Without knowledge therefore denied.

54. Without knowledge therefore denied.

55. Without knowledge therefore denied.

56. Without knowledge therefore denied.

57. Without knowledge therefore denied.

58. Without knowledge therefore denied.

59. Admitted.

60. Admitted.

61. Admitted.

62. Without knowledge therefore denied.

63.     Admitted as to the 610 Charlotte Street property, otherwise without knowledge therefore denied.

64. Without knowledge therefore denied.

65. Without knowledge therefore denied.

66. Without knowledge therefore denied.

67. Without knowledge therefore denied.

68. Without knowledge therefore denied.

## COUNT I
## ACTION TO AVOID FRAUDULENT TRANSFERS
## PURSUANT TO 11 U.S.C. SECTION 544 AND SECTION 726.105(1)(b), FLA. STAT
**(Against all Defendants)**

69. Defendant realleges his previous answers which are reincorporated herein by reference.

70. Admitted that it so states.

71. Without knowledge therefore denied.

72. Without knowledge therefore denied.

73. Without knowledge therefore denied.

74. Without knowledge therefore denied.

75. Without knowledge therefore denied.

76. Denied as to FALCON, without knowledge therefore denied as to the other Defendants.

**WHEREFORE**, Defendant, PEDRO FALCON, demands judgment in his favor, together with an award of costs and such other and further relief as this Court deems just and proper.

## COUNT II
## ACTION TO AVOID FRAUDULENT TRANSFERS
## PURSUANT TO 11 U.S.C. SECTION 544 and SECTION 726.106(1), FLA. STAT.
**(Against all Defendants)**

77. Defendant realleges its previous answers which are reincorporated herein by reference.

78. Admitted that it so states.

79. Without knowledge therefore denied.

80. Without knowledge therefore denied.

81. Without knowledge therefore denied.

82. Without knowledge therefore denied.

83. Without knowledge therefore denied.

84. Denied as to FALCON, otherwise without knowledge and therefore denied as to the other Defendants.

**WHEREFORE**, Defendant, PEDRO FALCON, demands judgment in his favor, together with an award of costs and such other and further relief as this Court deems just and proper.

### COUNT III
### ACTION TO AVOID FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. SECTION 548 (a)(1)(B)
### (Against all Defendants)

85. Defendant realleges its previous answers which are reincorporated herein by reference.

86. Admitted that it so states.

87. Without knowledge therefore denied.

88. Without knowledge therefore denied.

89. Without knowledge therefore denied.

90. Denied as to FALCON, otherwise without knowledge, therefore denied as to the other Defendants.

**WHEREFORE**, Defendant, PEDRO FALCON, demands judgment in his favor, together with an award of costs and such other and further relief as this Court deems just and proper.

### COUNT IV
### ACTION TO RECOVER PROPERTY TRANSFERRED OR VALUE OF SUCH PROPERTY AND OBTAIN INJUNCTIVE RELIEF
### 11 U.S.C. SECTION 550 AND/OR SECTION 726.108 AND 726.109, FLA. STAT.
### (Against all Defendants)

91. Defendant realleges its previous answers which are reincorporated herein by reference.

92. Denied.

93. Without knowledge therefore denied.

94. Denied as to FALCON, otherwise without knowledge as to the other Defendants.

95. Denied.

96. Denied as to FALCON, otherwise without knowledge as to the other Defendants.

97. Without knowledge therefore denied.

98. Without knowledge therefore denied.

**WHEREFORE**, Defendant, PEDRO FALCON, demands judgment in its favor, together with an award of costs and such other and further relief as this Court deems just and proper.

**COUNT V**
**UNJUST ENRICHMENT**
**(Against BSRE only)**

This Count is not directed towards this Defendant, PEDRO FALCON, therefore no response is required.

**COUNT VI**
**CONVERSION**
**(Against BSRE only)**

This Count is not directed towards this Defendant, PEDRO FALCON, therefore no response is required.

**COUNT VII**
**MONEY HAD AND RECEIVED/RESTITUTION**
**(Against BSRE only)**

This Count is not directed towards this Defendant, PEDRO FALCON, therefore no response is required.

**COUNT VIII**
**ACTION TO AVOID FRAUDULENT TRANSFERS**
**PURSUANT TO SECTION 726.106(1), FLA. STAT**
**(Against BSRE only)**

This Count is not directed towards this Defendant, PEDRO FALCON, therefore no response is required.

**COUNT IX**
**ACTION TO AVOID FRAUDULENT TRANSFERS**
**PURSUANT TO SECTION 726.105(1)(b), FLA. STAT.**
**(Against BSRE only)**

This Count is not directed towards this Defendant, PEDRO FALCON, therefore no response is required.

**COUNT X**
**ACTION TO RECOVER PROPERTY TRANSFERRED OR VALUE**
**OF SUCH PROPERTY AND OBTAIN INJUNCTIVE RELIEF**
**PURSUANT TO SECTION 726.108 AND 726.109, FLA. STAT.**
**(Against BSRE only)**

This Count is not directed towards this Defendant, PEDRO FALCON, therefore no response is required.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As his first defense, PEDRO FALCON, would state that he was the prior owner of the real property located at 610 Charlotte Street, Punta Gorda, Florida. BSRE purchased the property from Mr. Falcon in an arm's-length transaction on May 28, 2020, whereby Mr. Falcon took back a purchase money mortgage as part of the purchase price. The purchase price was at the current fair market value of the property. The only "transfers" to Mr. Falcon have been the original down payment and mortgage payments made until BSRE's default in September of 2024. Mr. Falcon entered into the sale and mortgage in good faith and without knowledge of the prior transfers as alleged in the complaint.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished on this this 6th day of March 2025 via electronic mail by the Court's CM/ECF electronic mail system to all parties receiving electronic noticing.

                            **THE JOHN CHAPMAN LAW FIRM, P.A.**
                            1515 Ringling Boulevard, Suite 870
                            Sarasota, Florida  34236
                            Telephone: (941) 404-4616
                            Facsimile:  (941) 404-4605
                            Primary email:  jchapman@johnchapmanlaw.com
                            Secondary email:  assistant1@johnchapmanlaw.com

By:     */s/ John W. Chapman, Jr.*
           John W. Chapman, Jr.
           Florida Bar No. 0846820
           Attorney for Defendant, Pedro Falcon