**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

      Debtor.

_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS' OMNIBUS OBJECTIONS TO FINAL ACCOUNTINGS**

The Official Committee of Unsecured Creditors (the "**Committee**"), by counsel and pursuant to Sections 105 of the Bankruptcy Code, hereby objects to all final accountings rendered or issued by the former trustee, The Center for Special Needs Trust Administration, Inc. (the "**Debtor**") of various special needs trusts, whether pooled or stand-alone. In support of this "**Objection**," the Committee states as follows:

**Basis of Relief Sought**

1.      The Debtor is a 501(c)(3) non-profit Florida corporation that provided trustee and fiduciary services for beneficiaries, and their representatives and/or fiduciaries, related to the formation and administration of special needs trusts.  As the Court and creditors are well aware, the Debtor's leadership discovered that between the years 2009 to 2020 approximately $100 million of trust property under the Debtor's "fiduciary control" was paid out as a loan by the Debtor to a "questionable borrower" under a purported line of credit agreement.  *See* Doc. No. 7.

2.      The Debtor filed a chapter 11 petition on February 9, 2024, and shortly thereafter, Michael Goldberg was appointed as Chapter 11 Trustee ("**Trustee**").

3.      The Debtor closed its operations pursuant to a Wind Down Order (Doc. Nos. 376, 409), following which accounts, assets, and property for various special needs trusts are either

being moved to CPT Institute, as the "default" successor trustee or to alternate third-party successor trustees.

4.      In connection with the wind down, and as required by most state laws, the Chapter 11 Trustee and his professionals have prepared, or are in the process of preparing, a final accounting for each of the special needs trusts  and delivering the same to the beneficiaries of those special needs trusts, as trust assets and property are transferred either to CPT Institute, as the default successor trustee to the Debtor, or to alternate third-party trustees as successor trustee to the Debtor.

5.      Trust law is based on and derived from state law (and not federal law). Each trust, based on its own terms and provisions, generally states the applicable state law that is to govern that particular trust.  Trust codes in each state govern special needs trusts (and other types of trusts) if a trust is silent itself on a particular issue, including the issue of the law that is to govern a particular trust. For example, Florida Stat. 736.08135 provides in pertinent part:

**(1)    A trust accounting must be a reasonably understandable report from the date of the last accounting or, if none, from the date on which the trustee became accountable, that adequately discloses the information required in subsection (2).**
**(2)(a)    The accounting must begin with a statement identifying the trust, the trustee furnishing the accounting, and the time period covered by the accounting.**
**(b)    The accounting must show all cash and property transactions and all significant transactions affecting administration during the accounting period, including compensation paid to the trustee and the trustee's agents. Gains and losses realized during the accounting period and all receipts and disbursements must be shown.**
**(c)    To the extent feasible, the accounting must identify and value trust assets on hand at the close of the accounting period. For each asset or class of assets reasonably capable of valuation, the accounting shall contain two values, the asset acquisition value or carrying value and the estimated current value. The accounting must identify each known noncontingent liability with an estimated current amount of the liability if known.**
**(d)    To the extent feasible, the accounting must show significant transactions that do not affect the amount for which the trustee is accountable, including name changes in investment holdings, adjustments to carrying value, a change of custodial institutions, and stock splits.**

**(e)   The accounting must reflect the allocation of receipts, disbursements, accruals, or allowances between income and principal when the allocation affects the interest of any beneficiary of the trust.**
**(f)   The trustee shall include in the final accounting a plan of distribution for any undistributed assets shown on the final accounting…**

6.      Each trust, or the applicable state trust laws, mandate that beneficiaries who receive an accounting from a trustee, or a former trustee, object to the accounting within a certain period of time.  For example, Florida Stat. § 660.46 provides:

**[] Objections to a final trust accounting may be filed by any interested party who has not filed a waiver or consent, and, to be considered by the court, any such objections must be filed with the court and served on the original fiduciary within 60 days after a copy of the final trust accounting and notice of the filing of the final trust accounting have been sent to such interested person.**

7.      Additionally, Florida Chap. 736 provides a 6-month statute of limitations for a beneficiary to bring an action against a former trustee for breach of trust. See e.g. Fla. Stat. 736.1008(2), and (4)(a) limitation language:

**(2) Unless sooner barred by adjudication, consent, or limitations, a beneficiary is barred from bringing an action against a trustee for breach of trust with respect to a matter that was adequately disclosed in a trust disclosure document unless a proceeding to assert the claim is commenced within 6 months after receipt from the trustee or a trust director of the trust disclosure document or a limitation notice that applies to that disclosure document, whichever is received later.**

**(4)(a) An action for breach of trust based on matters disclosed in a trust accounting or other written report of the trustee or a trust director may be subject to a 6-month statute of limitations from the receipt of the trust accounting or other written report. If you have questions, please consult your attorney.**

8.      To the extent that beneficiaries must object to a final accounting within a timeframe related to its own terms and provisions, Florida Chapter 736, other applicable state law, the Committee respectfully objects to **all** final accountings on behalf of each and every trust beneficiary to preserve any argument that he or she did not timely raise an objection.

9.     Given the circumstances of this case, an objection is merely necessary to ensure no beneficiary is deemed to acquiesce to the acts of the Debtor and the Debtor's former officers and directors who compromised so many beneficiaries' accounts.

**WHEREFORE**, the Committee respectfully files this Objection to final accountings, whether they have been already sent, or will be sent, to preserve all beneficiaries' rights and maintain the status quo between them, and requests the Court enter an order merely acknowledging all beneficiaries' objections to their final accounting as of the date hereof.

Dated this April 23, 2025.

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email:  mmurray@underwoodmurray.com
*Counsel to the Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, which was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee, Debtor's Counsel, and the Trustee's Counsel on April 23, 2025.

/s/ Megan W. Murray
Megan W. Murray