## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## www.flmb.uscourts.gov

In re:

THE CENTER FOR SPECIAL NEEDS                Case No. 8:24-bk-00676-RCT
TRUST ADMINISTRATION, INC.,

                                            Chapter 11

       Debtor.

_____/

## RESPONSE IN OPPOSITION TO CHAPTER 11
## TRUSTEE'S MOTION TO ENFORCE THE AUTOMATIC STAY, OR
## IN THE ALTERNATIVE, MOTION TO EXTEND THE AUTOMATIC STAY (DOC. 576)

Carol Mulholland, as Guardian Advocate of the Person and Property of JF, a vulnerable and disabled adult, and a creditor and beneficiary in the above-captioned case and a plaintiff in a separate lawsuit against non-debtor parties ("Plaintiff" or "Mulholland"), by and through undersigned counsel, hereby files this Response in Opposition to the Chapter 11 Trustee's Motion to Enforce the Automatic Stay, or in the Alternative, Motion to Extend the Automatic Stay (the "Motion")(Doc. 576), and in support thereof states as follows:

## SUMMARY OF THE ARGUMENT

The Motion is a transparent attempt to halt legitimate state court proceedings against non-debtor third parties under the guise of bankruptcy protection. Plaintiff has a relationship of privity with the defendants in her state court litigation. The Motion is an attempt to derail the Plaintiff's pursuit of independent claims because of an apparent fear that Plaintiff will collect against these third parties and even perhaps receive insurance proceeds from a policy that the Trustee might seek to recover from later. The Trustee's overreaching interpretation of the automatic stay is

unsupported by the Bankruptcy Code, controlling precedent, and the facts of this case. The Motion should be denied in its entirety.

## **FACTUAL BACKGROUND**

In March of 2024, Mulholland sued the Staunton & Faglie, PL law firm, and its partners and managers, Floyd Faglie, PL and Floyd Faglie (the "SF Defendants"). Mulholland and JF were directly represented by those people and entities through, at least, January 2022. The complaint seeks damages for their breaches of fiduciary duty, and their violations of F.S. 415.1111 – the Florida Statute that provides relief to disabled and vulnerable adults who have been victims of breaches of fiduciary duties and exploitation – stemming from their double dealing which created actual and potential conflicts of interest. While they represented Mulholland they also represented the Center for Special Needs Trust Administration, Inc. ("CSNTA" or "Debtor").  Neither their representation, nor the actual or potential conflicts were disclosed to Mulholland.

As set forth in the Hillsborough County Circuit Court lawsuit (Case Number 24-CA-002303) (the "State Court Action"), it is alleged that through the actions and omissions of the Staunton & Faglie Defendants, a seven figure tort recovery, finally secured after a judgement obtained over two decades earlier, was directed by the SF Defendants to be deposited with CSNTA. Unknown to Ms. Mulholland, but, as alleged, either known by the SF Defendants, or something that should have been known by them, the CSNTA was not acting in the fiduciary best interests of JF, and unlikely would do so upon receipt of the tort recovery for which she had fought for more than 20 years.

In the State Court Action, Floyd Faglie has been deposed, and the Plaintiff has obtained a significant amount of discovery. More than a year after the case was begun, the Trustee filed a 'motion to intervene' for the 'liability insurance' that may be available to the SF Defendants. Of note, the case – unlike, for example, a first party claim for insurance benefits under an uninsured

motorist policy – is against the lawyers and law firms. It is not 'for an insurance policy'. There may be coverage, but Mulholland has a right to sue them whether there is coverage or not.  Also of note, the Trustee, in filing the 'motion to intervene', failed to attach any pleading advising how it was going to intervene, or the putative causes of action it would make against the SF Defendants. A few weeks later the Trustee withdrew its motion to intervene. Subsequently, it filed the instant motion, seeking to extend the debtor's stay to non-debtors against whom a direct action had been brought.  But it's obvious what is happening.

