**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS ADMINISTRATION, INC.,

    Debtor.

_____/

Case No. 8:24-bk-00676-RCT TRUST

Chapter 11

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO MOTION FOR AUTHORITY FOR THE CHAPTER 11 TRUSTEE AND DEBTOR'S CHIEF RESTRUCTURING OFFICER TO EXECUTE JOINDERS TO COMPLETE TRANSFERS TO SUCCESSOR TRUSTEE OR, IN THE ALTERNATIVE, MOTION TO ABANDON ADMINISTRATION OF CERTAIN TRUSTS**
**(DOC. 629)**

The Official Committee of Unsecured Creditors ("**Committee**") files its Response to the Chapter 11 Trustee's Motion for Authority for the Chapter 11 Trustee and Debtor's Chief Restructuring Officer to Execute Joinders to Complete Transfer to Success Trustee or, In the Alternative, Motion to Abandon Administration of Certain Trusts (Doc..629) ("**Motion**"), and in furtherance thereof states:

The Committee and the Chapter 11 Trustee, along with the Estate's[1] professionals, have been working cooperatively throughout this case to assist the Beneficiaries. It cannot be disputed that every party working for the Beneficiaries wants only the best for the Beneficiaries. Yet, the Committee cannot yet consent to the relief requested in the Motion without additional information.

The Committee has worked with the Trustee and CPT Institute ("**CPT**") to develop Wind Down procedures that will unshackle the estate from the burdensome cost of continuing to administer the trusts (See Doc. No. 376 and 409). The execution of a Joinder by Beneficiaries,

---

[1] Chapter 11 estate for The Center for Special Needs Trust Association, Inc. Unless otherwise noted, all capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

however, as mentioned by the Estate in its Motion, was not part of the Wind Down process, but came up after the Court granted the relief as requested in the wind down procedures. The Committee has had regular and frequent communication with Beneficiaries and understands that perhaps some of the reason for Beneficiaries' hesitance in executing joinders with CPT is related to the move of some of Debtor's employees to CPT (even though the Estate and the Committee advised of this possibility in the Wind Down process (See Doc. No. 376, at 16). In other cases, Beneficiaries may have passed away or moved.

The Committee appreciates the work CPT has done to facilitate a transfer of trusts, but the Committee needs additional time and information before the Motion is granted to ensure all Beneficiaries are informed and protected.

The Committee would like to obtain the breakdown of the Remaining Beneficiaries' information along with a call log related to CPT's or the Debtor's last known communication attempts relating to:

> (1) those who have not responded to the Debtor's or CPT's request to execute a Joinder – a legally binding agreement that affects CPT as the successor trustee for the Remaining Beneficiaries;
> (2) those who have stopped responding to such requests;
> (3) those who continue to respond but refuse to sign the Joinder;
> (4) those who CPT has not reached out to or communicated with, and
> (5) Remaining Beneficiaries whom neither CPT nor the Debtor have been unable to locate.

Understanding which Beneficiary falls into which category above will enable the Committee to reach out to as many Remaining Beneficiaries as possible and explain the urgent choices that need to be made.

The Committee also needs additional information and clarification regarding the meaning and implication of "abandonment" of a trust. The 237 Remaining Beneficiaries' trusts have actual cash or assets (not compromised) of over $14 million. The legal implication of abandonment of

these trust and assets is unclear and needs to be clarified so Beneficiaries can make a meaningful decision with respect to their trusts.

Finally, the Joinder attached to the Motion refers to an "irrevocable contract." After having been victimized by the Debtor's prior bad acts, some of the terms in the paperwork the Beneficiaries receive can be confusing and scary. The Committee request that any order requiring the execution of a Joinder with this language clarify that "irrevocability" is a trust term of art that protects the Beneficiaries' eligibility for government benefits, but that it in no way prevents a Beneficiary from moving his or her trust to a new trust administrator from CPT at a later date.

The Committee has been discussing these requests with the Estate and CPT to ensure the Remaining Beneficiaries maintain their qualifications for critical public assistance benefits, while ensuring the estate can wind down its trust business efficiently.

WHEREFORE, the Committee respectfully requests the Court require production of a call log with the break down as set forth above, and to continue the hearing for a period of 30 days to allow the Committee and Estate to discuss an order and process relating to the Committee's concerns above, and for all other relief the Court deems appropriate.

Dated: July 31, 2025

Respectfully Submitted,

*/s/ Megan W. Murray*
Megan W. Murray
Florida Bar Number 0093922
Scott A. Underwood
Florida Bar Number 730041
Daniel E. Etlinger
Florida Bar Number 0077420
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: mmurray@underwoodmurray.com

sunderwood@underwoodmurray.com
detlinger@underwoodmurray.com

*Counsel to the Committee*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and accurate copy of the forgoing, which was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF on August 1, 2025, including the United States Trustee, who is registered to receive electronic notices in this case.

Dated: August 1, 2025.

*/s/ Megan W. Murray*
Megan W. Murray