**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**CHAMBERLIN CREDITORS' OBJECTION TO (I) APPLICATION TO EMPLOY AND RETAIN KOZYAK TROPIN & THROCKMORTON LLP AS SPECIAL LITIGATION COUNSEL TO MICHAEL GOLDBERG (DOC. 633); AND (II) UNDERWOOD MURRAY P.A.'S NOTICE OF EXPANSION OF SCOPE OF EMPLOYMENT TO BE TRUSTEE'S CONFLICTS COUNSEL (DOC. 634)**

    Creditors Clark Chamberlin, by and through Todd Chamberlin and Kelli Chamberlin (the "Chamberlins"), pursuant to 11 U.S.C. § 327(c), submit this Objection to the (I) the Chapter 11 Trustee's Application to Employ and Retain Kozyak Tropin & Throckmorton LLP as Special Litigation Counsel to Michael Goldberg (Doc. 633) ("KTT Application"); and (II) Underwood Murray P.A.'s Notice of Expansion of Scope of Employment to Be Trustee's Conflicts Counsel (Doc. 634) ("UM Notice") (KTT Application and UM Notice together, "Applications"). Due to the actual and unwaivable conflict of interest that Kozyak Tropin & Throckmorton LLP's ("KTT") and Underwood Murray P.A.'s ("UM") (UM and KTT together, "Applicants") representation of the Chapter 11 Trustee would present, the Applications should be denied.

**Background**

    As the Court is aware, the Debtor pre-petition served as trustee of nearly 2,000 special needs trusts, including Clark Chamberlin's, from which approximately $100 million was misappropriated over a decade-long period. Shortly after this bankruptcy case was filed, the Chamberlins filed a class action arising from the misappropriation of trust assets against non-

debtor third parties ("Class Action"), which the Court ultimately held subject to the Bankruptcy Code's automatic stay. (Doc. 314).[1] In litigating the automatic stay issue, the Chapter 11 Trustee took the position that the Class Action "illegitimize[ed] the largest asset of the estate"—the purported BFG loan documents papering the misappropriating transactions—by arguing "the so-called loans were never legitimate." Appellee's Brief, *Chamberlin v. Goldberg*, Case No. 8:24-cv-01962-WFJ (M.D. Fla. Jan. 22, 2025), ECF No. 15 at 10–11. The Chapter 11 Trustee took further issue with the Class Action "attack[ing] the conduct of the Debtor," and alleging claims "derived in large part from [Class Action defendants'] actions as officers, directors, and 'agents' of the Debtor," arguing such claims were stayed as claims against the Debtor. *Id.*

Now, the Chapter 11 Trustee seeks to employ KTT to bring the same claims he argued were so detrimental to the estate when brought in the Chamberlins' Class Action—Beneficiaries' claims against third-parties "arising from the same nexus of facts that led to this Chapter 11 proceeding"—not on behalf of the estate, but "on behalf of a class of Beneficiaries, or individually on behalf of any particular Beneficiary." KTT App. ¶¶ 8, 10, 12, 13.[2] At the same time, UM—which is also Court-appointed counsel to the Unsecured Creditors' Committee ("UCC") in this case where the majority of unsecured creditors are trust Beneficiaries—seeks to expand its employment as the

---

[1] That ruling was subsequently appealed to the District Court, which affirmed, and is now on appeal to the Eleventh Circuit. More recently, the Court denied the Chapter 11 Trustee's motion to enforce the automatic stay as to a lawsuit brought for another Beneficiary creditor of the Debtor. (Doc. 624).

[2] The KTT Application states KTT will be entitled to a contingency fee up to 33% of the total recovery. KTT App. ¶ 26c. Ironically, in moving to enforce the automatic stay against the Class Action, the Chapter 11 Trustee argued, "Counsel for the Class Plaintiffs would also seek a contingency fee that would further harm the trust beneficiaries by effectively depleting the sums due . . . by as much as 33%," and "[f]or these reasons and more, the so-called 'Class Plaintiffs' must be stopped." (Doc. 290 at 11). The Chapter 11 Trustee is aware the Chamberlins' counsel has always been willing to consider a contingency fee in a lesser percentage, which would have to be approved pursuant to Fed. R. Civ. P. 23(h).

