# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                    Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                           Chapter 11

     Debtor.
_____/

**ORDER GRANTING CHAPTER 11 TRUSTEE'S RENEWED EMERGENCY MOTION**
**TO APPROVE SALE OF REAL PROPERTY OWNED**
**BY PROPERTYCRAFT ENTERPRISES LLC FREE AND**
**<u>CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND RELATED RELIEF</u>**
**(12705 DANIEL DR CLEARWATER FLORIDA)**

The Court held a hearing on _____ on the Chapter 11 Trustee's Renewed Emergency Motion to Approve Sale of Real Estate Property Owned by Propertycraft Enterprises LLC Free and Clear of All Liens, Claims, and Encumbrances, and Related Relief  (ECF No. ____) (the "<u>Motion</u>").  Having reviewed the Motion, the entire record in this Bankruptcy Case,  having heard

17

the argument of counsel and being otherwise fully advised in the premises, for the reasons stated on the record the Court **FINDS and CONCLUDES** as follows:

  A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.[3]

  B.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  C.  The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105 and 363 and Federal Rules of Bankruptcy Procedure 6004.

  D.  Notwithstanding that the notice period pursuant to Rule 2002 was shortened, based on the circumstances of the proposed sale, due and adequate notice of the Motion and of the relief requested therein has been given in accordance with the provisions of 11 U.S.C. §§ 102(1) and 363, and Federal Rule of Bankruptcy Procedure 2002 and 6004. No other or further notice of the Motion is or shall be required. Such notice is evidenced in the certificate of service attached to the Motion.

  E.  The Proposed Sale of 12705 Daniel Dr. Clearwater Florida between the Trustee and Tide LLC (the "Purchaser") for a total purchase price of $2,300,000.00 (the "Purchase Price") was the result of arm's-length, good-faith negotiations.

  F.  The Chapter 11 Trustee and the Purchaser are proceeding in good faith.

  G.  The Purchaser is unrelated to the Chapter 11 Trustee, the Debtor, or Leo Govoni.

  H.  The Purchase Price is fair and reasonable.

---

[3] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

18

82948035

I.  A sale pursuant to 11 U.S.C. § 363(b) and (f) is the only current viable alternative for preserving and capturing the value of the Real Property for the benefit of the Debtor's estate.

**ORDERED and ADJUDGED** as follows:

1.  The Motion is granted.

2.  The notice period pursuant to Bankruptcy Rule 2002 is shortened based on the emergency relief requested in the Motion.

3.  The Chapter 11 Trustee, through Nperspective Advisory Services, LLC and William A. Long, Jr., the Court appointed Chief Restructuring Officer of Propertycraft Enterprises LLC, is authorized to sell real property located at 12705 Daniel Dr. Clearwater Florida (the "Real Property")  more fully described as:

> TRACT "A"
> The North 312.00 feet of Lot 1, DANIEL'S INDUSTRIAL PARK, as recorded in Plat Book 65, Page 27, Public Records of Pinellas County, Florida.
>
> TRACT "B"
> That part of Lot 13, Pinellas Groves, in the Northeast 1/4 of Section 9, Township 30 South, Range 16 East, as recorded in Plat Book 1, Page 55 of the Public Records of Pinellas County, Florida, lying between the Northerly and Southerly boundary lines of the above Tract "A" as extended Westerly a distance of 40.00 feet to the center line of Daniel Drive, a private access road.
>
> TRACT "C"
> That part of the Southeast 1/4 of the Northeast 1/4 of Section 9, Township 30 South, Range 16 East, Pinellas County, Florida, being more particularly described as follows: Commence at the Southeast corner of the Southeast 1/4 of the Northeast 1/4 of said Section 9 and measure thence in a Westerly direction (North 89°57'22" West, Plat bearing as shown on DANIEL'S INDUSTRIAL PARK) along the South boundary thereof, a distance of 654.75 feet (654.82 feet measured); thence North 00°07'30" East (North 00°04'19" East measured), a distance of 40.00 feet; thence North 89°57'22" West, a distance of 122.39 feet; thence North 00°06'11" West (North 00°02'58" East), a distance of 634.62 feet measured to the Northwest corner of Lot 1, DANIEL'S INDUSTRIAL PARK as recorded in Plat Book 65, Page 27 of the Public Records of Pinellas County, Florida and being the Point of Beginning; thence South 89°57'22" East, a distance of 122.52 feet (122.64 feet measured) to the East line of Lot 13, Pinellas Groves, as per Plat recorded in Plat Book 1, Page 55; thence North 00°07'30"

>East (North 00°04'19" East measured) and along the same East line of Lot 13, a distance of 10.00 feet; thence North 89°57'22" West, a distance of 122.39 feet (122.64 feet measured) to a point which bears North 00°06'11" West (North 00°02'58" East measured) and 10.00 feet from the Point of Beginning; thence South 00°06'11" West (South 00°02'58" West measured), a distance of 10.00 feet to the aforesaid Point of Beginning.
>
>TRACT "D"
>That part of Lot 13, PINELLAS GROVES in the Northeast 1/4 of Section 9, Township 30 South, Range 16 East, as recorded in Plat Book 1, Page 55 of the Public Records of Pinellas County, Florida, lying between the Northerly and Southerly boundary lines of the above Tract "C", as extended Westerly a distance of 40.00 feet to the center line of Daniel Drive, a private access road

4. Moreover, the Chapter 11 Trustee has authority to sell the Real Property because he is now the sole member of Propertycraft Enterprises LLC.

5. William A. Long, Jr., on behalf of Propertycraft Enterprises LLC., pursuant to this role as Chief Restructuring Officer, is allowed to execute sale documents and any other required documentation in order to complete the sale of the Real Property.

6. The Proposed Sale of the Real Property is approved.

7. The provisions of this Order shall be binding upon and inure to the benefit of the Purchaser and the Chapter 11 Trustee and their respective successors and assigns. No third parties are intended to be or shall be deemed to be third party beneficiaries of this Order.

8. The Proposed Sale of the Real Property is undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale and any transactions related to the sale shall not affect the validity of the sale of the Real Property to the Purchaser or its assigns, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Real Property and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

82948035

9.     Pursuant Section 363(f) of the Bankruptcy Code, the Proposed Sale of the Real Property to the Purchaser is free and clear of all liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code), interests or encumbrances of any kind or nature whatsoever, that existed as of the date of this Order.

10.    The Court expressly waives the stay requirement enumerated in Federal Rule of Bankruptcy Procedure 6004, to the extent applicable, such that entry of this Order shall not be subject to an automatic fourteen (14) day stay and such that this Order is effective immediately.

11.    The Court retains jurisdiction to enter further orders that are proper and to enforce this Order.

*Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*