**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

   Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**CHAPTER 11 TRUSTEE'S REPLY IN SUPPORT OF MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH BIG STORM REAL ESTATE LLC**

  Michael Goldberg, as Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estate of The Center for Special Needs Trust Administration, Inc., (the "CSNTA" or, the "Debtor"), by and through undersigned counsel, hereby file this reply in support of the *Motion to Approve Compromise of Controversy With Big Storm Real Estate LLC* (Docket No. 659) (the "Motion") and in response to *Briar Capital Real Estate Fund LLC's Objection to Motion to Approve Compromise of Controversy With Big Storm Real Estate* (Docket No. 682) (the "Response"). In support of the Motion, the Chapter 11 Trustees states as follows:

  Briar Capital Real Estate Fund, LLC ("Briar") seeks to litigate lien priority prematurely and to elevate its asserted lien rights above the CSNTA's equitable ownership in property purchased with misappropriated trust funds. That is not the law. The funds of the Beneficiaries were stolen, traceable, and used to acquire the property at issue. Equity will not permit Briar, or any other lender, to wash away that taint by layering a lien on top of stolen money. From the moment of acquisition, the property was impressed with a constructive trust in favor of the Debtor.

**I. Briar's Objection is Premature**

  1. As an initial matter, the objection by Briar is, at bottom, an attempt to litigate lien priority disputes that are not presently before this Court. The Motion seeks approval of a settlement

under Bankruptcy Rule 9019, not a final adjudication of competing lien claims.

2. The Chapter 11 Trustee respectfully submits that this Court should defer any determination regarding the relative priority of liens between the Chapter 11 Trustee on behalf of the Debtor and Briar until either (i) the Real Property[1] is sold pursuant to a sale motion under § 363 or through a confirmed plan of reorganization, or (ii) a dedicated proceeding is brought to address lien priority. Premature consideration of lien priority at this stage would risk advisory findings untethered to an actual distribution event.

3. Further, Briar's lien claims may ultimately be subject to equitable subordination or avoidance depending upon the extent of its knowledge of the fraudulent conduct of Leo Govoni and his related entities. The Motion and supporting record make clear that the Real Property was purchased entirely with funds misappropriated from the Debtor, funds belonging to the disabled trust Beneficiaries.

4. Whether Briar had knowledge of the fraudulent conduct and the source of funds underlying the Real Property purchase is a factual question. That issue cannot be resolved on the present record and requires discovery, which the Chapter 11 Trustee intends to conduct in the near term. Thus, Briar's attempt to resolve lien priority issues now is not only premature but also factually unsupported. Until that record is developed, any ruling on lien priority would be premature and potentially prejudicial.

**II.    The CSNTA's Priority Rights Are Preserved**

5. The doctrine of constructive trust is well-settled: when a fiduciary misappropriates funds and uses them to acquire specific property, equity imposes a trust for the benefit of the victim. See Restatement (First) of Restitution § 160. Courts in this circuit allow for the imposition

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

of a constructive trust while in bankruptcy as a remedy in situations such as these. *See e.g. Lee v. Wiand*, 603 B.R. 161, 165 (M.D. Fla. 2018) (Judgment granting the receiver's motion for partial summary judgment and imposing an equitable lien and constructive trust against the property affirmed).

6. Under these authorities, the CSNTA's claim is not merely that of an unsecured creditor or junior lienholder; it is an equitable ownership claim that follows its funds into the subject property. *See In re General Coffee Corp.*, 828 F.2d 699, 703 (11th Cir. 1987) (Eleventh Circuit holding that a constructive trust arises "from a situation where one party has defrauded another. The constructive trust relationship has nothing to do with the rights of innocent third parties."); *In re Columbia Gas Sys., Inc.*, 997 F.2d 1039, 1063 (3d Cir. 1993) (constructive trust imposed where funds were held for the benefit of others; debtor held only bare legal title); *In re Howard's Appliance Corp.* (874 F.2d 88, 93 (2d Cir. 1989).

7. Further, the constructive trust imposed in favor of the Debtor relates back to August 7, 2015, the date of the first fraudulent transfer from the Debtor's funds into Big Storm Real Estate LLC. Courts in this circuit have consistently held that a constructive trust arises at the moment of the fraudulent transaction, not upon later judicial recognition. *In re Gen. Coffee Corp.*, 828 F.2d 699, 702 (11th Cir. 1987). *See, e.g., Mayer v. Cianciolo*, 463 So. 2d 1219, 1221 (Fla. 3d DCA 1985) (constructive trust in favor of son arose when he quitclaimed his joint interest in real property for the sole reason of facilitating its sale by his mother); U*nited States SEC v. Drive Planning, LLC*, Civil Action No. 1:24-cv-03583-VMC, 2025 LX 274057, at *19 (N.D. Ga. July 2, 2025) (granting constructive trust in favor of the receivership estate as beneficiary relating back to the moment of acquisition of the property); *Malkus v. Gaines*, 434 So. 2d 957, 960-61 (Fla. 3d DCA 1983); *Johnson v. Johnson*, 349 So. 2d 698, 699 (Fla. 4th DCA 1977); *Hallam v. Gladman*, 132

So. 2d 198, 204 (Fla. 2d DCA 1961) (constructive trust "arises through operation of law where one through fraud, abuse of confidence, or other questionable means gains property which in equity or good conscience he should not be permitted to retain").

8. Finally, even if Briar were otherwise entitled to lien recognition, principles of equitable subordination under § 510(c) and equitable remedies under Florida law clearly prevent Briar from profiting from the wrongful diversion of trust funds.

**WHEREFORE**, the Chapter 11 Trustee respectfully requests that the Court:

(i) Overrule Briar's objection as premature;

(ii) Approve the Motion and the Consent Final Judgment as proposed; and

(iii) Defer any ruling on lien priority between Briar and the Chapter 11 Trustee until the Real Property is sold or otherwise subject to a distribution event, or an adversary proceeding is commenced to determine same.

Dated: September 19, 2025

Respectfully submitted,

AKERMAN LLP

By: */s/ Steven R. Wirth*
   Steven R. Wirth
   Florida Bar No.: 170380
   Email: steven.wirth@akerman.com
   Raye C. Elliott
   Florida Bar No.: 18732
   Email: raye.elliott@akerman.com
   401 East Jackson Street, Suite 1700
   Tampa, Florida 33602
   Telephone: (813) 223-7333
   Facsimile: (813) 223-2837

   *Counsel for Chapter 11 Trustee, Michael Goldberg*

83196457;2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on the Local Rule 1007-2 Parties in Interest List and will file a certificate or affidavit of service with the Court.

*/s/ Steven Wirth*
Steven Wirth

83196457;2