**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL
NEEDS TRUST ADMINISTRATION, INC.,

      Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**RESPONSE TO THE CHAMBERLIN CREDITORS' OBJECTION**
**TO THE APPLICATION TO EMPLOY AND RETAIN**
**KOZYAK TROPIN & THROCKMORTON LLP**
**AS SPECIAL LITIGATION COUNSEL TO MICHAEL GOLDBERG**

    Kozyak Tropin & Throckmorton LLP ("KTT") has been at the forefront of nearly every large Ponzi-scheme recovery action in Florida over the last forty years and has extensive experience litigating financial fraud class actions across the nation. We serve most often as plaintiffs' class counsel, but members of our firm also serve as bankruptcy trustees, court-appointed receivers, and counsel to those same fiduciary roles. In multiple large, complex, financial fraud cases, KTT has litigated collaboratively with Michael Goldberg—through which KTT and Mr. Goldberg have developed a sound, cooperative professional relationship. Our team combines unparalleled experience with proven results, and we stand ready to bring that same expertise and dedication to the trust beneficiaries victimized by the events that gave rise to this Chapter 11 proceeding. To that end, we have engaged in a carefully coordinated investigation over the last six months, working together with Akerman LLP and Underwood Murray[1] towards our shared goal of pursuing this critically important litigation.

---

[1] Counsel to the Chapter 11 Trustee and the Unsecured Creditors' Committee, respectively. Underwood Murray is also proposed Special Conflicts Counsel to the estate. *See* Underwood Murray P.A.'s Notice of Expansion of Scope of Employment to Be Trustee's Conflicts Counsel (DE 634).

1

Based on KTT's experience and capabilities, Chapter 11 Trustee Michael Goldberg—with whom KTT has a long professional relationship—filed an Application to Employee and Retain Kozyak Tropin & Throckmorton LLP as Special Litigation Counsel (DE 633) (the "Application"), in which Mr. Goldberg set forth his intent to hire KTT to aid in investigating and litigating claims belonging to the trust beneficiaries. Creditor Clark Chamberlin, by and through Todd Chamberlin and Kelli Chamberlin, (together, "the Chamberlins") filed an Objection to the Application to Employ and Retain Kozyak Tropin & Throckmorton (DE 647) (the "Objection")[2] claiming that the proposed engagement and intended litigation would raise conflict problems. The Objection misconstrues the scope of KTT's intended representation and forthcoming litigation, and it amounts to little more than a repackaged and untimely objection to this Court's Wind-Down Order.[3]

KTT is not in a position of conflict, nor is any potential or hypothetical conflict likely to arise. As this Response explains, the anticipated class is in near-perfect symmetry with the pool of unsecured creditors claiming against the Debtor's estate, leaving little chance of competition over future recovery: KTT seeks to recover on behalf of the very same beneficiaries who comprise the Debtor's unsecured creditors' committee. And, even if there *were* potential for conflict, the relevant caselaw counsels that mere hypothetical or potential conflicts provide no basis to deny an application to employ counsel.[4] As for the Chamberlins' suggestion that KTT—experienced class action lawyers, well-versed in bankruptcy and receivership matters—would be incapable of fully

---

[2] The Chamberlins' Objection also extends to Creditors' Counsel Underwood Murray P.A.'s Notice of Expansion of Scope of Employment to be Trustee's Conflicts Counsel (DE 634). KTT's present Response does not address that portion of the Objection.

[3] *See* Order Granting the Chapter 11 Trustee's Motion to Approve the Wind Down (DE 409).

[4] *See* infra pp. 9–10 (citing *In re Memory Lane Assisted Living of Bowdon LLC*, Case No. 15-bk-10373, DE 121, (Bankr. N.D. Ga. Aug. 11, 2017).

discharging our obligations as class counsel, the notion is severely misplaced and belied by our firm resume.[5] On the contrary, KTT is best positioned to represent the trust beneficiaries, including Mr. Goldberg in his Court-authorized capacity to pursue claims on their behalf. The Objection should be overruled, and the Application should be granted.[6]

## Background

The Center for Special Needs Trust Administration, the Debtor in this case, served as trustee or co-trustee for thousands of special needs trusts (the "SNTs" or the "Trusts") established for the benefit of beneficiaries who, in many cases, suffer permanent disabilities (the "Beneficiaries"). As set forth in the Debtor's Case Management Summary, the Debtor's founder, Leo Govoni, lent approximately $100,000,000.00 of SNT assets to his own companies and failed to repay the loans, making only sporadic interest payments and resulting in substantial depletion of the Trusts. *See* Case Management Summary (DE 7) at 1–5.

