**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**CHAMBERLIN CREDITORS' OBJECTION TO AGREED MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO PERMIT KOZYAK TROPIN & THROCKMORTON LLP ("KTT") ON BEHALF OF CLASS ACTION BENEFICIARIES TO PURSUE CLAIMS AGAINST THIRD PARTIES PURSUANT TO THE TERMS AND CONDITIONS OF THIS AND KTT'S PENDING EMPLOYMENT APPLICATION (DOC. 666)**

Creditors Clark Chamberlin, by and through Todd Chamberlin and Kelli Chamberlin (the "Chamberlins"), pursuant to 11 U.S.C. § 362(e), submit this Objection to the Agreed Motion for Relief From the Automatic Stay, to the Extent Applicable, to Permit Kozyak Tropin & Throckmorton LLP ("KTT") on Behalf of Class Action Beneficiaries to Pursue Claims Against Third Parties pursuant to the Terms and Conditions of this and KTT's Pending Employment Application (Doc. 666) ("Motion").

**ARGUMENT**

The Chapter 11 Trustee and his proposed counsel KTT request relief from the automatic bankruptcy stay, "to the extent applicable," to "bring direct claims that belong exclusively to non-Debtor Beneficiaries and not th[e] estate." Mot. ¶ 10. While the Motion tacitly acknowledges these direct claims are not estate property, it requests stay relief because such claims might nonetheless "be challenged as claims against the Debtor or that substantially impact assets of the Debtor." *Id.*

As this Court is aware, shortly after this bankruptcy case began the Chamberlins filed a putative class action asserting Beneficiaries' direct claims against non-debtor third parties

responsible for their losses ("Class Action"). Following his appointment, the Chapter 11 Trustee moved to enforce the automatic stay against the Class Action, arguing the Class Action claims were really claims against the Debtor and property of the estate. This Court granted the Chapter 11 Trustee's motion to enforce the stay against the Class Action, and that ruling is now pending appeal to the Eleventh Circuit Court of Appeals.

Now, while the Chamberlins' appeal of this precise issue is pending and the Class Action has been delayed, the Chapter 11 Trustee has done an about face, taking the position in the subject Motion that the same exact claims asserted in the Class Action—Beneficiaries' direct claims against non-debtor defendants—are *not* estate property and *do not* implicate the automatic stay. The Chapter 11 Trustee claims this stay relief is necessary in an abundance of caution because those Beneficiary claims "might . . . be challenged as claims against the Debtor or that substantially impact assets of the Debtor," *Id.* ¶ 10—while the Chapter 11 Trustee himself is asserting those exact challenges to the Chamberlins' identical Class Action claims in the pending appeal. The Chapter 11 Trustee provides no explanation for his diametrically opposed positions that Beneficiaries' direct claims do not implicate the automatic stay when brought by the Chapter 11 Trustee's chosen counsel, but are a stay violation when brought by Beneficiaries themselves like the Chamberlins.

Judicial estoppel precludes the Chapter 11 Trustee's inconsistent positions regarding the automatic stay's applicability. "Judicial estoppel is an equitable doctrine intended to protect the integrity of the courts from 'parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment.'" *Harrison v. Macy's Inc.*, 2023 U.S. App. LEXIS 24908, at *5 (11th Cir. Sep. 20, 2023) (quoting *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1176 (11th Cir. 2017)). To determine whether judicial estoppel applies, courts analyze a non-

exhaustive list of factors: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept that party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Harrison* v, 2023 U.S. App. LEXIS 24908, at *5-6 (citation modified) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

The relevant factors clearly show the Chapter 11 Trustee is judicially estopped from asserting his inconsistent positions here. First, the positions taken in the Motion—that Beneficiaries' direct claims are *not* estate property and *do not* implicate the automatic stay—are entirely inconsistent with his argument to enforce the automatic stay against the Class Action. *See* Motion to Enforce Automatic Stay (Doc. 195) (arguing Beneficiaries' claims against third parties for trust losses are derivative estate claims); Answer Brief of Appellee, *Chamberlin v. Goldberg*, No. 8:24-cv-01962-WFJ (M.D. Fla. Jan 22, 2025), Dkt. No. 15 (arguing Class Action claims for trust losses are derivative estate claims because "the Debtor is the only one who has an interest in these [special needs trust] funds (because the Beneficiaries do not)"); Answer Brief of Appellee, *Chamberlin v. Goldberg*, No. 25-10933-C (11th Cir. Sept. 2, 2025), Dkt. No. 21 (arguing Beneficiaries "do not have any direct claims against the [non-debtor Class Action] defendants").

