## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

THE CENTER FOR SPECIAL NEEDS ADMINISTRATION, INC.,

      Debtor.

_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

### RESPONSE TO AMERICAN MOMENTUM BANK'S MOTION FOR RELIEF FROM STAY TO JOIN TRUSTEE TO ADVERSARY PROCEEDING
**(Doc. No. 759)**

Michael Goldberg, as Chapter 11 Trustee (the "**Chp. 11 Trustee**"), files this Response to American Momentum Bank's ("**AMB**") Motion for Relief from Automatic Stay to Join Trustee in Adversary Proceeding (the "**Stay Relief Motion**") (Doc. 759) and in support thereof states:

### Summary of Argument

Having already knowingly aided, and turned a willing blind eye to, the Debtor's[1] and insiders' breaches of duties for over a decade, resulting in a $100 million+ loss in trust assets, AMB seeks stay relief so it can be indemnified by the Debtor for losses to special needs trusts that it helped perpetuate. The net result of such indemnity would be to further deplete the available funds to victims from the conduct already allowed to occur on the watch of AMB—the bank for Debtor, Govoni, several of Govoni's co-conspirators, and the entities that received wrongfully pilfered trust funds.

In short, the Stay Relief Motion demonstrates a tone deafness to the current circumstances, but does not demonstrate cause to lift the automatic stay.

---

[1] The Center for Special Needs Trust Administration, Inc. ("**Debtor**").

AMB also suggests its run-of-the-mill bankruptcy claims require the forcible joinder of the Chp. 11 Trustee to the Class Action (defined below), while simultaneously arguing the Class Action should be dismissed. These two positions are inextricably inconsistent.

Not only would lifting the stay be prejudicial to the Estate by allowing a putative defendant to dictate where and how the Ch. 11 Trustee is required to file his unique claims, the mere fact that AMB has asserted a proof of claim based on potential indemnity claims does not require joinder under Rule 19, let alone constitute "cause" to lift the automatic stay. The indemnity claims asserted by AMB are contingent, pre-petition claims that this Court is well positioned to address in the claim adjudication process that AMB subscribed to by filing its proof of claim.

AMB seeks to force the Trustee's joinder of potential bankruptcy claims, while simultaneously challenging this Court's authority to issue final orders in the Class Action, setting up for a possible withdrawal of the reference. Such a procedural posture may not apply to the Trustee and could be unnecessarily prejudicial.

The Court should deny AMB's Stay Relief Motion.

## Background

Shortly after the Debtor was created by Leo Govoni ("**Govoni**") and John Staunton, AMB was established in October 25, 2006, in Tampa, Florida. AMB's business grew along with the Debtor's business and Govoni's empire. AMB held multiple bank accounts for the Debtor, a special needs trust administrator, most of them pooled trust accounts established for beneficiaries' benefit. Over nearly two decades, AMB also opened 140 other Govoni-related accounts, including accounts for Boston Finance Group, LLC, Boston Asset Management, LLC Boston Settlement Group, LLC, and Fiduciary Tax and Accounting Services, LLC.

AMB was keenly aware that the Debtor administered thousands of special needs trusts, often asking for the trust documents and discussing them with the Debtor's employees. Yet, AMB authorized and overlooked transfers from the Debtor's pooled trust accounts to Govoni's other accounts held at AMB, including accounts related to a litigation funding scheme, a brewery, a creamery, real estate, and more, without regard to the bank's specific knowledge of the special needs trust purposes of the Debtor's accounts.

Aware of the protected nature of the trust funds, AMB regularly communicated with the Debtor and its employees about the transfers of funds to non-Debtor accounts which were obviously speculative, non-trust vehicles and should have been recognized as improper if not potentially fraudulent. AMB even allowed the Debtor to use its bank logo on bogus account statements and substantially assisted the Debtor in modifying those account statements, aware that doing so would provide a false level of security for beneficiaries.

As a result of these acts and others, on October 1, 2025, the Court approved the retention of Kozyak Tropin & Throckmorton LLP ("**KTT**") as Special Litigation Counsel to pursue claims held by virtue of Michael Goldberg's role as Court-appointed fiduciary over the beneficiaries' direct claims pursuant to the Wind Down Order ("**Trust Trustee**"). See Doc.718. The Court also approved the retention of Underwood Murray P.A. ("**Underwood Murray**") to pursue certain causes of action held by Mr. Goldberg in his dual role as Chp. 11 Trustee. See Doc. 720.

