ORDERED.

Dated:  December 31, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                  Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                     Chapter 11

     Debtor.
_____/

**ORDER GRANTING MOTION TO APPROVE**
**COMPROMISE OF CONTROVERSY WITH HILL WARD HENDERSON, P.A.**

THIS CAUSE came before the Court without a hearing upon the *Motion to Approve Compromise of Controversy with Hill Ward Henderson, P.A.* (the "Motion") (Doc No. 788).  The Court, having reviewed the Motion and the record in this case, and the movant by submitting this form of order having represented that the motion was served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, the Court finds that

1

the proposed compromise and settlement is a fair and equitable compromise, reasonable, and in the best interests of the Debtor's estate.  Accordingly, it is:

**ORDERED,** as follows:

1. The Motion is **GRANTED**.

2. The Settlement Agreement attached to the Motion is **APPROVED**.

3. Other than granting the Motion as set forth above, the Court makes no other findings of fact of any kind with respect to the Motion, the Debtor, Hill Ward Henderson, or the allegations set forth in the Motion.

4. HWH shall have an allowed claim for its professional fees in the amount of $50,000.

5. HWH may immediately apply $50,000 of the Retainer against the HWH Invoices and is directed to turnover the balance of the Retainer to the Chapter 11 Trustee promptly thereafter, as set forth in the Settlement Agreement

6. The Debtor may take any and all steps to implement the Settlement Agreement.

7. The Court reserves jurisdiction to interpret and enforce the terms of this Order, and the Settlement Agreement.

8. This Order shall not be stayed and is immediately enforceable.

###

Submitted by:

*John L. Dicks II*
John L. Dicks II
Florida Bar No.: 89012
Email: john.dicks@akerman.com

*Counsel for Chapter 11 Trustee Michael Goldberg*

Attorney John L. Dicks II is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of Service within three (3) days of entry of this order.

84872015;1