**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**RESPONSE TO BRIAR CAPITAL REAL FUND, LLC'S SUBPOENA
FOR RULE 2004 EXAMINATION (*DUCES TECUM*) WITHOUT
DEPOSITION TO MICHAEL I. GOLDBERG, CHAPTER 11 TRUSTEE**

  Pursuant to Rules 7026, 7034, and 9016 of the Federal Rules of Bankruptcy Procedure, Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, and Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida, Michael I. Goldberg, Chapter 11 Trustee (the "Trustee") hereby responds to Briar Capital Real Fund, LLC's Subpoena for Rule 2004 Examination (*Duces Tecum*) Without Deposition (the "Subpoena") and states as follows:

  **1. All documents, communications, and/or evidence which could potentially support the Trustee's position that the Constructive Trust could potentially have priority over the Briar Capital Liens.**

**RESPONSE**: The Trustee objects to this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar Capital controlled, etc.). Indeed, for these reasons, the Chapter 11 Trustee has nothing to produce.

**2.     All documents or communications which could support the Trustee's assertion that Briar Capital had any actual or constructive knowledge of any facts that would make the Briar Capital Liens subordinate to the Constructive Trust.**

**RESPONSE**: The Trustee objects to Briar Capital's characterization of the Trustee's legal position(s) or burden(s) of proof. In addition, this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar Capital controlled, etc.). Indeed, for these reasons, the Chapter 11 Trustee has nothing to produce.

**3.     All documents from January 2020 to present, evidencing or relating to any alleged transfer of funds from the Debtor to BFG or BSRE.**

**RESPONSE**: The Trustee objects to Briar Capital's characterization of the Trustee's legal position(s) or burden(s) of proof. In addition, this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar Capital controlled, etc.). Notwithstanding, the Trustee will produce applicable bank statements of Boston Finance Group, LLC, Big Storm Real Estate, and certain affiliates.

**4.     All documents from January 2020 to present, evidencing or relating to any alleged transfer of funds from the BFG to BSRE.**

**RESPONSE**: The Trustee objects to Briar Capital's characterization of the Trustee's legal position(s) or burden(s) of proof. In addition, this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar

Capital controlled, etc.). Notwithstanding, the Trustee will produce applicable bank statements of Boston Finance Group, LLC, Big Storm Real Estate, and certain affiliates.

**5.     All documents from January 2020 to present, evidencing or relating to the source of funds to make payments to Briar Capital in connection with the Loan.**

**RESPONSE**: The Trustee objects to this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar Capital controlled, etc.). Indeed, for these reasons, the Chapter 11 Trustee has nothing to produce.

**6.     All communications from January 2020 to present, between the Trustee and any third-party regarding Briar Capital's alleged knowledge of alleged fraudulent transfers allegedly made by the CSNTA, BFG, or any other person affiliated with Leo Govoni (including, without limitation, any other "Big Storm" entity).**

**RESPONSE**: The Trustee objects to this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar Capital controlled, etc.). Indeed, for these reasons, the Chapter 11 Trustee has nothing to produce.

**7.     All documents and/or evidence which could support Trustee's allegation that Briar Capital's underwriting of the Loan was deficient or improper.**

**RESPONSE**: The Trustee objects to Briar Capital's characterization of the Trustee's legal position(s) or burden(s) of proof. In addition, this request as it is vague and overbroad. *See, e.g., Benham v. Rice*, 238 F.R.D. 15 (D.D.C. 2006). Moreover, the request is objectionable because it seeks documents that are clearly protected by the attorney/client privilege and work product protection. The request is also unduly burdensome and exceeds the scope of the applicable rules because most, if not all, of the non-privileged / non-protected responsive documents are already in Briar Capital's possession (including, for example [and without limitation]: communications between Briar Capital and the Debtor's principals, Briar Capital's internal communications, bank statements for the DACA bank account that Briar

3

Capital controlled, etc.). Indeed, for these reasons, the Chapter 11 Trustee has nothing to produce.

Dated: January 6, 2026

Respectfully submitted,

AKERMAN LLP

By: */s/ John L. Dicks II*
    Steven R. Wirth
    Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    John L. Dicks II
    Florida Bar No. 89012
    Email: john.dicks@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2026, I filed a copy of this response and served a copy on Briar Capital's counsel at zbancroft@bakerdonelson.com and noel.boeke@hklaw.com.

*/s/ John L. Dicks II*
Attorney