ORDERED.

Dated:  January 22, 2026

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

The Center for Special Needs
Trust Administration, Inc.,

      Debtor(s).

Case No. 8:24-bk-00676-RCT
Chapter 11

**ORDER DENYING MOTION FOR
RECONSIDERATION OF ORDER APPROVING SECOND INTERIM
APPLICATION FOR COMPENSATION FOR SERVICES RENDERED
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

THIS CASE is considered, without a hearing, upon the *Notice to Court, Objection to Fees, and Notice of Probate Proceedings* filed by Interested Party Melissa Beck as Personal Representative of the Estate of Thomas Hancock ("Ms. Beck"), which the Court treats as a motion for reconsideration (Doc. 829) (the "Reconsideration Motion") of the *Order Approving Second Interim Application of Underwood Murray, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Counsel for the Official Committee of Unsecured Creditors for the Period from October 1, 2024 to September 30, 2025* (Doc. 828) (the "Order Approving Compensation"). Upon review, together with the record, the Reconsideration Motion is denied.

The Order Approving Compensation was entered January 20, 2026, earlier on the day that the Court received the Reconsideration Motion. The application for compensation underlying the

Order Approving Compensation was filed on November 3, 2025 (the "Application"),[1] and notice of the Application was filed and served that same day by Underwood Murray, P.A. ("Underwood Murray"), Court appointed counsel for the Official Committee of Unsecured Creditors (the "Committee"), pursuant to the negative notice provisions of Local Rule 2002-4.[2] In the absence of any timely objection to the Application, the Court considered it without hearing.[3]

By way of the interim Application, Underwood Murray requested approval of compensation for services rendered and reimbursement of costs incurred for a one-year period beginning October 1, 2024. The Application is supported by a detailed narrative and contemporaneously kept time records, reflecting that the firm's professionals collectively dedicated over 945 hours in service of the Committee. Underwood Murray's requested professional fees were $397,023.00 and its costs were $2,782.86, for a total award sought of $399,805.86. After detailed review of the Application, the Court approved the Application.

Ms. Beck seeks reconsideration of the Order Approving Compensation, requesting that the Court "deny the approval . . . of any 'bonus fees,' incentive payments, or extraordinary professional fees" sought by estate professionals on the basis that such funds should be preserved to compensate the special needs trust beneficiaries for losses sustained due to the malfeasance by Debtor's former leadership and founder Leo Govoni. While the Court appreciates Ms. Beck's sentiment, she fails to identify any bonus fees, incentive payments, or extraordinary professional fees for which Underwood Murray (or any of the professionals retained or appointed in this case) seeks this Court's approval, and the Court, having reviewed the Application in detail, finds none.

---

[1] Doc. 754.
[2] Doc. 755.
[3] Ms. Beck's paper is, by its title, an objection to the Application. However, it is quite untimely as the negative notice period expired on December 1, 2025, fifty days before the paper was filed. For this reason and because the Order Approving Compensation had already been entered, the Court has deemed the paper a motion for reconsideration.

Motions for reconsideration are governed by Federal Rule of Bankruptcy Procedure 9023, which makes applicable Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"). Relief under Rule 59 is limited to the following circumstances: "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice."[4] Rule 59 may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."[6]

The Reconsideration Motion makes no mention of Rule 59. Nor does the motion mention a change in controlling law, any newly discovered evidence, or error on the part of the Court. At best, the Reconsideration Motion makes a generalized cry of manifest injustice. A motion for reconsideration that does not address the legal standard under Rule 59 is, for that reason alone, generally denied. And insofar as Ms. Beck's arguments could have been raised by timely response to the Application, the use of a Rule 59 motion is not really proper. Even still, examining the Reconsideration Motion under the Rule 59 standard, the Court finds that there is no basis to reconsider the Order Approving Compensation.

For these reasons, it is **ORDERED** that the Motion (Doc. 829) is **DENIED**.

Clerk's Office to serve Ms. Beck by mail; all other interested parties to be served by CM/ECF.

---

[4] *Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide)*, No. 6:16–cv–1484–Orl–37, 2017 WL 549160, at *1 (M.D. Fla. Feb. 9, 2017), *aff'd sub nom.*, 730 F. App'x 731 (11th Cir. 2018).
[5] *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).
[6] *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).