**FILED VIA MAIL**

**FEB 02 2026**

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

# UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**In re:** The Center for Special Needs Trust Administration, Inc., Debtor.

**Case No.:** 8:24-bk-00676-RCT **Chapter 11**

## VERIFIED MOTION FOR RELIEF FROM ORDER (RULE 60(b)) AND INCORPORATED MEMORANDUM OF LAW

Melissa Beck, as Personal Representative of the Estate of Thomas Hancock ("Movant"), respectfully moves for relief from the Order (Doc. 828). Melissa Beck and the Decedent, Thomas Hancock, were at all relevant times residents of the **State of Alabama**.

## I. THE CRITICAL TIMELINE OF DISCOVERY

- **February 2024:** Bankruptcy filed. No notice was ever mailed to Thomas Hancock's Alabama residence.

- **May 16, 2025:** Thomas Hancock passes away in Alabama.

- **June 13, 2025:** Within only 28 days of his death, Melissa Beck, while performing her duties as Personal Representative, discovered the existence of the Florida bankruptcy and the underlying fraud involving the trust.

- **The Argument:** There was no "delay" by Melissa. She acted immediately upon gaining legal standing. The "delay" was entirely caused by the Debtor's failure to notify a known Alabama creditor of their rights.

## II. LACK OF CONTRACT AND JURISDICTION

Thomas Hancock was a stranger to this proceeding. He was under **no contract** with the Debtor or the Committee's counsel. Under the **Fourteenth Amendment** and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), a Florida court cannot adjudicate the property rights of an Alabama resident without actual notice. Because no service was made to Alabama, the Court lacked personal jurisdiction to approve the depletion of Mr. Hancock's trust funds to pay Florida professionals.

## III. SUPPORTING ELEVENTH CIRCUIT CASE LAW (FL & AL)

- *In re Optical Techs., Inc.*, **425 F.3d 1294 (11th Cir. 2005):** The Eleventh Circuit (which governs both FL and AL) held that an order is not binding on a party who was denied a "meaningful opportunity" to be heard.

- *Pioneer Investment Services Co. v. Brunswick Associates Ltd. P'ship:* Melissa's discovery of the case on June 13, 2025—just 28 days after her father's death—constitutes **excusable neglect** for any missed deadlines.

The "reason for the delay" was a death in the family and a total lack of notice from the Debtor.

- *In re Hillsborough Holdings Corp.*, **125 F.3d 1390 (11th Cir. 1997)**: The burden remains on the law firm to prove their fees are "actual and necessary." They cannot use a procedural "negative notice" trap to take money from an unserved, out-of-state victim.

## IV. CONCLUSION

The Order (Doc. 828) is **void** as to the Estate of Thomas Hancock under Rule 60(b)(4). A Florida court cannot take money from an Alabama resident who was never served, never under contract, and whose representative discovered the fraud within weeks of his death. Movant requests the Court vacate the order and **freeze the funds** until the Alabama estate can be fully heard.

Respectfully submitted,

/s/ Melissa Beck

**Melissa Beck, Personal Representative (Alabama)**

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE. Retail

P | US POSTAGE PAID
$11.95
Origin: 36530
01/28/26
0126900418-77

PRIORITY MAIL®

0 Lb 4.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 01/31/26

C038

SHIP TO:
STE 727
801 N FLORIDA AVE
TAMPA FL 33602-3848

USPS TRACKING® #

9505 5108 5297 6028 3601 86

UNITED STATES POSTAL SERVICE®
PRIORITY MAIL
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Melissa Beck
24810 DAW RD
ELBERTA AL 36530

TO:

Clerks office, United States Bankruptcy Court
middle District of Florida, Tampa Division
Sam M. Gibbons United States Courthouse
801 North Florida Ave. Suite 727
Tampa, Florida 33602-3389

Label 228, December 2023 FOR DOMESTIC AND INTERNATIONAL USE