ORDERED.

Dated: March 02, 2026

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

**ORDER ON EXPEDITED BASIS**
**FOR ORDER COMPELLING TRANSFER OF DOMAIN NAME ACCOUNTS**

THIS MATTER having come before the Court on February 24, 2026, upon the Motion of Michael Goldberg, as Chapter 11 Trustee (the "Chapter 11 Trustee") for the bankruptcy estate of The Center for Special Needs Trust Administration, Inc., (the "CSNTA" or, the "Debtor"), for an order on an expedited basis compelling the transfer of domain name accounts to the Chapter 11 Trustee's designated advisor (the "Motion") (Doc. 857); the Court having reviewed the Motion; having found that notice was adequate under the circumstances; and good cause appearing, it is **ORDERED** that:

    1.    The Motion is **GRANTED**.

    2.    The domain names including, but not limited to, admincenter.org, bostonassetmanagement.com, centersmail.org, rmfmpinterface.com, and seaboardmfg.com

85617115;1

(collectively, the "Domain Names"), are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, and the Chapter 11 Trustee has full authority and control over them; as well as the Court-appointed Chief Restructuring Officer, Bill Long and his company, Nperspective Advisory Services, LLC (collectively, the "CRO").

3. Network Solutions, LLC ("Network Solutions") is hereby directed to:

   a. Immediately reinstate any registrar accounts associated with the Domain Names that have been suspended, deactivated, or terminated, and restore the Domain Names to active standing;

   b. Accept payment from the Chapter 11 Trustee or the CRO of any outstanding registration fees, renewal fees, restoration fees, or other charges necessary to reinstate and maintain the Domain Name accounts in good standing;

   c. Transfer full administrative control and ownership of the Domain Name accounts (including all associated email accounts, DNS records, WHOIS data, and account credentials) to the CRO (through Bill Long or Glenn Genereux) upon request and presentation of a certified copy of this Order; and

   d. Take no action to delete, transfer to any third party, or otherwise dispose of the Domain Names pending CRO's assumption of administrative control.

4. Network Solutions shall complete the actions required by Paragraph 3 within forty-eight (48) hours of service of a copy of this Order.

5. Network Solutions, acting in good faith to comply with this Order, shall be fully protected from any and all claims, causes of action, or liability arising from such compliance. Compliance with this Order shall not constitute a breach of any contract, user agreement, or applicable law or regulation.

6. This Court retains jurisdiction to enforce the terms of this Order, to hold any non-compliant party in contempt, and to hear and determine any disputes arising from the implementation of this Order.

Attorney Steven R. Wirth is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of Service within three (3) days of entry of this order.

85617115;1