FILED VIA MAIL

OCT 22 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re: Chapter 11

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.,
Debtor.

Case No. 8:24-bk-676-RCT

Lauren Taylor, Adult Ward (former), and
Elaine Taylor, Guardian and Conservator of Adult Ward (former)
Moving Party

The Center for Special Needs Trust Administration, Inc. – Debtor
Michael Goldberg – Trustee
Steven Wirth – Attorney for Trustee

---

# MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT PROHIBIT THE GEORGIA APPELLATE AND REMAND PROCEEDINGS OR, ALTERNATIVELY, FOR LIMITED RELIEF UNDER UNDER 11 U.S.C. § 362(d)(1); REQUEST FOR EXPEDITED CONSIDERATION, SHORTENED NOTICE, AND WAIVER OF RULE 4001(a)(4)

Lauren M. Taylor and Elaine M. Taylor (collectively, "Movants"), each appearing pro se on her own behalf, request a determination concerning the application of the automatic stay to the limited Georgia proceedings described below or, alternatively, limited modification of the stay for cause. Movants request expedited consideration, a court-established shortened notice and hearing schedule, and express waiver of the 14-day stay of any order granting alternative stay relief under Federal Rule of Bankruptcy Procedure 4001(a)(4).

## I. RELIEF REQUESTED AND NEED FOR EXPEDITED CONSIDERATION

1. Movants seek authority to prosecute Georgia Court of Appeals Case No. A27A0594, In re: Estate of Lauren Micaela Taylor, arising from Fulton County Probate Court Estate No. PC-2019-001723, through appellate disposition, issuance of the mandate, and remand proceedings, if any, and further identified in Section III.
2. The Georgia Court of Appeals extended the deadline for Movants' enumeration of errors and appellant's brief from October 26, 2026 to **November 16, 2026**. The October 6, 2026 Notice of Docketing is attached as Exhibit B; the October 14, 2026 extension order is attached as Exhibit C. Movants seek an entered and effective order from this Court before filing their appellate merits brief so that they may comply with the appellate deadline without violating, or risking an allegation that they violated, an applicable bankruptcy stay.
3. Movants request an expedited hearing and entry of an effective order, if practicable, by **November 6, 2026**, or as soon thereafter as the Court can act before November 16, 2026. Movants request that the Court establish the hearing date, shortened response deadline, service requirements, and any other necessary procedures under Rule 9006(c)(1) and (d)(1).
4. If the Court cannot resolve the entire request before the appellate deadline, Movants alternatively request a narrower interim order permitting filing and service of the enumeration of errors and appellate briefs and necessary non-enforcement appellate participation, with the balance of the requested appellate and remand relief reserved for later decision. Any such interim authorization should be expressly effective upon entry.

## II. BACKGROUND AND INTEREST OF MOVANTS

5. Lauren Taylor is a named creditor in this proceeding. Precautionary proofs of claim were filed to preserve her rights while disputing the validity of the underlying settlement and trust arrangements. Lauren has received no distributions from the purported trusts.

6. Movants seek appellate review in the Georgia Court of Appeals of the Fulton County Probate Court's ("FCPC") June 17, 2026 Final Order Denying Motion to Set Aside, Denying Motion for Audit, and Terminating Guardianship and Conservatorship, in the proceeding concerning Lauren Micaela Taylor, Estate No. PC-2019-001723. Their Application for Appellate Review, filed July 17, 2026, is attached as Exhibit A. The Georgia Court of Appeals granted Movants' application on August 7, 2026; Movants filed a Notice of Appeal on August 11, 2026; and the appeal was docketed on October 6, 2026.

7. The Georgia issues include lack of jurisdiction, fraud, denial of notice and an opportunity to be heard, the authority of temporary substitute fiduciaries, and the validity of the Georgia probate court's approval of a Tennessee workers' compensation settlement and establishment of special needs trusts. The application also challenges denial of an audit and the procedures used to terminate the guardianship and conservatorship.

8. The Debtor is not a party to the Georgia proceeding. However, this fact alone does not resolve whether § 362(a) or another bankruptcy order restricts particular acts.

9. On December 27, 2024, Movant filed a Motion to Compel Turnover of All Documents Related to the Alleged Special Needs Trust(s) of Lauren Taylor, ECF No.

455. The Trustee opposed that request, ECF No. 463. Following the January 9, 2025 hearing, the Court entered its written Order Granting Motion to Compel Turnover on January 31, 2025, ECF No. 476.

10. Movants contend that documents produced in that process raise questions concerning the role of Lauren's former employer and insurer's attorney in arranging the trusts, the temporary substitute conservator's authority, missing proof of fiduciary authority, and the execution of trust documents. These contentions are background allegations, not findings requested from this Court.

11. On March 24, 2025, Movant filed a Motion to Retract Proof(s) of Claim and Declare Special Needs Trust(s) Void, ECF No. 503. The Court denied that motion without prejudice on April 9, 2025, ECF No. 509. This motion does not ask the Court to reconsider that ruling.

12. Movants obtained additional Georgia court records on March 25 and April 18, 2025, that further support their challenges to the underlying probate orders.

13. Movants disclose that they are also prosecuting *Taylor v. Ingram*, No. 1:26-cv-01545, Northern District of Georgia; *Taylor v. Ingram*, No. 3:26-cv-01324, Middle District of Tennessee; and *Taylor v. Gorman*, No. 2611-CC01314, St. Charles County Circuit Court, Missouri. These cases do not seek to undo the settlement agreement or special needs trusts, but seek damages for fraud, breaches of fiduciary duties, aiding and abetting breach of fiduciary duties, abuse of process, breach of contract, false imprisonment, privacy violations, and deprivation of property without due process of law. Movants are considering protective workers' compensation claims in Florida or South Carolina.