## <u>LEGAL ARGUMENT</u>

### I.    The Automatic Stay Does Not Apply to Non-Debtor Third Parties

The requirements for a request to "extend" the stay under 11 U.S.C. § 105(a) are stringent, as such relief is considered extraordinary and requires a clear showing of necessity to protect the bankruptcy estate. Courts have consistently emphasized that the extension of the automatic stay to non-debtors is not automatic and must be supported by evidence of unusual circumstances or irreparable harm to the debtor's estate. The relief is typically granted through an injunction under § 105(a) and is subject to the traditional standards for injunctive relief, including a showing of irreparable harm, likelihood of success on the merits, and that the relief is necessary to protect the administration of the bankruptcy estate.

Courts have repeatedly held that the automatic stay under 11 U.S.C. § 362(a) generally applies only to actions against the debtor or property of the estate, and not to non-debtor third parties. See, e.g., *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (noting that extension of the stay to non-debtors is only appropriate in "unusual circumstances," such as when there is such an identity between the debtor and the third-party defendant that a judgment against the third party would, in effect, be a judgment against the debtor). The "unusual circumstances"

doctrine is not self-executing; it is a judicially created exception that must be established by the party seeking the extension.

Courts have made clear that, to obtain an injunction under § 105(a) extending the stay, the movant must satisfy the traditional four-factor test for injunctive relief: (1) that the debtor would suffer irreparable injury if the injunction were not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on a defendant; (3) that the debtor has exhibited a likelihood of success on the merits; (4) that the public interest will not be adversely affected by the granting of the injunction. See, e.g., *In re Bora Bora Inc*., 424 B.R. 17, 21 (Bankr. D.P.R. 2010) (A request for injunctive relief under § 105(a) requires clear and convincing evidence that the estate would be substantially and adversely affected by the continuation of actions against co-debtors.). This would also require an adversary proceeding, which is not the case here. *See* Rule 7001.

Courts have emphasized that the extension of the stay is not a matter of right, but rather a matter of discretion, and should be granted only where truly necessary to protect the estate. *See In re Goldberg,* 221 B.R. 907, 909 (Bankr. M.D. Fla. 1998) (Injunctive relief under § 105(a) is an extraordinary remedy and must be essential to assist the debtor's rehabilitation process).

In the context of this case, the Chapter 11 Trustee's request to extend the automatic stay to non-debtor parties must be supported by specific evidence demonstrating that: (1) the litigation against the non-debtors would have an immediate and adverse economic consequence for the estate; (2) there is a close identity of interests between the debtor and the non-debtor such that a judgment against the non-debtor would, in effect, be a judgment against the debtor; (3) the continuation of the litigation would impose a substantial burden on the estate, such as by requiring the debtor or its professionals to participate extensively in discovery or by creating a risk of collateral estoppel

or inconsistent judgments; and (4) the requested relief is necessary to preserve the assets of the estate and to ensure the orderly and equitable administration of the bankruptcy case.

For example, in *In re Lomas Financial Corp.*, 117 B.R. 64 (S.D.N.Y. 1990), the court affirmed the bankruptcy court's decision to enjoin litigation against non-debtor officers of the debtor, finding that the litigation would distract key personnel from the reorganization process and could have a preclusive effect on the debtor's interests. The court emphasized that such relief is only appropriate where there is a clear showing of irreparable harm and a likelihood of success on the merits.

In contrast, courts have denied requests to extend the stay where the movant failed to provide specific evidence of harm to the estate or where the connection between the debtor and the non-debtor was too attenuated. See *In re Electronic Theatre Restaurants Corp.*, 53 B.R. 458, 462 (N.D. Ohio 1985) (reversing extension of the stay to non-debtors where the debtor failed to meet the traditional test for injunctive relief).

The Motion is premised on the erroneous assertion that the automatic stay under 11 U.S.C. § 362(a) should be extended to cover state court litigation against non-debtor parties—specifically, the SF Defendants. The Eleventh Circuit and courts within this District have repeatedly held that the automatic stay is limited to actions "against the debtor" and does not extend to non-debtor third parties absent truly extraordinary circumstances. See, e.g., *Omnipol, a.S. v. Multinational Def. Servs., LCC,* 2019 WL 4891398, at *2 (M.D. Fla. June 3, 2019) ("The automatic stay under section 362 of the Bankruptcy Code does not act as a stay against a creditor pursuing truly independent causes of action against the Debtors' officers, directors or shareholders.").