2

Chapter 11 Trustee's "special conflicts counsel" to "assist the Trustee in related and connected recovery efforts including but not limited to evaluation and prosecution of claims against the third parties by the bankruptcy estate, which may be brought in connection with or alongside claims by the Trustee on behalf of beneficiaries." UM Not. ¶ 3. Then, "[i]n the event of a settlement of claims brought against any such party or a mutual asset recovery effort from the same party, KTT, the Trustee, Underwood Murray, and the Trustee's general bankruptcy counsel will work collectively to properly allocate the value derived." *Id.* ¶ 4; *see also* KTT App. ¶ 11.

In other words, in the event a third party, say American Momentum Bank, is sued and agrees to fund a settlement of both the estate's claims and the direct claims of the estate's Beneficiary creditors, the Chapter 11 Trustee will work with the Chapter 11 Trustee's counsel, the Chapter 11 Trustee's other counsel, and the Chapter 11 Trustee's firm to negotiate how much goes to the estate versus Beneficiaries. All attorneys meant to represent Beneficiaries' interests—KTT as class counsel for Beneficiaries' direct claims and UM as counsel to the UCC—will be beholden to their other client, Michael Goldberg, who as the estate's representative and fiduciary holds interests that are directly adverse. This conflict of interest requires Applicants' appointments be denied. In doing so, the Court will take the important step to protect the estate's Beneficiary creditors.

## Objection and Argument

The Chapter 11 Trustee's requested employment of KTT and UM is precluded in these circumstances.

At the outset, there is no basis or authorization in the Bankruptcy Code for the Chapter 11 Trustee to retain KTT to bring Beneficiaries' direct claims. While the KTT Application does not specify the Bankruptcy Code provision under which it is brought, a bankruptcy trustee's ability to

hire attorneys and other professionals derives from 11 U.S.C. § 327. Section 327(a) permits a bankruptcy trustee, "with the court's approval, [to] employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate . . . to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). As relevant here, the Chapter 11 Trustee's duties are to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. §§ 704(a)(1), 1106(a)(1). But as the KTT Application makes clear, the Chapter 11 Trustee seeks to employ KTT not to pursue estate claims, but to prosecute Beneficiaries' direct third-party claims on behalf of Beneficiaries and their trusts—making § 327(a) inapplicable. KTT App. ¶ 9.

That leaves § 327(e), which allows a trustee to "employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor . . . if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter." 11 U.S.C. § 327(e). The Chapter 11 Trustee does not claim KTT has ever represented the Debtor, so § 327(e) does not apply either. Thus, § 327 does not permit the Chapter 11 Trustee's appointment of KTT to prosecute Beneficiaries' claims.

The Applications must also both be denied for a crucial reason: the actual conflict of interest the Chapter 11 Trustee's employment of UM and KTT would present. A bankruptcy trustee may only employ attorneys "that do not hold or represent an interest adverse to the estate." § 327(a), (e). Moreover, where a trustee's proposed attorney has represented a creditor of the estate, when another creditor objects "the court shall disapprove such employment if there is an actual conflict of interest." § 327(c); *see also In re Fullenkamp*, 477 B.R. 826, 832 (Bankr. M.D. Fla. 2011) ("Sections 327(a) and 327(c) impose *a per se* disqualification on any attorney who has an actual conflict of interest."). Such disqualifying adverse interest has been defined as "serving as

4

an attorney for a person possessing, either an economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant." *Electro-Wire Prods. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 361 (11th Cir. 1994) (citation modified). Additionally, "courts have held that an actual conflict of interest exists where there is an active competition between two interests, in which one interest can only be served at the expense of the other." *Fullenkamp*, 477 B.R. at 832 (quotations omitted). These conflicting and adverse interests are facially apparent in the Applications.