After discovering the loans, the Debtor initiated this Chapter 11 proceeding and Michael Goldberg was appointed as the Chapter 11 Trustee. *See* Notice of Appointment of Trustee Michael Goldberg as Chapter 11 Trustee (DE 110). As Chapter 11 Trustee, Mr. Goldberg stepped into the Debtor's shoes and, among other responsibilities, took on the Debtor's role as trustee of the Beneficiaries' SNTs.[7] Mr. Goldberg thus wears two relevant hats: one as the Chapter 11 Trustee and one as the Trust Trustee.

---

[5] KTT's Contingency Resume, and the resumes of the partners leading this litigation, are attached to the Application as Exhibits 1 and 2.

[6] KTT files this Response to the Objection on its own behalf. The Chapter 11 Trustee, by and through his counsel, joins in this Response.

[7] For clarity, this Response refers to this role as the "Trust Trustee," as distinct from Mr. Goldberg's role as the Chapter 11 Trustee.

3

In the Motion to Approve Wind-Down (DE 376) (the "Wind-Down Motion"), the Chapter 11 Trustee sought (in relevant part) this Court's approval to resign as the Trust Trustee and to enact procedures to appoint CPT Institute, Inc. as successor trustee of the trusts, with an opt-out pathway for Beneficiaries who prefer another trustee. *Id*. ¶¶ 13–30. In the Order Granting the Chapter 11 Trustee's Motion to Approve the Wind Down (DE 409) (the "Wind-Down Order"), this Court accepted Mr. Goldberg's resignation as Trust Trustee but nonetheless affirmed that he "shall automatically retain all rights and standing in his capacity both as Trustee of the Trusts and Chapter 11 Trustee of the Debtor to pursue Litigation Claims on behalf of the Beneficiaries," except to the extent that Beneficiaries chose to opt out.[8] *See* Wind-Down Order ¶ 21. The same Order adopted the Wind-Down Motion's definition of Litigation Claims:

> [A]ll claims, actions, choses in action, causes of action, suits, debts, dues, sums of money, accounts, rights to payment, reckonings, bonds, bills, specialties, controversies, variances, trespasses, damages, judgments, third-party claims, counterclaims and cross claims (including, but not limited to, any Chapter 5 avoidance or recovery actions under the Bankruptcy Code or avoidance or recovery claims recognized under any applicable state law) whether known or unknown, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether assertable directly or derivatively in law, equity, or otherwise.

Wind-Down Motion at n.9; *see also* Wind-Down Order at n.1. Accordingly, paragraph 21 of the Wind-Down Order authorizes Mr. Goldberg "to pursue [all claims] on behalf of the Beneficiaries."

---

[8] The Wind-Down Motion defined "Litigation Claims," in relevant part, as "all claims, actions, choses in action, causes of action, suits, debts, dues, sums of money, accounts, rights to payment, reckonings, bonds, bills, specialties, controversies, variances, trespasses, damages, judgments, third-party claims, counterclaims and cross claims (including, but not limited to, any Chapter 5 avoidance or recovery actions under the Bankruptcy Code or avoidance or recovery claims recognized under any applicable state law) whether known or unknown, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether assertable directly or derivatively in law, equity, or otherwise." Wind-Down Motion at n.9. The Wind-Down Order incorporates the defined terms contained in the Wind-Down Motion. Wind-Down Order at n.1. This application, accordingly, applies that definition of Litigation Claims limited to those which may be brought on behalf of the Beneficiaries.