Second, the Chapter 11 Trustee succeeded in persuading this Court, and the District Court on appeal, to accept his position that Beneficiaries' claims against non-parties are estate property or claims against the Debtor and therefore violate the stay. This Court granted the Motion to Enforce Automatic Stay (Dkt. No. 314), and the District Court affirmed that decision on appeal. *See* Order Affirming Bankruptcy Court's Order on Appeal, *Chamberlin v. Goldberg*, No. 8:24-cv-01962-WFJ (M.D. Fla. Feb. 19, 2025), Dkt. No. 22.

3

Finally, the Chapter 11 Trustee would derive an unfair advantage against the Chamberlins—and all Beneficiaries—unless estopped. For one, this Court relied on the Chapter 11 Trustee's inconsistent arguments in ruling against the Chamberlins that the Class Action violates the automatic stay, and the District Court relied on those inconsistencies in affirming this Court on appeal. *See Fetterhoff v. Liberty Life Assurance Co.*, 282 F. App'x 740, 743 (11th Cir. 2008) (plaintiff estopped from arguing inconsistent position where "the district court relied on th[e] [previous] premise in ruling on her motion to amend"). Now that the Chapter 11 Trustee has succeeded in preventing the Chamberlins from asserting their Class Action claims, he argues the opposite in seeking to have his chosen counsel do just what the Chamberlins were denied—not on behalf of the estate, but on behalf of the same class of Beneficiaries the Chamberlins sought to represent. Thus, the Chamberlins and the adversarial process have been harmed by the Chapter 11 Trustee's "chang[ing] the evidence and facts of the case as it suits [him] to increase [his] chances of prevailing" on the stay issue. *Coleman v. Morris-Shea Bridge Co.*, 2021 U.S. Dist. LEXIS 184364, at *29 (N.D. Ala. Sep. 27, 2021) (holding judicial estoppel applies); *see also Luzinski v. Peabody & Arnold LLP (In re Gosman)*, 382 B.R. 826, 843 (S.D. Fla. 2007) (bankruptcy trustee derives unfair benefit from taking inconsistent positions where trustee "succeeded in convincing the Bankruptcy Court" of previous position then "alleg[ed] opposite facts" in separate proceeding of bankruptcy case).

Moreover, as the Chamberlins explained in detail through their Objection to (I) Application to Employ and Retain Kozyak Tropin & Throckmorton LLP as Special Litigation Counsel to Michael Goldberg (Doc. 633); and (II) Underwood Murray P.A.'S Notice of Expansion of Scope of Employment to be Trustee's Conflicts Counsel, which is incorporated by reference, the Chapter 11 Trustee's contemplated retention of KTT to bring Beneficiaries' direct claims would present an

4

unwaivable conflict of interest to the detriment of the Chamberlins and all special needs trust Beneficiaries. *See* Doc. 647. It is undisputed that the estate's primary debt is for its liability to Beneficiaries for their trust losses. Yet the Chapter 11 Trustee—the estate's fiduciary—seeks to retain KTT to prosecute Beneficiaries' claims against the same defendants that may also be liable to the estate, with the Chapter 11 Trustee and his counsel determining how to allocate the value of any recovery from the same defendant. Mot. ¶ 11. Thus, Beneficiaries' "interest can only be served at the expense of" the estate, and vice-versa. *In re Fullenkamp*, 477 B.R. 826, 832 (Bankr. M.D. Fla. 2011). Accepting the Motion's inconsistent positions would mean the Chamberlin's claims will be solely in the hands of counsel retained and controlled by the Chapter 11 Trustee, who has not only an incentive but a *fiduciary obligation* to devalue Beneficiaries' recovery vis-à-vis the estate's. This unfair detriment to Beneficiaries' rights further supports denying the Motion on judicial estoppel grounds.

## CONCLUSION

For the foregoing reasons, the Court should sustain the Chamberlins' Objection to the Motion.

Dated: September 24, 2025

Respectfully submitted.

By: *s/Caroline Herter*
David L. Ferguson FBN 981737
Jonathan M. Streisfeld FBN 117447
Caroline Herter FBN 1035444
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ferguson@kolawyers.com
streisfeld@kolawyers.com
herter@kolawyers.com

          Thomas H. Leeder FBN: 746401
**LEEDER LAW**
8551 West Sunrise Blvd. | Ste. 202
Plantation, FL 33322
Telephone: (954) 734-2382
pleadings@leederlaw.com

*Attorneys for Class Plaintiffs and the Putative Class*

### **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 24, 2025, I filed a true and correct copy of the foregoing using the Court's CM/ECF system, which will serve copies on all counsel of record.

                    By: */s/ Caroline Herter*
                           CAROLINE HERTER