As explained at the hearing to approve these retentions on September 25, 2025 (the "**Employment Hearing**"), Michael Goldberg must employ separate counsel to pursue each unique set of rights. While largely the same individuals would ultimately benefit from the claims pursued by Mr. Goldberg in his dual roles, the legal rights inuring to beneficiaries were bifurcated as a part

of the Wind Down Order (Doc. 409).[2] Michael Golderberg as the former Trust Trustee retained all litigation rights and standing as trustee of the special needs trust beneficiaries' individual and pooled trusts (the "**Retained Litigation Claims**"). Michael Golderberg also retains all of the Estate's cause of action as Chp. 11 Trustee.

Shortly after the Court authorized KTT's retention, Michael Goldberg as the holder of the Retained Litigation Claims, filed a class action complaint against AMB (the "**Complaint**"), initiating Case No. 8:25-ap-00347-RCT, in the United States Bankruptcy Court for the Middle District of Florida (the "**Class Action**"). The Complaint asserts a single count of aiding abetting breach of fiduciary duty against AMB, for assisting certain of the Center's directors in breaching their fiduciary duties.

On November 10, 2025, AMB filed a Motion to Dismiss the Complaint in the Class Action and its Stay Relief Motion in this case.

While simultaneously suggesting the Class Action should be dismissed and that this Court cannot adjudicate the claims therein, AMB inexplicably seeks stay relief to join the Chp. 11 Trustee as a party to the same Class Action, presumably forcing the Chp. 11 Trustee to bring claims that belong to this Estate in another Court. Glossing over its burden to demonstrate 'cause' and ignoring any prejudice to the Chp. 11 Trustee AMB relies on the existence of overlapping facts and a skeletal recitation of the text of Rule 19 to establish cause to "assert its secured claims against the Debtor for indemnification." (Doc. 759 at ¶ 4). The simple fact that a creditor has a contingent claim for indemnification against a debtor, however, is insufficient. The Court can assess any overlapping facts when the Chp. 11 Trustee brings a cause of action and either join the causes of

---

[2] Order Granting Chapter 11 Trustee's Motion to Approve (I) Wind Down and Termination of Operations of the Debtor, (II) Resignation of the Debtor as Trustee of Trusts, (III) Approve Procedures to Appoint CPT Institute, Inc. as Successor Trustee of the Trusts, and (IV) Approve Form and Manner of Opt-Out Notice for Appointment of CPT Institute, Inc. as Successor Trustee (Doc. 409)("**Wind Down Order**").

action or set them on similar calendars for efficiency at the appropriate time.

## Argument

An attempt to forcibly join a debtor in pending litigation to assert an indemnity claim arising from a pre-petition indemnity agreement is prohibited by the automatic stay. *See In re Mobley*, 377 B.R. 406, 409 (M.D. Fla. 2007) (holding that filing of a third-party indemnity claim against debtor premised on pre-petition indemnity agreement violated § 362).  AMB must obtain relief from the automatic stay if it wishes to join the Chp. 11 Trustee to the Class Action.  As  the party seeking relief from the automatic stay, AMB bears the initial burden of demonstrating cause to lift the automatic stay. *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001) ("the automatic stay can be lifted if an interested party demonstrates 'cause'").

To determine whether cause exists, the Court should evaluate the "totality of the circumstances in each particular case" and "balance the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties." *Aloisi*, 261 B.R. at 508.  Here, after review of the totality of the circumstances, the Court should find AMB has failed to meet its burden.

A.    ***The Totality of the Circumstances Demonstrates AMB Has Failed to Establish Cause to Lift the Automatic Stay***

AMB will not be prejudiced if it is unable to join the Debtor or Chp. 11 Trustee as a party to the Class Action.  First, AMB believes the Class Action should be dismissed.  It would be inappropriate to force the Chp. 11 Trustee to join in a Class Action with a pending motion to dismiss a case he did not file.  The Court can control its own docket and administratively join or docket cases together, once the Chp. 11 Trustee brings Estate claims, if and when it makes sense. Forcing the Chp. 11 Trustee to join the Class Action in the procedural posture AMB created is

absurd.