## III. SPECIFIC SCOPE OF APPELLATE AND REMAND AUTHORIZATION

15. The requested appellate authority includes preparing, filing, and serving the enumeration of errors, opening and reply briefs, appropriate appellate motions, and the appellate record; participating in oral argument; seeking rehearing or further appellate review in Georgia; and obtaining issuance of the mandate.

16. On remand, to the extent permitted by the appellate mandate and applicable Georgia procedure, Movants request authority to pursue the following in Estate No. PC-2019-001723:

a. Their motion to set aside all underlying Georgia probate orders challenged in that motion and its supplements, including the orders appointing, suspending, extending, reappointing, or retroactively appointing fiduciaries and temporary substitute fiduciaries and the Georgia order approving settlement and establishment of special needs trusts.

b. Their motion for audit, and related requests seeking records and testimony identifying whether any kickbacks, referral fees, commissions, compensation, or other financial incentives were offered, paid, received, or promised in connection with procuring the settlement or establishing the trusts; the identities and roles of any payors, recipients, intermediaries, and referring persons; the dates, amounts, sources, purposes, and agreements concerning any such payments; and any disclosures of those arrangements or conflicts to the Georgia court or Movants.

c. Proceedings necessary to correct, clarify, and lawfully terminate Lauren's guardianship and conservatorship.

17. The requested information should be pursued through the Georgia court's ordinary motion, discovery, and evidentiary procedures after remand, on a schedule fixed by

that court. Movants seek information to test fiduciary authority, identify potential undisclosed financial conflicts, and support the pending set-aside and audit issues.

18. Movants do not contend that vacating a Georgia probate order automatically vacates or renders void the separate Tennessee settlement order or Tennessee order establishing the trust. The effect, if any, of a favorable Georgia ruling upon separate Tennessee orders remains unresolved and must be addressed through appropriate procedures before the proper tribunal.

19. Movants preserve the ability to present any favorable Georgia ruling in Tennessee and to this Court.

**IV. LEGAL GROUNDS**

**A. Determination concerning the automatic stay**

20. Movants' Georgia appeal is not a proceeding against the Debtor under § 362(a)(1), nor an act to obtain possession of or exercise control over estate property under § 362(a)(3). However, the Debtor's absence as a party does not alone resolve the question. 11 U.S.C. § 362(a)(1), (3).

21. In the unpublished decision in *Chamberlin v. Goldberg* (In re The Center for Special Needs Trust Administration, Inc.), No. 25-10933 (11th Cir. Aug. 27, 2026), the Court upheld the stay of claims seeking funds inseparable from estate property and intertwined with the bankruptcy trustee's recovery. This motion concerns appellate review of Georgia probate orders, without presently pursuing competing recovery claims or adjudication of ownership or distribution of commingled assets. *Chamberlin* also noted that its appellants had not sought relief from an otherwise applicable stay. *Chamberlin*, sections II.B–C and fn. 8.

22. Movants request a determination confined to the acts described in this motion.

**B. Alternatively, cause exists for limited modification**

23. If the automatic stay applies, § 362(d)(1) authorizes relief for cause. The Georgia Court of Appeals has granted review; the appeal is pending; it addresses Georgia probate orders and fiduciary authority and procedures; and a fixed briefing deadline requires timely action.

24. The alternative request does not concede the applicability of the stay or ownership of any particular trust asset. It does not request a ruling on the merits of any claim, the validity of the Tennessee orders, or the binding effect of a Georgia judgment on nonparties.

**C. Expedited consideration and shortened notice**

25. Local Rule 9013-1(e) expressly recognizes requests for expedited consideration. Rule 9006(c)(1) authorizes reduction of applicable periods for cause, and Rule 9006(d)(1) allows the Court to alter the ordinary notice period for a motion hearing. The documented appellate deadline, the extension already obtained, and the need for an effective order before filing establish cause for an expedited schedule on notice. Movants request the Court's scheduling order. M.D. Fla. Bankr. L.R. 9013-1(e); Fed. R. Bankr. P. 9006(c)(1), (d)(1).

**D. Express waiver of the post-order stay**

26. Rule 4001(a)(4) permits the Court to order otherwise than the ordinary 14-day stay of a stay-relief order. Movants expressly request waiver and immediate effectiveness of any alternative stay modification.

27. If the Court determines that the stay does not prohibit those acts, Movants request that the determination likewise be effective upon entry.

**WHEREFORE**, Movants respectfully request that the Court:

(1) grant expedited consideration with a requested target for entry of an effective merits order by November 6, 2026, if practicable, or otherwise before November 16, 2026;

(2) (a) determine that the automatic stay does not prohibit prosecution of the identified Georgia Court of Appeals proceeding through appellate disposition, issuance of the mandate, and on remand; or (b) alternatively, modify the automatic stay under § 362(d)(1) to permit the appellate proceeding through appellate disposition, issuance of the mandate, and on remand;

(3) expressly waive the 14-day stay under Rule 4001(a)(4) of any order granting alternative stay relief and make that relief effective immediately upon entry; and

(4) if the full request cannot be timely resolved, enter a narrower, immediately effective order authorizing filing and service of the enumeration of errors and appellate briefs and appellate participation before November 6, 2026, reserving all remaining relief; and

(5) for any other further relief this Court deems appropriate in these circumstances.

Respectfully submitted this 20th day of October, 2026.