In sum, the extension of the automatic stay to non-debtors under § 105(a) is an extraordinary remedy that is only available upon a clear and convincing showing that such relief is necessary to protect the bankruptcy estate, and only where the traditional standards for injunctive

relief are satisfied. The movant bears the burden of proof, and the court must make specific findings of fact supporting the necessity of the injunction.

The Plaintiff's State Court Action is directed solely at the SF Defendants for their independent acts and omissions. The Debtor is not a party to the State Court Action, and the claims asserted do not seek to recover property of the estate or otherwise interfere with the administration of the bankruptcy estate. The Trustee's attempt to recast these claims as "intertwined" with the Debtor's alleged misconduct is a red herring and does not transform third-party liability into a claim against the estate.

## II. Claims Asserted Are Not Property of the Estate and Do Not Warrant Extension of the Automatic Stay

### A. Nature of the Claims: Direct, Particularized Harm to Plaintiff, Not the Estate

The claims at issue—breach of fiduciary duty, exploitation of a vulnerable and disabled adult, and failure to inform—are asserted directly by the plaintiff against non-debtor parties, specifically certain SF Defendants. The allegations focus on duties owed to the Plaintiff individually, including the duty to inform her of the Debtor's alleged mishandling or misappropriation of trust funds, and the resulting harm suffered by the plaintiff as a vulnerable and disabled adult. These are not generalized claims for harm suffered by all creditors or beneficiaries of the Debtor, but rather are claims for particularized injuries unique to the Plaintiff.

### B. Claims Are Not Estate Property Under 11 U.S.C. § 541

Under 11 U.S.C. § 541, property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case, including causes of action that belong to the debtor. However, courts have consistently held that if a cause of action asserts a particularized injury to an individual creditor, and not a generalized injury to the debtor or the estate, such a claim does not become property of the estate and is not subject to the automatic stay. As explained in

Sec. *Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 443 B.R. 295, 314 (Bankr. S.D.N.Y. 2011):

> "If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action. In order to assert such a claim independently of the administration of the bankruptcy case, a creditor must have suffered an injury 'significantly different' from the injuries to creditors in general. Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate."

Here, the Plaintiff's claims are based on the SF Defendants' alleged failure to inform her of the Debtor's conduct and the resulting loss to her individual trust account. The complaint does not allege that the SF Defendants misappropriated estate property or that the harm was suffered by the estate as a whole. Instead, the claims are based on duties owed directly to the Plaintiff and the unique harm she suffered as a result of the SF Defendants' alleged conduct.

### C. Allegations Do Not Require Predicate Findings Against the Debtor

The motion to enforce the automatic stay argues that the state court action should be stayed because it "relies on a predicate finding by the State Court that the Debtor misappropriated, mishandled, or misused funds." However, a review of the complaint and the discovery requests demonstrates that the Plaintiff's claims are not actually allegations against the Debtor, but rather against the SF Defendants for their own independent conduct. The Plaintiff alleges that the SF Defendants breached their fiduciary duties to her by failing to inform her of an obvious conflict of interest, an obligation they owed to the Debtor personally, not that the Debtor itself committed actionable wrongs against her for which the estate would be liable in this action.

As the court in *In re Jefferson County, Ala*., 491 B.R. 277, 286 (Bankr. N.D. Ala. 2013) recognized, the automatic stay may be extended to non-debtors only where the claims against the non-debtor and the debtor are "inextricably interwoven," such as where there is an indemnification agreement or where a judgment against the non-debtor would, in effect, be a judgment against the debtor. That is not the case here. The Plaintiff's claims do not seek to impose liability on the Debtor, nor do they require the state court to adjudicate the Debtor's liability as a predicate to relief against the law firm defendants.

### D. No Identity of Interest or Immediate Adverse Economic Consequence to the Estate

The extension of the automatic stay to non-debtors is only appropriate in "unusual circumstances," such as when there is a close identity of interests between the debtor and the non-debtor, or when the litigation would have an immediate adverse economic consequence for the estate. See *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986*); In re Jefferson County, Ala*., 491 B.R. at 286. Here, there is no such identity of interest. The Plaintiff's claims are not derivative of the Debtor's liability, nor do they seek to recover property of the estate. The relief sought is against the Law Firm Defendants for their own alleged breaches of duty to the Plaintiff, not for actions taken on behalf of or in concert with the Debtor.