As both Applications state, the Chapter 11 Trustee would retain UM to prosecute the estate's claims against third parties, and KTT to prosecute Beneficiaries' claims <u>against the same defendants</u>, with the Chapter 11 Trustee and his counsel determining how to allocate between Beneficiaries and the estate the value of any recovery from the same defendant. UM Not. ¶ 4; KTT App. ¶ 11. In this circumstance, Beneficiaries—who are purportedly represented by KTT as class counsel, and by UM as counsel to the UCC—have a competing interests in obtaining the greatest amount possible from any mutual recovery, whether by settlement or judgment, which in turn would "tend to lessen the value of the bankruptcy estate" and "create a dispute in which the estate is a rival claimant" to the fund. *See Electro-Wire*, 40 F.3d at 361. Beneficiaries' "interest can only be served at the expense of" the estate, and vice-versa. *Fullenkamp*, 477 B.R. at 832. This creates an actual conflict of interest where KTT's and UM's retention by the Chapter 11 Trustee would put them at both sides of the dispute, while the Chapter 11 Trustee is smack in the middle deciding whether the estate or the Beneficiaries should get more. Will that mean the Chapter 11 Trustee fights for a lesser amount to be recovered in a class action KTT prosecutes because doing so will benefit the estate?

*Forizs & Dogali, P.A. v. Siegel*, 2012 U.S. Dist. LEXIS 136052 (M.D. Fla. Sep. 24, 2012),

5

is instructive. In that case, the bankruptcy trustee sought to employ special counsel who also represented the estate's creditor, a victim of the debtor's Ponzi scheme. *Id.* at *7. Judge Merryday found "an actual conflict of interest" because the proposed special counsel would have to simultaneously argue (a) on behalf of the estate, that creditors were entitled to a lower recovery; and (b) on behalf of the creditor, that he was entitled to a greater amount. *Id.* The same is true here. In the contemplated event of mutual recovery by the estate in its lawsuit against a defendant and for the Beneficiaries via the proposed class action against the same defendant, UM will be required to argue as counsel for the UCC that Beneficiaries are entitled to a greater amount than the estate, while taking the opposite position as the Chapter 11's special counsel where the goal is to maximize the estate's recovery. "An impartial observer might question whether [UM] would be partial to [its] client [the Chapter 11 Trustee], or those parties with whom [it] worked as counsel for the Creditor's Committee." *In re Collins Signs, Inc.*, 2004 Bankr. LEXIS 1161, at *5-6 (Bankr. M.D. Ala. May 28, 2004).

The same issue exists for KTT serving concurrently as counsel to the Chapter 11 Trustee and a class of Beneficiary creditors. *See also* Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). Indeed, "the simple fact that [Applicants] could be in a position to represent both a debtor and a party who . . . is owed money by that debtor, suggests an adverse interest." *In re Memory Lane Assisted Living of Bowdon LLC*, 2017 Bankr. LEXIS 2252, at *18 (Bankr. N.D. Ga. Aug. 11, 2017).

Additionally, an actual conflict exists because KTT's employment by the Chapter 11 Trustee "may cause [KTT] to act any differently than they would without the other representation" in prosecuting direct claims on behalf of a Beneficiary class. *Fullenkamp*, 477 B.R. at 832; *see also In re Hutch Holdings, Inc.*, 532 B.R. 866, 877 (Bankr. S.D. Ga. 2015) ("When the