Pursuant to this Court-ordered authority, Mr. Goldberg filed his Application to retain KTT for the purpose of "represent[ing] him in matters that arise from his authority 'to pursue Litigation Claims against third parties on behalf of all Beneficiaries that do not opt-out' . . . and not in his capacity as Chapter 11 Trustee." Application ¶ 9. Likewise, Mr. Goldberg's Application made plain that he "does not seek to employ KTT in his capacity as Chapter 11 Trustee and does not intend for KTT to perform work on behalf of the Debtor," and that he filed the Application only "in an abundance of caution." *Id.* ¶ 12.

In support of his Application, Mr. Goldberg set forth KTT's extensive and successful history in prosecuting Ponzi scheme recovery actions and other relevant financial fraud cases. *See id.* ¶¶ 14–19 and Exs. 1–2. Mr. Goldberg recounted KTT's experience serving as court-appointed receivers or trustees, and counsel to receivers and trustees, illustrating KTT's unique familiarity with the fiduciary duties a case like this entails. *See id.* ¶¶ 18–19. And, of particular note, Mr. Goldberg identified several cases in which he, as court-appointed receiver or creditors' committee counsel, worked side-by-side with KTT to pursue relief for classes of victims of financial fraud schemes. *See id.* ¶¶ 16–17. In sum, Mr. Goldberg stated his belief that "KTT is well equipped to assist [him] in the prosecution of claims on behalf of the Beneficiaries," based in part on the "sound professional relationship" that he has developed with KTT in other, similar cases. *See id.* ¶¶ 13, 16.

**The Chamberlins' Objection**

The Chamberlins object to the Application because they misunderstand both the nature of Mr. Goldberg's retention of KTT and the intended forthcoming litigation. Based on these misapprehensions, the Chamberlins reach the mistaken conclusion that KTT and Mr. Goldberg suffer some manner of impermissible conflict. Not so.

5

### I.  KTT Will Represent the Trust Trustee, Not the Chapter 11 Trustee.

The Chamberlins' Objection stands on the mistaken belief that "the Chapter 11 Trustee seeks to employ KTT" to pursue litigation claims against third parties. *See* Objection at 2; *see also, e.g.*, *id.* at 3 (referring to "[t]he Chapter 11 Trustee's requested employment of KTT"); *id.* at 6 (referring to "KTT serving concurrently as counsel to the Chapter 11 Trustee and a class of Beneficiary creditors"). This is not what the Application seeks. On the contrary, the Application explicitly disclaims any retention of KTT by "the Chapter 11 Trustee." *See* Application ¶ 9 ("Mr. Goldberg seeks to engage KTT to represent him in matters that arise from his authority 'to pursue Litigation Claims against third parties on behalf of all Beneficiaries that do not opt-out' . . . *and not in his capacity as Chapter 11 Trustee*." (emphasis added)).

Because the Chapter 11 Trustee does not seek to engage KTT, the Chamberlins miss the mark in their discussion of the "basis or authorization in the Bankruptcy Code" for the Application. See Obj. at 3–4. The Application was not filed on behalf of the Chapter 11 Trustee and, as the Chamberlins say, Sections 327(a) and (e) govern *a bankruptcy trustee's* employment of attorneys. *See* ibid. Here, Mr. Goldberg seeks to retain KTT solely in his capacity as Trust Trustee, as authorized by the Wind-Down Order. We agree with the Chamberlins, therefore, that "§ 327(a) is inapplicable." *See id.* at 4. For the same reason, we agree with the Chamberlins that "§ 327(e) does not apply either." *See ibid.* That section, like § 327(a), relates to a bankruptcy trustee's retention of counsel—in particular, counsel who previously represented the debtor. The Code simply has no import here, where the Application arises from Mr. Goldberg's Court-authorized role as Trust Trustee rather than his role as Chapter 11 Trustee.

The Chamberlins take issue—in a footnote—with this Court's express authorization of Mr. Goldberg's "'dual roles' as bankruptcy trustee and trustee of the trusts," casting that portion of the

Wind-Down Order as "cause for his removal." Obj. at 8 n.3. To the extent the Chamberlins disagree with the terms, provisions, or grants of authority under this Court's Wind-Down Order, the time to appeal that Order has long since lapsed. *See* Fed. R. Bankr. P. 8002(a)(2); Fed. R. Bankr. P. 8004(a)(1). The Chamberlins did not take an appeal of the Wind-Down Order, and so Mr. Goldberg's dual (and proper) role "both as Trustee of the Trusts and Chapter 11 Trustee of the Debtor" stands. *See* Wind-Down Order ¶ 21. So too for Mr. Goldberg's resulting "rights and standing in his capacity as both . . . to pursue Litigation Claims on behalf of the Beneficiaries[.]" *Ibid*.