Second, the mere fact that AMB **may** have an independent claim of indemnity against the Debtor does not trigger joinder under Rule 19(a). As explained in *Compania Chilena De Navegacion Interoceanica*, "the fact that [a party] may later have claims for indemnity or contribution ... is of no consequence to [the Rule 19(a)(1)(A) analysis. *See Compania Chilena De Navegacion Interoceanica, S. A. v. D.H.C. Trucking, Inc.*, 2016 WL 1722425, *3 (S.D. Fla. April 29, 2016). This concept holds especially true here, where any right to indemnity asserted by AMB will be dealt with in the claims allowance process. There is simply no prejudice to AMB in requiring AMB's bankruptcy claim to be adjudicated in due course with the consideration of the other bankruptcy-specific claims possessed by the Chp. 11 Trustee. *See In re Wilbur*, 237 B.R. 203, 207-208 (Bankr. M.D. Fla. 1999) (liability arising from an indemnity agreement signed prior to the petition date is a pre-petition claim).

Moreover, AMB may have rights of indemnity *only if* it is not found liable for aiding and abetting, which the trier of fact will assess in due course, but not at this stage. If, as AMB alleges, it has secured claims, the Chp. 11 trustee and AMB already agreed to preserve those rights throughout the case. AMB has already articulated that its defense is being funded by insurance and not its own funds, further lessening any prejudice in adjudicating indemnity rights at a later date.

AMB points to potential overlap in groups of claimants and common facts which AMB claims *requires* joinder due to costs, efficiency, and potential for inconsistent rulings. But AMB omits that KTT and Underwood Murray already invited a discussion regarding a process to avoid duplication of costs, including streamlining of discovery, which would mitigate (or eliminate) additional costs but permit the Estate to proceed at its own pace. AMB has not substantively

responded to that invitation, or to KTT's and Underwood Murray's attempts to secure a reasonable compromise addressing AMB's concerns.

Further, this Court and any others addressing common facts can fashion relief at the appropriate time to mitigate the risks of any inconsistent rulings. The existence of overlapping facts in the Class Action and the Estate's causes of action is insufficient alone to force a joinder under the circumstances before the Court, especially where the request is driven by a defendant who had a heavy hand in creating the facts giving rise to the overlapping facts.

Contrary to the lack of harm to AMB from non-joinder at this time, forcibly joining the Chp. 11 Trustee in the Class Action now, before the Estate's claims are even filed, would be prejudicial to the Debtor and the Estate. The rights of the Chp. 11 Trustee are not coterminous with the rights of Michael Goldberg in his role in the Class Action. The Ch. 11 Trustee possesses rights, claims, and defenses unique to his role as a fiduciary and representative of the bankruptcy Estate, such as equitable subordination, claims arising under Chapter 5 of the bankruptcy code, and the ability to determine the extent of an asserted security interest.[3] The Chp. 11 Trustee should be afforded the opportunity to bring these as he sees fit.

Forcing a joinder now also could result in unwieldy litigation, combining core claim adjudication proceedings with the Class Action and requiring the Court to spend additional time parsing through various jurisdictional arguments which can, and should, be made separately.[4] The Estate does not need to be involved in the class action aspects of the Class Action and Rule 23. The Court is well equipped to set two cases on a parallel docket for judicial efficiency instead of

---

[3] As AMB repeatedly reminds the Court in its Stay Relief Motion, it has asserted a secured claim against the Debtor's estate and willingly subjected itself to the claims adjudication process and jurisdiction of the Bankruptcy Court.

[4] AMB has filed a Motion to Determine Authority to Enter Final Orders or Judgments (Doc. No. 16 in Adv. Pro. 8:26-ap-00347-RCT), seeking a determination that the Court does not have jurisdiction to enter final orders or judgments in the Class Action.

forcing one plaintiff into another cause of action without just cause.

## Conclusion

AMB's Stay Relief Motion asks this Court to prematurely adjudicate an indemnity claim for millions of dollars ahead of the special needs trusts the bank helped to compromise, arguing there is 'cause' to do so.   There was cause for AMB to put a stop to obviously wrongful transfers out of special needs trust accounts.  There is not cause to assist AMB with further extracting funds from the Debtor's Estate to the additional detriment of the parties AMB already assisted Govoni in drastically harming.

WHEREFORE, the Chp. 11 Trustee requests the Court deny the Motion for Stay Relief.

Dated: November 18, 2025.

Respectfully Submitted,

*/s/ Megan W. Murray*
Megan W. Murray
Florida Bar Number 0093922
Scott A. Underwood
Florida Bar Number 730041
Adam Gilbert
Florida Bar Number 1011637
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: mmurray@underwoodmurray.com
        sunderwood@underwoodmurray.com
        agilbert@underwoodmurray.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, was furnished electronically to those parties registered to receive service via CM/ECF on November 18, 2025 including the United States Trustee, who is registered to receive electronic notices in this case.

*/s/ Megan W. Murray*
Megan W. Murray