/s/ Lauren M. Taylor
Lauren M. Taylor, pro se
60 Tahoma Drive, Foristell, MO 63348
(636) 466-0020
laurentaylor135@hotmail.com

/s/ Elaine M. Taylor
Elaine M. Taylor, pro se
60 Tahoma Drive, Foristell, MO 63348
(636) 357-3305
rosewood321@icloud.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed by placing this document in the U.S. mail on October 20, 2026, to:

U.S. Bankruptcy Court
801 N. Florida Avenue, Suite 555
Tampa, FL 33602

and was served upon the following via email to:

| | |
|---|---|
| Daniel Fogarty | Dfogarty.ecf@srbp.com |
| Steven Wirth | steven.wirth@akerman.com |
| Michael Goldberg | michael.goldberg@akerman.com |
| United States Trustee | USTP.Region21.TP.ECF@usdoj.gov |
| Teresa Marie Dorr | Teresa.dorr@usdoj.gov |
| Megan Murray | mmurray@underwoodmurray.com |

/s/ Lauren M. Taylor
Lauren M. Taylor

/s/ Elaine M. Taylor
Elaine M. Taylor

EXHIBIT A

IN THE COURT OF APPEALS
STATE OF GEORGIA

In re the Matter of )
LAUREN MICAELA TAYLOR ) Estate No. PC-2019-001723

LAUREN M. TAYLOR, )
Adult Ward )
and )
ELAINE M. TAYLOR, )
Guardian and Conservator, )
**APPLICANTS** )

## APPLICATION FOR APPELLATE REVIEW

Lauren M. Taylor and Elaine M. Taylor (collectively, "Applicants"), ask this Court as follows:

(1) To issue an order granting Applicants an appeal from the Final Order Denying Motion to Set Aside, Denying Motion for Audit, and Terminating Guardianship and Conservatorship ("Final Order") entered by the Probate Court of Fulton County ("FCPC"), Honorable Robert C.I. McBurney, presiding—upon transfer to the Superior Court of Fulton County when the FCPC judges disqualified themselves from the proceeding.[1] The Final Order was signed on June 3, 2026, and stamped "filed" by the FCPC on June 17, 2026. Exhibit 1.

(2) Applicants show that jurisdiction is proper in this Court because:

[1] Applicants' Motion for Disqualification is attached as Exhibit 37. The FCPC's order of disqualification is attached as Exhibit 38.

A. Applicants have a *right of appeal* to the Supreme Court or to the Court of Appeals from any decision made by the FCPC. O.C.G.A. § 15-9-123(a) (2021). This matter does not involve a temporary administrator, an emergency guardian, or an emergency conservator.

B. Applicants have a *right to direct appeal* because the provision requiring an application for appeal "shall not apply to decisions of the . . . probate courts[.]" O.C.G.A. § 5-6-35(a)(1) (2025).

C. Applicants filed a Motion to Set Aside Orders pursuant to Code Section 9-11-60(d). Applicants are required to file an application for appeal "from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside." O.C.G.A. § 5-6-35(a)(8); *see also Manley v. Jones,* 416 S.E.2d 744, 745 (Ga. App. 1992) (requiring a discretionary application when dealing with motion to set aside probate court orders).

D. If Applicants did not need to file this discretionary application, but instead have an appeal as of right, this Court "shall have jurisdiction to decide the case and shall grant the application." O.C.G.A. § 5-6-35(j)

E. Because Applicants seek review of the Final Order that, in part, denied their Motion to Set Aside, with an overabundance of caution and in light of Code Section 5-6-35(j), Applicants file this application for permission to appeal

the Final Order pursuant to Code Section 5-6-35(b) and not a direct appeal via a notice of appeal filed with the FCPC.

(3) This application for appeal is filed within thirty (30) days of the entry of the order, decision, or judgment complained of. O.C.G.A. § 5-6-35(d).

(4) Copies of all necessary documents have been attached to this application as exhibits, including a copy of the order being appealed, a copy of any petition or motion which led directly to the order being appealed, a copy of any responses to such petition or motion, and an index to the exhibits. Exhibits 1, 2-36, 39-44.

(5) Applicants submit that an appeal should be granted because:

**Reversible error exists**

Applications for leave to appeal a final judgment are granted when reversible error exists. Ga. R. App. Proc. 31(b)(1). Reversible error exists if there is a reasonable possibility that the lower court could have found for Applicants, and that the lower court's error was harmful. *See King v. State,* 584 S.E.2d 652, 659 (Ga. App. 2003) (dealing with criminal speeding case); *Tarleton v. Griffin Federal Sav. Bank,* 415 S.E.2d 4, 6 (Ga. App. 1992).

Here, the FCPC's order could have found for Applicants and was harmful because it (1) generically denied Applicants' Motion to Set Aside, in one sentence, without reference to FCPC records and without any findings of fact or conclusions of law; (2) denied Applicants' Motion for Audit, also in one sentence, without

hearing, without any reference to the FCPC, and without any findings of fact or conclusions of law; and (3) failed to follow the mandate and order of this Court, and terminated Lauren's guardianship and conservatorship proceeding without following the proper termination and transfer procedures found in Code Section 29-11-20.

## I. The FCPC failed to properly consider Applicants' Motion to Set Aside.

On June 4, 2024, Applicants filed a motion to set aside thirteen (13) orders entered by the FCPC between November 1, 2019, and February 11, 2022. Exhibits 2-29. Applicants filed supplements on June 10, 2024, July 23, 2024, and October 31, 2025. Exhibits 30-35. A probate court can set aside a judgment based on lack of jurisdiction over the person or subject matter; fraud; or a nonamendable defect which appears on the face of the record. O.C.G.A. § 9-11-60(d). Applicants' motion to set aside raised complex matters of Georgia statutory and U.S. Constitutional law which required the FCPC to perform a thorough analysis.

Pursuant to this Court's opinion in *In re Estate of Taylor*, the FCPC was required to rule on Applicants' motion. Case No. A25A1405, 922 S.E.2d 476, 479 (Ga. App. 2025) ("*Taylor I*"). Exhibit 45. In a single sentence—and without citation of law or fact—the FCPC denied Applicants' motion to set aside. The FCPC's decision was in error. The FCPC would not have denied Applicants' motion if it had investigated Applicants' arguments, the laws of this State, and the

underlying facts, documents, and records of Lauren's guardianship and conservatorship. Therefore, the FCPC's decision constitutes reversible error, and this Court must grant Applicants' application.