### E. Discovery Requests Do Not Transform the Claims into Estate Property

While the Motion points to the Plaintiff's discovery requests as evidence of overlap with the estate's interests, the mere fact that discovery may touch on facts relevant to the Debtor's conduct does not convert the Plaintiff's claims into estate property or make them subject to the automatic stay. As the court in *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* explained, the key inquiry is whether the claims themselves are for particularized harm to the Plaintiff, not whether the facts underlying the claims may also be relevant to the estate's causes of action.

In sum, the Plaintiff's claims for breach of fiduciary duty, exploitation of a vulnerable and disabled adult, and failure to inform are direct, particularized claims against non-debtor parties. They do not belong to the estate, do not require predicate findings against the Debtor, and do not present the type of "unusual circumstances" that would justify extension of the automatic stay under 11 U.S.C. § 105(a). The automatic stay should not be extended to bar the Plaintiff's independent action against the Law Firm Defendants.

### III. The Trustee's "Intertwined Claims" Theory Is Legally and Factually Baseless

The Motion relies heavily on the argument that the State Court Action "relies on a predicate finding by the State Court that the Debtor misappropriated, mishandled, or misused funds," and that this somehow justifies imposition of the stay. This is a gross distortion of both the law and the Plaintiff's claims. The automatic stay is not triggered merely because a state court action may involve factual overlap with issues relevant to the bankruptcy. The relevant inquiry is whether the action is "against the debtor," seeks to recover estate property, or would have an immediate adverse economic consequence for the estate. None of these conditions are met here.

The Plaintiff's claims against the Law Firm Defendants are based on their independent duties to the Plaintiff, including the duty to inform and protect the Plaintiff from foreseeable harm. The relief sought is not against the Debtor or its property, but against the Law Firm Defendants for their own conduct. The Trustee's assertion that the state court's findings could have "preclusive effects" or create "inconsistent rulings" is speculative at best and does not provide a legal basis for extending the stay. If the Trustee is concerned about collateral estoppel or issue preclusion, the appropriate remedy is to seek to intervene or otherwise participate in the state court action—not to shut it down entirely.

### V. The Trustee's Cited Authority Is Inapposite

The Trustee's reliance on cases such as *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 443 B.R. 295 (Bankr. S.D.N.Y. 2011), is misplaced. This case involved actions that were, in substance, attempts to recover estate property. Here, the Plaintiff's claims are personal, direct, and independent of the estate's claims. The Trustee's attempt to conflate these distinct legal theories is unavailing.

## VI. The Trustee Has Not Met the Burden for Extending the Stay

Even if the Court were to consider the Trustee's alternative request to "extend" the stay under 11 U.S.C. § 105(a), such relief is extraordinary and requires a clear showing of necessity to protect the estate. The Trustee has made no such showing. The mere possibility of factual overlap or inconvenience does not justify the extraordinary remedy of enjoining independent state court litigation against non-debtors.

In conclusion, there are often times when a bankruptcy estate has claims against third parties while other third parties do as well. The bankruptcy estate cannot use the stay so that it gets to sue that third party first and try to collect before another can. The estate is in the same position as other creditors. That same "race to the courthouse" that takes place every time two plaintiffs seek to sue the same defendant. The stay is a shield, not a sword.

WHEREFORE, the Trustee respectfully requests this Court grant the Motion, and for such other and further relief this Court deems appropriate.

Dated: July 9, 2025

Respectfully submitted,

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 51265
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Ste. 300
Orlando, Florida 32801
Phone: (407) 966-2680

E-mail: mnardella@nardellalaw.com
Secondary email: msayne@nardellalaw.com

**_ATTORNEYS FOR CAROL MULHOLLAND_**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on July 9, 2025, a true and correct copy of the foregoing was served via electronic notice through the CM/ECF system to all parties registered to receive electronic notices via CM/ECF.

_/s/ Michael A. Nardella_
Michael A. Nardella, Esq.