representation of multiple clients is concurrent, the duties of loyalty . . . make it very difficult to overcome the 'hold' or 'represent' disqualification."). In his motion to enforce the stay against the Class Action and the appeal that followed, the Chapter 11 Trustee took the position that the Class Action impermissibly interfered with the estate by criticizing the purported BFG loan documents and the Debtor's wrongful conduct, including the Debtor's breach of fiduciary duties to Beneficiaries aided and abetted by the Class Action defendants. *Chamberlin v. Goldberg*, Case No. 8:24-cv-01962-WFJ (M.D. Fla. Jan. 22, 2025), ECF No. 15 at 10–11. This underscores the conflict KTT faces, where zealous advocacy on the Beneficiary class's behalf would require addressing the Debtor's wrongful conduct and undermining the purported BFG loan to support Beneficiaries' third-party claims, agnostically to positions taken by KTT's other client, the Chapter 11 Trustee. Thus, KTT's "judgment as to which parties are sued, and under which theories, may reasonably be questioned," further evidencing the conflict. *Collins Signs*, 2004 Bankr. LEXIS 1161, at *5.

It is because of this genuine concern that the Chamberlins object to the Applications. They want to ensure that when it comes time for all the estate's Beneficiary creditors' claims, not just Clark Chamberlin's, against non-debtor tortfeasors to be presented to a court at trial or in settlement negotiations, the counsel representing them is not conflicted. They should not be at risk that either their damages presented at trial, or the settlement amount demanded in mediation, is lower because the client calling the shots has competing motivations to settle. To analogize, in a class action where a fundamental conflict of interest exists between two classes, it is required that their interests be separately represented, including separate counsel. *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 856 (1999). Even though the Applications contemplate separate law firms will be hired to bring different claims, the same person will be deciding what to settle for in each case, and the defendants will be incentivized to try to exploit that conflict.

In light of the obvious conflict, the Chapter 11 Trustee attempts to separate between his "dual roles" as (1) trustee of the special needs trusts relying on the Wind Down Order and (2) trustee of the bankruptcy estate, claiming KTT will be retained only in his role as trustee of the trusts, while UM will represent him in his role as trustee of the estate. But that compartmentalization cannot remove the real conflict explained above.[3] The Chapter 11 Trustee would not be in a position to act as "trustee of the trusts" had he not been appointed over the bankruptcy estate of the Debtor who was trustee pre-petition. Regardless of label, Michael Goldberg will be at both sides of a dispute between Beneficiaries' and the estate's interests, as will UM and KTT as his and Beneficiaries' concurrent counsel. This conflict of interest precludes Applicants' employment.

## Conclusion

For the foregoing reasons, the Court should sustain the Chamberlins' Objection to the Applications.

Dated: August 7, 2025

Respectfully submitted.

By: *s/Caroline Herter*
David L. Ferguson FBN 981737
Jonathan M. Streisfeld FBN 117447
Caroline Herter FBN 1035444
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100

---

[3] Indeed, if the Chapter 11 Trustee truly has "dual roles" as bankruptcy trustee and trustee of the trusts—the estate's main class of unsecured creditors—it would be cause for his removal. *See* 11 U.S.C. § 324 (trustee removal for cause); *Steffen v. Menchise (In re Steffen)*, 2011 U.S. Dist. LEXIS 162018, at *12–13 (M.D. Fla. Oct. 12, 2011) ("Under § 324(a), a trustee may be removed 'for cause.' 'Cause' is properly found in situations of "or holding an interest adverse to the estate."); *Electro-Wire*, 40 F.3d at 361 (adverse interest includes possessing or representing "an economic interest that would tend to lessen the value of the bankruptcy estate"). The Chamberlins are not calling for his removal. They are simply stating a fact that supports denial of the Applications.

ferguson@kolawyers.com
streisfeld@kolawyers.com
herter@kolawyers.com

Thomas H. Leeder FBN: 746401
**LEEDER LAW**
8551 West Sunrise Blvd. | Ste. 202
Plantation, FL 33322
Telephone: (954) 734-2382
pleadings@leederlaw.com

*Attorneys for Class Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, I filed a true and correct copy of the foregoing using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause the foregoing document to be served on all parties required to be served.

By: */s/ Caroline Herter*
CAROLINE HERTER