In sum, Mr. Goldberg does play a dual role in this case, pursuant to this Court's carefully considered Wind-Down Order. In the Application, he seeks this Court's approval to retain KTT in only one of those roles—Trust Trustee. Accordingly, the Bankruptcy Code's provisions governing a bankruptcy trustee's retention of counsel are inapposite.

## II. There is No Risk of Conflict in Mr. Goldberg's Role as Class Representative or KTT's Representation of Him in that Capacity.

Mr. Goldberg's retention of KTT poses little risk of conflict or adverse interests. By the Chamberlins' analysis, this Court's Wind-Down Order would be toothless: Mr. Goldberg, in his capacity as Trust Trustee, would *never* be able to retain counsel or pursue claims on the Beneficiaries' behalf, because any such case would necessarily be at odds with the interests of the Debtor's estate. But this very eventuality—third party litigation on the Beneficiaries' behalf—is precisely what this Court contemplated in the Wind-Down Order.

In the intended representation, Mr. Goldberg—who this Court authorized to bring claims on the Beneficiaries' behalf—would serve as a class representative, alongside other named plaintiffs, litigating on behalf of a putative class of similarly situated Beneficiaries. This case is not, therefore, one "where there is an active competition between two interests, in which one

7

interest can only be served at the expense of the other." Obj. at 5 (quoting *In re Fullenkamp*, 477 B.R. 826, 832 (Bankr. M.D. Fla. 2011)). KTT's clients—Mr. Goldberg as Trust Trustee on behalf of the Beneficiaries, and other Beneficiaries or their legal representatives—share the same interest: recovery on behalf of the Beneficiaries. The Chamberlins cite no authority for the premise that this arrangement gives rise to any conflict. *See generally* Obj.

The Chamberlins' other cited authorities are inapposite because they all arise under § 327 upon a bankruptcy trustee's retention of counsel. *See* Obj. at 4–7 (collecting cases). In any event, the facts of each case are far afield from those presented here. In *In re Prince*, one law firm represented both the debtor and a creditor in the debtor's bankruptcy, where the creditor's claim arose from a transaction that the same law firm had structured. *See Electro-Wire Prods. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 358–59 (11th Cir. 1994). The Eleventh Circuit affirmed denial of the firm's fees because "[t]he egregious facts of th[e] case demonstrate that the conflicts of interest which [the firm] labored under clearly prejudiced the Debtor's estate." *Id*. at 360.

In *Forizs & Dogali*, a Chapter 7 trustee moved to employ Forizs & Dogali as special counsel, while an attorney from that same firm was counsel of record for a creditor who filed a proof of claim in the bankruptcy. *See* Opinion and Order Affirming the December 20, 2011, Order, *Forizs & Dogali, P.A. v. Siegel*, Case No. 12-cv-258, DE 13 at 1–2, (M.D. Fla. Sept. 24, 2012).[9] That firm brought fraudulent transfer actions against all of the investors who had received payments from an underlying Ponzi scheme, but did not sue their own client. *Id*. at 3. On appeal, the district court affirmed the bankruptcy court's ruling that "by presently representing simultaneously the estate and [the creditor], [the firm] holds an actual conflict of interest." *Id.* at

---

[9] This order does not appear on Westlaw. This Response cites the docket entry, but the order can also be found at 2012 U.S. Dist. LEXIS 136052.

8

5. In that case, the facts were particularly troublesome because the conflicted firm was in a position to argue, "on the one hand for the estate, that a Ponzi scheme investor is entitled to no money in an amount greater than the principal invested with the debtor and, on the other hand for [the creditor], that a Ponzi scheme investor is entitled to money in an amount greater than the principle invested with the debtor." *Ibid*.