**A. All orders temporarily suspending Elaine as Lauren's guardian or conservator must be set aside as being entered without jurisdiction (personal or subject matter), pursuant to fraud, in violation of multiple state statutes, and nonamendable defects appear on the face of the record.**

Applicants argued that eleven of the underlying orders suspending Elaine and appointing a temporary substitute guardian or a temporary substitute conservator are (1) void on their face as not following the statutorily required procedures; (2) constitute a nonamendable defect by not following the statutorily required procedures; and (3) were entered without personal jurisdiction because they were in violation of Applicants' due process rights to notice and an opportunity to be heard. Exhibits 2, 3, 5, 6, 9-11, 13, 15.

To suspend or revoke letters of guardianship or conservatorship, the court *must* (1) be petitioned by any interested person, (2) cite the guardian/conservator to answer the charge, and (3) investigate the allegations. O.C.G.A. §§ 29-4-52; 29-5-92. The FCPC failed to perform these steps on all underlying orders dealing with suspension of guardianship/conservatorship letters. No interested persons petitioned the FCPC to suspend Elaine as Lauren's guardian and/or conservator. There is no evidence in the record that the FCPC cited Elaine to answer the charge

on any occasion. There is no evidence in the record that the FCPC investigated any allegations made against Elaine or that the FCPC provided Lauren or Elaine with *any* opportunity to be heard. The FCPC appointed no legal representation for Lauren in nine of the eleven orders, and only a Guardian ad Litem ("GAL") to make recommendations for two of the orders. The GAL was privately paid by American Zurich Insurance Company ("Zurich"), a direct adversary to Lauren in Lauren's workers' compensation proceeding, to make such recommendations.

As an example, William Jenkins ("Jenkins"), the FCPC county conservator, was appointed as Lauren's Temporary Substitute Conservator ("TSC") on May 7, 2020, for a maximum of 120 days. Jenkins' appointment automatically terminated on September 4, 2020. On October 30, 2020—nearly two months after his initial 120-day appointment terminated—Jenkins privately emailed FCPC's Judicial Hearing Officer Julie Caplan ("Caplan") to be reappointed as Lauren's TSC and Sharon Gorman ("Gorman"), a friend of Zurich's treating physician and paid by Zurich, as Lauren's Temporary Substitute Guardian ("TSG"). Jenkins only argued that he and Gorman should be reappointed because they wanted to fully settle Lauren's workers' compensation claim in Tennessee, stating "[w]e both need to finish what we are trying to accomplish[.]" Exhibit 27. Jenkins failed to mention Lauren's best interests or why the extraordinary action of suspending a guardian/conservator was necessary.

On the same day, without notifying Lauren or Elaine, the FCPC ordered Elaine's authority suspended as Lauren's guardian/conservator and Jenkins was reinstated as Lauren's temporary substitute conservator and Gorman was extended as Lauren's temporary substitute guardian. Exhibit 9.

Elaine was not cited to answer the charge. No citation appears in the record. Neither Elaine nor Lauren were ever notified or served Jenkins' petition/email and were unaware of its existence until years later when Applicants received FCPC court records. There is no indication in the record that the FCPC investigated the allegations. The October 30, 2020 Order is void, fraudulently obtained, and/or entered pursuant to a nonamendable defect as a result. Further, the FCPC exceeded its jurisdiction by extending a guardianship or conservatorship for longer than 120 days. *See* O.C.G.A. §§ 29-4-52; 29-5-92. Therefore, this Court must reverse the FCPC's denial of Applicants' Motion to Set Aside.

The FCPC used three *nunc pro tunc* entries to retroactively appoint Jenkins and Gorman, further depriving Applicants of due process and any post-deprivation remedies. Exhibits 10, 11, and 13. The FCPC used multiple temporary suspensions and appointments to obstruct Applicants' ability to be heard and to deny Lauren access to any of her assets for almost three years. Exhibits 3, 5, 6, 9-11, 13, 15. During those 3 years, Lauren's assets that should have provided her with lifelong,

extensive, ongoing medical care and significant disability benefits were completely deplete.

**B. All orders in this case must be set aside for lack of subject matter jurisdiction because the FCPC never had jurisdiction over Lauren.**

Applicants argued that the FCPC did not have jurisdiction to enter its permanent guardianship order in 2019 and/or that the FCPC did not have jurisdiction to enter its permanent conservatorship order over non-Georgia property in 2019.

Probate Courts only have jurisdiction to appoint a permanent guardian or conservator if: (1) Georgia is the ward's home state; (2) Georgia is a significant connection state and (a) the respondent does not have a home state or (b) the ward has a home state and before the court issues an order: (i) a petition is not filed in the respondent's home state, (ii) an objection to the court's jurisdiction is not filed, and (iii) the Probate Court concludes that it is an appropriate forum under the factors set forth in Code Section 29-11-15; or (3) the ward's home state has declined to exercise jurisdiction. O.C.G.A. § 29-11-12.

Georgia was and is not Lauren's home state, and Lauren's home state of Missouri did not decline jurisdiction in 2019. Under Code Section 29-11-10, Georgia does not have a significant connection to Lauren because Lauren's only connection to the state was for a few months' worth of medical care. *See*

*Guardianship of Sanders,* 143 A.3d 795, 799 (Me. 2016) (dealing with the same UAG statute as enacted in Georgia). Further, the FCPC did not talk about or decide the required Code Section 29-11-15 appropriate forum factors. Therefore, the FCPC did not have jurisdiction to appoint a permanent guardian or permanent conservator over non-Georgia assets under Code Section 29-11-12. Instead, the FCPC could only appoint a guardian for up to ninety days and a conservator for tangible real or personal property in the state of Georgia. O.C.G.A. § 29-11-13. Because the FCPC did not enter any such orders, the FCPC did not have subject-matter jurisdiction for the entire case. Every subsequent order must be set aside. This Court must reverse the FCPC's denial of Applicants' Motion to Set Aside.