Neither *In re Prince* nor *Forizs & Dogali* provides any guidance here. First, both cases arose under § 327, while this Application does not. Second, both of those cases involved actual conflicts, because the lawyers represented both the debtor and a creditor—and, to be more precise, the lawyers represented the creditors *in the bankruptcy proceedings*, placing them directly adverse to the debtors. This is the situation KTT's engagement avoids, rather than creates; Mr. Goldberg must have separate counsel to pursue the Litigation Claims in his capacity as Trust Trustee because he cannot pursue those claims—as contemplated by the Wind-Down Order—through the Debtor's counsel.[10] Here, in contrast, KTT would be engaged to represent Mr. Goldberg as a class representative pursuing litigation claims on behalf of the Beneficiaries, while also representing the putative class of Beneficiaries. That scenario presents no direct conflict like those in *In re Prince* and *Forizs & Dogali*, nor even the specter of such a conflict.

*In re Memory Lane* proceeded similarly, but to a different end—and it cuts in favor of the Application rather than against it. There, a debtor filed an application for fees for a law firm it had moved to employ, but for which it had not received a court order authorizing employment. *See* Order, *In re Memory Lane Assisted Living of Bowdon LLC*, Case No. 15-bk-10373, DE 121 at 11–

---

[10] It goes without saying that, while their ultimate goals are aligned, the estate and the Beneficiaries may each have their own distinct rights and remedies under the law, given the different shoes in which they stand with respect to third-party litigation targets. This underscores, again, why the Trust Trustee and the Chapter 11 Trustee require their own counsel.

9

15, (Bankr. N.D. Ga. Aug. 11, 2017).[11] In addition to technical and procedural deficiencies in the application to employ, *see id.* at 18–19, the firm's representation of the debtor would have put the firm in the position of suing a former client over transfers that occurred during the prior representation, calling into question the firm's "ability to unbiasedly review the situation[.]" *Id*. at 22–23. Despite this red flag, the court *approved* the debtor's employment of the firm, finding that the facts suggested "potential conflicts, and [did] not rise to the level of actual conflict sufficient to deny the applications to employ." *Id*. at 28. Even in light of "the potential for conflict," the court found that "the better course is a 'wait and see' approach[.]" *Id.* at 28—29. This view is particularly instructive because it counsels *allowing* representation unless a conflict is actually manifest.

None of the Chamberlins' authorities are relevant to the circumstances at hand because they all arise in the context of a bankruptcy trustee seeking to retain conflicted (or potentially conflicted) counsel. But even if these cases had application here, they do not lead to the conclusion the Chamberlins suggest. Indeed, *Memory Lane* is the most comparable to our case, and it favors appointment of counsel even in the face of a potential conflict. But this case is unique in that the vast majority—nearly all—of the unsecured creditors *are* the Beneficiaries. In other words, the putative class is a near-perfect overlap with the Debtor's unsecured creditors, and KTT would have no interest adverse to the estate. But, because KTT does not and will not represent the estate, this exercise remains academic.

KTT maintains that there is, in fact, no risk of conflict in this case. KTT's simultaneous representation of multiple class members, all of whom stand on similar footing, is in the normal and expected course of class action litigation. Indeed, as the Eleventh Circuit has noted, "[o]ne

---

[11] This order does not appear on Westlaw. This Response cites the docket entry, but the order can also be found at 2017 Bankr. LEXIS 2252.

cardinal rule defines the scope of counsel's ethical obligations in class actions: class counsel owes a duty to the class as a whole and not to any individual member of the class." *Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983, 991 (11th Cir. 2020). The corollary to this rule is that "class counsel does not owe a particular duty to any group comprised of class members, such as class representatives, distinct from the duty owed to the class." *Ibid.* That is to say, KTT's ethical obligations to Mr. Goldberg are, and will be, identical to its ethical obligations to each and every member of the putative class, whether class representatives or absent members.[12]