**C. The August 26, 2021 Order settling Lauren's Tennessee workers' compensation claim and establishing irrevocable special needs trusts must be set aside because it was entered without jurisdiction (personal or subject matter), pursuant to fraud, in violation of multiple state statutes, and nonamendable defects appear on the face of the record.**

Applicants argued that the FCPC did not have jurisdiction to enter its order settling Lauren's workers' compensation claim and establishing special needs trusts because (1) the FCPC did not decide that good cause was shown for not waiting until a different type of conservatorship (other than temporary substitute conservatorship) was created or the conservatorship terminated; (2) the FCPC did not make a determination of Lauren's medical care needs or regular living expenses and did not set aside from trust any funds for those significant and

ongoing expenses; (3) the FCPC did not (and could not) decide that Lauren would remain incapacitated and in need of a conservator for her lifetime; and (4) the FCPC entered an order that put all of the settlement funds (a settlement that was for a fraction of its valuation) in irrevocable trusts. Exhibit 2. The August 26, 2021 Order is void and/or constitutes a nonamendable defect for having failed to follow the statutorily required procedures.

Furthermore, the FCPC entered its order settling Lauren's workers' compensation claim and establishing a special needs trust pursuant to fraud because the FCPC relied on GAL Ashford's recommendations when Ashford (a) did not have an appointment by the FCPC, (b) was paid *by* Zurich for her recommendation to settle Lauren's lifelong workers' compensation claim *with* Zurich without reporting private payments for two years, and (c) did not disclose the substantial conflict of interest in accepting unreported funds for two years from Lauren's adversary in workers' compensation litigation (for lifelong extensive medical care and disability benefits) with interests opposite to Lauren's best interests.

The FCPC additionally entered its order pursuant to fraud because Jenkins lacked authority to settle Lauren's claim in the Tennessee workers' compensation court or to petition the FCPC to settle Lauren's workers' compensation claim because (a) he was acting without a court order to validate his July 17, 2020

temporary letters which he used from July 17, 2020, through (at least) September 26, 2022, and (b) he did not include Lauren's workers' compensation claim as an asset on any of his returns and did not protect the value of the asset with a bond.

Finally, the settlement of Lauren's workers' compensation claim and creation of special needs trusts are void as entered without subject-matter jurisdiction because a Tennessee workers' compensation claim, and settlement thereof, is a non-Georgia asset, which the FCPC lacked jurisdiction over. O.C.G.A. § 29-11-13(a)(2). The settlement of Lauren's workers' compensation claim and creation of special needs trusts are void as being entered without personal jurisdiction, entered pursuant to fraud, and/or entered with a nonamendable defect because Applicants were never provided with notice or an opportunity to be heard in the FCPC.

Applicants assert that under any standard of review, the Motion to Set Aside should have been granted and that Applicants have been harmed and will continue to be harmed because Lauren's significant assets that were to support her medical care needs and regular living expenses for the remainder of her life were taken without due process and diminished to nothing.

## II. The FCPC failed to properly consider Applicants' Motion for Audit.

Upon the petition of any interested person, the FCPC may conduct a judicial inquiry into whether the ward is being denied a right or privilege and may issue

appropriate orders. O.C.G.A. §§ 29-5-70(a); 29-4-40(a). On November 25, 2025, Applicants filed a motion styled "Motion for Audit" with the FCPC, requesting the FCPC to require (among others) Jenkins, GAL Ashford, John Ingram, and Zurich to fully disclose all conflicts of interest, statements of standing in Lauren's guardianship and conservatorship, proof of authority to act on Lauren's behalf, and payments between the various individuals/companies/special needs trusts. Exhibit 40. Applicants' Motion for Audit is, in substance, a petition requesting judicial inquiry into the denial of Lauren's rights and privileges under Code Sections 29-5-70(a); 29-4-40(a). Further, such information is relevant in the FCPC's determination of Applicants' Motion to Set Aside.

The FCPC, in one sentence, denied Applicants' Motion for Audit. Exhibit 1, p. 3. The FCPC's decision was in error. Applicants have repeatedly shown the abusive and financially conflicted actions taken by (among others) William Jenkins, Dana Ashford, John Ingram, and American Zurich Insurance Company. Applicants and the FCPC needed the information requested in Applicants' Motion for Audit to demonstrate fraud, substantial conflicts of interest, and the denial of Lauren's rights and privileges so that the FCPC could properly decide Applicants' Motion to Set Aside. This Court must reverse the FCPC's denial of Applicants' Motion for Audit.

## III. The FCPC did not follow the order and mandate of this Court.

On October 21, 2025, this Court held that the FCPC has jurisdiction to decide Applicants' Motion to Set Aside because the FCPC (1) failed to properly transfer and terminate Lauren's guardianship and conservatorship to Missouri, and (2) the FCPC is the court of rendition under Code Section 9-11-60(b). *In re Estate of Taylor,* 922 S.E.2d at 479. This Court further specified that "because the record shows the [FCPC] failed to properly terminate this case under OCGA § 29-11-20 . . . it retained jurisdiction to rule on Appellants' motion." *Id.* Exhibit 45.

At this point, the FCPC was required to enter a final order which (a) terminates Lauren's guardianship/conservatorship, and (b) transfers Lauren's guardianship/conservatorship to Missouri. O.C.G.A. § 29-11-20(f).

Pursuant to this Court's *Taylor I* decision and the FCPC's failure to timely enter such an order, the St. Charles County Probate Court, State of Missouri (the accepting court), held that it never had jurisdiction to terminate Lauren's guardianship/conservatorship in 2022 and dismissed the Missouri probate case. Exhibit 46. The St. Charles County Probate Court deemed all prior orders entered by it null and void. *Id.*

On June 17, 2026, despite this Court's mandate, the FCPC erroneously terminated Lauren's guardianship/conservatorship without following Code Section

29-11-20. On June 17, 2026, despite the Missouri probate court's order, the FCPC erroneously concluded that "the Georgia guardianship and conservatorship of [Lauren] . . . whose guardianship and conservatorship was transferred to Missouri, and whose Missouri guardianship and conservatorship have been terminated." Order, P. 3 (emphasis added).