### III.    KTT's Complaint Will Not Advance "the Same Claims" as *Chamberlin*.

In the forthcoming litigation, KTT will work closely and cooperatively with Mr. Goldberg to ensure that our work does not tread into the territory of the Chapter 11 Trustee. To that end, KTT has been mindful, from the beginning of our investigation, that the Beneficiaries' claims must be their own rather than the estate's and must not run afoul of the parameters of the automatic bankruptcy stay. As the Chapter 11 Trustee explained in his Agreed Motion for Relief from the Automatic Stay (DE 666) (the "Stay Relief Motion"), KTT has been working closely with the Chapter 11 Trustee and the Official Committee of Unsecured Creditors "to, first and foremost, recover the maximum amounts possible against parties liable for the wrongdoings to the Beneficiaries."[13] Stay Relief Motion ¶ 11. What's more, the Chapter 11 Trustee affirmed that "the

---

[12] The Chamberlins also advance the claim that "an actual conflict exists because KTT's employment by the Chapter 11 Trustee 'may cause [KTT] to act any differently than they would without the other representation' in prosecuting direct claims on behalf of a Beneficiary class." Obj. at 6 (quoting *Fullenkamp*, 477 B.R. at 832). Again, KTT will not be employed by the Chapter 11 Trustee, rendering this fear illusory.

[13] In the Stay Relief Motion, the Chapter 11 Trustee again makes clear that "[t]he Retention Application does not contemplate KTT representing the Chater 11 Trustee in his capacity as Chapter 11 Trustee." Stay Relief Motion at 3 n.3.

sole purpose of KTT's retention is for KTT to bring direct claims that belong exclusively to non-Debtor Beneficiaries and not [the] estate[.]" *Id.* ¶ 10.

The Chamberlins and their counsel previously attempted to prosecute their own putative class action case.[14] But they did so without coordination with the Chapter 11 Trustee or the Unsecured Creditors' Committee and without deference to Mr. Goldberg's retention of the Beneficiaries' litigation claims pursuant to the Wind-Down Order. Not only did this uncoordinated approach run afoul of the automatic stay, it demonstrated precisely why a coordinated approach is critical in circumstances like this: to avoid friction among different victim groups, to sidestep unnecessary legal complications that delay the pursuit of claims, and to allow the focus to remain on recovery instead of posturing and in-fighting. The Chamberlins' speculation that KTT seeks to bring claims that will similarly violate the automatic stay reveals only their failure to comprehend the importance of collaboration between class counsel and the Chapter 11 Trustee, which ensures that the claims KTT will litigate are distinct and appropriate. The Chapter 11 Trustee's Stay Motion indicates that KTT's litigation will proceed in concert with the Chapter 11 Trustee's recovery efforts, not at odds with it.[15]

\*  \*  \*

KTT's only objective in this case is to bring relief to the Beneficiaries who have been devastated by the course of events that led to this Chapter 11 proceeding. This goal does not include

---

[14] The class action case is *Chamberlin v. Boston Finance Group, LLC, et al.*, Case No. 8:24-cv-00438 (M.D. Fla. 2024) (Merryday, J.); the bankruptcy appeal is *Chamberlin v. Goldberg*, Case No. 24-cv-01962 (M.D. Fla. 2024) (Jung, J.); and the Eleventh Circuit appeal is *Chamberlin v. Goldberg*, Case No. 25-10933 (11th Cir. 2005).

[15] In any event, the Chamberlins are free to continue their litigation with their counsel of choice., The Chamberlins' counsel cannot, however, purport to represent any Beneficiaries whose claims were retained to Mr. Goldberg, either as a putative class or otherwise.

KTT's employment by the Chapter 11 Trustee, but rather by Mr. Goldberg in his authority, authorized by order of this Court, to pursue litigation claims on the Beneficiaries' behalf as Trust Trustee. This arrangement presents no risk of conflict between the estate and the Beneficiaries, because KTT's litigation will focus solely on claims that belong to the Beneficiaries. For these reasons, KTT respectfully suggests that this Court should overrule the Objection and grant the Application.

Respectfully submitted on September 22, 2025.

By: /s/ *David A. Samole*
David A. Samole, Esq.
Florida Bar No. 582761
das@kttlaw.com
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, including the United States Trustee and Debtor's Counsel, on September 22, 2025.

/s/ *David A. Samole*
David A. Samole, Esq.