Rather than follow either the proper process of the UAG or Georgia statutes to terminate outside the UAG (i.e. O.C.G.A. §§ 29-4-42, 29-5-72), the FCPC's decision has left Lauren's guardianship in a state of limbo. The FCPC's decision must be reversed, at a minimum, to provide clarification and final termination orders for both case numbers.

As a practical matter, Applicants requested the FCPC transfer Lauren's guardianship and conservatorship to the Missouri Probate Court (for termination) on July 1, 2020, July 22, 2021, and September 13, 2021. Applicants also requested the Missouri Probate Court to terminate Lauren's guardianship and conservatorship in late 2022 (when the FCPC transmitted partial court records to the Missouri court). Applicants want Lauren's guardianship and conservatorship properly terminated with their motions to audit and set aside orders granted. Applicants fear that the FCPC's disregard for statutory procedures leaves Lauren vulnerable to someone setting aside the termination portion of the FCPC's June 17, 2026 Order

without providing Applicants with any notice. Therefore, this Court must also reverse the FCPC's Order.

**Establishment of a precedent is desirable. Rule 31(b)(2).**

The legislature's intent in O.C.G.A. § 5-3-2(b)(2) regarding ***access to justice*** based on substantive issues rather than on complex procedural grounds, should be considered in a case such as this.

The FCPC has evaded responsibility for the ***known fraud***, perpetrated upon it and applicants since July 17, 2020, by its county conservator, William Jenkins. It now attempts to use a single sentence send off to continue to evade responsibility for its unconstitutional and unlawful actions that have deprived Lauren of over $107,000 of donations (taken without due process by the FCPC county conservator), of her lifetime needs for extensive medical care since May of 2020 that Zurich and John Ingram (Lauren's former employer) were legally obligated to provide for her, and of her lifetime disability benefits since October of 2019 that Zurich and Ingram were legally obligated to provide for her.

Additionally, the FCPC has allowed its judiciary, court appointed fiduciaries, and Lauren's former employer/insurance company (with multiple agents and representatives) to grossly deprive out-of-state applicants' their ***basic***

***constitutional and civil rights*** and all post-deprivation remedies since November 1, 2019. The FCPC cannot be allowed to commit such a grave injustice.

(6) Applicants respectfully show that if this Honorable Court declines the appeal of this matter and the trial court's ruling will be permitted to stand, such would be a miscarriage of justice because:

Applicants are lifelong Missouri residents. On May 12, 2019, Applicant Lauren was catastrophically injured while working at a horse show in Aiken, South Carolina. Lauren was emergently transferred, unconscious, to an ICU in Augusta, Georgia. Within two weeks of Lauren's accident, she was transferred, comatose, to Shepherd Center (a brain injury healthcare facility) in Atlanta, Georgia. While in Atlanta, Applicant Elaine (Lauren's mom) obtained guardianship (on September 6, 2019) and conservatorship (on October 21, 2019) for Lauren. Lauren was thereafter moved to Omaha, Nebraska, (on November 19, 2019) and then back to her home state of Missouri (on May 2, 2020).

Lauren's guardianship and conservatorship proceeding remained in the FCPC, despite Applicants requests to the FCPC to transfer the proceeding to a Missouri probate court on July 1, 2020, July 22, 2021, and September 13, 2021.

Multiple individuals, entities, and the FCPC exploited and abused Lauren *through* her guardianship and conservatorship proceeding.

From November 1, 2019, through February 11, 2022, the FCPC entered orders that Applicants seek to set aside because the FCPC failed to cite, serve, notice, provide legal representation, due process, or any reasonable opportunity to be heard for Applicants in *any* of the orders. Applicants' Motion to Set Aside Orders cited multiple other reasons the FCPC lacked jurisdiction to enter the underlying orders (i.e. lack of subject matter jurisdiction to administer a non-Georgia asset for a non-resident ward). Exhibits 2-35.

The FCPC failed to provide Applicants with copies of orders/ motions/ petitions/ emails/ reports/ supplemental filings/ notices of hearings, or any opportunity to be heard. Applicants were not provided with a hearing and therefore were not allowed to cross-examine the allegations contained in the FCPC motions/ petitions/ emails/ reports/ or supplemental filings. Applicants were never provided even one opportunity to question the opposition's (Lauren's former employer/their insurance company/representatives) Affidavits, Affiants, witnesses, the Guardian ad Litem, or to provide testimony, witnesses, Affidavits, or Affiants of their own.

The FCPC suspended Elaine as Lauren's guardian and conservator eleven (11) times between November 1, 2019, and February 11, 2022, without providing Applicants with constitutional due process or statutory citation. On August 26, 2021, without providing Applicants with due process, the FCPC fully settled Lauren's workers' compensation claim for a small fraction of what she was entitled

to receive, established irrevocable special needs trusts, and placed all of Lauren's settlement proceeds into the special needs trusts, leaving no funds available for Lauren's significant, lifelong medical care needs or regular living expenses.

The record shows that some of the orders suspending Elaine and appointing a temporary substitute conservator (the FCPC county conservator) and temporary substitute guardian (a friend of insurance carrier's treating physician) were entered pursuant to the county conservator seeking reappointments for the purpose to maintain fiduciary control of Lauren, keep Lauren's guardianship and conservatorship remained in the FCPC until Lauren's claim was fully settled and all statutes of limitations had expired for Lauren to appeal or set aside the settlement orders, and then to defend against Lauren's motions to set aside and notices of appeal regarding the settlement orders. See Exhibits 27 and 48. The record shows that the FCPC and GAL were aware that Lauren had regained substantial capacity in 2020. The GAL's February 14, 2020 report describes Lauren as "very coherent." Exhibit 47. Zurich did not begin paying GAL until April of 2020. The record shows that the FCPC did not investigate the allegations contained in any of the petitions/emails/motions to suspend Elaine. The record shows the FCPC did not appoint representation for Lauren (the arguable conflicted GAL only had an appointment during two of the eleven suspensions and appointments of TSC/TSG). The record shows that the FCPC failed to serve,

notify, or cite Elaine to answer the charge each time it suspended Elaine as Lauren's guardian and conservator. The record shows that Applicants were never provided with a hearing, despite Applicants' repeated requests for one.

On February 11, 2022, the FCPC provisionally transferred the proceeding to a Missouri probate court *and* dismissed Applicants' three timely filed appeals to the Fulton County Superior Court on September 2, 2021, September 16, 2021, and November 8, 2021—to challenge the temporary suspensions/appointments and the settlement of Lauren's claim and establishment of irrevocable special needs trusts with all funds. The FCPC then failed to provide Applicants with the February 11, 2022 order. Exhibit 15.

FCPC's county conservator, William Jenkins, billed Lauren's estate **$107,183.06** against Lauren's initial bank account balance in May of 2020 of **$107,153.90**. Zurich and John Ingram (the insurance carrier for Lauren's former employer and purported former employer) privately paid Lauren's purported Guardian ad Litem, Dana Ashford, and temporary substitute guardian, Sharon Gorman, undisclosed amounts to recommend that the FCPC approve the settlement terms proposed by Zurich and John Ingram. The terms were obviously and egregiously not in Lauren's best interest.

Zurich settled Lauren's workers' compensation claim for pennies on the dollar of what she should have received for lifetime disability benefits and medical care needs resulting from her injury. Lauren has seen $0.00 of her lifelong medical care and lost wages.

On February 11, 2022, the FCPC provisionally transferred Lauren's guardianship and conservatorship to the St. Charles County Probate Court, State of Missouri ("Missouri Probate Court"). On May 31, 2022, the Missouri Probate Court provisionally accepted the transfer of Lauren's guardianship and conservatorship, pending the FCPC's transmission of the "whole file." The two probate courts failed to finalize the termination.

On June 4, 2024, Applicants filed a Motion to Set Aside the various orders with the FCPC. Applicants properly alleged that the FCPC's orders lacked subject matter jurisdiction; the FCPC's orders were entered pursuant to fraud; and the FCPC's orders were entered without personal jurisdiction and/or constituted a nonamendable defect. On August 19, 2024, the FCPC wrongfully asserted that it lost subject-matter jurisdiction to adjudicate Applicants' Motion to Set Aside when it provisionally transferred Lauren's guardianship and conservatorship to the Missouri Probate Court. On October 21, 2025, this Court held that the FCPC had jurisdiction to hear Applicants' Motion to Set Aside because (1) the FCPC never

finalized the transfer to the Missouri Probate Court and therefore had continuing and exclusive jurisdiction, and (2) the FCPC was the rendering court.

On June 17, 2026, the FCPC, once again, failed to follow Georgia law by (1) wrongfully denying Applicants' Motion to Set Aside without any findings of fact or conclusion of law, and (2) improperly terminating Lauren's guardianship and conservatorship. A grave mischaracterization of justice will occur if this Court rejects Applicants' Application because Lauren will be left with nothing from her lifelong workers' compensation claim and the FCPC with its county conservator and Guardian ad Litem will continue their malfeasance with others.

## CONCLUSION

From the foregoing, reversible error exists on the substantive issues of the FCPC's June 17, 2026 Order, and the motions to set aside and audit should have been granted. All attached documents clearly indicate higher judicial intervention is desperately needed in this case. This Court must grant Applicants' Application for Discretionary Appeal. Applicants ask that all documents be reviewed, including judicial notice of other cases filed in this matter, including but not limited to: *Taylor I.*

Submitted this 17th day of July, 2025.

This submission does not exceed the word count limit imposed by Rule 24.

/s/ Lauren Taylor
LAUREN TAYLOR, Pro Se
60 Tahoma Drive
Foristell, MO 63348
(636)466-0020
laurentaylor135@hotmail.com

/s/ Elaine Taylor
ELAINE TAYLOR, Pro Se
60 Tahoma Drive
Foristell, MO 63348
(636) 357-3305
rosewood321@icloud.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed by U.S. mail, postage prepaid, to the Fulton County Probate Court, State of Georgia, this 17th day of July, 2026, and was filed/emailed/mailed to: Mr. Myles Braxton, Fulton County Probate Court, 136 Pryor Street SW, Suite C-230, Atlanta, GA 30303.

Applicants state that there are no opposing parties in this matter, but with an overabundance of caution, have mailed copies of the foregoing through the U.S. mail with first class postage paid addressed to:

Fulton County Attorney's Office
141 Pryor Street, S.W., Suite 4308
Atlanta, GA 30303

Ms. Sharon Gorman
Certified Care Management
2018 Longview Court
Chesterfield, MO 63017

Mr. William R. Jenkins
Jenkins & Roberts LLC
Post Office Box 87238
College Park, GA 30337-0238

Mr. John Lowery
Attorney, Shepherd Center
1050 Crown Point Parkway
Suite 1500
Atlanta, GA 30338

Ms. Dana Ashford
The Ashford Law Firm, LLC
160 Clairemont Ave, Ste 450
Decatur, GA 30030

Yvette McAdams
Georgia Dept. of Human Services
3575 Macon Road, Suite 26
Columbus, GA 31907

Michael Taylor
6755 Mira Mesa Blvd
P.O. Box 123-209
San Diego, CA 92121

Shepherd Center, Inc.
c/o John Lowery
1050 Crown Pointe Parkway
Suite 150
Atlanta, GA 30338

Mr. John Barringer/M. Steele Cantey
Manier & Herod
1201 Demonbreun St, Suite 900
Nashville, TN 37203

John Ingram/John & Stephanie Ingram, LLC
4400 Harding Pike, Suite 310
Nashville, TN 37205

Jeffery Roberts
Jeff Roberts & Associates, PLLC
213 Rep. John Lewis Way N, Ste. 300
Nashville, TN 37219

American Zurich Insurance Company
c/o Tallant Howell, Jonah Howell
202 Tribble Gap Road
Suite 302
Cumming, GA 30040

/s/ Lauren Taylor

/s/ Elaine Taylor

/s/ Lauren Taylor
LAUREN TAYLOR, Pro Se
60 Tahoma Drive
Foristell, MO 63348
(636)466-0020
laurentaylor135@hotmail.com

/s/ Elaine Taylor
ELAINE TAYLOR, Pro Se
60 Tahoma Drive
Foristell, MO 63348
(636) 357-3305
rosewood321@icloud.com

EXHIBIT B

# COURT OF APPEALS OF GEORGIA

330 Capitol Avenue S.E., Suite 1601
Atlanta, Georgia 30334
(404)656-3450
Business Hours: Monday - Friday, 8:30 a.m. to 4:30 p.m.

## NOTICE OF DOCKETING - DIRECT APPEAL

**APPEAL CASE NUMBER: A27A0594** **DATE OF DOCKETING: October 06, 2026**

**STYLE: IN RE: ESTATE OF LAUREN MICAELA TAYLOR**

**COUNTY: Fulton Probate Court**

**LOWER COURT CASE NUMBER(S): PC2019001723**

### IMPORTANT RULE REQUIREMENTS AND INFORMATION

**Briefs:** Appellant's brief shall be filed within 20 days of the date on this docketing notice. Appellee's brief shall be filed within 40 days after the docketing date or 20 days after the filing of the appellant's brief whichever is later. Requests for extensions of time to file briefs must be made by motion. Failure to timely file briefs or to follow any Court rules or orders may cause the appeal to be dismissed or may cause non-consideration of a brief and may subject the offender to contempt.

**Filing Fees:** Filing fees accrue upon docketing a case, no appellant's brief shall be received for filing without the $300.00 filing fee except for those Appellants who are: 1) incarcerated and pro se, 2) represented by appointed counsel/public defender, or 3) paupers (with court-approved affidavit). If the appeal is disposed of before the brief is filed, the appellant must still pay the filing fee.

**Related Cases:** Attorneys must notify the Court if the above-styled case is related to any other case that is or was docketed in the Court. (E-filers file this as "Information" on the Docket. Hard copy submissions should be by separate letter to the Clerk.)

**Attorneys:** Note that Rule 46 requires that all submissions be via electronic format. E-filing instructions are found at https://www.gaappeals.gov.

**Non-Attorneys:** Self-represented parties may now electronically file their submissions to the Court. Non-Attorneys who elect to e-file must comply with the strict requirements that attorneys must follow. See Rule 46. E-filing instructions are found at https://www.gaappeals.gov/wp-content/uploads/2022/08/instructions2020new.pdf.

The username below is provided for you to register with the Court's E-filing system.
Elaine Taylor - S23413
LAUREN TAYLOR - S23708
Sharon Gorman - S23897
MICHAEL TAYLOR - S25882
YVETTE MCADAMS - S25883

**Oral Argument: A Request for Oral Argument shall be filed within 20 days of the date on this docketing notice.** If oral argument is requested and granted, the argument is tentatively scheduled for Feb 03 2027 before the First Division: P. J. Barnes, J. Padgett, J. Davis. A calendar will be sent to

counsel of record confirming the exact date of oral argument. If the calendar has not been received at least ten days prior to the tentative oral argument date, please contact the Clerk's office.

**Communications:** There shall be no communications relating to pending appeals with any judge or member of the judge's staff. To all efilers - please monitor your spam folder, and add coaefast@gaappeals.gov to your email address book to ensure you receive communications from this court.

EXHIBIT C

# Court of Appeals
# of the State of Georgia

ATLANTA, October 14, 2026

*The Court of Appeals hereby passes the following order*

**A27A0594. IN RE: ESTATE OF LAUREN MICAELA TAYLOR.**

The APPELLANT'S motion for AN EXTENSION OF TIME in which to file an enumeration of errors and brief in the above-styled case is hereby GRANTED until 11/16/2026.

The appellee's brief shall be filed within 20 days after the filing of the appellant's brief.

*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, October 14, 2026.*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Christina Cooley Smith, *Clerk.*

October 20, 2026

Clerk's Office
801 N. Florida Avenue
Suite 555
Tampa, Florida 33602

RE: The Center for Special Needs Trust Administration, Inc.
Case No. 8:24-bd-676-RCT

Dear Court Clerk,

Please find enclosed our Motion for Determination that the Automatic Stay does not Prohibit the Georgia Appellate and Remand Proceedings or, Alternatively, for Limited Relief Under Section 362(d)(1); Request for Expedited Consideration, Shortened Notice, and Waiver of Rule 4001(a)(4).

If this motion requires a filing fee or a proposed order, please let me know.

Thank you.

Kind regards,

Elaine Taylor

Elaine Taylor
(636)357-3305
boldventure123@gmail.com
60 Tahoma Drive
Foristell, MO 63348

Lauren Taylor

Lauren Taylor
(636)466-0020
laurentaylor135@hotmail.com
60 Tahoma Drive
Foristell, MO 63348

RECEIVED
OCT 22 2026
Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

FORISTELL, MO 63348

TO CLERKS OFFICE
U.S. BANKRUPTCY COURT
801 NORTH FLORIDA AVENUE
SUITE 555
TAMPA FL 33602
(636) 357-3305 REF:
INV:
PO: DEPT:

FedEx Express

E

THU - 22 OCT 5:00P
** 2DAY **

TRK# 0201 8789 5461 6915

SS TAMPG

KYOA 33602
FL-US TPA

Reusable Env

ecycle me.

Align bottom of peel-and-stick airbill or pouch here.